# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

### CASE NO. 17-30610

### UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASMINE PERRY, also known as J-Real Perry, also known as Rell Perry; LEROY PRICE, also known as Lee Price, also known as Lumps Price; ALONZO PETERS, also known as Woo-die Peters, also known as Woo–dee Peters; CURTIS NEVILLE, also known as Pooney Neville, also known as Poonie Neville; SOLOMON DOYLE, also known as Black Doyle, also known as Sol Doyle; DAMIAN BARNES, also known as AD Barnes; ASHTON PRICE, also known as Pound Price, BMG Pound Price; MCCOY WALKER, also known as Rat Walker, also known as Trap Walker; TERRIOUES OWNEY, also known as T-Red Owney; EVANS LEWIS, also known as Easy Lewis,

Defendants-Appellants.

---

On Appeal from the
United States District Court for the Eastern District of Louisiana,
No. 15-154,
The Honorable Jay C. Zainey, Presiding

---

### RECORD EXCERPTS OF DOYLE

---

Arthur A. Lemann III (#8296)
Arthur Lemann III & Assoc., Inc.
1100 Poydras Street, Suite 3250
New Orleans, Louisiana 70163
Phone: (504) 522-8104

Attorneys for Appellant,
Solomon Doyle

# TABLE OF CONTENTS

| Doc. # | | Page | Tab # |
|---|---|---|---|
| | Lower Court Docket Sheet ........................... | ROA.28396 | 1 |
| 1207 | Notice of Appeal ............................................... | ROA.28604 | 2 |
| 361 | Superseding Indictment ................................ | ROA.330 | 3 |
| 1011 | Jury Verdict............................................................ | ROA .28559 | 4 |
| 278 | Order (Motion to Dismiss)................................... | ROA.20808 | 5 |
| 1081 | Order (Renewed Motion to Dismiss)................... | ROA.28591 | 6 |
| 1163 | Order (Motion for Acquittal).............................. | ROA.1619 | 7 |
| 1221 | Judgment ........................................................... | ROA.28606 | 8 |
| 254 | 11-107 Doyle Plea Agreement............................ | ROA.242 | 9 |
| 198 | Affidavit of Counsel............................................ | ROA.28494 | 10 |
| | Certificate of Service............................................ | | 11 |

# TAB ONE

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CRIMINAL DOCKET FOR CASE #: 2:15-cr-00154-JCZ-DEK-11

Case title: USA v. Price et al

Date Filed: 06/12/2015
Date Terminated: 07/26/2017

Assigned to: Judge Jay C. Zainey
Referred to: Magistrate Judge Daniel
E. Knowles, III

Appeals court case number: 17-30610
USCA 5th Circuit

### Defendant (11)

**Solomon Doyle**
*TERMINATED: 07/26/2017*
*also known as*
Black Doyle
*TERMINATED: 07/26/2017*
*also known as*
Sol Doyle
*TERMINATED: 07/26/2017*

represented by **Arthur A. Lemann , III**
Arthur A. Lemann III & Associates
1100 Poydras Street
Suite 3250
New Orleans, LA 70163
504-522-8104
Email: notguiltyz@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Arthur Anthony Lemann , IV**
Arthur A. Lemann III & Associates
1100 Poydras Street
Suite 3250
New Orleans, LA 70163
504-522-8104
Email: aal4@aol.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Claude J. Kelly**
Federal Public Defender's Office
Hale Boggs Federal Building
500 Poydras Street
Room 318
New Orleans, LA 70130
504-589-7939
Email: claude_kelly@fd.org
*TERMINATED: 07/07/2015*
*Designation: Public Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY (1s) | Sentenced 7/26/2017 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962(d) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY (1) | Dismissed 7/26/2017 |
| 18:924(o) - CONSPIRACY TO USE FIREARMS TO FURTHER DRUG TRAFFICKING CRIMES AND CRIMES OF VIOLENCE (3) | Dismissed 7/26/2017 |
| 18:924(o) - CONSPIRACY TO USE FIREARMS TO FURTHER DRUG TRAFFICKING CRIMES AND CRIMES OF VIOLENCE (3s) | Found Not Guilty on 2/22/2017 |
| 18:1959(a)1 and 2 - MURDER IN AID OF RACKETEERING (27) | Dismissed 7/26/2017 |
| 18:924(j) and 2 - MURDER THROUGH THE USE OF A FIREARM (28) | Dismissed 7/26/2017 |
| 18:1959(a)(1) and 2 - MURDER IN AID OF RACKETEERING (29s) | Found Not Guilty on 2/22/2017 |
| 18:924(j) and 2 - MURDER THROUGH THE USE OF A FIREARM (30s) | Found Not Guilty on 2/22/2017 |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|

None

**Movant**

**Sara Johnson**                    represented by    **Sara A. Johnson**
Sara A. Johnson, Attorney at Law
700 Camp St.
New Orleans, LA 70130
504-528-9500
Email: sara@sarajohnsonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Plaintiff**

**USA**                    represented by    **Myles Drew Ranier**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3087
Email: myles.ranier@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Brittany LaShaune Reed**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3031
Email: Brittany.Reed2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**David Earl Haller**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3000
Email: david.haller@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Jeffrey Keith Sandman**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600

New Orleans, LA 70130
504-680-3055
Email: jeff.sandman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Maurice Landrieu**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3015
Email: usalae.ecfcr@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/12/2015 | 1 | INDICTMENT as to Leroy Price (1) count(s) 1, 2, 3, 14, 15, 16, 17, 18, 19, 20, 21, 43, 44, 45, Ashton Price (2) count(s) 1, 2, 3, 4, 5, 6, 7, 12, 13, 25, 26, 43, 44, 45, Alonzo Peters (3) count(s) 1, 2, 3, 4, 5, 6, 7, Jasmine Perry (4) count(s) 1, 3, 4, 5, 6, 7, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, McCoy Walker (5) count(s) 1, 2, 3, 8-9, 10-11, 14, 15, 16, 17, 22, 23, 24, Terrioues Owney (6) count(s) 1, 3, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, Evans Lewis (7) count(s) 1, 14, 15, 16, 17, 27, 28, Curtis Neville (8) count(s) 1, 2, 3, 27, 28, 31, 32, 33, 34, 35, 36, 41, 42, Rico Jackson (9) count(s) 1, 2, 3, 22, 23, 24, Tyrone Knockum (10) count(s) 1, 2, 3, 22, 23, 24, Solomon Doyle (11) count(s) 1, 3, 27, 28, Washington McCaskill (12) count(s) 1, 2, 3, 29, 30, 31, 32, 33, 34, 35, 36, 43, 44, 45, Damian Barnes (13) count(s) 1, 2, 3, 29, 30. (Attachments: # 1 Criminal Defendant Information Sheet Leroy Price, # 2 Criminal Defendant Information Sheet Ashton Price, # 3 Criminal Defendant Information Sheet Alonzo Peters, # 4 Criminal Defendant Information Sheet Jasmine Perry, # 5 Criminal Defendant Information Sheet McCoy Walker, # 6 Criminal Defendant Information Sheet Terrioues Owney, # 7 Criminal Defendant Information Sheet Evans Lewis, # 8 Criminal Defendant Information Sheet Curtis Neville, # 9 Criminal Defendant Information Sheet Rico Jackson, # 10 Criminal Defendant Information Sheet Tyrone Knockum, # 11 Criminal Defendant Information Sheet Solomon Doyle, # 12 Criminal Defendant Information Sheet Washington McCaskill, # 13 Criminal Defendant Information Sheet Damian Barnes, # 14 Criminal Magistrate Case Sheet) (bwn) (Entered: 06/15/2015) |
| 06/12/2015 | 2 | EXPARTE/CONSENT MOTION to Indictment and Attached Papers by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion(s) referred to Karen Wells Roby. (bwn) (Entered: 06/15/2015) |
| 06/12/2015 | 3 | ORDER granting 2 Motion to Indictment and Attached Papers as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13). Signed by Magistrate Judge Karen Wells Roby on 6/12/2015. (bwn) (Entered: 06/15/2015) |

| 06/16/2015 | <u>19</u><br>(p.28448) | Minute Entry for proceedings held before Magistrate Judge Joseph C. Wilkinson, Jr: Initial Appearance as to Solomon Doyle held on 6/16/2015. Defendant remanded. Detention Hearing and Preliminary Hearing set for 6/18/2015 02:00 PM before Duty Magistrate. (Court Reporter Magistrate Clerical.) (bwn) (Entered: 06/16/2015) |
|---|---|---|
| 06/16/2015 | <u>20</u><br>(p.28450) | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Solomon Doyle. Signed by Magistrate Judge Joseph C. Wilkinson, Jr. (bwn) (Entered: 06/16/2015) |
| 06/16/2015 | <u>21</u> | CJA 23 Financial Affidavit by Solomon Doyle. (bwn) (Entered: 06/16/2015) |
| 06/18/2015 | <u>35</u> | EXPARTE/CONSENT MOTION to Unseal Case by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion(s) referred to Duty Magistrate. (mmm) (Entered: 06/18/2015) |
| 06/18/2015 | <u>36</u> | ORDER granting <u>35</u> Motion to Unseal Case as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13). Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 6/18/2015. (mmm) (Entered: 06/18/2015) |
| 06/18/2015 | <u>37</u><br>(p.28451) | Minute Entry for proceedings held before Magistrate Judge Joseph C. Wilkinson, Jr:An arraignment and detention hearing were set this date before U.S. Magistrate Judge Joseph C. Wilkinson, Jr. Mr. Kelly requested that these matters be continued for reasons stated on the record. There was no objection by the Government. IT IS ORDERED that the arraignment and detention hearing are CONTINUED to June 25, 2015 at 2:00 p.m. before the Duty Magistrate Judge.The defendant was remanded to the custody of the U.S. Marshal (Court Reporter Magistrate Clerical.) (my) (Entered: 06/19/2015) |
| 06/19/2015 | <u>38</u> | EXPARTE/CONSENT MOTION to Enroll Maurice Landrieu as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # <u>1</u> Proposed Order)(Ranier, Myles) (Entered: 06/19/2015) |
| 06/19/2015 | <u>39</u> | NOTICE *OF INTENT NOT TO SEEK THE DEATH PENALTY* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Ranier, Myles) (Entered: 06/19/2015) |
| 06/22/2015 | <u>40</u> | ORDER granting <u>38</u> Motion to Enroll additional counsel Maurice Landrieu for USA. Signed by Judge Jay C. Zainey on 6/19/15. (jrc) (Entered: 06/22/2015) |
| 06/25/2015 | <u>64</u><br>(p.28452) | Minute Entry for proceedings held before Magistrate Judge Michael North:Arraignment as to Solomon Doyle (11) Count 1,3,27,28 held on 6/25/2015. Appearance entered by Arthur A. Lemann, III for Solomon Doyle. Defendant remanded. Pretrial Conference set for 7/30/2015 10:30 AM before Judge Jay C. Zainey. Jury Trial set for 8/24/2015 08:30 AM before Judge Jay C. Zainey. (Court Reporter Mag. Clerical.) (mmm) (Entered: 06/25/2015) |
| 06/25/2015 | | |

| | | |
|---|---|---|
| | 65<br>(p.28453) | Minute Entry for proceedings held before Magistrate Judge Michael North:Detention Hearing as to Solomon Doyle held on 6/25/2015. Defendant remanded. (Court Reporter Mag. Clerical.) (mmm) (Entered: 06/25/2015) |
| 06/25/2015 | 66<br>(p.28455) | ORDER OF DETENTION as to Solomon Doyle. Signed by Magistrate Judge Michael North on 6/25/2015. (mmm) (Entered: 06/25/2015) |
| 07/07/2015 | 94<br>(p.28457) | CJA 30: Appointment of Attorney Arthur Lemann, III in Death Penalty Proceedings as to Solomon Doyle. Signed by Judge Jay C. Zainey on 6/16/15. (mmm) (Entered: 07/15/2015) |
| 07/23/2015 | 101 | ORDER Pretrial Conference reset for 8/4/2015 9:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/23/2015) |
| 07/31/2015 | 114 | ORDER Pretrial Conference reset for 8/13/2015 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/31/2015) |
| 08/13/2015 | 144 | DEFICIENT: EXPARTE/CONSENT MOTION to Continue *Trial* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) Modified on 8/14/2015 (mmm). (Entered: 08/13/2015) |
| 08/14/2015 | 145 | MINUTE ENTRY. Pretrial Conference held 8/13/2015. ORDER to CONTINUE - Ends of Justice and to be reset at the Conference set for 10/1/2015 02:00 PM before Judge Jay C. Zainey, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes.. Signed by Judge Jay C. Zainey on 8/13/2015. (mmm) (Entered: 08/14/2015) |
| 08/21/2015 | 158 | ORDER Status Conference set for 8/28/2015 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 8/19/15. (jrc) (Entered: 08/21/2015) |
| 08/28/2015 | 165 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Solomon Doyle, Damian Barnes held on 8/28/2015. Jury Trial set for 3/7/2016 08:30 AM before Judge Jay C. Zainey. Pretrial Conference set for 2/4/2016 10:00 AM before Judge Jay C. Zainey. Status Conference set for 10/20/15 2:00 PM. (jrc) (Entered: 08/31/2015) |
| 09/28/2015 | 170 | ORDER cancelling Status Conference of 10/1/15. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/28/2015) |
| 09/28/2015 | 171 | ORDER that the STATUS CONFERENCE set for Thursday, October 1, 2015 is CANCELLED. The next status conference shall be held on Tuesday, October 20, 2015 at 2:00 p.m. All counsel shall attend in person. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/28/2015) |
| 10/05/2015 | 172 | ORDER Status Conference RESET for 10/23/2015 8:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 10/2/15. (jrc) Modified on 10/20/2015 to reflect status conference not pretrial(jrc). (Entered: 10/05/2015) |
| 10/07/2015 | 173 | ORDER Status Conference RESET for 11/12/2015 11:00 AM before Judge Jay C. |

| | | |
|---|---|---|
| | | Zainey. Signed by Judge Jay C. Zainey. (jrc) Modified on 10/20/2015 to reflect status conference (jrc). (Entered: 10/07/2015) |
| 10/23/2015 | 179 | EXPARTE/CONSENT MOTION to Adopt 174 MOTION to Transfer to Judge Jolivette Brown by Terrioues Owney. (Attachments: # 1 Proposed Order, # 2 Local Rule Certificate)(Williams, Gaynell) Modified on 10/26/2015 to edit docket text (bwn). (Entered: 10/23/2015) |
| 11/02/2015 | 189 | EXPARTE/CONSENT Joint MOTION for Extension of Time to File *Motions* by Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle. (Attachments: # 1 Proposed Order)(Sothern, William) Modified on 11/3/2015 (my). (Entered: 11/02/2015) |
| 11/03/2015 | 190 | ORDER granting 189 Motion for Extension of Time to File as to Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle. Deadline for motions by the defendants is extended to 12/7/15, government responses due 1/4/16. Signed by Judge Jay C. Zainey. (jrc) (Entered: 11/03/2015) |
| 11/12/2015 | 195 | Minute Entry for proceedings held before Judge Jay C. Zainey on 11/12/15. Status Conference held. Follow-up Status Conference set for 12/16/2015 10:45 AM before Judge Jay C. Zainey. (jrc) (Entered: 11/12/2015) |
| 11/20/2015 | 198 (p.28458) | MOTION to Dismiss *Indictment* by Solomon Doyle. Motion set for 12/1/2015 before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Notice of Hearing)(Lemann, Arthur) (Entered: 11/20/2015) |
| 11/20/2015 | 199 (p.28497) | Request/Statement of Oral Argument by Solomon Doyle regarding 198 (p.28458) MOTION to Dismiss *Indictment* (Lemann, Arthur) (Entered: 11/20/2015) |
| 12/07/2015 | 213 (p.28499) | EXPARTE/CONSENT MOTION *to Adopt* by Solomon Doyle. (Lemann, Arthur) (Additional attachment(s) added on 12/8/2015: # 1 Proposed Order) (jrc). (Entered: 12/07/2015) |
| 12/07/2015 | 214 (p.28504) | EXPARTE/CONSENT MOTION for Leave for Appearance of attorney Arthur A. Lemann IV as Counsel of Record by Solomon Doyle. (Attachments: # 1 Proposed Order)(Lemann, Arthur) (Entered: 12/07/2015) |
| 12/08/2015 | 223 (p.28507) | ORDER granting 214 (p.28504) Motion to Appear attorney Arthur Anthony Lemann, IV for Solomon Doyle. Signed by Judge Jay C. Zainey. (jrc) (Entered: 12/08/2015) |
| 12/08/2015 | 225 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes Status Conference RESET for 12/15/2015 10:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 12/7/15. (jrc) Modified on 12/9/2015 (jrc). (Entered: 12/08/2015) |
| 12/09/2015 | 228 (p.28508) | ORDER granting 213 (p.28499) Motion to Adopt as to Solomon Doyle (11) as stated in document. Signed by Magistrate Judge Daniel E. Knowles, III on 12/9/2015. (cms) (Entered: 12/09/2015) |
| 12/15/2015 | 235 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 12/15/2015. Status Conference set for 1/5/2016 11:00 AM before Judge Jay |

| | | C. Zainey. (jrc) (Entered: 12/21/2015) |
|---|---|---|
| 12/16/2015 | 233 | EXPARTE/CONSENT MOTION to Enroll Brittany Reed, Jeff Sandman as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 12/16/2015) |
| 12/18/2015 | 234 | ORDER granting 233 Motion to Enroll as Counsel of Record for Attorney Brittany LaShaune Reed, Jeffrey Keith Sandman for USA. Signed by Judge Jay C. Zainey on 12/17/2015. (lag) (Entered: 12/18/2015) |
| 12/18/2015 | 238 | EXPARTE/CONSENT MOTION to Unseal Plea Agreements and Factual Basis by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (bwn) (Entered: 12/23/2015) |
| 12/23/2015 | 239 | ORDER granting 238 Motion to Unseal Plea Agreements and Factual Basis as to (8), Rico Jackson (9), Tyrone Knockum (10), and Washington McCaskill (12). Signed by Judge Jay C. Zainey on 12/21/2015. (bwn) (Entered: 12/23/2015) |
| 12/23/2015 | 240 | MOTION to Suspend Discovery and Giglio Deadlines by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/13/2016 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing)(Landrieu, Maurice) (Entered: 12/23/2015) |
| 12/23/2015 | 242 | ORDER granting 240 Motion to Suspend Discovery and Giglio Deadlines pending the status conference of 1/5/16. Signed by Judge Jay C. Zainey. (jrc) (Entered: 12/23/2015) |
| 12/30/2015 | 248 | MOTION to Continue *Pretrial Conference and Trial* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Motion set for 1/13/2016 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Ranier, Myles) Modified on 12/31/2015 (my). (Entered: 12/30/2015) |
| 12/31/2015 | 254 | MOTION in Limine *to Exclude the Use of the Factual Bases and Plea Agreements Filed in Case No. 11-CR-107* by Solomon Doyle. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Lemann, Arthur) (Entered: 12/31/2015) |
| 01/06/2016 | 257 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes: Status Conference RESET for 2/4/2016 10:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 01/06/2016) |
| 01/14/2016 | 262 | Response/Memorandum in Opposition by USA as to Jasmine Perry, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle re 252 MOTION to Exclude , 218 MOTION to Dismiss *RICO Conspiracy Count*, 220 MOTION to Exclude *Guilty Plea and Factual Basis*, 198 (p.28458) MOTION to Dismiss *Indictment*, 219 MOTION to Sever Defendant , 229 MOTION TO ADOPT MOTIONS OF CO-DEFENDANTS , 216 MOTION to Dismiss *the Indictment*, 251 MOTION to |

| | | |
|---|---|---|
| | | Sever Defendant , 254 MOTION in Limine *to Exclude the Use of the Factual Bases and Plea Agreements Filed in Case No. 11-CR-107*, 250 MOTION in Limine *to Prohibit Use of Alleged Co-Conspirators' Plea Agreements & Factual Basis*, 246 MOTION to Sever Defendant (Ranier, Myles) (Entered: 01/14/2016) |
| 02/02/2016 | 275 | ORDER that 248 MOTION to Continue *Pretrial Conference and Trial* will be heard on 2/4/2016 10:00 AM at the status conference before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 2/1/16. (jrc) (Entered: 02/02/2016) |
| 02/02/2016 | 276 | MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Motion set for 3/2/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Manual Attachment EXHIBIT A, # 3 Notice of Hearing)(Ranier, Myles) (Entered: 02/02/2016) |
| 02/02/2016 | 277 | Manual Attachment Received as to All Defendants re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. (bwn) (Entered: 02/03/2016) |
| 02/03/2016 | 278 | ORDER AND REASONS denying 216 Motion to Dismiss as to Jasmine Perry (4); denying 218 Motion to Dismiss as to Evans Lewis (7); denying 198 (p.28458) Motion to Dismiss as to Solomon Doyle (11). Signed by Judge Jay C. Zainey on 2/2/2016. (bwn) (Entered: 02/03/2016) |
| 02/03/2016 | 279 | ORDER AND REASONS denying 250 Motion in Limine as to Jasmine Perry (4); denying 251 Motion to Sever Defendant as to Jasmine Perry (4); denying 252 Motion to Exclude as to Terrioues Owney (6); denying 219 Motion to Sever Defendant as to Evans Lewis (7); denying 220 Motion to Exclude as to Evans Lewis (7); denying 246 Motion to Sever Defendant as to Curtis Neville (8); denying 254 Motion in Limine as to Solomon Doyle (11). Signed by Judge Jay C. Zainey on 2/2/2016. (bwn) (Entered: 02/03/2016) |
| 02/04/2016 | 280 | Minute Entry for proceedings held before Judge Jay C. Zainey: Pretrial Conference held on 2/4/2016. IT IS ORDERED that a follow status conference with the Court is set for Wednesday, March 23, 2016, at 11:00 a.m. (bwn) (Entered: 02/10/2016) |
| 02/10/2016 | 281 | ORDER granting 248 Motion to Continue as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Jury Trial reset to 9/6/2016 at 8:30 AM before Judge Jay C. Zainey. Pretrial Conference set for 8/4/2016 at 10:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (bwn) (Entered: 02/10/2016) |
| 02/22/2016 | 286 | ***DEFICIENT*** REPLY TO RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 240 MOTION to Suspend Discovery and Giglio Deadlines *; Reply to Oppositions (Doc Nos. 272 and 285* (Sandman, Jeffrey) Modified on 2/23/2016 (bwn). (Entered: 02/22/2016) |
| 02/23/2016 | 299 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Proposed Pleading, # 2 Proposed Order)(Sandman, Jeffrey) (Entered: 02/23/2016) |
| 02/24/2016 | 300 | ORDER granting 299 Motion for Leave to File as to USA. Signed by Judge Jay C. Zainey. (jrc) (Entered: 02/24/2016) |
| 02/24/2016 | 301 | REPLY filed by USA re 240 MOTION to Suspend Discovery and Giglio Deadlines . (jrc) (Entered: 02/24/2016) |
| 03/07/2016 | 308 | ORDER - IT IS ORDERED that the status conference set for March 23, 2016 is RESET for Monday, April 4, 2016, at 10:30 a.m. in chambers. Phone participation will not be allowed. Signed by Judge Jay C. Zainey on 3/4/2016. (bwn) (Entered: 03/07/2016) |
| 03/11/2016 | 311 | ORDER Resetting Hearing on 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants*. Motion with ORAL ARGUMENT set for 4/4/2016 10:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 3/10/16. (jrc) (Entered: 03/11/2016) |
| 03/11/2016 | 312 (p.28510) | Response/Memorandum in Opposition by Solomon Doyle re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Lemann, Arthur) (Entered: 03/11/2016) |
| 03/18/2016 | 318 | REPLY TO RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants 303 , 304 , 306 , 312 (p.28510) , 313 Oppositions to Motion* (Sandman, Jeffrey) (Entered: 03/18/2016) |
| 03/31/2016 | 325 | ORDER Resetting Hearing on 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants*. Motion reset for 4/7/2016 11:00 AM before Judge Jay C. Zainey. Status Conference reset for 4/7/2016 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 3/29/16. (jrc) (Entered: 03/31/2016) |
| 04/01/2016 | 326 | ORDER granting 240 MOTION to Suspend Discovery and Giglio Deadlines insofar as all statements by Gregory Stewart and Darry Franklin will not be deemed Brady material. Signed by Judge Jay C. Zainey. (jrc) (Entered: 04/01/2016) |
| 04/05/2016 | 330 | ORDER for Oral Argument proceedings re: 276 Motion in Limine Regarding the Admissibility of Music Videos and Lyrics Against All Defendants. Signed by Judge Jay C. Zainey. (jrc) (Entered: 04/05/2016) |
| 04/07/2016 | 335 | Minute Entry for proceedings held before Judge Jay C. Zainey on 4/7/2016. Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes, re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. Matter taken under advisement. (Court Reporter Jodi Simcox) (jrc) (Entered: 04/08/2016) |
| 04/07/2016 | 336 | MOTION HEARING EXHIBIT LIST from hearing 4/7/16. By Clerk. (jrc) (Entered: 04/08/2016) |
| 04/08/2016 | 337 | ORDER that the hearing of 4/7/16 be transcribed on an expedited basis for use by the Court, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian |

| | | Barnes. Signed by Judge Jay C. Zainey on 4/7/16. (jrc)(cc: Simcox, Gonzalez) (Entered: 04/08/2016) |
|---|---|---|
| 04/11/2016 | <u>339</u> | AMENDED ORDER the hearing of April 7, 2016 be transcribed on an expedited basis for use by the Court. The Court Reporter will be compensated by the Clerk of Court. Signed by Judge Jay C. Zainey on 4/8/16. (jrc)(cc: Gonzalez, Simcox) (Entered: 04/11/2016) |
| 04/21/2016 | <u>354</u> | RESPONSE by USA to court's oral order at <u>335</u> Hearing to provide a DESCRIPTION OF SONGS TO BE INTRODUCED (Ranier, Myles) Modified on 4/22/2016 to edit text (bbc). (Entered: 04/21/2016) |
| 04/29/2016 | <u>361</u> | SUPERSEDING INDICTMENT as to Leroy Price (1) count(s) 1s, 2s, 3s, 14s, 15s, 16s, 17s, 18s, 19s, 22s, 23s, 45s, 46s, 47s, Ashton Price (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 12s, 13s, 20s, 21s, 27s, 28s, 45s, 46s, 47s, Alonzo Peters (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, Jasmine Perry (4) count(s) 1s, 3s, 4s, 5s, 6s, 7s, 20s, 21s, 27s, 28s, 29s, 30s, 33s, 34s, 35s, 36s, 37s, 38s, 39s, 40s, 41s, 42s, McCoy Walker (5) count(s) 1s, 2s, 3s, 8s-9s, 10s-11s, 14s, 15s, 16s, 17s, 24s, 25s, 26s, Terrioues Owney (6) count(s) 1s, 3s, 14s, 15s, 16s, 17s, 18s, 19s, 22s, 23s, 24s, 25s, 26s, Evans Lewis (7) count(s) 1s, 3s, 14s, 15s, 16s, 17s, 20s, 21s, 29s, 30s, Curtis Neville (8) count(s) 1s, 2s, 3s, 29s, 30s, 33s, 34s, 35s, 36s, 37s, 38s, 43s, 44s, Solomon Doyle (11) count(s) 1s, 3s, 29s, 30s, Damian Barnes (13) count(s) 1s, 2s, 3s, 31s, 32s. (Attachments: # <u>1</u> Criminal Magistrate Case Sheet) (bwn) (Entered: 04/29/2016) |
| 05/02/2016 | <u>364</u> | NOTICE OF HEARING as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Arraignment set for 5/6/2016 10:00 AM before Duty Magistrate. (jrc) (Entered: 05/02/2016) |
| 05/03/2016 | <u>367</u> | TRANSCRIPT of Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on April 7, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 8/1/2016. (rsg) (Entered: 05/03/2016) |
| 05/06/2016 | <u>376</u> (p.28513) | Minute Entry for proceedings held before Magistrate Judge Karen Wells Roby: Arraignment as to Solomon Doyle (11) Count 1s,3s,29s,30s held on 5/6/2016. Defendant remanded. (Court Reporter Magistrate Clerical.) (bwn) (Entered: 05/06/2016) |
| 05/06/2016 | <u>378</u> | Supplemental Memorandum by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re <u>276</u> MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Attachments: # <u>1</u> Exhibit "A")(Ranier, Myles) (Entered: 05/06/2016) |
| 05/06/2016 | <u>379</u> | ORDER dismissing 321 Motion in Limine as to Jasmine Perry (4). Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/06/2016) |
| 05/19/2016 | <u>388</u> | |

| | | Request for Subpoenas by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. 100 subpoenas issued (Ranier, Myles) (Entered: 05/19/2016) |
|---|---|---|
| 05/20/2016 | 398 | Joint Post-Hearing Opposition by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Evans Lewis, Curtis Neville, Solomon Doyle re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Attachments: # 1 Exhibit A)(Sothern, William) (Entered: 05/20/2016) |
| 05/25/2016 | 408 | EXPARTE/CONSENT MOTION for Leave to File Supplemental Memorandum by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Pleading)(Sandman, Jeffrey) (Main Document 408 replaced on 5/26/2016) (bwn). (Additional attachment(s) added on 5/26/2016: # 2 Proposed Order) (bwn). Modified on 5/26/2016 to edit docket text (bwn). (Entered: 05/25/2016) |
| 05/26/2016 | 409 | Correction of Docket Entry by Clerk re 408 Supplemental Memorandum - Filing attorney selected incorrect event. Correct event is "Motion for Leave to File Document." Clerk took corrective action by changing the event. Also, filing attorney failed to separate the proposed order from the Motion for Leave. In the future, please attach the proposed order to the filing as a separate document. (bwn) (Entered: 05/26/2016) |
| 05/27/2016 | 410 | ORDER granting 408 Motion for Leave to File. Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/27/2016) |
| 05/27/2016 | 411 | REPLY by USA re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants*. (jrc) (Entered: 05/27/2016) |
| 07/01/2016 | 425 | ORDER GRANTING IN PART AND DENYING IN PART 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. JAMES HEARING set for 7/13/2016 9:00 AM before Judge Jay C. Zainey. Government's witness list due 7/11/16. Signed by Judge Jay C. Zainey on 6/30/16. (jrc) (jrc). (Entered: 07/01/2016) |
| 07/01/2016 | | Correction of Docket Entry by Clerk re 425 ORDER ruling on motion and setting James Hearing. Image has now been attached. (jrc) (Entered: 07/01/2016) |
| 07/07/2016 | 427 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Status Conference set for 7/13/2016 8:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 7/6/16. (jrc) (Entered: 07/07/2016) |
| 07/08/2016 | 429 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes granting 428 MOTION to Continue. James Hearing and Status Conference RESET for 7/18/2016 1:30 PM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/08/2016) |
| 07/12/2016 | 430 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes cancelling James Hearing. The Status Conference will proceed as |

| | | |
|---|---|---|
| | | scheduled. Signed by Judge Jay C. Zainey on 7/11/16. (jrc) (Entered: 07/12/2016) |
| 07/14/2016 | 434 | MEMORANDUM by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes to 430 Order, Terminate Hearings,, *Regarding Necessity of James Hearing* (Ranier, Myles) (Entered: 07/14/2016) |
| 07/14/2016 | 437 | MOTION for Reconsideration re 425 Terminate Motions, Set Hearings,, by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 7/18/2016 02:00 PM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing)(Ranier, Myles) (Entered: 07/14/2016) |
| 07/18/2016 | 441 | Minute Entry for status conference held on 7/18/2016 before Judge Jay C. Zainey as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. 437 MOTION for Reconsideration will be submitted 7/26/2016. Deadlines set herein. (Court Reporter Donna Goree) (jrc)(NEF: Jury) (Entered: 07/20/2016) |
| 07/20/2016 | 442 | EXPARTE/CONSENT MOTION to Enroll David Haller as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 07/20/2016) |
| 07/21/2016 | 444 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; ORDERED that the Clerk of Court shall file into the record under seal the attached juror questionnaire which shall be used by the Jury Section when potential jurors are summoned in accordance with the Courts order (Rec. Doc. 441). Counsel of record will be provided a copy of the sealed document upon docketing. The Court will direct the Clerk to unseal the questionnaire once all potential jurors have appeared and completed the form. Signed by Judge Jay C. Zainey. (jrc) (Additional attachment(s) added on 7/21/2016: # 1 Sealed questionnaire) (jrc). (Entered: 07/21/2016) |
| 07/22/2016 | 447 | ORDER enrolling additional counsel David Haller for USA. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/22/2016) |
| 07/25/2016 | 448 | ORDER granting 446 MOTION to Continue Pretrial Conference filed by Evans Lewis. ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes resetting Pretrial Conference for 8/11/2016 10:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 07/25/2016 | 449 | ORDER DENYING REQUEST for JAMES HEARING as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 07/25/2016 | 450 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. TRIAL COUNSEL must attend that August 11, 2016 pretrial conference in person. The prior orders granting permission for other attorneys to attend in place |

| | | |
|---|---|---|
| | | of trial counsel are now rescinded. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 07/25/2016 | 451 | ORDER REGARDING JUROR RESEARCH as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 08/04/2016 | 455 | ORDER ruling on 437 Motion for Reconsideration as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Signed by Judge Jay C. Zainey on 8/3/16. (jrc) (Entered: 08/04/2016) |
| 08/11/2016 | 479 | Minute Entry for proceedings held before Judge Jay C. Zainey:Pretrial Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 8/11/2016 (cml) (Entered: 08/15/2016) |
| 08/12/2016 | 459 | MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 (p.28448) Exhibit Q)(Haller, David) Modified on 8/15/2016 (cml). (Entered: 08/12/2016) |
| 08/15/2016 | 477 | ORDER: At the pretrial conference held on August 11, 2016, the Court stated that it would allow co-counsel to be enrolled for the defendants. However, counsel are reminded that only one counsel per defendant will be seated at counsel table, and under no circumstances will the CJA pay for more than one attorney per defendant. Signed by Judge Jay C. Zainey. (cml) (Entered: 08/15/2016) |
| 08/17/2016 | 484 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 481 MOTION to Dismiss *Overt Act 41 and to Exclude Related Evidence Used to Obtain Plea Agreement in Case 11-CR-107* (Haller, David) (Entered: 08/17/2016) |
| 08/19/2016 | 506 | RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes re 480 MOTION to Compel *(Motion To Compel Immediate Discovery Mandated By Brady v. Maryland Related To Contradictory And Inconsistent Statements By The Governments Star Witness)* (Attachments: # 1 Notice of Manual Attachment Exhibit 1, # 2 Notice of Manual Attachment Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Notice of Manual Attachment 4, # 6 Notice of Manual Attachment 5, # 7 Notice of Manual Attachment 6)(Ranier, Myles) (Entered: 08/19/2016) |
| 08/19/2016 | 507 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington |

| | | McCaskill, Damian Barnes re 483 MOTION in Limine *Regarding the Admissibility of Firearms Chart by Terrioues Owney, Solomon Doyle, Curtis Neville, McCoy Walker and* (Attachments: # 1 Exhibit A)(Haller, David) (Entered: 08/19/2016) |
|---|---|---|
| 08/19/2016 | 508 | NOTICE of Intent to Use Evidence by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/19/2016) |
| 08/19/2016 | 510 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. On the morning of August 31, 2016, defense counsel will use the courtroom to meet with their clients outside the Court's and the Government's presence. Defense counsel will coordinate the time of this meeting with the Marshals directly. Separate and Sealed Plea Agreement Hearings pursuant to Frye will begin 8/31/2016 1:00 PM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc)(cc:USM) (Entered: 08/19/2016) |
| 08/22/2016 | 515 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Further Support of Government's Motion in Limine to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading, # 3 Exhibit A)(Haller, David) (Entered: 08/22/2016) |
| 08/23/2016 | 520 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 8/23/2016. (Court Reporter Karen Ibos) (jrc) (Entered: 08/23/2016) |
| 08/23/2016 | 521 | Consent MOTION to Strike *Surplsage from Count 33 of the Superseding Indictment* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Haller, David) (Additional attachment(s) added on 8/23/2016: # 1 Proposed Order) (jrc). (Entered: 08/23/2016) |
| 08/23/2016 | 525 (p.28514) | Response/Memorandum in Opposition by Solomon Doyle re 459 MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)* and 508 Notice of Intent to Use Evidence (Attachments: # 1 Exhibit)(Lemann, Arthur) Modified on 8/24/2016 (cml). (Entered: 08/23/2016) |
| 08/24/2016 | 533 | ORDER granting 515 Motion for Leave to File Reply Memo. Signed by Judge Jay C. Zainey on 8/23/16. (jrc) (Entered: 08/24/2016) |
| 08/24/2016 | 535 | ORDER granting 480 Motion to Compel as to Alonzo Peters (3), Evans Lewis (7); granting 514 Motion to Maintain Deadline as to Damian Barnes (13), granting 506 Motion to Suspend Jencks/Giglio Deadline. Signed by Judge Jay C. Zainey on 8/23/16. (jrc) (Entered: 08/24/2016) |
| 08/24/2016 | 536 | REPLY filed by USA re 459 MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)*. (Attachments: # 1 Exhibit)(jrc) (Entered: 08/24/2016) |
| 08/25/2016 | 545 | |

| | | |
|---|---|---|
| | | ORDER granting <u>521</u> Motion to Strike Surplusage from Count 33 of the Superseding Indictment. Signed by Judge Jay C. Zainey on 8/24/2016. (cml) (Entered: 08/25/2016) |
| 08/25/2016 | <u>548</u> | EXHIBIT LIST by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Attachments: # <u>1</u> Attachment)(Ranier, Myles) (Entered: 08/25/2016) |
| 08/26/2016 | <u>556</u> | ORDER clarifying Minute Entry <u>479</u> ; The statement that the parties shall exchange trial exhibits not later than August 25, 2016, was intended to mean not only that the parties must exchange (file into the CM/ECF system) exhibit lists but also that the Government would make its exhibits available to the defense for inspection. Signed by Judge Jay C. Zainey on 8/25/16. (jrc) (Entered: 08/26/2016) |
| 08/29/2016 | <u>589</u> | Proposed Voir Dire by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Reed, Brittany) (Entered: 08/29/2016) |
| 08/29/2016 | <u>590</u> | Proposed Jury Instructions by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/29/2016) |
| 08/29/2016 | <u>591</u> | Proposed Jury Verdict Form by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/29/2016) |
| 08/30/2016 | <u>601</u> | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Response to Alonzo Peters' Opposition to the Government's Motion to Admit Prior Guilty Pleas* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Proposed Pleading, # <u>3</u> Exhibit A, # <u>4</u> Exhibit B)(Haller, David) (Entered: 08/30/2016) |
| 08/30/2016 | <u>603</u> (p.28528) | EXPARTE/CONSENT MOTION To Adopt *Pleadings* by Solomon Doyle. (Attachments: # <u>1</u> Proposed Order)(Lemann, Arthur) (Entered: 08/30/2016) |
| 08/30/2016 | <u>607</u> (p.28531) | ORDER granting <u>603 (p.28528)</u> Motion to adopt pleadings as to Solomon Doyle (11). Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/30/2016) |
| 08/30/2016 | <u>608</u> | ORDER granting <u>601</u> Government Motion for Leave to File Reply Memo. Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/30/2016) |
| 08/30/2016 | <u>609</u> | ORDER granting in part and denying in part 483 Motion in Limine Regarding Admissibility of Firearms Chart and the various objections to the Government's Notice of Intent. Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/30/2016) |
| 08/30/2016 | <u>610</u> | REPLY by USA re <u>459</u> MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)*. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit)(jrc) (Entered: 08/30/2016) |
| 08/31/2016 | <u>616</u> | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, |

| | | |
|---|---|---|
| | | Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 581 MOTION in Limine *to Prohibit Use of Newly Listed Rap Videos*, 595 MOTION in Limine *to Exclude Government Social Media Exhibits* (Attachments: # 1 Notice of Manual Attachment Exhibit A)(Ranier, Myles) (Entered: 08/31/2016) |
| 08/31/2016 | 617 | Minute Entry for proceedings held before Judge Jay C. Zainey. Frye Hearing held on 8/31/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 08/31/2016) |
| 08/31/2016 | 623 | Minute Entry for proceedings held before Judge Jay C. Zainey. Final Status Conference held on 8/31/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 09/01/2016) |
| 09/01/2016 | 624 | ORDER granting in part and denying in part 459 Motion in Limine as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/01/2016) |
| 09/01/2016 | 626 (p.28532) | EXPARTE/CONSENT MOTION Motion to Adopt *Jasmine Perry's Motion to Dismiss Overt Acts 7 and 30 and Exclude Related Evidence* by Solomon Doyle. (Attachments: # 1 Proposed Order)(Lemann, Arthur) (Entered: 09/01/2016) |
| 09/02/2016 | 630 (p.28536) | ORDER granting 626 (p.28532) Motion to adopt pleadings as to Solomon Doyle (11). Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/02/2016) |
| 09/02/2016 | 633 | Response/Memorandum in Opposition by USA as to Jasmine Perry, Solomon Doyle re 625 MOTION to Dismiss *Overt Acts 7 and 30 and Exclude Related Evidence*, 626 (p.28532) MOTION to Adopt *Jasmine Perry's Motion to Dismiss Overt Acts 7 and 30 and Exclude Related Evidence* (Sandman, Jeffrey) (Entered: 09/02/2016) |
| 09/04/2016 | 649 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes re 635 MOTION in Limine *to Compel FBI Agent Notes*, 636 Emergency MOTION to Compel *Production* (Haller, David) (Entered: 09/04/2016) |
| 09/06/2016 | 666 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Jury selection began 9/6/2016. (Court Reporter Karen Ibos) (jrc) (Additional attachment(s) added on 9/8/2016: # 1 Exhibit, # 2 Exhibit) (jrc). (Entered: 09/07/2016) |
| 09/07/2016 | 667 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Jury selection held and completed on 9/7/2016. Jury Trial to resume 9/12/16 8:00 AM. (Court Reporter Karen Ibos) (jrc) (Entered: 09/07/2016) |
| 09/08/2016 | 676 | MOTION for Exemption from Sequestration Order by movant Sara A. Johnson. Motion set for 9/12/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing)(Johnson, Sara) Modified on 9/9/2016 (jrc). (Entered: 09/08/2016) |
| 09/09/2016 | 681 | Emergency MOTION for Protective Order *and Incorporated Memorandum* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/9/2016 02:00 PM before Judge Jay C. Zainey. (Attachments: # 1 Proposed Order, # 2 Notice of Hearing)(Haller, David) (Entered: 09/09/2016) |
| 09/09/2016 | 683 | ORDER granting 681 Motion for Protective Order. Counsel for the defendants are not to provide any of the documents subpoenaed from the local jails to any of the defendants without first redacting the cooperating defendants' family members names, phones numbers, and addresses; their social security numbers; their dates of birth; and their medical treatment information. However, if Ms. Williams believes that any of the proposed redactions are inappropriate for any reason (such as "arguably Brady") then she shall provide the specific documents at issue to the Court for in camera inspection.. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/09/2016) |
| 09/09/2016 | 684 | MOTION for Brady Materials by Evans Lewis as to Leroy Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle, Damian Barnes. Motion set for 9/12/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K)(Sothern, William) (Entered: 09/09/2016) |
| 09/09/2016 | 685 | ORDER re Proposed Redactions. Signed by Judge Jay C. Zainey. (Attachments: # 1 Doyle Redacted, # 2 Lewis Redacted, # 3 Owney Redacted, # 4 Perry Redacted) (bwn) (Entered: 09/09/2016) |
| 09/10/2016 | 686 | ORDER granting in part and denying in part 676 Motion for relief from sequestration order as to movant Sara Johnson. Signed by Judge Jay C. Zainey on 9/9/16. (jrc) (Entered: 09/10/2016) |
| 09/10/2016 | 695 | Minute Entry for proceedings held before Judge Jay C. Zainey. Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/10/2016, GRANTING 684 MOTION for Brady Materials filed by Evans Lewis. Status Conference set for 9/14/2016 2:30 PM in open court before Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/12/2016 | 688 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial on 9/12/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial postponed to resume 9/19/16 8:00 AM. (Court Reporter Lanie Smith) (jrc) (Entered: 09/12/2016) |
| 09/12/2016 | 689 | MOTION for Reconsideration re 686 Order on Motion for Miscellaneous Relief by Gregory Stewart Motion set for 9/19/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Proposed Order, # 4 Notice of Hearing)(Johnson, Sara) Modified on 9/12/2016 (jrc). (Entered: 09/12/2016) |
| 09/12/2016 | 696 | |

| | | |
|---|---|---|
| | | ORDER amending <u>695</u> Minute Entry from Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/12/2016 | <u>697</u> | ORDER granting <u>689</u> Motion for Reconsideration as Sara Johnson and Gregory Stewart. Any opposition by Defendants to Ms. Johnson's original motion for exemption from sequestration (Rec. Doc. 676) shall be filed into the record by Tuesday, September 13, 2016 so that Stewart and his attorney will be fully apprised of the basis for any objection. If objections are filed, then the Court will consider Stewart and his attorney's response to the objections so long as they are filed no later than Wednesday, September 14, 2016. If objections, and ultimately a reply, are filed then the Court will consider the matter de novo in determining whether its original order should be vacated. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/13/2016 | <u>703</u> | EXPARTE/CONSENT MOTION to Appoint Counsel *for Trial Witness* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # <u>1</u> Proposed Order)(Ranier, Myles) (Entered: 09/13/2016) |
| 09/13/2016 | <u>704</u> | ORDER granting <u>703</u> USA Motion to Appoint Counsel to Trial Witness Jamal Smith. Signed by Judge Jay C. Zainey. (jrc)(cc: FPD) (Entered: 09/13/2016) |
| 09/13/2016 | <u>706</u> (p.28537) | Response/Memorandum in Opposition by Solomon Doyle re <u>676</u> MOTION for Exemption from Sequestration Order , <u>689</u> MOTION for Reconsideration re <u>686</u> Order on Motion for Miscellaneous Relief (Lemann, Arthur) (Entered: 09/13/2016) |
| 09/14/2016 | <u>707</u> | MOTION in Limine *and Incorporated Memorandum to Preclude Admission of Evidence* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/16/2016 before Judge Jay C. Zainey. (Attachments: # <u>1</u> Proposed Order)(Sandman, Jeffrey) (Entered: 09/14/2016) |
| 09/14/2016 | <u>712</u> | REPLY TO RESPONSE to Motion by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re <u>676</u> MOTION for Exemption from Sequestration Order (Johnson, Sara) (Entered: 09/14/2016) |
| 09/14/2016 | <u>713</u> | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/14/2016. (Court Reporter Lanie Smith) (Attachments: # <u>1</u> E-Mail) (jrc) (Entered: 09/15/2016) |
| 09/16/2016 | <u>714</u> | ORDER as to re <u>676</u> MOTION for Exemption from Sequestration Order filed by Gregory Stewart and Sara Johnson. The Motion is Denied. The Court's Order at <u>686</u> remains in effect, and Stewarts attorney, Sara A. Johnson, remains subject to the witness sequestration order. Signed by Judge Jay C. Zainey on 9/15/16. (jrc) (Entered: 09/16/2016) |
| 09/16/2016 | <u>716</u> | ORDER granting in part and denying in part <u>707</u> USA Motion in Limine to preclude questioning and extrinsic evidence about cooperating witnesses' |

| | | disciplinary and medical records. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/16/2016) |
|---|---|---|
| 09/16/2016 | 718 | MOTION for Reconsideration re 716 Order on Motion in Limine by Alonzo Peters as to Alonzo Peters, Evans Lewis, Solomon Doyle. Motion set for 9/19/2016 08:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Rozas, David) (Entered: 09/16/2016) |
| 09/18/2016 | 726 | EXPARTE/CONSENT MOTION for Leave to File Reply to ResponseREPLY TO RESPONSE to Motion by USA as to Alonzo Peters, Terrioues Owney, Evans Lewis, Solomon Doyle re 718 MOTION for Reconsideration re 716 Order on Motion in Limine *, and 717 Opposition to Government's Motion in Limine 707* (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Sandman, Jeffrey) Modified on 9/19/2016 (cml). (Entered: 09/18/2016) |
| 09/18/2016 | 727 | MOTION to Continue *Trial* by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/19/2016 07:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing)(Sothern, William) (Entered: 09/18/2016) |
| 09/19/2016 | 734 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/19/2016 is DENIED. 718 MOTION for Reconsideration is DENIED. 727 MOTION to Continue Trial filed by defendants is GRANTED. Jury Trial set for 11/28/2016 8:30 AM before Judge Jay C. Zainey. Plea Agreement Hearing and Status Conference set for 10/6/2016 08:30 AM before Judge Jay C. Zainey. (Court Reporter Lanie Smith) (jrc) (Entered: 09/20/2016) |
| 09/20/2016 | 732 | ORDER granting 726 Motion for Leave to File Reply as to Alonzo Peters (3), Terrioues Owney (6), Evans Lewis (7), Solomon Doyle (11). Signed by Judge Jay C. Zainey. (cml) (Entered: 09/20/2016) |
| 09/20/2016 | 733 | REPLY TO RESPONSE to Motion by USA as to Alonzo Peters, Terrioues Owney, Evans Lewis, Solomon Doyle re 707 MOTION in Limine *and Incorporated Memorandum to Preclude Admission of Evidence*, 718 MOTION for Reconsideration re 716 Order on Motion in Limine (cml) (Entered: 09/20/2016) |
| 10/04/2016 | 748 | NOTICE as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Status Conference and Frye Hearing set 10/6/16 8:30 AM.. By Clerk. (jrc) (Entered: 10/04/2016) |
| 10/06/2016 | 749 | MOTION to Continue *November 28, 2016 Trial* by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle. Motion set for 10/7/2016 12:00 PM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A -December 2016 Calendar, # 3 Proposed Order, # 4 Notice of Hearing)(Sothern, William) (Entered: 10/06/2016) |
| 10/06/2016 | 750 | Minute Entry for proceedings held before Judge Jay C. Zainey. Frye Hearing held on 10/6/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 10/07/2016) |

| | | |
|---|---|---|
| 10/06/2016 | <u>752</u> | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 10/6/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 10/07/2016) |
| 10/07/2016 | <u>751</u> | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle re <u>749</u> MOTION to Continue *November 28, 2016 Trial* (Ranier, Myles) (Entered: 10/07/2016) |
| 10/07/2016 | <u>754</u> | ORDER granting <u>749</u> Motion to Continue. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle and Damian Barnes is reset for 1/9/2017 8:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 10/07/2016) |
| 11/02/2016 | <u>755</u><br>(p.28542) | MOTION Request the Use of the Juror Questionnaire by Solomon Doyle. Motion set for 11/16/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Notice of Hearing)(Lemann, Arthur) (Entered: 11/02/2016) |
| 11/03/2016 | <u>756</u><br>(p.28548) | ORDER: ORDERED that <u>755 (p.28542)</u> MOTION Request the Use of the Juror Questionnaire filed by Solomon Doyle will be submitted for consideration on November 16, 2016, ON THE BRIEFS without oral argument. Signed by Judge Jay C. Zainey. (cml) (Entered: 11/03/2016) |
| 11/08/2016 | <u>763</u><br>(p.28549) | Response/Memorandum in Opposition by USA as to Solomon Doyle re <u>755</u> <u>(p.28542)</u> MOTION Request the Use of the Juror Questionnaire (Ranier, Myles) (Entered: 11/08/2016) |
| 11/10/2016 | <u>765</u><br>(p.28551) | ORDER denying <u>755 (p.28542)</u> Motion to Request the Use of the Juror Questionnaire as to Solomon Doyle (11). Signed by Judge Jay C. Zainey. (cml) (Entered: 11/10/2016) |
| 11/22/2016 | <u>767</u> | ORDER SETTING CONFERENCE - IT IS ORDERED that a status conference with trial counsel and the Court is SET for Monday, November 28, 2016, at 10:00 a.m. This status conference will take place in the courtroom. Signed by Judge Jay C. Zainey on 11/21/2016. (bwn) (Entered: 11/22/2016) |
| 11/22/2016 | <u>768</u> | TRANSCRIPT of Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on September 19, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 2/21/2017. (rsg) (Entered: 11/22/2016) |
| 11/28/2016 | <u>777</u> | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 11/28/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Jury Trial will proceed 1/9/17. Deadlines set herein. (jrc) (Entered: 11/30/2016) |

| 11/30/2016 | <u>776</u> | Request for Subpoenas by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. 80 subpoenas issued (Ranier, Myles) (Entered: 11/30/2016) |
|---|---|---|
| 12/07/2016 | <u>799</u> | Proposed Voir Dire by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Ranier, Myles) (Entered: 12/07/2016) |
| 12/07/2016 | <u>801</u><br>(p.28552) | Proposed Voir Dire by Solomon Doyle (Lemann, Arthur) (Entered: 12/07/2016) |
| 12/08/2016 | <u>803</u> | MOTION to Quash *Subpoena to Office of Juvenile Justice* by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/9/2017 08:30 AM before Judge Jay C. Zainey. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Subpoena, # <u>3</u> Proposed Order, # <u>4</u> Notice of Hearing)(Johnson, Sara) (Entered: 12/08/2016) |
| 12/16/2016 | <u>811</u> | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by Sara Johnson . (Attachments: # <u>1</u> Proposed Order, # <u>2</u> Proposed Pleading)(Johnson, Sara) Modified on 12/19/2016 (cml). (Entered: 12/16/2016) |
| 12/19/2016 | <u>819</u> | ORDER granting <u>811</u> Motion for Leave to File Reply Memorandum. Signed by Judge Jay C. Zainey. (cml) (Entered: 12/19/2016) |
| 12/19/2016 | <u>820</u> | REPLY TO RESPONSE to Motion by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re <u>803</u> MOTION to Quash *Subpoena to Office of Juvenile Justice* (cml) (Entered: 12/19/2016) |
| 12/19/2016 | <u>823</u> | ORDER granting <u>803</u> Movant Gregory Stewart's Motion to Quash Subpoena for Juvenile Medical Records. Signed by Judge Jay C. Zainey. (jrc) (Entered: 12/19/2016) |
| 01/05/2017 | <u>840</u> | OBJECTIONS by USA as to Evans Lewis, Solomon Doyle to 800 Proposed Voir Dire (Haller, David) (Entered: 01/05/2017) |
| 01/05/2017 | <u>841</u> | MOTION in Limine *to Exclude Polygraph Evidence* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/9/2017 08:30 AM before Judge Jay C. Zainey. (Haller, David) (Entered: 01/05/2017) |
| 01/06/2017 | <u>855</u> | Minute Entry for proceedings held before Judge Jay C. Zainey:Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/6/2017. (jrc) (Entered: 01/09/2017) |
| 01/09/2017 | <u>854</u> | ORDER Regarding Electronic Devices During Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Signed by Judge Jay C. Zainey on 1/9/2017. (cms) (cms). (Entered: 01/09/2017) |

| 01/09/2017 | 856 | ORDER granting 841 Motion in Limine as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13); granting in part and denying in part 837 Motion in Limine as to Jasmine Perry (4); granting in part and denying in part 833 Motion in Limine as to Terrioues Owney (6), Evans Lewis (7). Signed by Judge Jay C. Zainey on 1/6/17. (jrc) (Entered: 01/09/2017) |
|---|---|---|
| 01/09/2017 | 865 | Minute Entry for proceedings held before Judge Jay C. Zainey:Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/9/2017. Court recessed 8:00 p.m. to resume Tuesday, January 10, 2017 at 9:00 a.m. (Court Reporter Cathy Pepper.) (cml) (Entered: 01/10/2017) |
| 01/10/2017 | 866 | Minute Entry for proceedings held before Judge Jay C. Zainey: Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/10/2017. Court recessed 5:00 p.m. to resume Wednesday, January 11, 2017 at 8:00 a.m. (Court Reporter Cathy Pepper.) (gec) (Entered: 01/11/2017) |
| 01/11/2017 | 881 | AMENDED ORDER REGARDING ELECTRONIC DEVICES DURING TRIAL as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey on 1/10/2017. (gec) (Entered: 01/11/2017) |
| 01/11/2017 | 882 | Letter to Court dated 1/11/2017 (cml) (Entered: 01/11/2017) |
| 01/11/2017 | 883 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/11/2017. Witnesses testified, exhibits admitted. Trial to resume 1/12/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/11/2017) |
| 01/12/2017 | 888 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial held on 1/12/2017 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/13/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/12/2017) |
| 01/13/2017 | 889 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial held on 1/13/2017 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/17/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/13/2017) |
| 01/17/2017 | 890 | STIPULATION by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Ranier, Myles) (Entered: 01/17/2017) |
| 01/17/2017 | 892 | Minute Entry for proceedings held held on 1/17/2017 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/18/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/18/2017) |
| 01/18/2017 | 903 | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held 1/18/2017 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/19/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/19/2017) |
| 01/19/2017 | 902 | TRIAL BRIEF by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Sandman, Jeffrey) (Entered: 01/19/2017) |
| 01/19/2017 | 905 | Minute Entry for proceedings held 1/19/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/20/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/20/2017) |
| 01/20/2017 | 907 | TRANSCRIPT of Excerpt from the Jury Trial of the Testimony of Darryl Franklin as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/20/2017. (rsg) (Entered: 01/20/2017) |
| 01/20/2017 | 911 | Minute Entry for proceedings held 1/20/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/23/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/23/2017) |
| 01/23/2017 | 918 | Minute Entry for proceedings held 1/23/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/24/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/23/2017) |
| 01/24/2017 | 919 | ORDER that the Clerk of Court pay the jurors who have served eleven or more days $50.00 per day for each day after the tenth day. Signed by Judge Jay C. Zainey. (jrc)(cc: Jury) (Entered: 01/24/2017) |
| 01/24/2017 | 920 | Minute Entry for proceedings held 1/24/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Attorney John Herr Musser, V, enrolled for McCoy Walker. Trial to resume 1/25/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/24/2017) |
| 01/24/2017 | 921 | MEMORANDUM by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes *Concerning Standing to Assert Gregory Stewart's Privilege* (Johnson, Sara) |

| | | (Entered: 01/24/2017) |
|---|---|---|
| 01/25/2017 | 922 | Jury Instructions as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (cml) (Entered: 01/25/2017) |
| 01/25/2017 | 923 | Minute Entry for proceedings held 1/25/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/26/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/26/2017) |
| 01/26/2017 | 928 | Minute Entry for proceedings held 1/26/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/30/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/30/2017) |
| 01/26/2017 | 935 | Minute Entry for Status Conference held 1/26/17 before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 01/30/2017) |
| 01/27/2017 | 924 | TRANSCRIPT of the Excerpt from the Jury Trial of the Testimony of Darryl Franklin-Volume 2 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 12, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/27/2017. (rsg) (Entered: 01/27/2017) |
| 01/27/2017 | 925 | TRANSCRIPT of Excerpt from the Jury Trial of the Testimony of Darryl Franklin-Volume 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/27/2017. (rsg) (Entered: 01/27/2017) |
| 01/27/2017 | 936 | Minute Entry for Status Conference held 1/27/17 before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 01/30/2017) |
| 01/30/2017 | 933 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Tyrone Knockum-Volume I, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico |

| | | |
|---|---|---|
| | | Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 19, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/1/2017. (rsg) (Entered: 01/30/2017) |
| 01/30/2017 | 934 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Tyrone Knockum-Volume II, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 20, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/1/2017. (rsg) (Entered: 01/30/2017) |
| 01/30/2017 | 938 | Minute Entry for proceedings held 1/30/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/31/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 01/31/2017) |
| 01/31/2017 | 939 | Minute Entry for proceedings held 1/31/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/1/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/01/2017) |
| 02/01/2017 | 940 | Minute Entry for proceedings held 2/1/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/2/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Main Document 940 replaced on 2/2/2017) (jrc). (Entered: 02/02/2017) |
| 02/02/2017 | 941 | Minute Entry for proceedings held 2/2/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/3/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/03/2017) |
| 02/03/2017 | 942 | Minute Entry for proceedings held 2/3/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/03/2017) |
| 02/06/2017 | 951 | Minute Entry for proceedings held 2/6/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/7/17 8:00 AM. 944 MOTION in Limine to Exclude Expert Testimony filed by Terrioues Owney is denied. (Court Reporter Lanie Smith.) (jrc) |

| | | (Entered: 02/07/2017) |
|---|---|---|
| 02/07/2017 | 952 | TRANSCRIPT of Excerpt from the Jury Trial of the Opening Statements of Michael Raspanti as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/8/2017. (rsg) (Entered: 02/07/2017) |
| 02/07/2017 | 953 | TRANSCRIPT of Excerpt from the Jury Trial of the Opening Statements of Kerry Miller as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/8/2017. (rsg) (Entered: 02/07/2017) |
| 02/07/2017 | 957 | Minute Entry for proceedings held 2/7/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/8/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/08/2017) |
| 02/08/2017 | 962 | Minute Entry for proceedings held 2/8/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/9/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/09/2017) |
| 02/09/2017 | 964 | Minute Entry for proceedings held 2/9/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/10/17 12:30 PM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/10/2017) |
| 02/10/2017 | 965 | Minute Entry for proceedings held 2/10/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/13/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/13/2017) |
| 02/13/2017 | 966 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume III as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 6, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie |

| | | |
|---|---|---|
| | | Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 967 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Evan Cox as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 968 | TRANSCRIPT of an Excerpt from the Jury Trial of the Opening Statements of Henry Julien as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 969 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Gregory Stewart-Volume III as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 30, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 970 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Gregory Stewart-Volume IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 31, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |

| | | |
|---|---|---|
| 02/13/2017 | 971 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Washington McCaskill-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 1, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 972 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Washington McCaskill-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 973 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 974 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 3, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 975 | ORDER to furnish jury meals. Signed by Judge Jay C. Zainey. (jrc) (Entered: 02/13/2017) |
| 02/13/2017 | 976 | Minute Entry for proceedings held 2/13/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. |

17-30610.28424

| | | Trial to resume 2/14/17 8:30 AM. (Court Reporter Lanie Smith.) (Attachments: # 1 Attachment) (jrc) (Entered: 02/14/2017) |
|---|---|---|
| 02/14/2017 | 977 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Percy Baker Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 978 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Edgar Barabino-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 979 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Camry Moore-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 981 | Minute Entry for proceedings held 2/14/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/15/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/15/2017) |
| 02/15/2017 | 980 | Order to Pay Commerce Restaurant for Jurors Meals. Signed by Judge Jay C. Zainey on 2/14/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/15/2017) |
| 02/15/2017 | 982 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Carrie Henry as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of |

| | | Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
|---|---|---|
| 02/15/2017 | 983 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Daquinta Butler as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 984 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Decynda Barnes Chambers as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 985 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Kelvin Baham as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 986 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Melanie Dillon as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 987 | |

| | | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Norman Bailey as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
|---|---|---|
| 02/15/2017 | 988 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Richard Chambers as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 989 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Salvador J. Provenzano as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 990 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Scott Rodrigue-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 991 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Scott Rodrigue-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public |

| | | |
|---|---|---|
| | | terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 992 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Sean McElrath as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 993 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Stephen Borecki as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 994 | Order to Pay Reginelli's Restaurant for Jurors' Meals. Signed by Judge Jay C. Zainey on 2/14/17. (Attachments: # 1 Receipt, # 2 Invoice) (jrc) (Entered: 02/15/2017) |
| 02/15/2017 | 995 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Theodore Koelling-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 996 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Theodore Koelling-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through |

| | | |
|---|---|---|
| | | PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 997 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Timothy Bender as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 998 | Minute Entry for proceedings held 2/15/17 before Judge Jay C. Zainey. Jury Trial (deliberations) as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Jury deliberations to resume 2/21/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/15/2017) |
| 02/16/2017 | 999 | Order to Pay Serio's Deli for Jurors' Meals. Signed by Judge Jay C. Zainey on 2/15/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/16/2017) |
| 02/21/2017 | 1000 | Order to Pay Serio's Deli for Jurors' Meals. Signed by Judge Jay C. Zainey. (Attachments: # 1 Receipt) (jrc) (Entered: 02/21/2017) |
| 02/21/2017 | 1001 | Minute Entry for proceedings held 2/21/17 before Judge Jay C. Zainey. Jury Deliberations as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Deliberations to resume 2/22/17 8:00 AM. (Court Reporter: N/A) (jrc) (Entered: 02/21/2017) |
| 02/22/2017 | 1011 (p.28559) | JURY VERDICT FORM as to Solomon Doyle. (jrc) (Additional attachment(s) added on 2/23/2017: # 1 Sealed) (jrc). (Entered: 02/22/2017) |
| 02/22/2017 | 1013 | Minute Entry for proceedings held 2/22/17 before Judge Jay C. Zainey. Jury Trial COMPLETED as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Lanie Smith.) (Attachments: # 1 Juror Note, # 2 Question 1, # 3 Question 2) (jrc) (Entered: 02/23/2017) |
| 02/23/2017 | 1014 | Order to pay Serio's PoBoy Deli for jurors' meals. Signed by Judge Jay C. Zainey on 2/22/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/23/2017) |
| 02/27/2017 | 1016 | GOVERNMENT'S TRIAL EXHIBIT LIST. By Clerk. (jrc) (Entered: 02/27/2017) |
| 02/27/2017 | 1017 | DEFENDANTS' TRIAL EXHIBIT LIST. By Clerk. (jrc) (Entered: 02/27/2017) |
| 02/27/2017 | 1018 | PROFFERS SUBMITTED AT TRIAL. By Clerk. (jrc) (Entered: 02/27/2017) |
| 02/27/2017 | 1019 | ORDER appointing custodian for government trial exhibits. Signed by Judge Jay C. Zainey on 2/24/17. (Attachments: # 1 Government Exhibit List) (jrc) (Entered: 02/27/2017) |
| 03/02/2017 | | |

| | | |
|---|---|---|
| | 1020<br>(p.28562) | MOTION to Dismiss by Solomon Doyle. Motion set for 3/21/2017 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing)(Lemann, Arthur) Modified on 3/3/2017 (gec). (Entered: 03/02/2017) |
| 03/02/2017 | 1021 | ORDERED that Presentence Investigation Reports be prepared for Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (NEF: Probation) (gec) (Entered: 03/02/2017) |
| 03/08/2017 | 1032<br>(p.28571) | MOTION for Acquittal by Solomon Doyle. Motion set for 3/21/2017 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing)(Lemann, Arthur) (Entered: 03/08/2017) |
| 03/09/2017 | 1041 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jamal Holmes, Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1042 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jonathan Wood Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 7, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1043 | TRANSCRIPT of an Excerpt from the Jury Trial of closing arguments as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1044 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jonathan Wood Volume II, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 8, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing |

| | | |
|---|---|---|
| | | of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/10/2017 | 1045 | ORDER Setting submission date of 5/3/17 on motions for acquittal/new trial 1034 , 1033 , 1036 , 1035 , 1030 , 1029 , 1028 , 1040 , 1038 , 1039 , 1037 , 1032 (p.28571) , 1031 ; Submission for Doyle's motion to dismiss 1020 (p.28562) is set for 4/5/17. Signed by Judge Jay C. Zainey on 3/9/17. (jrc) (Entered: 03/10/2017) |
| 03/21/2017 | 1054 (p.28584) | NOTICE OF HEARING as to Curtis Neville, Solomon Doyle, Damian Barnes. Sentencing set for 7/26/2017 10:00 AM before Judge Jay C. Zainey. (jrc) (Entered: 03/21/2017) |
| 03/22/2017 | 1055 | TRANSCRIPT of an Excerpt from the Jury Trial of the Closing Argument of Arthur A. Lemann, IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/20/2017. (rsg) (Entered: 03/22/2017) |
| 03/24/2017 | 1058 (p.28585) | Response/Memorandum in Opposition by USA as to Solomon Doyle re 1020 (p.28562) MOTION to Dismiss (Ranier, Myles) (Entered: 03/24/2017) |
| 03/24/2017 | 1059 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing arguments of Kerry Miller and Daniel Dysart as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/22/2017. (rsg) (Entered: 03/24/2017) |
| 03/27/2017 | 1060 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Myles Ranier as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/26/2017. (rsg) (Entered: 03/27/2017) |
| 03/27/2017 | 1061 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Gaynell Williams as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After |

| | | that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/26/2017. (rsg) (Entered: 03/27/2017) |
|---|---|---|
| 03/27/2017 | 1062 | COURT'S JURY INSTRUCTIONS as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 03/27/2017) |
| 03/29/2017 | 1063 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Henry P. Julien, Jr. as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/27/2017. (rsg) (Entered: 03/29/2017) |
| 03/30/2017 | 1064 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Eric E. Malveau as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1065 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of John Herr Musser, IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1066 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Michael Raspanti as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1067 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of David Rozas as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian |

| | | |
|---|---|---|
| | | Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1068 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Peter G. Strasser as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 04/19/2017 | 1074 | EXPARTE/CONSENT MOTION to Continue *Deadline for Government's Response to Motions for New Trial and Acquittal* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 04/19/2017) |
| 04/19/2017 | 1079 | ORDER granting 1074 Motion to Continue the Deadline for its Responses to the Defendants' Motions for New Trial and Acquittal as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). It is FURTHER ORDERED that the deadline for the government to respond to the defendants' motions for new trial and acquittal in this matter be continued from Friday, April 21, 2017, to the May 31, 2017. Signed by Judge Jay C. Zainey. (gec) (Entered: 04/19/2017) |
| 04/21/2017 | 1081 (p.28591) | ORDER denying 1020 (p.28562) Motion to Dismiss Count(s) as to Solomon Doyle (11). Signed by Judge Jay C. Zainey on 4/20/17. (jrc) (Entered: 04/21/2017) |
| 04/28/2017 | 1089 (p.28597) | Supplemental Memorandum by Solomon Doyle re 1032 (p.28571) MOTION for Acquittal (Lemann, Arthur) (Entered: 04/28/2017) |
| 05/17/2017 | 1096 | GOVERNMENT'S Trial Exhibits from trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 2, # 2 Ex 4, # 3 Ex 5, # 4 Ex 6, # 5 Ex 9, # 6 Ex 10, # 7 Ex 11, # 8 Ex 12, # 9 Ex 13, # 10 Ex 22, # 11 Ex 23, # 12 Ex 25, # 13 Ex 26, # 14 Ex 28, # 15 Ex 29, # 16 Ex 31, # 17 Ex 32, # 18 Ex 33, # 19 (p.28448) Ex 34)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1097 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 34B part 2, # 2 Ex 34B part 3, # 3 Ex 34B part 4, # 4 Ex 34B part 5)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1098 | |

| | | |
|---|---|---|
| | | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 39, # 2 Ex 40, # 3 Ex 41, # 4 Ex 45, # 5 Ex 46, # 6 Ex 47, # 7 Ex 51, # 8 Ex 53, # 9 Ex 57, # 10 Ex 59, # 11 Ex 65, # 12 Ex 66, # 13 Ex 67 part 1, # 14 Ex 67 part 2, # 15 Ex 68, # 16 Ex 69, # 17 Ex 70 part 1, # 18 Ex 70 part 2, # 19 (p.28448) Ex 71, # 20 (p.28450) Ex 72, # 21 Ex 73 part 1, # 22 Ex 73 part 2, # 23 Ex 74, # 24 Ex 75, # 25 Ex 76 part 1, # 26 Ex 76 part 2, # 27 Ex 77, # 28 Ex 78, # 29 Ex 79, # 30 Ex 80, # 31 Ex 81, # 32 Ex 82, # 33 Ex 83, # 34 Ex 84, # 35 Ex 85 part 1, # 36 Ex 85 part 2, # 37 (p.28451) Ex 86, # 38 Ex 87, # 39 Ex 88 part 1, # 40 Ex 88 part 2, # 41 Ex 89, # 42 Ex 90, # 43 Ex 91 part 1, # 44 Ex 91 part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1099 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 17 A, # 2 Ex 18 B, # 3 Ex 18 D, # 4 Ex 18 E)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1100 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 92, # 2 Ex 93, # 3 Ex 94 part 1, # 4 Ex 94 part 2, # 5 Ex 95 A, # 6 Ex 96 A, # 7 Ex 97 A, # 8 Ex 100, # 9 Ex 101, # 10 Ex 102, # 11 Ex 109, # 12 Ex 111 part 1, # 13 Ex 111 part 2, # 14 Ex 112 part 1, # 15 Ex 112 part 2, # 16 Ex 113, # 17 Ex 114, # 18 Ex 115, # 19 (p.28448) Ex 116 part 1, # 20 (p.28450) Ex 116 part 2, # 21 Ex 117, # 22 Ex 118 part 1, # 23 Ex 118 part 2, # 24 Ex 120, # 25 Ex 122 part 1, # 26 Ex 122 part 2, # 27 Ex 123 part 1, # 28 Ex 123 part 2, # 29 Ex 130, # 30 Ex 131 part 1, # 31 Ex 131 part 2, # 32 Ex 132 part 1, # 33 Ex 132 part 2, # 34 Ex 133, # 35 Ex 134 part 1, # 36 Ex 134 part 2, # 37 (p.28451) Ex 134 A part 1, # 38 Ex 134 A part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1101 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 136, # 2 Ex 137, # 3 Ex 139 part 1, # 4 Ex 139 part 2, # 5 Ex 141, # 6 Ex 144 part 1, # 7 Ex 144 part 2, # 8 Ex 145 part 1, # 9 Ex 145 part 2, # 10 Ex 146 part 1, # 11 Ex 146 part 2, # 12 Ex 148 part 1, # 13 Ex 148 part 2, # 14 Ex 149 part 1, # 15 Ex 149 part 2, # 16 Ex 154 part 1, # 17 Ex 154 part 2, # 18 Ex 155 part 1, # 19 (p.28448) Ex 155 part 2, # 20 (p.28450) Ex 155 part 3, # 21 Ex 156, # 22 Ex 157, # 23 Ex 158, # 24 Ex 159 part 1, # 25 Ex 159 part 2, # 26 Ex 160, # 27 Ex 161 part 1, # 28 Ex 161 part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1102 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 162, # 2 Ex 163, # 3 Ex 164, # 4 Ex 165, # 5 Ex 167, # 6 Ex 168, # 7 Ex 169, # 8 Ex 169A, # 9 Ex 170, # 10 Ex 171, # 11 Ex 175, # 12 Ex 176, # 13 Ex 177, # 14 Ex 178, # 15 Ex 180, # 16 Ex 181)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1103 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 183, # 2 Ex 185, # 3 Ex 188, # 4 Ex 190, # 5 Ex 191, # 6 Ex 192, # 7 Ex 193, # 8 Ex 195, # 9 Ex 197, # 10 Ex 198, # 11 Ex 199, # 12 Ex 200, # 13 Ex 201, # 14 Ex 202, # 15 Ex 203, # 16 Ex 204, # 17 Ex 206, # 18 Ex 206A, # 19 (p.28448) Ex 207, |

| | | |
|---|---|---|
| | | # 20 (p.28450) Ex 207A, # 21 Ex 208, # 22 Ex 213, # 23 Ex 216, # 24 Ex 218, # 25 Ex 220, # 26 Ex 221, # 27 Ex 222, # 28 Ex 223, # 29 Ex 224, # 30 Ex 225, # 31 Ex 226, # 32 Ex 227, # 33 Ex 228, # 34 Ex 229, # 35 Ex 231, # 36 Ex 232, # 37 (p.28451) Ex 233, # 38 Ex 235, # 39 Ex 238, # 40 Ex 239, # 41 Ex 240, # 42 Ex 241)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1104 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 242 part 1, # 2 Ex 242 part 2, # 3 Ex 242 part 3, # 4 Ex 243, # 5 Ex 253, # 6 Ex 255, # 7 Ex 257, # 8 Ex 258, # 9 Ex 259, # 10 Ex 260, # 11 Ex 261, # 12 Ex 262, # 13 Ex 263, # 14 Ex 267, # 15 Ex 268, # 16 Ex 269, # 17 Ex 270, # 18 Ex 271, # 19 (p.28448) Ex 272, # 20 (p.28450) Ex 273)(jrc) (Entered: 05/17/2017) |
| 05/18/2017 | 1105 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 277 bates 048934-049240, # 2 Ex 278, # 3 Ex 279, # 4 Ex 281, # 5 Ex 288, # 6 Ex 289, # 7 Ex 293, # 8 Ex 295, # 9 Ex 297, # 10 Ex 303, # 11 Ex 304, # 12 Ex 309A, # 13 Ex 309B, # 14 Ex 310 A thru W, # 15 Ex 311A, # 16 Ex 311B, # 17 Ex 311C, # 18 Ex 312, # 19 (p.28448) Ex 313, # 20 (p.28450) Ex 314, # 21 Ex 315, # 22 Ex 316, # 23 Ex 317, # 24 Ex 317A, # 25 Ex 318, # 26 Ex 319, # 27 Ex 321, # 28 Ex 322, # 29 Ex 323)(jrc) (Entered: 05/18/2017) |
| 05/19/2017 | 1106 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 324A, # 2 Ex 324B part 1, # 3 Ex 324B part 2, # 4 Ex 324C, # 5 Ex 324D, # 6 Ex 324E, # 7 Ex 324F, # 8 Ex 324G, # 9 Ex 324H, # 10 Ex 324I part 1, # 11 Ex 324I part 2, # 12 Ex 324I part 3, # 13 Ex 324I part 4)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1107 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 325, # 2 Ex 327A, # 3 Ex 327B, # 4 Ex 327C, # 5 Ex 327D, # 6 Ex 327E, # 7 Ex 327F, # 8 Ex 327G, # 9 Ex 327H, # 10 Ex 327I, # 11 Ex 327J, # 12 Ex 327K, # 13 Ex 327L, # 14 Ex 327M, # 15 Ex 327N, # 16 Ex 327O, # 17 Ex 327P, # 18 Ex 328, # 19 (p.28448) Ex 329, # 20 (p.28450) Ex 331, # 21 Ex 332, # 22 Ex 333, # 23 Ex 334, # 24 Ex 335, # 25 Ex 336, # 26 Ex 337, # 27 Ex 339, # 28 Ex 340, # 29 Ex 341, # 30 Ex 342)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1108 | JOINT DEFENDANT Trial Exhibit for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1109 | DEFENDANT ALONZO PETERS Trial Exhibit for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1110 | DEFENDANT JASMINE PERRY'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Perry 3, # 2 Perry 4, # 3 Perry 5, # 4 Perry 6, # 5 Perry 7, # 6 |

| | | |
|---|---|---|
| | | Perry 9, # 7 Perry 10, # 8 Perry 11, # 9 Perry 12, # 10 Perry 14, # 11 Perry 15)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1111 | DEFENDANT MCCOY WALKER'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in case. The general public will NOT be able to view this document. (Attachments: # 1 Walker 3)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1112 | DEFENDANT TERRIOUES OWNEY'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Owney 2, # 2 Owney 4)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1113 | DEFENDANT EVANS LEWIS' Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Lewis C, # 2 Lewis D, # 3 Lewis E, # 4 Lewis F, # 5 Lewis G, # 6 Lewis H, # 7 Lewis I, # 8 Lewis J, # 9 Lewis M, # 10 Lewis N, # 11 Lewis O, # 12 Lewis P, # 13 Lewis Q, # 14 Lewis S, # 15 Lewis S1, # 16 Lewis T, # 17 Lewis V, # 18 Lewis W, # 19 (p.28448) Lewis Y)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1114 | DEFENDANT CURTIS NEVILLE'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1115 | DEFENDANT DAMIAN BARNES' Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Barnes 2, # 2 Barnes 3, # 3 Barnes 4, # 4 Barnes 5, # 5 Barnes 6, # 6 Barnes 7 A-E, # 7 Barnes 8, # 8 Barnes 9, # 9 Barnes 10, # 10 Barnes 13, # 11 Barnes 14, # 12 Barnes 15)(jrc) (Entered: 05/19/2017) |
| 05/31/2017 | 1120 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 1082 MOTION for New Trial , 1078 MOTION for New Trial, 1076 Amended MOTION for New Trial , 1036 MOTION for Acquittal , 1039 MOTION for New Trial , 1035 MOTION for New Trial , 1033 MOTION for Acquittal , 1038 MOTION for Acquittal , 1032 (p.28571) MOTION for Acquittal , 1085 Supplemental MOTION for New Trial , 1029 MOTION for New Trial MOTION to Sever Defendant , 1040 MOTION for Acquittal *and* MOTION for New Trial , 1073 MOTION for Leave to File *Motion for New Trial*, 1031 MOTION for Acquittal *and/or* MOTION for New Trial , 1028 MOTION for Acquittal , 1030 MOTION for Acquittal , 1037 MOTION for Acquittal , 1034 MOTION for Acquittal *and/or New Trial* (Attachments: # 1 Attachment A, # 2 Attachment B)(Ranier, Myles) (Entered: 05/31/2017) |
| 06/05/2017 | 1124 | EXPARTE/CONSENT MOTION for Leave to File *Reply to United States Global Memorandum In Opposition To Defendants Motions For Judgment Of Acquittal/New Trial (Rec. Doc. 1120)* by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Attachments: # 1 Proposed Order)(Sothern, William) (Entered: 06/05/2017) |

| | | |
|---|---|---|
| 06/06/2017 | 1125 | ORDER granting 1124 Motion for Leave to File Reply. Evans Lewis, Curtis Neville, Ashton Price, Solomon Doyle, Leroy Price, McCoy Walker, Alonzo Peters, Damian Barnes, Jasmine Perry, and Terrioues Owney are granted leave to file their replies, on or before June 21, 2017. Signed by Judge Jay C. Zainey on 6/6/2017. (clc) (Entered: 06/07/2017) |
| 06/19/2017 | 1128 (p.28661) | DRAFT PRESENTENCE INVESTIGATION REPORT as to Solomon Doyle. NOTE: This document will only be accessible to the government attorney and the attorney for the applicable defendant. The judge in this case, other defendants and the general public will NOT be able to view this draft document. Parties should submit objections directly to the Probation Office not more than 14 days after the initial disclosure of the presentencing report. (Coleman, Tracy) (Entered: 06/19/2017) |
| 06/22/2017 | 1138 | EXPARTE/CONSENT MOTION for Hearing by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Attachments: # 1 Proposed Order)(Sothern, William) (Entered: 06/22/2017) |
| 07/07/2017 | 1142 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 1138 MOTION for Hearing (Haller, David) (Entered: 07/07/2017) |
| 07/18/2017 | 1163 | ORDER AND REASONS: DENYING 1034 Motion for Acquittal as to Leroy Price (1); DENYING 1138 Motion for Hearing as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13); DENYING 1076 Motion for New Trial as to Ashton Price (2); DENYING 1078 Motion for New Trial as to Ashton Price (2); DENYING 1090 Motion for New Counsel as to Ashton Price (2); DENYING 1033 Motion for Acquittal as to Alonzo Peters (3); DENYING 1035 Motion for New Trial as to Jasmine Perry (4); DENYING 1036 Motion for Acquittal as to Jasmine Perry (4); DENYING 1030 Motion for Acquittal as to McCoy Walker (5); DENYING 1028 Motion for Acquittal as to Terrioues Owney (6); DENYING 1029 Motion for New Trial as to Terrioues Owney (6); DENYING 1029 Motion to Sever Defendant as to Terrioues Owney (6); DENYING 1085 Motion for New Trial as to Terrioues Owney (6); DENYING 1040 Motion for Acquittal as to Evans Lewis (7); DENYING 1040 Motion for New Trial as to Evans Lewis (7); DENYING 1037 Motion for Acquittal as to Curtis Neville (8); DENYING 1038 Motion for Acquittal as to Curtis Neville (8); DENYING 1039 Motion for New Trial as to Curtis Neville (8); DENYING 1032 (p.28571) Motion for Acquittal as to Solomon Doyle (11); DENYING 1031 Motion for Acquittal as to Damian Barnes (13); DENYING 1031 Motion for New Trial as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 7/18/2017. (ajn) (Entered: 07/19/2017) |
| 07/20/2017 | 1174 (p.28718) | FINAL PRESENTENCE INVESTIGATION REPORT as to Solomon Doyle. NOTE: This document will only be accessible to the District Judge, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. (Coleman, Tracy) (Entered: 07/20/2017) |
| 07/20/2017 | 1175 (p.28873) | SENTENCING RECOMMENDATION as to Solomon Doyle. NOTE: This document will only be accessible to the District Judge. (Coleman, Tracy) (Entered: |

| | | |
|---|---|---|
| | | 07/20/2017) |
| 07/26/2017 | 1202 (p.28603) | Minute Entry for proceedings held before Judge Jay C. Zainey: Sentencing held on 7/26/2017 for Solomon Doyle (11), Count(s) 1, 27, 28, 29s, 3, 30s, 3s, Dismissed 7/26/2017; Count(s) 1s, Sentenced 7/26/2017. (Court Reporter Toni Tusa.) (ajn) (Entered: 07/26/2017) |
| 07/26/2017 | 1221 (p.28606) | JUDGMENT as to Solomon Doyle (11), Count(s) 1, 27, 28, 29s, 3, 30s, 3s, Dismissed 7/26/2017; Count(s) 1s, Sentenced 7/26/2017. Signed by Judge Jay C. Zainey on 7/31/2017. (ajn) (Entered: 07/31/2017) |
| 07/27/2017 | 1207 (p.28604) | NOTICE OF APPEAL re 1221 (p.28606) Judgment by Solomon Doyle (CJA or FPD appointment - Filing Fee not required) (Lemann, Arthur) Modified on 7/31/2017 (my). (Entered: 07/27/2017) |
| 08/09/2017 | 1241 | USCA Case Number as to Solomon Doyle; Case Appealed to USCA 5th Circuit Case Number 17-30610 for 1207 (p.28604) Notice of Appeal - Final Judgment filed by Solomon Doyle. (ajn) (Entered: 08/09/2017) |
| 08/21/2017 | 1255 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Cathy Pepper noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1256 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Jodi Simcox noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1257 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1258 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis |

| | | |
|---|---|---|
| | | Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Lanie Smith noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1259 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on 07/26/2017 re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Raspanti, Joseph) (Entered: 08/21/2017) |
| 09/05/2017 | 1297 (p.28612) | ***FILED IN ERROR - BLANK DOCUMENT*** APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 7/26/17 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Lemann, Arthur) Modified on 9/6/2017 (ajn). (Main Document 1297 replaced on 9/6/2017) (ajn). (Entered: 09/05/2017) |
| 09/05/2017 | 1298 (p.28614) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 7/26/17 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Lemann, Arthur) (Entered: 09/05/2017) |
| 09/06/2017 | 1303 | Correction of Docket Entry by Clerk re 1277 thru 1297 (p.28612) Appeal Transcript Requests. ***Filing attorney's did not properly format the pdf of the Appeal Transcript Requests. The pdf should not have the blue boxes nor the 3 red buttons at the bottom. When using a FORM, fill in the applicable fields then click the red PRINT button at the bottom to print the document to pdf format. Clerk has taken corrective action.*** (ajn) (Entered: 09/06/2017) |
| 09/09/2017 | 1329 (p.28615) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 7/18/2016 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Lemann, Arthur) (Main Document 1329 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1330 (p.28617) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 1/24/2017, 1/17/2017, 1/18/2017, 1/19/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Lemann, Arthur) (Main Document 1330 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1331 (p.28619) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 1/25/2017, 1/26/2017, 1/20/2017, 1/23/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Lemann, Arthur) (Main Document 1331 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1332 (p.28621) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 10/6/2016, 10/6/2016, 9/6/2016, 9/7/2016 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Lemann, Arthur) (Main Document 1332 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |

| 09/09/2017 | 1333 (p.28623) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 8/31/2016, 8/23/2016 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Lemann, Arthur) (Main Document 1333 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
|---|---|---|
| 09/09/2017 | 1334 (p.28625) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 1/9/2017, 1/10/2017, 1/11/2017, 1/12/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Cathy Pepper noticed) (Lemann, Arthur) (Main Document 1334 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1335 (p.28627) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 1/13/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Cathy Pepper noticed) (Lemann, Arthur) (Main Document 1335 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1336 (p.28629) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript is already on file) (Lemann, Arthur) (Main Document 1336 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1337 (p.28631) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 1/30/2017, 1/31/2017, 2/1/2017, 2/2/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Jodi Simcox noticed) (Lemann, Arthur) (Main Document 1337 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1338 (p.28633) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 2/3/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Jodi Simcox noticed) (Lemann, Arthur) (Main Document 1338 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1339 (p.28635) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 9/12/2016, 9/14/2016, 9/19/2016, 2/6/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Lemann, Arthur) (Main Document 1339 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1340 (p.28637) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 2/7/2017, 2/8/2017, 2/9/2017, 2/10/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Lanie Smith noticed) (Lemann, Arthur) (Main Document 1340 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1341 (p.28639) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 2/13/2017, 2/14/2017, 2/15/2017, 2/22/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Lanie Smith noticed) (Lemann, Arthur) (Main Document 1341 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1342 (p.28641) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 7/25/2017 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Mary Thompson noticed) (Lemann, Arthur) (Main Document 1342 replaced on 9/11/2017) (ajn). (Entered: 09/09/2017) |
| 09/09/2017 | 1343 (p.28643) | APPEAL TRANSCRIPT REQUEST by Solomon Doyle for proceedings held on 7/26/17 re 1207 (p.28604) Notice of Appeal - Final Judgment. (Transcript(s) |

| | | |
|---|---|---|
| | | ordered) (Court Reporter Toni Tusa noticed) (Lemann, Arthur) (Entered: 09/09/2017) |
| 09/21/2017 | 1355 | APPEAL TRANSCRIPT of Jury Trial Day 19 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 6, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1356 | APPEAL TRANSCRIPT of Jury Trial-Day 20 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 7, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1358 | APPEAL TRANSCRIPT of Jury Trial-Day 21 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 8, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1359 | APPEAL TRANSCRIPT of Jury Trial-Day 22 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1360 | APPEAL TRANSCRIPT of Jury Trial-Day 24 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1361 | APPEAL TRANSCRIPT of Jury Trial-Day 26 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, |

| | | Curtis Neville, Solomon Doyle, Damian Barnes held on February 15, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Main Document 1361 replaced on 9/21/2017) (rsg). (Entered: 09/21/2017) |
|---|---|---|
| 09/21/2017 | 1362 | APPEAL TRANSCRIPT of Jury Trial-Day 23 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1363 | APPEAL TRANSCRIPT of Jury Trial-Day 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 12, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/22/2017 | 1365 | APPEAL TRANSCRIPT of Jury Trial/Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 19, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/22/2017 | 1366 | APPEAL TRANSCRIPT of Jury Trial-Day 25 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 14, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/22/2017 | 1367 | APPEAL TRANSCRIPT of Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 14, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number |

| | | |
|---|---|---|
| | | 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/25/2017 | 1369 | APPEAL TRANSCRIPT of Jury Trial-Day 28 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 22, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/26/2017. (rsg) (Entered: 09/25/2017) |
| 10/02/2017 | 1373 | APPEAL TRANSCRIPT of Jury Trial-Day 6 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1374 | APPEAL TRANSCRIPT of Jury Trial-Day 7 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1375 | APPEAL TRANSCRIPT of Jury Trial-Day 8 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 19, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1376 | APPEAL TRANSCRIPT of Jury Trial-Day 9 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 20, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1377 | APPEAL TRANSCRIPT of Jury Trial-Day 10 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1378 | APPEAL TRANSCRIPT of Jury Trial-Day 11 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 24, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1379 | APPEAL TRANSCRIPT of Jury Trial-Day 12 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 25, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 5. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1380 | APPEAL TRANSCRIPT of Jury Trial-Day 13 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 26, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/04/2017 | 1381 | APPEAL TRANSCRIPT of Jury Trial Day 1 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1382 | APPEAL TRANSCRIPT of Jury Trial Day 2 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 10, 2017 before |

| | | |
|---|---|---|
| | | Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1383 | APPEAL TRANSCRIPT of Jury Trial Day 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1384 | APPEAL TRANSCRIPT of Jury Trial Day 4 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 12, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1385 | APPEAL TRANSCRIPT of Jury Trial Day 5 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/05/2017 | 1386 | APPEAL TRANSCRIPT of Motion Hearing as to Leroy Price, Alonzo Peters, McCoy Walker, Damian Barnes held on March 15, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/3/2018. (rsg) (Entered: 10/05/2017) |
| 10/18/2017 | 1394 | APPEAL TRANSCRIPT of an Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 6, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction |

| | | |
|---|---|---|
| | | Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Entered: 10/18/2017) |
| 10/18/2017 | 1395 | APPEAL TRANSCRIPT of an Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 6, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Entered: 10/18/2017) |
| 10/18/2017 | 1396 | APPEAL TRANSCRIPT of Restitution Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Main Document 1396 replaced on 10/18/2017) (rsg). (Entered: 10/18/2017) |
| 10/31/2017 | 1403 | APPEAL TRANSCRIPT of Jury Trial Day 14 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 30, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1404 | APPEAL TRANSCRIPT of Jury Trial Day 15 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 31, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1405 | APPEAL TRANSCRIPT of Jury Trial Day 16 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 1, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |

| | | |
|---|---|---|
| 10/31/2017 | 1406 | APPEAL TRANSCRIPT of Jury Trial Day 17 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1407 | APPEAL TRANSCRIPT of Jury Trial Day 18 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 3, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 11/27/2017 | 1422 (p.28644) | APPEAL TRANSCRIPT of Sentencing Hearing as to Solomon Doyle held on July 26, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Toni Tusa, Telephone number 504-589-7778. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 2/26/2018. (rsg) (Entered: 11/27/2017) |
| 12/12/2017 | 1429 | APPEAL TRANSCRIPT of Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on July 18, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Donna Goree. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 3/12/2018. (rsg) (Entered: 12/12/2017) |

USA v. Price et al (2:15-cr-00154-JCZ-DEK)

# TAB TWO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 15-154 |
| | * | |
| VERSUS | * | SECTION: "A" |
| | * | |
| SOLOMON DOYLE | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

## NOTICE OF APPEAL

---

Now into Court, through undersigned counsel, comes the defendant Solomon

Doyle, who respectfully moves this Honorable Court for an Order of Appeal to the

Fifth Circuit Court of Appeal, for the United States, returnable on a date to be fixed

by this Honorable Court.

Respectfully submitted:

1

Arthur A. Lemann IV
Arthur A. Lemann III (#8296)
Arthur A. Lemann IV (#23189)
1100 Poydras Street, Suite 3250
New Orleans, Louisiana 70163
Phone: (504) 522-8104

Attorneys for Defendant,
Solomon Doyle

## CERTIFICATE

I hereby certify that on the 27 day of July, 2017, I electronically filed the foregoing with  the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Myles Ranier, Assistant U.S. Attorney, and all parties.

Arthur A. Lemann IV

2

17-30610.28605

# TAB THREE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA,

2016 APR 29   A 11: 55

WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

### SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND FOR THE COMMISSION OF MURDER AND OTHER VIOLENT CRIMES IN AID OF RACKETEERING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-154 |
| v. | * | SECTION: "A" |
| **LEROY PRICE** | * | VIOLATIONS: |
| aka "Lee" | | |
| aka "Lumps" | * | 18 U.S.C. § 1962(d) |
| **ASHTON PRICE** | | 18 U.S.C. § 1959 |
| aka "Pound" | * | 18 U.S.C. § 924(o) |
| aka "BMG Pound" | | 18 U.S.C. § 924(j) |
| **ALONZO PETERS** | * | 18 U.S.C. § 924(c)(1)(A) |
| aka "Woo-dee" | | 21 U.S.C. § 841 |
| **JASMINE PERRY** | * | 21 U.S.C. § 846 |
| aka "J-Real" | | 18 U.S.C. § 1513(a)(1)(B) |
| aka "Rell" | * | 18 U.S.C. § 2 |
| **McCOY WALKER** | * | |
| aka "Rat" | | |
| aka "Trap" | * | |
| **TERRIOUES OWNEY** | * | |
| aka "T-Red" | | |
| **EVANS LEWIS** | * | |
| aka "Easy" | | |
| **CURTIS NEVILLE** | * | |
| aka "Poonie" | * | |
| **SOLOMON DOYLE** | | |
| aka "Black | * | |
| aka "Sol" | | |
| **DAMIAN BARNES** | * | |
| aka "AD" | | |
| | * * * | |

The Grand Jury charges that:

✓ Fee USA
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

**COUNT 1**
(Racketeer Influenced and Corrupt Organizations Conspiracy)

**General Allegations**

1.     At all relevant times, defendants,  **LEROY PRICE, aka "Lee," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the Grand Jury, were members and associates of an organization engaged in, among other things, conspiracy to distribute controlled substances, distribution of controlled substances, murder, conspiracy to commit murder, attempted murder, and obstruction of justice.  At all relevant times, this organization operated in the Eastern District of Louisiana.

2.     This organization was an alliance of multiple street gangs, including: the G-Strip, which operated on Gallier Street in the Upper Ninth Ward of New Orleans; a gang associated with the Florida Housing Projects in the Upper Ninth Ward; another gang associated with the Florida Housing Projects, known as the Black Mafia Gang, or "BMG;" and the "3NG" gang, which historically operated on or near the corner of Third Street and Galvez Street in the City of New Orleans.  This enterprise for a period was known as the 39ers, but was also associated with Dusty Money Entertainment, LLC, aka "Dusty Money," aka "Dust Gang."  The common and consistent feature of this enterprise was the leadership of Darryl Franklin, aka "Brother," aka "Breezy," and/or Merle Offray, aka "Black."  This enterprise controlled the drug trade in these areas and committed acts of violence against rival drug gangs throughout the New Orleans area.

-2-

### The Racketeering Enterprise

3.      The 39ers, including its leadership, membership, and associates, constitute an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise engaged in, and its activities affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

4.      The purposes of the enterprise include, but are not limited to, the following:

     a.      Enriching the members and associates of the enterprise through, among other things, the control of and participation in the illegal distribution of controlled substances in the territory controlled by the enterprise;

     b.      Enriching the members and preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, and threats of violence, including assault, murder, and attempted murder;

     c.      Promoting and enhancing the activities and authority of the enterprise and its members and associates;

     d.      Keeping victims, potential victims, and witnesses in fear of the enterprise and in fear of its members and associates through violence and threats of violence;

     e.      Providing financial support and information to members and associates of the enterprise, including but not limited to those who were incarcerated,

17-30610.329

for committing acts of violence, illegal possession and distribution of controlled substances, and other offenses, and;

f.    Providing assistance to members and associates of the enterprise who committed crimes for and on behalf of the enterprise in order to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and prosecuting the offender or offenders.

**Means and Methods of the Enterprise**

5.    Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise, included but were not limited to, the following:

a.    Members of the enterprise sold large amounts of heroin as well as cocaine base throughout the city of New Orleans, and especially in the Ninth Ward and Uptown neighborhoods of New Orleans.

b.    Members of the enterprise and their associates possessed and utilized firearms to prevent competition from other drug dealers in and around the geographic area utilized and controlled by the conspirators.

c.    Members of the enterprise and their associates possessed and utilized firearms in order to protect their illegal drug trafficking in and around the geographic area utilized and controlled by the conspirators.

d.    Members of the enterprise and their associates committed shootings, various firearms offenses, and violent acts, including but not limited to murder, attempted murder, aggravated battery, illegal possession of firearms, and aggravated assault, in order to maintain and advance the

-4-

17-30610.330

goals of the enterprise, the individual conspirator's role within the enterprise, and to control the specific geographic area utilized and controlled by the conspirators.

e.    Members of the enterprise and their associates promoted a climate of fear in local communities through violence and threats of violence.

f.    Members of the enterprise and their associates committed, attempted, and threatened to commit acts of violence, in an effort to obstruct justice and thwart police investigations.

g.    Members of the enterprise and their associates maintained and circulated a collection of numerous firearms for use in criminal activity by other co-conspirators.  They gave two of their favorite firearms nicknames.  They also maintained at least three .223 caliber assault weapons, which they referred to as "Carbon 15," "Kel-Tec," and, "Monkey Nuts," because of the double drum magazine which was attached to the weapon and which held approximately 100 hundred rounds of ammunition, among other names.  The enterprise also maintained multiple 7.62 x 39mm rifles, that they referred to as "AK's," "K's," "yoppers," and "choppers," among other names.  The enterprise referred to extended ammunition magazines as "dicks," among other names.

h.    Members of the enterprise and their associates used telephones to give directions and advice to each other in an effort to circumvent the criminal justice system, obstruct justice, illegally distribute controlled substances, illegally possess firearms, attempt to intimidate witnesses, and to impose

-5-

discipline on members of the conspiracy who may have acted in a reckless manner by bringing unwanted attention by law enforcement officials to the members of the conspiracy.

i.   Members of the enterprise and their associates bragged about their illegal activity, such as their illegal possession and use of firearms, murder, and attempted murder to each other in an effort to maintain     or     increase their position in the enterprise.

j.   Members of the enterprise and their associates used numerous vehicles, including rented vehicles and stolen vehicles, to distribute illegal drugs, to commit numerous drive-by shootings, and to commit murders.

k.   Members of the enterprise would travel from New Orleans, Louisiana, with large amounts of cash money to Houston, Texas, and purchase kilogram quantities of heroin. Members of the enterprise would transport the purchased heroin back to New Orleans, Louisiana, on a bus.

l.   Members of the enterprise rented a property in coastal Mississippi to use as a hideout and to store cash profits from the enterprise's heroin sales.

m.   Members of the enterprise and their associates targeted and retaliated against rival drug dealers and members of several rival drug gangs, included but not limited to a gang identified as "Ride or Die" from the Eighth Ward; a gang associated with the Desire Housing Development; a gang associated with Press Park neighborhood; and a gang associated with the Calliope Housing Development.

17-30610.332

n.    Members of the enterprise and their associates promoted the wealth, power and influence of the gang by throwing parties, utilizing social media, and publishing videos to the internet.

o.    Members of the enterprise and their associates used two music production organizations, GTO, aka "Gangsters, Thugs, Outlaws," and Dusty Money Entertainment, LLC, aka "Dusty Money," aka "Dust Gang," to produce and circulate music that made the enterprise a symbol of success and power within the community. The lyrics of this music celebrated drug dealing and crimes of violence against rivals.

### Roles of the Defendants

6.    The members of the enterprise would and did occupy the following roles, among others, in the enterprise:

a.    Unindicted co-conspirators Merle Offray, aka "Black," and Darryl Franklin, aka "Brother," aka "Breezy" were leaders of this enterprise and acted as the main suppliers of heroin to the other members of the enterprise. They also provided advice to the members on how not to get arrested by the police and provided the members of the enterprise a safe haven to store the drugs and firearms that belonged to the members of the enterprise. They also directed members of the enterprise to commit murders and shootings and participated in some of the murders themselves.

b.    Unindicted co-conspirator Gregory Stewart, aka "Rabbit," was also a leader of the enterprise. He participated in the illegal distribution of

17-30610.333

heroin and in multiple murders and attempted murders that were committed with other members of the 39ers.

c.  Defendants **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the grand jury acted as illegal drug distributors and gunmen for the enterprise.

### The RICO Conspiracy Charge

7.      Beginning on a date unknown, but prior to June 2009, and continuing to on or about the date of the return of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the Grand Jury, being persons employed by and associated with the criminal enterprise, which enterprise engaged in and the activities of which affected interstate and foreign commerce, unlawfully and knowingly combined, conspired and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the

-8-

enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving:

      a.    Murder, in violation of Title 14, Louisiana Revised Statutes, Section 30.1, and Sections 24 (Principals), 26 (Criminal Conspiracy), and 27 (Attempt); multiple acts indictable under:

      b.    Title 18, United States Code, Section 1513 (retaliation against an informant); and

      c.    multiple acts involving illegal distribution of controlled substances, including heroin and cocaine base ("crack"), in violation of  Title 21, United States Code, Sections 841 and 846;

8.    It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and

17-30610.335

unknown to the Grand Jury, committed various overt acts, on or about the following times and dates, in the Eastern District of Louisiana and elsewhere, including but not limited to the following:

1.  In late 2009 Gregory Stewart, aka "Rabbit," and Darryl Franklin, aka "Brother," aka "Breezy," both members of the G-strip gang, started supplying members of the 3NG gang with heroin for retail sale.

2.  In early 2010 members of the G-Strip and 3NG gangs combined and became known as the 39ers.

3.  Beginning on a date unknown, but prior June 2009, and continuing to on or about the date of the return of this Superseding Indictment, members of the 39ers would travel from New Orleans, Louisiana, to Houston, Texas, to purchase kilogram quantities of heroin.  A member of the 39ers would then travel from Houston, Texas, in possession of the newly-purchased kilogram quantities of heroin, back to New Orleans, Louisiana, on a bus.

4.  On a date unknown, but after June 2009, **SOLOMON DOYLE, aka "Black," aka "Sol,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

5.  On a date unknown, but after June 2009, **CURTIS NEVILLE, aka "Poonie,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

6.  On a date unknown, but after June 2009, **McCOY WALKER, aka "Rat,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

17-30610.336

7.   On a date unknown, but after June 2009, **JASMINE PERRY, aka "J-Real," aka "Rell,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

8.   On a date unknown, but after June 2009, **ASHTON PRICE, aka "Pound,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

9.   On a date unknown, but after June 2009, **EVANS LEWIS, aka "Easy,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

10.   On or about January 6, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a quantity of cocaine in New Orleans, Louisiana.

11.   On or about January 12, 2010, Darryl Franklin, aka "Brother," aka "Breezy," and Gregory Stewart, aka "Rabbit," shot B.C. with an assault rifle.

12.   On or about January 14, 2010, Darryl Franklin, aka "Brother," aka "Breezy," was in possession of a Taurus 9mm handgun and ammunition and magazines for a .223 caliber firearm.  These items were recovered by members of the New Orleans Police Department executing a search warrant at Franklin's residence.

13.   On or about February 22, 2010, **ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart shot and killed Kendall Faibvre, who was believed to be an associate of the Press Park gang.

-11-

14.    On or about March 3, 2010, **McCOY WALKER, aka "Rat"** shot and wounded Elton Williams and Quiniece Noble as they rode in a vehicle that **WALKER** believed belonged to a rival drug dealer associated with the Desire Housing Project gang.

15.    On or about April 5, 2010 **JASMINE PERRY, aka "J-Real, aka "Rell,"** discharged a 7.62 x 39mm rifle near the corner of Magazine and St. Joseph Streets in New Orleans, Louisiana.

16.    On or about April 5, 2010, **ASHTON PRICE, aka "Pound,"** illegally possessed a firearm in New Orleans, Louisiana.

17.    On or about April 7, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a firearm in New Orleans, Louisiana.

18.    On Monday, April 12, 2010, members of the 39ers organization participated in a three-part gun battle in the Upper Ninth Ward of New Orleans with a rival gang from the Desire Projects, led by Lloyd Curry, aka "Slugger."

19.    On April 12, 2010, members of a gang associated with the Desire Projects, including Quelton Broussard, aka "Gutter," Corey Lewis, aka "Co," and Elton Fields, aka "Bo," killed Terrance Butler, aka "Cheddar Black," and Derrick Jones, aka "Gucci Man," associates of the G-Strip and Florida Project side of the 39er gang, in the 2500 block of Desire Street. In retaliation, Darryl Franklin, aka "Brother," aka "Breezy," Gregory Stewart, aka "Rabbit," and Merle Offray, aka "Black," shot and killed Quelton Broussard, aka "Gutter," in the 2800 block of Clouet Street.

-12-

17-30610.338

20.     On April 12, 2010, Lloyd Curry, aka "Slugger," and members of his gang began firing weapons from Curry's vehicle into a vehicle occupied by members of the 39ers, including **Curtis NEVILLE, aka "Poonie,"** Jessie Terry, aka "G-Strip Baby," unindicted co-conspirator D.W., and **McCoy WALKER, aka "Rat," aka "Trap."** Members of the 39ers enterprise fired bullets at Curry's vehicle, including shots from a 7.62 x 39mm rifle that had been purchased by and was registered to Gregory Stewart, aka "Rabbit." Ultimately, enterprise member Jessie Terry, aka "G-Strip Baby," was murdered.

21.     On or about May 11, 2010, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and Gregory Stewart, aka "Rabbit" shot and killed Rayshon Jones, who was believed to be an associate of the Ride or Die gang.

22.     On or about May 19, 2010, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red,"** and **McCOY WALKER, aka "Rat," aka "Trap,"** and Gregory Stewart, aka "Rabbit" shot and killed Lester Green and shot and wounded Jamal Smith, who were believed to be associated with the Calliope Housing Project gang.

23.     On or about May 27, 2010, **LEROY PRICE, aka "Lee," aka "Lumps"** conducted surveillance on Donald Daniels. **PRICE** provided information concerning the location of Donald Daniels to Gregory Stewart, aka "Rabbit," and **TERRIOUES OWNEY, aka "T-Red." TERRIOUES**

-13-

OWNEY, aka "T-Red," shot and killed Donald Daniels, an associate of the Desire Housing Project gang.

24.   On or about June 24, 2010, **EVANS LEWIS, aka "Easy," JASMINE PERRY, aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** shot and killed Anthony Charles Brown, Jr., on Alvar Street in the Ninth Ward of New Orleans.

25.   Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **DAMIAN BARNES, aka "AD,"** seven grams of heroin for $500.00 approximately two times per week.

26.   Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **McCOY WALKER, aka "Rat," aka "Trap,"** two ounces of heroin for $4,000.00 on approximately ten occasions.

27.   Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart occasionally distributed four ounces of heroin to **LEROY PRICE, aka "Lee," aka "Lumps."**

28.   Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen gram quantities to **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** every week.   Gregory Stewart would pay **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

29.   Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen

17-30610.340

gram quantities to **EVANS LEWIS, aka "Easy,"** every week.   Gregory Stewart would pay **EVANS LEWIS, aka "Easy,"** approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

30.  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed one ounce of heroin to **JASMINE PERRY, aka "J-Real," aka "Rell,"** every week.

31.  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed 14 grams of heroin to **CURTIS NEVILLE, aka "Poonie,"** multiple times per week.

32.  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **ALONZO PETERS, aka "Woo-dee,"** on approximately five occasions.

33.  During the course of the conspiracy, **ALONZO PETERS, aka "Woo-dee,"** rented hotel rooms in Metairie, Louisiana, to facilitate members of the 39ers in distributing heroin.

34.  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **SOLOMON DOYLE, aka "Black," aka "Sol,"** approximately two times per month.

35.  On or about August 26, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a stolen firearm in New Orleans, Louisiana.

36.  On or about September 17, 2010, **CURTIS NEVILLE, aka "Poonie,"** shot and killed Hansel Picard in New Orleans, Louisiana.

-15-

17-30610.341

37. On or about October 11, 2010, **LEROY PRICE, aka "Lee," aka "Lumps"** drove a vehicle that was occupied by Gregory Stewart and **TERRIOUES OWNEY, aka "T-Red."** They followed a vehicle being driven by Elton Fields with the intent to kill Fields, who was associated with the Desire Housing Project gang. They approached the vehicle that was driven by Fields. Stewart and **OWNEY** shot and killed Fields.

38. On or about December 20, 2010, Tyrone Knockum, aka "T-Bone," **TERRIOUES OWNEY, aka "T-Red,"** while armed with an AK-47 assault weapon, Rico Jackson, aka "Freaky," while armed with a Norinco 7.62x39mm assault weapon bearing serial number 8072906P, **McCOY WALKER, aka "Rat,"** while armed with Glock Model 19, 9mm semi-automatic handgun, and Gregory Stewart while armed with a Glock model 27, .40 caliber semi-automatic handgun bearing serial number KKL549 shot and killed Jerome Hampton, aka "Man Man," an associate of the Calliope Housing Project gang, and Renetta Lowe, aka "Magnolia Shorty."

39. On or about the beginning of 2011, Merle Offray, aka "Black," and/or Darryl Franklin, aka "Brother," aka "Breezy," paid for a rapper associated with the Ninth Ward part of the gang, C.S., aka "K.K.," to record a song with a rapper associated with the Uptown part of the gang, Q.B., in a New Orleans recording studio. Rapper Q.B., aka "Q.P.," paid to have a music video produced for this song. Members of the enterprise directed the producer to include graphics celebrating the 39ers in the video. Multiple members of the

-16-

39ers organization appeared in the video, including **DAMIAN BARNES, aka "AD," TERRIOUES OWNEY, aka "T-Red,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit." The video was published on the internet.

40. On or about February 6, 2011, Gregory Stewart, aka "Rabbit," and an unindicted co-conspirator shot and killed Calvin Celstine, aka "Plucky," in New Orleans East.

41. On or about February 13, 2011, **JASMINE PERRY, aka "J-Real," aka "Rell,"** and **EVANS LEWIS, aka "Easy,"** while in possession of a firearm, followed Desire Project gang member Corey Lewis, aka "Co," through the Lakeside Mall in Metairie, Louisiana, and placed a telephone call to Gregory Stewart, aka "Rabbit," to coordinate a plan to murder Corey Lewis, aka "Co."

42. On or about February 19, 2011, Darryl Franklin, aka "Brother," aka "Breezy," **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and **JASMINE PERRY, aka "J-Real, aka "Rell,"** were driving in a vehicle together when they spotted Terrance Dennis, who was an associate of the Ride or Die Gang, near the 2300 block of North Galvez Street. **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** directed **JASMINE PERRY, aka "J-Real," aka "Rell,"** to get out of the vehicle and shoot Dennis. **JASMINE PERRY** exited the vehicle with a Bushmaster .223 assault rifle bearing serial number BFI590140 and referred to by other 39er gang members as "Monkey Nuts," chased Dennis down the street,

17-30610.343

and shot and killed him. **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** then drove the vehicle to pick up **PERRY**, and then they fled the scene.

43.   On or about February 20, 2011, **JASMINE PERRY, aka "J-Real, aka "Rell,"** while armed with a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, **CURTIS NEVILLE, aka "Poonie,"** while armed with a Norinco 7.62x39mm assault rifle bearing serial number 8072906P, **EVANS LEWIS, aka "Easy,"** while armed with a .410 gauge handgun, **SOLOMON DOYLE, aka "Black," aka "Sol,"** while armed with Glock Model 23, .40 caliber semi-automatic handgun with bearing serial number MVN115, and Gregory Stewart, while armed with a Bushmaster .223 assault rifle bearing serial number BFI590140 ("Monkey Nuts") shot and killed Littlejohn Haynes in New Orleans, Louisiana.

44.   On or about February 20, 2011, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** illegally possessed a firearm in New Orleans, Louisiana.

45.   On or about March 22, 2011, **SOLOMON DOYLE** and unindicted co-conspirator P. W. were found by members of the Jefferson Parish Sheriff's Office to be in possession of mannitol, a chemical substance used to "cut" heroin. Gregory Stewart, aka "Rabbit," had requested the "cut" to be delivered in order to prepare a quantity of heroin for distribution.

46.   On or about March 22, 2011, **SOLOMON DOYLE** was found in possession of a room key to room 239 of the Days Inn hotel in Metairie,

17-30610.344

Louisiana, by members of the Jefferson Parish Sheriff's Office. Calls intercepted on a Title III wiretap on March 21 and 22, 2011, revealed that **EVANS LEWIS** had been in the Days Inn hotel room and told Gregory Stewart, aka "Rabbit," that the "cut" was in the room so that he could arrange for someone to pick up the "cut" and bring it to Gregory Stewart, aka "Rabbit," who was planning to use it to prepare the nine ounces of heroin for unindicted co-conspirator M.D.

47. On a date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER, aka "Rat," aka "Trap."**

48. On another date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER, aka "Rat," aka "Trap."**

49. On or about April 28, 2011, Gregory Stewart, Washington McCaskill, aka "Big Wash," **DAMIAN BARNES, aka "AD,"** and another party known to the Grand Jury shot and killed Floyd Moore, who was believed to be an associate of the Calliope Housing Project gang, with Bushmaster .223 caliber assault rifle, aka "Monkey Nuts," bearing serial number BFI590140 and an AK-47 assault weapon.

50. On or about May 22, 2011, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real," aka "Rell," CURTIS NEVILLE, aka "Poonie,"** shot and wounded Albert Hardy, Kelvin Baham, and Carrie Henry.

51. On or about May 24, 2011, at Gregory Stewart's direction, **JASMINE PERRY, aka "J-Real," aka "Rell,"** while armed with a Romarm GP

17-30610.345

WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and Evans Lewis, while armed with a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, shot and killed Gregory Keys and wounded Kendrick Smothers.

52.   On or about May 27, 2011, **CURTIS NEVILLE, aka "Poonie,"** possessed four digital scales, part of a "jack" used to compress heroin, plastic containers with heroin residue, several baggies of heroin packaged for retail sale, two firearms, a loaded magazine, a blender and sifter with heroin residue, and a bottle of mannitol, a known cutting agent, at his residence located at 1809 Desire Street in New Orleans.

53.   On or about July 14, 2011, Rico Jackson, aka "Freaky," illegally possessed a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, in New Orleans, Louisiana.

54.   On or about August 11, 2011, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed with the intent to distribute a quantity of heroin in New Orleans, Louisiana.

55.   On or about August 30, 2011, **LEROY PRICE, aka "Lee," aka "Lumps,"** illegally possessed a firearm in New Orleans, Louisiana.

56.   On or about September 10, 2011, **ASHTON PRICE, aka "Pound," aka "BMG Pound," LEROY PRICE, aka "Lee,"** and Washington McCaskill, aka "Big Wash," learned that Michael Marshall was cooperating with Drug Enforcement Agency (D.E.A.) agents and agreed to kill Michael Marshall for a sum of money.

-20-

57.   On or about September 11, 2011, **LEROY PRICE, aka "Lee," aka "Lumps,"** learned that Michael Marshall was living in New Orleans East and started conducting surveillance on him.

58.   On or about September 14, 2011, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," and ASHTON PRICE, aka "Pound," aka "BMG Pound,"** were in a red Toyota Corolla that was driven by **LEROY PRICE**. They followed Michael Marshall to his place of employment, located at 1741 Poland Avenue in New Orleans, Louisiana. Washington McCaskill,, aka "Big Wash," while armed with a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** while armed with a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, exited the red Toyota Corolla and shot and killed Michael Marshall as Marshall attempted to exit his vehicle. Washington McCaskill,, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," and ASHTON PRICE, aka "Pound," aka "BMG Pound,"** fled the scene of the murder in the red Toyota Corolla.

59.   On or about December 2, 2011, Washington McCaskill, aka "Big Wash," stored a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115 and a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447 at his residence, both of which were used in several shootings and murders committed by members and associates of the 39ers.

17-30610.347

60. On or about March 8, 2012, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** illegally possessed a Glock Model 27 .40 caliber semi-automatic handgun bearing serial number RUD679 in New Orleans, Louisiana.

61. In 2012, Darryl Franklin, aka "Brother," aka "Breezy," and Merle Offray, aka "Black," formed Dusty Money Entertainment, LLC, a music production company, using the proceeds of the illegal distribution of narcotics. The music produced by Dusty Money Entertainment, LLC, celebrated selling narcotics and violence against potential rivals, and was used to increase the perceived strength of the enterprise.

62. Beginning in 2012, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** began recording songs for Dusty Money Entertainment, LLC, that glorified drug dealing, violence against rivals, and the supremacy of the members of the enterprise, for the purpose of maintaining and increasing his position in the enterprise, and promoting the enterprise itself. Members of the organization, including **CURTIS NEVILLE, aka "Poonie,"** appeared in music videos produced by Dusty Money Entertainment, LLC, for songs performed by **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** for the purpose of maintaining and increasing their position in the enterprise, and promoting the enterprise itself.

All in violation of Title 18, United States Code, Section 1962(d).

17-30610.348

## SPECIAL SENTENCING ALLEGATIONS REGARDING COUNT 1

**The Grand Jury further alleges with regard to certain offenses described in Count 1 that:**

1.      On or about February 22, 2010, in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," and JASMINE PERRY, aka "J-Real," aka "Rell,"** with the specific intent to kill and to inflict great bodily harm, did murder Kendall Faibvre, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

2.      On or about May 11, 2010, in the Eastern District of Louisiana, the defendant, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Rayshon Jones, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

3.      On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red,"** and **McCOY WALKER, aka "Rat,"** with the specific intent to kill and to inflict great bodily harm, did murder Lester Green, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

4.      On or about May 27, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee,"** and **TERRIOUES OWNEY, aka "T-Red,"** with the specific intent to kill and to inflict great bodily harm, did murder Donald Daniels, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

17-30610.349

5.     On or about June 24, 2010, **EVANS LEWIS, aka "Easy," JASMINE PERRY,** **aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Anthony Charles Brown, Jr., in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

6.     On or about September 17, 2010, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, aka "Poonie,"** with the specific intent to kill and to inflict great bodily harm, did murder Hansel Picard, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

7.     On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee,"** and **TERRIOUES OWNEY, aka "T-Red,"** with the specific intent to kill and to inflict great bodily harm, did murder Elton Fields, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

8.     On or about December 20, 2010, in the Eastern District of Louisiana, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** and **McCOY WALKER, aka "Rat,"** with the specific intent to kill and to inflict great bodily harm, did murder Jerome Hampton and Renetta Lowe, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

9.     On or about February 19, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Terrance Dennis, in violation of the laws of the State of Louisiana (Title 14,

17-30610.350

Louisiana Revised Statutes, Section 30.1-- second degree murder).

10.     On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy,"** and **SOLOMON DOYLE, aka "Black," aka "Sol,"** with the specific intent to kill and to inflict great bodily harm, did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

11.     On or about April 28, 2011 in the Eastern District of Louisiana, the defendant, **DAMIEN BARNES, aka "AD,"** with the specific intent to kill and to inflict great bodily harm, did murder Floyd Moore, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

12.     On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** with the specific intent to kill and to inflict great bodily harm, did murder Gregory Keys, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

13.     On or about September 14, 2011 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Michael Marshall, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

17-30610.351

## COUNT 2
### (Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," McCOY WALKER, aka "Rat," CURTIS NEVILLE, aka "Poonie," and DAMIAN BARNES, aka "AD,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, Schedule I and II drug controlled substances, respectively, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT 3
### (Conspiracy to Use Firearms to Further Drug Trafficking Crimes and Crimes of Violence)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," EVANS LEWIS, aka "Easy," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black, aka "Sol," and DAMIAN BARNES, aka "AD,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to use, carry, brandish, and discharge firearms during and in relation to and possessed firearms in furtherance of a federal crime of violence, to wit: a

-26-

conspiracy to violate the Racketeering Influenced Corrupt Organization Act in violation of Title

18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and

a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit:

a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section

924(o).

### COUNT 4
(Murder of Kendall Faibvre in Aid of Racketeering)

1.      At all times relevant to this Superseding Indictment, the enterprise as more fully

described in Paragraphs 1 through 6 of Count 1 of this Superseding Indictment, which are re-

alleged and incorporated by reference as though set forth fully herein, constituted an enterprise

as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals

associated in fact, which was engaged in, and the activities of which affected, interstate and

foreign commerce.    The enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the

enterprise.

2.      At all times relevant to this Superseding Indictment, the above described

enterprise, through its members and associates, engaged in racketeering activity as defined in

Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in

violation of Title 14, Louisiana Revised Statutes, Section 30.1, and Sections 24 (Principals), 26

(Criminal Conspiracy), and 27 (Attempt); and the distribution and possession with the intent to

17-30610.353

distribute controlled substances, in violation of federal criminal law (Title 21, United States Code, Sections 841 and 846).

3.     On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart did murder Kendall Faibvre, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Section 1959(a)(1).

**COUNT 5**
(Murder of Kendall Faibvre through the Use of a Firearm)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 4 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section

-28-

924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Kendall Faibvre, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 6
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart did commit an assault with a dangerous weapon, to wit; a firearm, upon Jasmine Jones, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statute, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(2)(3) and (5).

## COUNT 7
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge several firearms during and in relation to a crime of violence for which

-29-

they may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(2)(3) and (5) as charged in Count 6 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 8
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.   Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.   On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **McCOY WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Elton Williams, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 9
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.   Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

17-30610.356

2.      On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **McCOY WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Quiniece Noble, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 10
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 8 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

17-30610.357

## COUNT 11
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY**

**WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did knowingly use,

carry, brandish, and discharge several firearms during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, to wit: assault in violation of Title

18, United States Code, Section 1959(a)(1) as charged in Count 9 of this Superseding Indictment

and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of

Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment,

and a drug trafficking crime for which they may be prosecuted in a court of the United States, to

wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections

924(c)(1)(A) and 2.

## COUNT 12
(Murder of Rayshon Jones in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as

though fully set forth herein.

2.      On or about May 11, 2010, in the Eastern District of Louisiana, for the purpose of

gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG**

**Pound,"** and Gregory Stewart, aka "Rabbit," did murder Rayshon Jones, in violation of the laws

17-30610.358

of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 13
(Murder of Rayshon Jones through the Use of a Firearm)

On or about May 11, 2010 in the Eastern District of Louisiana, the defendant, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and Gregory Stewart, aka "Rabbit," did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 12 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Rayshon Jones, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

-33-

17-30610.359

## COUNT 14
(Murder of Lester Green in Aid of Racketeering)

1.        Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.        On or about May 19, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did murder Lester Green, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 15
(Murder of Lester Green through the Use of a Firearm)

On or about May 19, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 14 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21,

-34-

United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Lester Green, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 16
(Assault of Jamal Smith with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 19, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did commit an assault with a dangerous weapon, to wit; a firearm, upon Jamal Smith, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 17
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY,**

-35-

aka "T-Red," McCOY WALKER, aka "Rat," and Gregory Stewart, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 16 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 18
(Murder of Donald Daniels in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about May 27, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart, did murder Donald Daniels, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

17-30610.362

## COUNT 19
(Murder of Donald Daniels through the Use of a Firearm)

On or about May 27, 2010 in the Eastern District of Louisiana, the defendant, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 18 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Donald Daniels, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 20
(Murder of Anthony Charles Brown, Jr., in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

17-30610.363

2.      On or about June 24, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **EVANS LEWIS, aka "Easy," ASHTON PRICE, aka "Pound," aka "BMG Pound," and JASMINE PERRY, aka "J-Real," aka "Rell,"** did murder Anthony Charles Brown, Jr., in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 21
(Murder of Anthony Charles Brown, Jr., through the Use of a Firearm)

On or about June 24, 2010 in the Eastern District of Louisiana, the defendants, **EVANS LEWIS, aka "Easy," ASHTON PRICE, aka "Pound," aka "BMG Pound," and JASMINE PERRY, aka "J-Real," aka "Rell,"** did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18,

17-30610.364

United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Anthony Charles Brown, Jr., by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 22
(Murder of Elton Fields, aka "Bo," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about October 11, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did murder Elton Fields, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 23
(Murder of Elton Fields, aka "Bo," through the Use of a Firearm)

On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 22 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in

-39-

violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Elton Fields, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 24
(Murder of Jerome Hampton, aka "Man Man," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka "Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit," did murder Jerome Hampton, aka "Man Man," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

17-30610.366

**COUNT 25**
(Murders of Jerome Hampton, aka "Man Man," and Renetta Lowe, aka "Magnolia Shorty,"
through the Use of a Firearm)

On or about December 20, 2010 in the Eastern District of Louisiana, the defendants,

**TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka**

**"Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit," did knowingly use,

carry, brandish, and discharge firearms, during and in relation to and possessed firearms in

furtherance of the commission of a crime of violence for which they may be prosecuted in a

court of the United States, to wit: murder in violation of Title 18, United States Code, Section

1959(a)(1) as charged in Counts 24 and 26 of this Superseding Indictment and conspiracy to

violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United

States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug

trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a

conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section

924(c)(1), and in the course of this violation caused the death of two persons through the use of a

firearm, which killings are murder as defined in Title 18, United States Code, Section 1111, in

that the defendants, with malice aforethought, did unlawfully kill Jerome Hampton, aka "Man

Man," and Renetta Lowe, aka "Magnolia Shorty," by shooting both victims with several firearms

willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United

States Code, Sections 924(j) and 2.

17-30610.367

## COUNT 26
### (Murder of Renetta Lowe, aka "Magnolia Shorty," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka "Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart did murder Renetta Lowe, aka "Magnolia Shorty," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 27
### (Murder of Terrance Dennis in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 19, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury,  did murder Terrance Dennis, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

17-30610.368

## COUNT 28
(Murder of Terrance Dennis through the Use of a Firearm)

On or about February 19, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 27 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Terrance Dennis, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 29
(Murder of Littlejohn Haynes in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

17-30610.369

2.     On or about February 20, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy," SOLOMON DOYLE, aka "Black," aka "Sol,"** and Gregory Stewart did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 30
(Murder of Littlejohn Haynes through the Use of a Firearm)

On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy," SOLOMON DOYLE, aka "Black," aka "Sol,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 29, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a

17-30610.370

firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Littlejohn Haynes, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 31
(Murder of Floyd Moore in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about April 28, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **DAMIEN BARNES, aka "AD,"** Gregory Stewart, aka "Rabbit," and another known to the Grand Jury did murder Floyd Moore, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 32
(Murder of Floyd Moore through the Use of a Firearm)

On or about April 28, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **DAMIEN BARNES, aka "AD,"** Gregory Stewart, aka "Rabbit," and another known to the Grand Jury did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering

-45-

Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Floyd Moore, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 33
(Assault of Albert Hardy with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Albert Hardy, Kelvin Baham, and Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

-46-

**COUNT 34**
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants,

Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell,"**

**CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use,

carry, brandish, and discharge  several firearms, during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, to wit: assault in violation of Title

18, United States Code, Section 1959(a)(1) as charged in Count 33 of this Superseding

Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in

violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding

Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the

United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin

and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and

846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United

States Code, Sections 924(c)(1)(A) and 2.

**COUNT 35**
(Assault of Kelvin Baham with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as

though fully set forth herein.

2.      On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of

gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash,"

**JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others

-47-

known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Kelvin Baham, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 36
### (Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell,"** **CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge  several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 35 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 37
### (Assault of Carrie Henry with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

17-30610.374

2.     On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 38
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 37 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

17-30610.375

## COUNT 39
(Murder of Gregory Keys in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 24, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and Gregory Stewart and other known to the Grand Jury, did murder Gregory Keys, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 40
(Murder of Gregory Keys through the Use of a Firearm)

On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell"** and Gregory Stewart and another known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 39 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section

17-30610.376

924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Gregory Keys, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 41
(Assault of Kendrick Smothers with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 24, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart and another known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Kendrick Smothers, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 42
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 24, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and Gregory Stewart and other known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 41 of this

17-30610.377

Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 43
(Possession with the Intent to Distribute Heroin)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, a/k/a "Poonie,"** did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(C), and Title 18, United States Code, Section 2.

### COUNT 44
(Possession of a Firearm in furtherance of a
Drug Trafficking Crime)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, a/k/a "Poonie,"** and others known and unknown to the Grand Jury possessed two firearms to wit: Smith and Wesson Model SW40VE, .40 caliber semi-automatic handgun bearing serial number PBK6606 and a Taurus Model PT92AF, nine-millimeter semi-automatic handgun bearing serial number TNF84336, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: a conspiracy to possess with the intent to distribute heroin, as set forth in Count 2 of this Superseding Indictment and the possession with

-52-

17-30610.378

the intent to distribute heroin, as set forth in Count 41 of this Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A).

### COUNT 45
(Murder of Michael Marshall in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about September 14, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did murder Michael Marshall, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 46
(Murder of Michael Marshall through the Use of a Firearm)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 45 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and

17-30610.379

a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Michael Marshall, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 47
(Murder of Federal Informant Michael Marshall)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly kill Michael Marshall with the intent to retaliate against Michael Marshall for providing to law enforcement officers information relating to the commission or possible commission of a federal offense, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Michael Marshall by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2.

17-30610.380

## NOTICE OF DRUG FORFEITURE

1.   The allegations of Counts 2 and 41 of this Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.   As a result of the offenses alleged in Counts 2 and 41, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," McCOY WALKER, aka "Rat," CURTIS NEVILLE, aka "Poonie,"** and **DAMIAN BARNES, aka "AD,"** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in 2 and 41 of this Superseding Indictment.

3.   If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

17-30610.381

seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF GUN FORFEITURE

1.      The allegations of Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44 of this Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2.      As a result of the offenses alleged in Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," and DAMIAN BARNES, aka "AD,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1)(A), Title 18, United States Code, Section 924(j), or Title 18, United States Code, Section 1959.

3.      If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

-56-

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided

    without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of said defendants up to the value of the above forfeitable

property.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(d)(1).

## <u>NOTICE OF RICO FORFEITURE</u>

  1.  The allegations of Count 1 of this Superseding Indictment are hereby repeated, re-

alleged and incorporated by reference as though set forth fully herein for the purpose of alleging

forfeiture to the United States of America pursuant to the provisions of Title 18, United States

Code, Section 1963 and Title 28, United States Code, Section 2461(c).  Pursuant to Federal Rule

of Criminal Procedure Rule 32.2, notice is hereby given to the defendants that the United States

will seek forfeiture as part of any sentence in accordance with Title 18, United States Code,

Section 1963 in the event of any defendant's conviction under Count 1 of this Superseding

Indictment.

  2.  The defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON**

**PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-**

**Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red,"**

**EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE,**

**aka "Black," aka "Sol," and DAMIAN BARNES, aka "AD,"**

17-30610.383

    a.    have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b.    have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a)(2);

    c.    have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.    If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant --

    1.  cannot be located upon the exercise of due diligence;

    2.  has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court;

    3.  has been substantially diminished in value; or

    4.  has been commingled with other property which cannot be divided without difficulty;

17-30610.384

5. the Court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 2 and 3 above.

4.      The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.



KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


MYLES RANIER
Assistant United States Attorney
Louisiana Bar Roll No. 30029

BRITTANY L. REED
Assistant United States Attorney
Louisiana Bar Roll No. 31299

JEFFREY K. SANDMAN
Assistant United States Attorney


New Orleans, Louisiana
April 29, 2016

17-30610.385

FORM OBD-34
No. *15-154*

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

LEROY PRICE aka "Lee" ASHTON PRICE aka "Pound" aka "BMG Pound" ALONZO PETERS aka "Woo-dee" JASMINE PERRY aka "J-Real" aka "Rell" McCOY WALKER aka "Rat" aka "Trap" TERRIOUES OWNEY aka "T-Red" EVANS LEWIS aka "Easy" CURTIS NEVILLE aka "Poonie" SOLOMON DOYLE aka "Black" aka "Sol" DAMIAN BARNES aka "AD"

### VIOLATIONS:

18 U.S.C. § 1962(d)
18 U.S.C. § 1959
18 U.S.C. § 924(o)
18 U.S.C. § 924(j)
18 U.S.C. § 924(c)(1)(A)
21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 1513(a)(1)(B)

SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND FOR THE COMMISSION OF MURDER AND OTHER VIOLENT CRIMES IN AID OF RACKETEERING

_____ A true bill.

_____ Filed in open court this _____ day of _____ A.D. 2016

_____ Clerk

Bail, $ _____

Myles Ranier
Assistant United States Attorney

17-30610.386

TAB FOUR

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 15-154** |
| **v.** | * | **SECTION: "A"** |
| **SOLOMON DOYLE** | * | |

* * *

**U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   FEB 22 2017

WILLIAM W. BLEVINS
CLERK**

## VERDICT FORM & JURY INTERROGATORIES

## COUNT ONE
### Conspiracy to Violate the Racketeer Influence and Corrupt Organizations Act

As to the charges set forth in COUNT 1 of the Indictment in this matter, we the Jury unanimously find the defendant, **SOLOMAN DOYLE** is:

_____✓_____ Guilty, beyond a reasonable doubt, or

_____ Not Guilty.

If you find the defendant guilty of COUNT 1, as charged in the Indictment, you must then answer the following questions (titled "Jury Interrogatories for COUNT 1"). If you find the defendant not guilty of COUNT 1, there is no need to continue to the Jury Interrogatory for COUNT 1 for the defendant.

### Jury Interrogatories for COUNT 1 for SOLOMON DOYLE

If you found that **SOLOMON DOYLE was guilty** of COUNT 1, please make the additional findings below:

(1) Do you unanimously find beyond a reasonable doubt that the Defendant, **SOLOMON DOYLE**, committed, or was a principal to, the February 20, 2011, murder of Littlejohn Haynes in violation of Louisiana law as instructed earlier by the court?

17-30610.28559

YES _____        NO __✓___


## COUNT THREE
### Conspiracy to Use and Carry and to Possess Firearms

As to the charges set forth in COUNT 3 of the Indictment in this matter, we the Jury unanimously find the defendant, **SOLOMON DOYLE** is:

_____ Guilty, beyond a reasonable doubt, or

___✓___ Not Guilty.


## COUNT TWENTY-NINE
### Murder in aid of Racketeering – Littlejohn Haynes

As to the charges set forth in COUNT 29 of the Indictment in this matter, we the Jury unanimously find the defendant, **SOLOMON DOYLE** is:

_____ Guilty, beyond a reasonable doubt, or

___✓___ Not Guilty.


## COUNT THIRTY
### Causing Death Through the Use of a Firearm – Littlejohn Haynes

As to the charges set forth in COUNT 30 of the Indictment in this matter, we the Jury unanimously find the defendant, **SOLOMON DOYLE** is:

_____ Guilty, beyond a reasonable doubt, or

___✓___ Not Guilty.

17-30610.28560



2/15/17
_____
DATE

17-30610.28561

# TAB FIVE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 15-154

JASMINE PERRY                                     SECTION A(3)
EVANS LEWIS
SOLOMON DOYLE

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 216)**

filed by defendant Jasmine Perry; **Motion to Dismiss RICO Count (Rec. Doc. 218)**

filed by defendant Evans Lewis; **Motion to Dismiss (Rec. Doc. 198)** filed by defendant

Solomon Doyle.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45

count indictment ("the Indictment") against defendants Leroy Price, Ashton Price,

Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis

Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and

Damian Barnes. Count 1 of the Indictment charges a RICO conspiracy in violation of 18

U.S.C. § 1962(d), which is supported by allegations of 55 "overt acts" by the various

defendants in furtherance of the RICO conspiracy. The other 44 counts charged in the

Indictment pertain to various drug and firearm offenses, and a dozen murders.

Defendants Perry, Lewis, and Doyle move to dismiss the Indictment. These

same defendants pleaded guilty to charges in EDLA Case No. 11-107, which centered

around a sprawling drug conspiracy. Each defendant made a plea agreement with the

Government. Defendants argue that the charges in this case violate the terms of their plea agreements with the Government in 11-107. Lewis also argues that the RICO conspiracy charged in Count 1 of the Indictment violates the constitutional protection against double jeopardy.

### Plea Agreements

The court applies general principles of contract law in order to interpret the terms of a plea agreement between a defendant and the Government. *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999). The sole measure of performance is the agreement's express terms. *United States v. Guerrero*, 299 Fed. Appx. 331, 335 (5th Cir. 2008) (citing *United States v. Cates*, 952 F.2d 149, 153 (5th Cir. 1992)). To assess whether a plea agreement has been violated, the court considers "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Cantu*, 185 F.3d at 304 (quoting *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)).

In Criminal Action 11-107, Perry pleaded guilty to Count 1 of the Superseding Bill of Information which charged him with conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 216-2, Plea Agreement). In exchange, the Government agreed to dismiss the remaining counts *which pertained to Perry only* of the Fourth Superseding Indictment, the Third Superseding Indictment, and the Second Superseding Indictment. The Agreement includes a statement that it "does not apply to any crimes of violence which the defendant may have committed." No other promises relevant to this case are made.

Perry argues that the indictments for conspiracy in the 11-107 case named, among others, Solomon Doyle, Evans Lewis, and Terrioues Owney, all of whom are charged in the current RICO conspiracy. Perry points out that both indictments stem from drug activity centered around ringleader Gregory Stewart. Thus, according to Perry, the underlying acts related to both the former conspiracy and the RICO conspiracy are one in the same. Perry argues that his plea agreement with the Government in 11-107 bars the Indictment in this case for any charges incorporating the same underlying acts as those charges to which he formerly pleaded guilty. (Rec. Doc. 216-1 at 3). In support of his contentions, Perry adopts the legal arguments made by codefendant Solomon Doyle.[1]

Perry's argument fails to account for the statement contained in his plea agreement that expressly excepts it from any crimes of violence. Perry does not take issue with the Government's assertion that the Count 1 RICO conspiracy constitutes a crime of violence. And it is beyond cavil that the firearm and multiple murder counts identified by Perry in his motion (Counts 3,4, 5,25,26,27,28,37, and 38) are crimes of violence so the plea agreement presents no bar to those charges. Thus, it is not determinative that the conspiracy charged in the Indictment involves underlying acts related to the conspiracy that Perry pleaded guilty to in 11-107.[2] Importantly, Perry was

---

[1] The Court will make every effort to apply Doyle's legal arguments to Perry's plea agreement. But Doyle's plea agreement has language in it that Perry's does not have. The scope of each of the plea agreements will be governed by the specific terms contained in them. Thus, not every argument raised by Doyle will necessarily benefit Perry. Lewis also adopted Doyle's arguments so the same admonition applies to him.

[2] At footnote 1 of Perry's memorandum in support he includes a catchall statement suggesting that he is also charged in several other counts of the Indictment that relate to the conspiracy in 11-107. (Rec. Doc. 216-1 at 2 n.1). Perry does not identify those counts. Because

17-30610.20810

not charged in the Indictment's Count 2 drug conspiracy charge, ostensibly because to do so would be in blatant violation of his plea agreement.

Lewis pleaded guilty to Count 11 of the Fourth Superseding Indictment, which charged him with committing a murder (Gregory Keys) in furtherance of a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin. (Rec. Doc. 218-4, Plea Agreement). In exchange, the Government agreed to dismiss Counts 1, 2, and 3 of the Fourth Superseding Indictment, and any previous indictments in the case as they pertain to Perry. No other promises relevant to this case are made.

Like Perry, Lewis is not charged in the counts of the Indictment that are directly related to either the Keys murder that he pleaded guilty to or the charges that the Government dismissed as part of the plea agreement. (Counts 2 (drug conspiracy) and 3) (firearms conspiracy)). And Counts 14, 15, 16, and 17 are murder charges that were previously uncharged so these crimes are not implicated by the plea agreement. Thus, Lewis's argument focuses on the Count 1 RICO conspiracy. Lewis identifies seven overt acts that directly implicate him, including Overt Act 46 which alleges the Keys murder. Lewis argues that the RICO conspiracy is nothing more than a "warmed over aggregation" of the drug conspiracy and firearms conspiracies that the Government agreed to dismiss in the 11-107 plea agreement. According to Lewis, at least five of the seven overt acts alleged against Lewis in the RICO conspiracy charge are

_____

the Indictment contains 45 counts and 55 predicate acts in support of the RICO count, the Court did not peruse the Indictment on Perry's behalf in search of any other counts that implicate his agreement with the Government.

17-30610.20811

encompassed within the drug conspiracy charge in 11-107 that the Government agreed to dismiss as part of the plea agreement.

In *United States v. Cantu*, *supra,* the defendant challenged his conviction for RICO conspiracy by making a similar argument. Cantu had entered into a prior plea agreement where in exchange for his plea of guilty to a drug conspiracy charge, the government had agreed to dismiss a related drug possession charge. Cantu was subsequently indicted under RICO and he argued that the RICO conspiracy charge violated his plea agreement because it included an over act that had been previously dismissed via the plea agreement. *Cantu*, 185 F.3d at 305. The Fifth Circuit concluded that it would be unreasonable for the defendant to believe that the plea agreement, which only dismissed the substantive drug possession count, would bar the government from bringing a different charge in a future prosecution. *Id.* The court noted the narrow language of the plea agreement, speaking only to the government's obligation to dismiss the crime charged in count II of the indictment. *Id.*

Similarly in this case the RICO conspiracy charge is a separate offense from any of the charges that the Government agreed to dismiss via Lewis's plea agreement, and this remains true even though the RICO conspiracy charge involves conduct that arguably would have been implicated in the prior charges. Lewis's plea agreement is not so broadly worded so as to allow him to reasonably infer the type of transactional immunity that he implicitly seeks.

Doyle pleaded guilty to Count 1 of the Superseding Bill of Information which charged conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 198-2, Plea Agreement). In exchange, the Government

agreed to dismiss the Fourth Superseding Indictment, and any other indictments in the

case as they pertain to Doyle. The Government also agreed

> not to charge the defendant with any other drug trafficking crimes that
> he may have committed in the Eastern District of Louisiana prior to
> July 28, 2011, as long as the defendant has truthfully informed federal
> agents of the full details of those crimes. The defendant understands
> that this agreement does not apply to any crimes of violence which the
> defendant may have committed.

*Id.*

In the Indictment, Doyle is charged in the Count I RICO conspiracy, the Count 3

firearms conspiracy, and in Counts 27 and 28 pertaining to the murder of Littlejohn

Haynes. Doyle argues that the Indictment should be dismissed in its entirety as to him

because all four counts against him charge him in one way or another with an

underlying drug trafficking offense in violation of the plea agreement.

All of the crimes charged against Doyle in the Indictment are crimes of violence,

which the plea agreement specifically excepts. Counsel for Doyle in the 11-107 case

has submitted an affidavit explaining that it was his understanding, and Doyle's, that the

"crimes of violence" exception included only statutory offenses that were not predicated

upon the drug activity of the Gregory Stewart organization and Doyle's involvement with

the organization. (Rec. Doc. 198-4, Lemann affid. Exh. C). Like Lewis's plea agreement,

Doyle's plea agreement is not so broadly worded so as to allow him to reasonably infer

the type of transactional immunity that he implicitly seeks. The Government did not

expressly agree, as it had in the *Langston* case that Doyle cites, to forego additional

charges arising out of the facts forming the basis of the present (11-107) indictment.

### Double Jeopardy

17-30610.20813

Lewis argues that the RICO conspiracy charged in the Indictment is nothing more than a prohibited successive prosecution of the "same offense," *i.e.*, the drug conspiracy, charged in 11-107. Lewis points out that the timeframes are the same, most of the coconspirators (including the leaders) are the same, the underlying substantive offenses are the same, the scope of the activities substantially overlap in each charge, and the geographic location of the conspiracy charges is identical. (Rec. Doc. 218-1, Lewis's Memo in Support at 10-11). Lewis urges the Court to conduct the double jeopardy analysis under the totality of the circumstances test that some courts in other jurisdictions have used when dealing with successive RICO and conspiracy prosecutions.

The Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend V. The traditional test for determining whether two offenses are the same for double jeopardy purposes derives from the Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* inquiry asks whether "the offense charged in the subsequent prosecution 'requires proof of a fact which the other does not.'" *United States v. Deshaw*, 974 F.2d 667, 670 (5th Cir. 1992) (quoting *United States v. Rodriguez*, 948 F.2d 914, 917 (5th Cir. 1991)). If application of *Blockburger* reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other then the subsequent prosecution is barred by double jeopardy. *Id.* (quoting *Grady v. Corbin*, 495 U.S. 508, 516 (1990), *overruled by United States v. Dixon*, 509 U.S. 688, 704 (1993)).The *Blockburger* test focuses on the elements of the statutory offenses, not on a detailed examination of the facts surrounding the offenses.

17-30610.20814

*United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005) (citing *United States v. Lankford*, 196 F.3d 563,  577-78 (5th Cir. 1999)).

In criminal action 11-107, Lewis pleaded guilty to Count 11 of the Fourth Superseding Indictment, which charged him with committing a murder (Gregory Keys) in furtherance of a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 18 U.S.C. § 924(j). (Rec. Doc. 218-4, 2/21/13 plea agreement; Rec. Doc. 218-5, Indictment). Section 924(c) pertains to the crime of using or possessing a firearm in relation to or in furtherance of a drug trafficking crime, and subpart (j) pertains in particular to murder in the course of a violation of § 924(c).

Even with an overlap in alleged criminal conduct between this case and 11-107, the drug conspiracy that constituted the drug trafficking crime for purposes of Lewis's § 924(j) conviction in 11-107 is not the same conspiracy charged in Count 1 of the Indictment. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d). The elements of a conspiracy under § 1962(d) are 1) that two or more people agreed to commit a substantive RICO offense under § 1962(c),[3] and 2) that the defendant knew and agreed to the overall objective of the RICO offense. *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013) (quoting *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005)). In proving the RICO conspiracy, the Government will be

─────────────────────

[3] Section 1962(c) states:
It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

17-30610.20815

required to prove facts beyond those required to sustain the § 924(j) murder conviction. Thus, double jeopardy is not a bar under the *Blockburger* analysis. The Court is not persuaded that the totality of the circumstances analysis that courts in other jurisdictions have used from time to time can supplant the *Blockburger* analysis in this circuit. Therefore, the Court finds no merit to Lewis's attempt to dismiss Count 1 of the Indictment based on double jeopardy grounds.

### Multiplicitous Counts

Doyle argues that Count 3 of the Indictment is multiplicitous of the Count I RICO conspiracy charge, and that Counts 27 and 28 are multiplicitous because they both charge him with the murder of Littlejohn Haynes.

Adopting Doyle's argument, Lewis argues that Count 3 of the Indictment is multiplicitous of the Count I RICO conspiracy charge, and additionally that Counts 4/5, 25/26, 37/38 are multiplicitous of each other.

Without deciding that any counts are multiplicitous of each other, the Court declines to dismiss the counts at this time. Instead, in its discretion, the Court pretermits the issue until the time of sentencing if defendants are actually convicted on all of the counts that they challenge. At sentencing the Court has the discretion to vacate any multiplicitous convictions so that no defendant is punished twice for the same crime in violation of his constitutional rights. *See Ball v. United States*, 470 U.S. 856, 864 (1985).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 216)** filed by defendant Jasmine Perry; **Motion to Dismiss RICO Count (Rec. Doc. 218)** filed by defendant

17-30610.20816

Evans Lewis; and **Motion to Dismiss (Rec. Doc. 198)** filed by defendant Solomon

Doyle are **DENIED.**

February 2, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

17-30610.20817

**TAB SIX**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                       NO. 15-154

SOLOMON DOYLE                                SECTION A(3)

### ORDER AND REASONS

The following motion is before the Court: **Renewed Motion to Dismiss (Rec. Doc. 1020)** filed by defendant Solomon Doyle. The Government opposes the motion (Rec. Doc. 1058). The motion was submitted to the Court on April 5, 2017, for consideration on the briefs.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a superseding indictment ("the Superseding Indictment") against Defendants.

Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 62 "overt acts" by the various defendants in furtherance of the RICO conspiracy.

On February 21, 2017, the jury returned its verdict finding Doyle guilty as to the Count 1 RICO conspiracy. (Rec. Doc. 1011). Notably, the jury acquitted Doyle of the other violent crimes for which he stood trial, including a murder charge. For reasons

17-30610.28591

explained in greater detail below, in light of the jury's verdict Doyle is now reurging the motion to dismiss that he filed on November 20, 2015 (Rec. Doc. 198), and that the Court subsequently denied on February 2, 2016 (Rec. Doc. 278).

In his original motion to dismiss Doyle argued *inter alia* that the Count 1 RICO charge violated his plea agreement with the Government in the 11-107 case pending before Judge Brown. In that case Doyle pleaded guilty to Count 1 of the Superseding Bill of Information which charged conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 198-2, Plea Agreement). In exchange, the Government agreed to dismiss the Fourth Superseding Indictment, and any other indictments in the case as they pertained to Doyle. The Government also agreed

> not to charge the defendant with any other drug trafficking crimes that he may have committed in the Eastern District of Louisiana prior to July 28, 2011, as long as the defendant has truthfully informed federal agents of the full details of those crimes. ***The defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed.***

*Id.* (emphasis added).

In his original motion to dismiss Doyle contended that the RICO charge constituted a drug trafficking offense in violation of the plea agreement. The Court explained that

> ***All of the crimes charged against Doyle in the Indictment are crimes of violence, which the plea agreement specifically excepts.*** Counsel for Doyle in the 11-107 case has submitted an affidavit explaining that it was his understanding, and Doyle's, that the "crimes of violence" exception included only statutory offenses that were not predicated upon the drug activity of the Gregory Stewart organization and Doyle's involvement with the organization. (Rec. Doc. 198-4, Lemann affid. Exh. C). Like Lewis's plea agreement, Doyle's plea agreement is not so broadly worded so as to allow him to reasonably infer the type of transactional immunity that he implicitly

17-30610.28592

seeks. The Government did not expressly agree, as it had in the *Langston*
case that Doyle cites, to forego additional charges arising out of the facts
forming the basis of the present [] indictment.

(Rec. Doc. 278) (emphasis added).

Doyle's renewed motion to dismiss is based on the argument that his particular

combination of convictions and acquittals renders the Count 1 RICO conspiracy a drug

trafficking crime that is not also a crime of violence, at least as to Doyle. Specifically,

Doyle points out that the jury acquitted him of the Count 3 firearm conspiracy and of all

charges arising out of the Littlejohn Haynes murder—in other words, all of the offenses

that were ostensibly violent in nature. (Rec. Doc. 1011, Doyle verdict form). In light of

the acquittals, Doyle points out that the only other predicate act that the jury could have

found him guilty of committing would have been the predicate act of illegal distribution of

heroin and crack cocaine, and that basing his RICO conviction on this particular

predicate act would have violated the Government's promise in 11-107 not to charge

him with any other drug trafficking crimes. Noting that his plea agreement specifically

excepts crimes of violence, Doyle additionally argues that a RICO conspiracy standing

alone is not a crime of violence, at least from a statutory standpoint because a RICO

conspiracy may consist of predicate acts such as mail fraud and bribery that have no

aspect of violence. Doyle points out that a plea agreement and any ambiguities within it

must be strictly construed against the Government.

Doyle's argument that the conviction for RICO conspiracy violates the drug

trafficking aspect of his plea agreement is based on the erroneous premise that the jury

had to have found him guilty of some predicate act (even if uncharged) in order to

convict him on Count 1. To the contrary, once the Government proves that two or more

17-30610.28593

people agreed to commit a substantive RICO offense, the Government need only prove that the defendant [Doyle] knew of and agreed to the overall objective of the RICO offense. (Rec. Doc. 1062, Court's Instructions at 36). Unlike the general conspiracy offense, there is no requirement of some overt act or specific act in the RICO conspiracy statute. *See Salinas v. United States*, 522 U.S. 52, 63 (1997) (citing 18 U.S.C. § 1962(d)).

If the RICO conspiracy constitutes a drug trafficking crime, then the RICO conspiracy must be a "crime of violence" in order to avoid violating Doyle's plea agreement.[1] The term "crime of violence" is not defined in the agreement.[2] That the agreement does not define "crime of violence" does not in and of itself create an ambiguity but the Court notes that at least one district court, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015),[3] has held that a RICO conspiracy is not a crime of violence for certain statutory applications, *United States v. Shumilo*, No. 09-939, 2016 WL 6302524 (C.D. Calif. Oct. 24, 2016), and for certain aspects of the Sentencing Guidelines, *Alvarado v. United States*, No. 16-4411, 2016 WL 6302517 (C.D. Calif. Oct. 14, 2016).[4] The district court in those cases reached its conclusion applying the same "categorical approach" that applies in this circuit. *See United States v. Birbal*, 640 Fed.

---

[1] If the RICO offense is not a drug trafficking crime then the question whether it constitutes a "crime of violence" is moot. The plea agreement does not purport to confer blanket immunity for non-drug trafficking crimes that were not charged in the 11-107 case.

[2] The term "drug trafficking crime" is likewise not defined in the agreement.

[3] In *Johnson* the Supreme Court overruled precedent to hold that the residual clause of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. 135 S. Ct. at 2557.

[4] Both rulings were rendered by United States District Judge George H. Wu.

17-30610.28594

Appx. 278 (5th Cir. 2016) (unpublished). And the categorical approach focuses solely on the elements of the offense rather than on the facts underlying the conviction or on the defendant's actual conduct. *Id.* at 280 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Given that the elements of a § 1962(c) RICO offense or a RICO conspiracy do not allude to violence, if the categorical approach were applied to Doyle's plea agreement, then the Count 1 RICO conspiracy might very well not constitute a crime of violence. And the Government's reliance on the massive amounts of violence that were involved in this particular RICO conspiracy would be misplaced.[5]

But as the Government points out in its opposition, "crime of violence" is simply a term used in the plea agreement. (Rec. Doc. 1058, Opposition at 4 n.2). It is not part of a statute, and therefore the prohibition on unconstitutionally vague criminal laws is not at issue here as it was in *Johnson, supra*. The Court is aware of no authority to suggest that the categorical approach—which would require the Court to ignore the stunningly violent nature of the specific RICO conspiracy in this case—applies to a term in a plea agreement. The only question regarding the plea agreement is whether "crime of violence" is ambiguous. The Court does not find the term to be ambiguous.[6]

Accordingly, and for the foregoing reasons;

---

[5] Of course applying the categorical approach, which is essentially what Doyle is arguing, cuts both ways because from a statutory element standpoint, a RICO conspiracy is no more a drug trafficking crime than it is a crime of violence.

[6] The Government contends that even if the Count 1 RICO conspiracy was a drug trafficking crime that was not a crime of violence, Doyle violated the terms of the plea agreement because it is now clear following the trial that he did not inform the Government of the "full details of" the other drug trafficking crimes that he may have committed. The Court expresses no opinion on this contention, which the Court is persuaded could only be properly assessed via a hearing on remand should the Fifth Circuit determine on appeal that the RICO conspiracy conviction violates the Government's obligations under the 11-107 plea agreement.

17-30610.28595

**IT IS ORDERED** that the **Renewed Motion to Dismiss (Rec. Doc. 1020)** filed by defendant Solomon Doyle is **DENIED.**

April 20, 2017

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

17-30610.28596

# TAB SEVEN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 15-154

PRICE, ET AL.                               SECTION A(3)


**ORDER AND REASONS**

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45

count Indictment against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine

Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson,

Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April

29, 2016, a grand jury in the Eastern District of Louisiana returned a Superseding

Indictment against Defendants. Jackson, Knockum, and McCaskill testified as

cooperating witnesses.

Trial commenced on January 9, 2017, and the presentation of evidence lasted

about six weeks. The jury began its deliberations on February 14, 2017. On February

21, 2017, the jury returned its verdict finding each of the defendants guilty as to certain

counts; many were acquitted as to other counts. Defendants each have filed motions for

acquittal and/or new trial.

After the defendants had filed their motions for acquittal and/or new trial, a letter

surfaced that Washington McCaskill had written to Orleans Parish ADA Alex Calenda, in

which McCaskill characterizes "our Federal Case" as "all made up lies." Given that all

defendants seek relief based on the post-trial discovery of this letter, the supplemental

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 1 of 31

17-30610.1619

motions and the accompanying joint defense motion for an evidentiary hearing, are addressed collectively in the McCaskill Letter to ADA Calenda section of this document.

Rule 29 of the Federal Rules of Criminal Procedure governs motions for judgment of acquittal. A motion for judgment of acquittal challenges the "sufficiency of the evidence to convict." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)). The court's role is to assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged were proved beyond a reasonable doubt. *Id.*

Motions for new trial are governed by Rule 33 and they are subject to a different standard than the more-difficult-to-obtain judgment of acquittal. Rule 33 gives the court discretion to grant the defendant a new trial when justice so requires. Fed. R. Crim. Pro. 33(a). In evaluating a Rule 33 motion, the court may weigh the evidence and consider the credibility of the witnesses. *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006) (citing *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997)). Consequently, a motion for new trial is evaluated under a more lenient standard than a motion for judgment of acquittal. *Robertson*, 110 F.3d at 1117 (citing *Tibbs v. Florida*, 457 U.S. 31, 44 (1982)).

### *Leroy Price*

Leroy Price was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Donald Daniels, Elton Fields, and Michael Marshall. (Rec. Doc. 1003, L. Price Verdict Form). Price moves for judgment of acquittal and/or new trial (Rec. Doc. 1034).

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 2 of 31

17-30610.1620

The core theme of Price's arguments in support of acquittal on the various counts is that the Government's entire case against him was based on the self-serving testimony of the cooperating witnesses, all of whom had an incentive to lie. Price points to numerous ways in which the cooperators' suspect testimony was uncorroborated: lack of physical/scientific evidence, inconsistencies in reports, lack of surveillance, absent witnesses, and conflicting testimony.

Price cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. A conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. *United States v. Acosta*, 763 F.2d 671, 689 (5th Cir. 1985) (quoting *United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984)). All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

And as the Government points out in its opposition, the cooperators' testimony was not the sole evidence presented in this case; that is particularly true with respect to the murder of federal informant Michael Marshall. Counsel for Price attempted to impress upon the jury the vulnerabilities in the Government's case where corroboration was lacking, and he did this with respect to each of the charges, but the jury

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 3 of 31

17-30610.1621

nevertheless was persuaded that the evidence supported a finding of guilt beyond a reasonable doubt. The evidence as to any of the counts for which Price was convicted was not insufficient as a matter of law.

Price was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith but the jury acquitted him of the firearms charge pertaining to that same incident. Price contends that these verdicts are inconsistent with each other necessitating an acquittal as to the Count 16 assault. Price also points out that the jury checked "Not Guilty" at some point for Count 16 and then changed its verdict to "Guilty."

As to the Count 16 interrogatory, the Court specifically confirmed with the jury twice during the reading of Price's verdict form that the unanimous verdict for Count 16 was in fact Guilty. The Court then polled the jurors individually to confirm their vote as to Count 16. There is no plausible suggestion that the jury committed a scrivener's error and inadvertently convicted Price as to Count 16 when it meant to acquit him.

Assuming arguendo that the Count 16 and Count 17 verdicts are inconsistent with each other, it does not follow that Count 16 suffers from an insufficiency of evidence, the sole issue with which Rule 29 is concerned. *See United States v. Thomas*, 690 F.2d 358, 374 (5th Cir. 2012). Moreover, as the Government points out in its opposition, the jury would have had sufficient evidence to convict on Count 17 if it had chosen to do so.

Price also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the Washington McCaskill letter that surfaced after the trial in this matter. This motion,

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 4 of 31

17-30610.1622

filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA

Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Leroy Price (Rec.

Doc. 1034) is DENIED.

### Ashton Price

Initially, the Court notes that Ashton Price had filed pro se a motion for new

counsel (Rec. Doc. 1090) to represent him in conjunction with his post-trial proceedings.

Price has expressed concern on the timeliness of the post-trial motions that were filed

by his attorney. The Court has considered the post-trial motions filed by Price's attorney

without regard to when they were filed. The motion for new counsel is therefore

DENIED.

Ashton Price moves for a new trial (Rec. Docs. 1076 & 1078) based on the

Washington McCaskill letter that surfaced after the trial in this matter. In that letter

McCaskill characterizes "our Federal Case" as "all made up lies."

Price also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on

the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in

the McCaskill Letter to ADA Calenda section of this document.

The motions for new trial filed by Ashton Price (Rec. Docs. 1076 & 1078), which

are premised on the McCaskill letter, are DENIED for the reasons explained below in

the McCaskill Letter to ADA Calenda section of this document.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 5 of 31

17-30610.1623

### *Alonzo Peters*

Alonzo Peters was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy. (Rec. Doc. 1005, Peters Verdict Form). Peters moves for judgment of acquittal and/or new trial (Rec. Doc. 1033).

In support of his motion for acquittal, Peters points out that Gregory "Rabbit" Stewart was the only cooperator to implicate him for any of the crimes for which he was convicted. Yet the jury rejected Stewart's testimony that implicated Peters in the Kendall Faibvre murder, suggesting that the jury did not find Stewart to be believable.

That the jury did not find Stewart's testimony sufficient to convict Peters of the Faibvre murder does not mean that Stewart's testimony as to the facts supporting the conspiracy counts is incredible, or insufficient to convict on those counts.

Even crediting the cooperators' testimony, Peters contends that it is insufficient to establish that he was part of the specific, larger conspiracies charged in the indictment, and responsible for the drug quantities attributed to him, particularly when considering that Peters and Stewart had both been incarcerated since 2011.

Stewart's testimony was not the sole evidence offered at trial to support the conspiracy convictions. The evidence as a whole, which included Title III calls, testimony from law enforcement, and prior drug convictions was sufficient to support the inference that Peters willingly joined the conspiracies.

As to the drug quantities attributed to Peters, there was sufficient evidence from which the jury could infer that Peters knew or should have known of the massive drug quantities underlying the Count 2 drug conspiracy.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 6 of 31

17-30610.1624

In support of his motion for a new trial, Peters argues that he was prejudiced by the Court's denial of his request for a severance. Peters points to prejudice in light of the jury obviously attributing his co-defendants' more serious conduct to him, given the undisputed testimony that established that he was at most a minor player. Peters also points to prejudice in having to prepare his case for trial when so large of a part of the evidence necessary to his preparation pertained to other defendants in the case.

Peters along with all of the defendants were charged in the Count 1 RICO conspiracy, and most of the defendants were charged in the Count 2 and Count 3 conspiracies. The Court remains persuaded that it was not necessary to hold 10 separate trials in order to provide any of the defendants with a fair trial. The jury acquitted Peters of the most serious of the charges against him which suggests that the jury was able to discern that Peters was in fact a minor player. The Court's use of individual verdict forms surely helped in this vein. It does not follow, given the sufficiency of the evidence as to the conspiracies, that Peters was convicted on Counts 1-3 unfairly and simply because he went to trial with his codefendants.

Peters also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Alonzo Peters (Rec. Doc. 1033) is DENIED.

### *Jasmine Perry*

Jasmine Perry was found guilty of the Count 1 RICO conspiracy, the Count 3 firearms conspiracy, and the murders of Kendall Faibvre and Gregory keys (Rec. Doc.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 7 of 31

17-30610.1625

1006, Perry Verdict Form). Perry was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jasmine Jones, Albert Hardy, Kelvin Baham, Carrie Henry, and Kendrick Smothers. Perry moves for judgment of acquittal and/or new trial (Rec. Docs. 1035 & 1036).

Perry moves for a new trial contending that he was denied the right to a fair trial because the Government made a prejudicial and inappropriate comment during the cross examination of Jamal Holmes. Specifically, even though the Court had excluded a letter written by Holmes that implicated Perry, and upheld Perry's objection at trial when the prosecution started to question Holmes about the assertions in the letter, the prosecutor made the following comment to the witness in front of the jury: "So, Mr. Holmes, I can't ask you questions about Jasmine Perry so I'm going to move on." Perry complains that the Court did not give a cautionary instruction when this occurred, and Perry was convicted of the Faibvre/Jones murder/shooting. Meanwhile, Alonzo Peters, whose counsel had been questioning Holmes on direct before this occurred, was acquitted of the crime.

The Government correctly asserts in its opposition that the excluded letter was not at issue in the line of questioning. Perry suffered no prejudice from the comment because the jury had already heard Perry's name when the objection was made. Nothing plausibly establishes that Perry's conviction for the Faibvre/Jones incident had anything to do with the prosecutor's comment which reiterated the name that he had already used.

Perry moves for a new trial based on the omission of evidence pertaining to Overt Act 41, which Perry had unsuccessfully moved to strike. The evidence at issue

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 8 of 31

17-30610.1626

was admitted in accordance with the Court's rulings pertaining to Overt Act 41, which the Court declined to strike. Perry can properly raise this issue on appeal.

Perry moves for new trial based on the Court's refusal to grant a severance. Perry along with all of the defendants were charged in the Count 1 RICO conspiracy, and most of the defendants were charged in the Count 2 and Count 3 conspiracies; Perry was not charged in Count 2. The Court remains persuaded that it was not necessary to hold 10 separate trials in order to provide any of the defendants with a fair trial.

Perry raises several challenges based on sufficiency of the evidence. The core theme of Perry's arguments in support of acquittal on the various counts is that the Government's entire case against him was based on the self-serving testimony of the cooperating witnesses, all of whom had an incentive to lie. Perry points to numerous ways in which the cooperators' suspect testimony was uncorroborated such as lack of physical/scientific evidence.

Perry cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 9 of 31

17-30610.1627

credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

Perry also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motions for judgment of acquittal and new trial filed by Jasmine Perry (Rec. Docs. 1035 & 1036) are DENIED.

### McCoy Walker

McCoy Walker was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Jerome Hampton, Renetta Lowe, the latter two with a firearm (Rec. Doc. 1007, Walker Verdict Form). Walker was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith. Walker moves for judgment of acquittal and/or new trial (Rec. Doc. 1030).

Much of Walker's Rule 29 argument as to sufficiency of the evidence is based on his characterization of the cooperators' testimony as being incredible and self-serving given that all of the cooperators were hoping to reduce their own sentences. Walker points to the lack of corroborating evidence in the Government's case against him.

As explained above, all of the cooperators were subject to extensive cross-examination by defense counsel and the jury was fully aware of the many credibility issues surrounding their testimony. It was the sole province of the jury to judge the witnesses' credibility and  to determine what portions, if any, of their testimony to credit. Moreover, the case against Walker was bolstered by the Title III calls and Detective

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 10 of 31

17-30610.1628

Cox's surveillance. The evidence as to any of the counts for which Walker was convicted was not insufficient as a matter of law.

Walker contends that the jury's verdict is contradictory and inconsistent because the jury found him guilty of the murder of Lester Green in Count 14 and guilty of assault with a dangerous weapon in aid of racketeering (Jamal Smith) in Count 16 but acquitted him of the firearm charge related to both incidents as charged in Counts 15 and 17.

Assuming arguendo that the verdicts are inconsistent with each other, it does not follow that the counts that the jury did convict on suffer from an insufficiency of evidence for purposes of Rule 29.

Walker also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by McCoy Walker (Rec. Doc. 1030) is DENIED.

### Terrioues Owney

Terrioues Owney was found guilty of the Count 1 RICO conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Jerome Hampton, Renetta Lowe, Donald Daniels, and Elton Fields. (Rec. Doc. 1008, Owney Verdict Form). Owney was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith. Owney moves for judgment of acquittal and/or new trial (Rec. Docs. 1028, 1029, 1085).

Owney moves for a Rule 29 judgment of acquittal on all counts contending that the Government's entire against him consisted of the testimony of the cooperators, who

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 11 of 31

17-30610.1629

were implicitly unreliable and were motivated to lie for their own benefit. Owney points out that there was no independent corroborating evidence presented to support the cooperators' testimony. Owney points out that there was no independent evidence that he ever possessed a firearm, and that he did not meet the description contained in the police reports of the Hampton/Lowe perpetrator.

Owney cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.[1]

Moreover, the cooperators' testimony was not the only evidence offered against Owney. The wiretaps supported the cooperators' allegations as to Owney. And with respect to the Hampton/Lowe murders, the testimony of Owney's former girlfriend who lived in the apartment complex was credible, circumstantial evidence that Owney had been the one to gain entry into the gated apartment complex. Regarding the gun

---

[1] Codefendant Jasmine Perry has adopted Owney's arguments in support of acquittal on the Count 1 RICO conspiracy.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 12 of 31

17-30610.1630

conspiracy, there was ample testimony that Owney used firearms in support of the 39ers organization.

Owney moves for a new trial arguing that he was denied a fair trial for several reasons. First, Owney argues that his repeated requests for a severance should have been granted because his codefendants' cross examination of witnesses prejudiced him in a manner that would not have occurred if he had been tried alone. In particular, Owney points to Evans Lewis's cross examination of Tyrone Knockum, which raised the specter of Owney being involved in the 2008 murders of Kendrick Sherman and Durell Pooler. Owney cites *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012), as support for his contention that he should have been granted a severance once the trial progressed and it became obvious that his codefendants could not adequately pursue their own defenses without comprising his defense.

The Court remains persuaded that Owney was not deprived of a fair trial based on the denial of a severance. The Court gave the jury a thorough limiting instruction before Lewis's counsel cross examined Knockum and mentioned Owney with respect to the uncharged murders. The inference suggested by the line of cross was that Knockum had lied about Owney committing the murders. The Court is not persuaded that the jury convicted Owney of the five charged murders in this case based on what occurred during Lewis's cross. And this case is distinguishable from *McRae* because Owney was charged in the Count 1 and Count 3 conspiracies with his codefendants.

Second, Owney moves for a new trial contending that the Government misled the jury when it introduced Darryl Franklin's factual basis which accused Owney of

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 13 of 31

participating in the Calvin Celestine murder even though the Government knew that Franklin was mistaken.

The discrepancies between Franklin's and Stewart's contentions as to the Celestine murder were explored in depth during trial, including by Owney's cross examination of FBI Special Agent Jon Wood. Owney has not established that he suffered any prejudice from the admission of Franklin's factual basis.

Next, Owney contends that the Government violated *Giglio v. United States*, 405 U.S. 150 (1972), when it failed to produce the Amanda Franklin target letter and FBI 302 related to the investigation into Amanda Franklin's criminal activity.

The Court is persuaded that no defendant suffered prejudice from the late production of the Amanda Franklin materials. The defense received any materials regarding Amanda Franklin before the Government concluded its case-in-chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

Finally, Owney contends that the Government committed a prejudicial discovery violation when it produced approximately 169 additional ballistics photographs on the morning that its expert, Meredith Acosta, was called to testify. Because of the untimely production, counsel had less than one business day to review the production, consult with the defense's ballistics expert, and prepare an appropriate cross examination. Owney contends that the Court should have excluded Meredith Acosta from trial under the circumstances.

The Court does not take issue with the contention that the ballistics evidence should have been produced much earlier even though the Court found no bad faith on

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 14 of 31

17-30610.1632

the part of the Government. Owney's complaints pertaining to the late production are justified but there has been no suggestion that the new photographs undermined Acosta's findings in any specific manner. The Court therefore discerns no prejudice from the late production.[2]

Owney contends that even if none of the foregoing violations individually is sufficient for the Court to grant him a new trial, the cumulative effect of the prejudicial errors and the Government's violations is sufficient to require a new trial. The Court agrees with the Government's observation that non-violations cannot be aggregated into a violation sufficient to trigger a new trial.

Via a supplement, Owney also seeks relief based on the McCaskill letter. Owney joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motions for judgment of acquittal and new trial filed by Terrioues Owney (Rec. Docs. 1028, 1029, 1085) are DENIED.

### Evans Lewis

Evans Lewis was found guilty of the Count 1 RICO conspiracy and the murder of Littlejohn Haynes. (Rec. Doc. 1009). Lewis moves for a judgment of acquittal and a new trial (Rec. Doc. 1040).

Lewis contends that the evidence was insufficient to support his conviction on the Littlejohn Haynes murder as part of the Count 1 RICO conspiracy and as a murder in

---

[2] Codefendant Curtis Neville has adopted Owney's arguments pertaining to the ballistics evidence.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 15 of 31

17-30610.1633

aid of racketeering as charged in Count 29. Lewis argues that the Government failed to prove an essential element of the RICO murder—that Lewis committed the murder for the purpose of gaining entrance to or maintaining or increasing his position in the 39ers enterprise. Lewis points out that Darryl Franklin's testimony makes clear that he, as a leader in the organization, opposed the murder of Haynes, and even tried to persuade him to leave the area to avoid being hit. Further, Washington McCaskill testified that he was upset when he heard about the killing and had considered avenging the murder himself. Although Lewis maintains that he is altogether innocent of the Littlejohn Haynes murder, he points out that the evidence actually presented at trial, if credited, would support the conclusion that Lewis acted outside of the 39ers in committing the murder. Thus, according to Lewis, the Government failed to prove the motive necessary to charge the murder in Counts 1 and 29.

As the Government points out, the evidence presented at trial, which the jury obviously credited, was that Lewis committed the murder with Gregory Stewart, who was a leader in the 39ers organization. Stewart indicated that he wanted to kill Haynes because he had robbed one of his customers of the drugs that had been fronted to him by Stewart. Even if Lewis harbored some personal reason for wanting to kill Haynes (retaliation for Gizz) the jury could have inferred from the evidence presented the self-promotional motive required by 18 U.S.C. § 1959. Lewis is not entitled to a Rule 29 judgment of acquittal as to Counts 1 and 29.

Like his codefendants, Lewis contends that the testimony from the cooperating witnesses was unreliable, and that the jury's findings based on the testimony of these

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 16 of 31

17-30610.1634

violent sociopaths is inconsistent and irrational, particularly when considering that Lewis actually had an alibi witness for the Littlejohn Haynes murder.

As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive cross-examination by defense counsel. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial. Likewise, it was within the jury's province to credit or reject the testimony of Lewis's alibi witness.

Lewis moves for a new trial based on several grounds. First, Lewis argues that he was prejudiced by the Court's refusal to give the jury his proposed partial verdict instruction. Lewis contends that the circumstantial evidence suggests that the Littlejohn Haynes murder was the murder that the jury was deadlocked on from the very first day of deliberations when the jury sent out its first note. On the very last day of deliberations the jury sent out another note advising that it was deadlocked on this same murder. Lewis points out that the Court allowed two hours to elapse before addressing the note and in the interim the jury reached a verdict, likely the result of interpreting the Court's silence as an indication that the answer to this note would be the same as the answer to the last one—that the jury must deliberate until reaching a verdict. According to Lewis, if the jury had been given the partial verdict instruction, he likely would not have been convicted of the Littlejohn Haynes murder.

As a matter of law, Lewis was not entitled to the partial verdict instruction at the start of deliberations and the Court acted well within its discretion in denying his

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 17 of 31

17-30610.1635

request. The Court anticipated that Lewis was going to re-urge his request for the instruction when the jury indicated once again on the last day of deliberations that it remained deadlocked on one of the murders but before the Court could reconvene with counsel the jury reached a verdict. The delay in reconvening with counsel was due solely to the logistics of the lunch hour, during which the jury had continued its deliberations, and the tracking down of all counsel in the case. It is rank speculation to posit that the jurors interpreted the lunchtime delay in answering their question as an indication that the Court was going to dismiss their concerns and force them into a verdict. Moreover, the jury may not have been struggling over the Littlejohn Haynes murder; it could just as easily have been Alonzo Peters' participation in the murder of Kendall Faibvre. The jury acquitted Peters of that murder.

Second, Lewis argues that he should receive a new trial because his case should have been severed from that of the other defendants. Lewis contends that trying the case with all 10 defendants variously charged with 14 murders in an indictment with 47 counts lasting more than six weeks was too unwieldly to fairly assess the guilt of each defendant individually—particularly when considering that nearly all of them had multiple nicknames. Given the number of charges, witnesses, and defendants, juror confusion was inevitable. Lewis contends that *United States v. McRae*, 702 F.3d 806, 824-26 (5th Cir. 2012), demonstrates that limiting instructions could not cure the prejudice.

The Court remains persuaded that no defendant was deprived of a fair trial based on the denial of a severance. Because all defendants were charged in the Count 1 RICO conspiracy, and because most, if not all, of the evidence presented at trial

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 18 of 31

17-30610.1636

related to an overt act of that conspiracy even when it pertained to conduct as to a single defendant, it is folly to suggest that in a severed trial none of the other defendants' allegedly inflammatory evidence would have been admitted. And this case is distinguishable from *McRae* because Lewis was charged in the Count 1 RICO conspiracy with all of the other defendants.

Third, Lewis contends that he should receive a new trial because it was error to admit his prior guilty plea and factual basis relating to the murder of Gregory Keys. Lewis contends that the jury surely considered the prior murder as propensity evidence when considering his guilt in this case.

The admissibility of the pleas from the 11-107 case was litigated extensively in pretrial motions. The Court declines to revisit those rulings.

Next, Lewis argues that he should receive a new trial because the Court refused to admit the FBI notes of Stewart's July 31, 2014 interview for the purpose of impeaching Stewart. Lewis contends that the notes of the FBI interview directly impeached Stewart's testimony as to the Littlejohn Haynes murder but the Court sustained the Government's objection and excluded the notes. Lewis contends that this was admissible impeachment evidence that the Court improperly excluded.

The Court continues to be persuaded that the agent's notes were not impeachment material as to Stewart because the notes give no indicia that they were a former inconsistent statement *by Stewart*. The notes were the agent's own rendering of what occurred in the interview. Lewis thoroughly cross examined both Agent Wood and Stewart regarding the discrepancies in Stewart's rendition of the facts surrounding the Littlejohn Haynes murder. The notes themselves were not necessary.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 19 of 31

17-30610.1637

Lewis contends that he should receive a new trial because of the multiple instances of the Government's late disclosure of *Giglio* materials. Lewis contends that the Government failed to produce significant impeachment evidence relating to its witnesses prior to the commencement of trial. As to the Amanda Franklin situation, Lewis contends that he was deprived of the full force of this impeachment evidence because he did not receive it while Franklin was lying to the jury on the witness stand. Lewis contends that he did not learn of Franklin's obstruction of justice scheme as to Bernard Causey until his testimony on direct, at which time it was too late for Lewis to investigate the matter or to otherwise prepare to use it to maximum effect in cross examining Franklin.

Lewis also points to the Rule 35 letter that had been sent to Gregory Stewart's attorney and that was not disclosed until Stewart's own attorney brought it to the parties' attention. Until then, Stewart continued to lie about the promises that the Government had made to him in return for his cooperation.

The Court is persuaded that no defendant suffered prejudice from either the Amanda Franklin situation or the Rule 35 issue, whether considered in isolation or cumulatively. The Court does not take issue with the contention that the Rule 35 letter on behalf of Stewart should have been produced much earlier. But when the oversight was discovered the Court recessed trial for two days in order to allow defense counsel to regroup. When trial resumed Stewart was questioned about the letter at length.

As to Amanda Franklin, Darryl Franklin's candor aside, the defense received any materials regarding Amanda Franklin before the Government concluded its case-in-

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 20 of 31

17-30610.1638

chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

As to the Bernard Causey scheme, the Court is persuaded that further testimony on this uncharged matter would not have made a difference in the jury's evaluation of Darryl Franklin's credibility, in light of the far more damning evidence that was used to impeach his credibility. And as the Government points out, given that Causey himself contradicted Franklin at trial, the defense garnered the benefit from the obstruction matter of branding Franklin as either an obstructionist or a liar.

Finally, Lewis contends that he should receive a new trial because the Government failed to produce all of the discovery pertaining to Meredith Acosta's ballistics report until one month after the trial had started. Lewis points out that he had raised this issue even before trial in a motion in limine but the Government had only produced some of the relevant materials. By producing the rest of the materials (those that were not irretrievable) they were of no use to Lewis in cross examining Acosta who was scheduled to testify that same day. Lewis contends that his re-urged motion to exclude the expert should have been granted.

The Court does not take issue with the contention that the ballistics evidence should have been produced much earlier even though the Court found no bad faith on the part of the Government. Lewis's complaints pertaining to the late production are justified but there has been no suggestion that the new photographs undermined Acosta's findings in any specific manner, including any matter relating to Lewis's guilt in the Littlejohn Haynes murder. The Court therefore discerns no prejudice from the late production.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 21 of 31

17-30610.1639

Via a supplement, Lewis also seeks relief based on the McCaskill letter. Lewis, joined by all codefendants, has filed a motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Evans Lewis (Rec. Doc. 1040) is DENIED.

### Curtis Neville

Curtis Neville was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murder of Littlejohn Haynes with a firearm (Rec. Doc. 1010, Neville Verdict Form). Neville was also found guilty of assault with a dangerous weapon in aid of racketeering as to Albert Hardy, Kelvin Baham, and Carrie Henry, as well as other drug and gun charges. Neville moves for judgment of acquittal and new trial (Rec. Docs. 1037 1038 & 1039).

Neville moves for acquittal as to all charges related to the Littlejohn Haynes murder contending that the jury's verdict as to him was irrational and inconsistent with the jury's acquittal of other codefendants who the cooperators also implicated in the murder.

To the contrary, the jury's determination that Neville was guilty does not suffer from insufficient evidence for the reasons identified by Neville. Moreover, the Government presented wiretap evidence that Neville had the weapon allegedly used in that murder in his possession shortly after the crime was committed.

Neville moves for acquittal on the Count 2 and Count 3 conspiracies contending that the evidence presented at trial was insufficient to establish that Neville was part of a

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 22 of 31

drug or gun conspiracy. Even if he was proven to be part of the Count 2 drug conspiracy, Neville contends that the evidence was insufficient to prove the quantities attributed to him.

The tools of the heroin drug trade as well as guns and documents belonging to Darryl Franklin and Evans Lewis were found when Neville's house was searched. The evidence at trial, which also included the cooperators' testimony, was sufficient to convict Neville on the Count 2 and Count 3 conspiracies as well as the gun charges.

As to the Count 2 and Count 3 conspiracies, the assault charges, and the other gun charges, Neville contends that the evidence against him was insufficient because it consisted mostly of the testimony of the unreliable cooperating witnesses. Neville points out that there was no evidence that the gun confiscated at his residence was actually used in furtherance of drug activity.

The evidence was sufficient to allow the jury to infer that the guns that were found at Neville's residence were weapons that he possessed, and that they were used in furtherance of drug activity. The guns recovered during the search were found in close proximity to the drug tools. Further, the wiretap calls implicated Neville as to the gun conspiracy.

All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 23 of 31

17-30610.1641

surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

Neville moves for a new trial arguing that the Court erred in not severing his case for trial. Neville points to several instances during the course of the multi week trial where he believes that he was prejudiced by a codefendant's defense. Neville contends that he and Evans Lewis had antagonistic defenses as to the Littlejohn Haynes murder. Neville also argues that the admission of his codefendants' plea agreements in the 11-107 criminal case deprived him of his rights under the Confrontation Clause.

The Court finds no merit to the contention that any of Neville's convictions were influenced by the actions of co-counsel identified in the motion, whether considered in isolation or cumulatively. Mutually antagonistic defenses occur when the acceptance of one party's defense precludes acquittal of the other defendant. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Mere conflicts in the defenses do not mean that they are antagonistic so as to rise to the level of a due process violation. Neville and Lewis did not have antagonistic defenses. In fact, they were both found guilty as to the Littlejohn Haynes murder.

At the Court's direction the Government redacted the plea agreements from the 11-107 case even beyond what was necessary to cure any *Bruton* problems. Neville was not entitled to a severance based on the admission of his codefendants' plea agreements.

Neville also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 24 of 31

17-30610.1642

The motions for judgment of acquittal and new trial filed by Curtis Neville (Rec.

Docs. 1037 1038 & 1039) are DENIED.

### Solomon Doyle

Solomon Doyle was found guilty only of the Count 1 RICO conspiracy. (Rec.

Doc. 1011, Doyle Verdict Form). Doyle moves for judgment of acquittal and/or new trial

as to that conviction. (Rec. Doc. 1032).

Doyle contends that the only evidence that purported to convict him of something

other than the 11-107 drug conspiracy that he already pleaded guilty to came from

Stewart and Franklin, whose testimony was incredible in light of the other evidence

offered that tended to exonerate Doyle.

The jury weighed the evidence in light of the contradictions that defense counsel

highlighted and the jury concluded that Doyle was guilty beyond a reasonable doubt of

the Count 1 conspiracy. Counsel for Doyle attempted to impress upon the jury the

vulnerabilities in the Government's case where corroboration for the cooperators'

testimony was lacking, and he did this with respect to each of the charges, but the jury

nevertheless was persuaded that the evidence supported a finding of guilt beyond a

reasonable doubt as to Count 1. The evidence was not insufficient as a matter of law.

Via a supplement, Doyle also seeks relief based on the McCaskill letter. Doyle

joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This

basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of

this document.

The motion for judgment of acquittal and/or new trial filed by Solomon Doyle

(Rec. Doc. 1032) is DENIED.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 25 of 31

17-30610.1643

### *Damian Barnes*

Damian Barnes was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy. (Rec. Doc. 1012, Barnes Verdict Form). Barnes moves for judgment of acquittal and/or new trial (Rec. Doc. 1031).

In support of his motion, Barnes points out that the sole evidence to convict him on the conspiracies was testimony from the cooperators, and in particular Gregory "Rabbit" Stewart, who was the only cooperator to implicate Barnes in selling heroin. According to Barnes, that the cooperators were lying and fabricating in order to help themselves is underscored by the fact that the jury rejected the allegation that Barnes participated in the Floyd Moore murder.

Even though the jury did not find the evidence sufficient to convict Barnes of the Moore murder does not mean that the cooperators' testimony as to the facts supporting the conspiracy counts is incredible. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not wholly incredible or facially insubstantial.

Barnes moves for relief based on the cumulative effect of *Brady* violations pertaining to Stewart's Rule 35 motion and the Amanda Franklin target letter. Barnes also contends that the Government committed a violation of *Napue v. Illinois,* 360 U.S. 264 (1959), when it allowed Darryl Franklin's false testimony regarding his sister Amanda's criminal exposure go uncorrected.

The Court is persuaded that no defendant suffered prejudice from the either the Amanda Franklin situation or the Rule 35 issue whether considered in isolation or cumulatively. The Court does not take issue with the contention that the Rule 35 letter

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 26 of 31

17-30610.1644

on behalf of Stewart should have been produced much earlier. But when the oversight was discovered the Court recessed the trial for two days in order to allow defense counsel to regroup. When trial resumed Stewart was questioned about the letter at length.

As to Amanda Franklin, Darryl Franklin's candor aside, the defense received any materials regarding Amanda Franklin before the Government concluded its case-in-chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

Barnes reurges his Speedy Trial Act challenge, which the Court has previously rejected twice. The Court declines to revisit those rulings.

Via a reply (Rec. Doc. 1131), Barnes also seeks relief based on the McCaskill letter. Barnes joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Damian Barnes (Rec. Doc. 1031) is DENIED.

### The McCaskill Letter to ADA Calenda

All defendants raise a claim related to a letter from cooperator Washington McCaskill to Orleans Parish ADA Alex Calenda that surfaced post-trial. McCaskill was cooperating in the State's prosecution of the 3NG trial and was in communication with Calenda. In that letter, McCaskill characterizes "our Federal Case" as "all made up lies." Defendants herein contend that this letter, had it been available to them during trial, would have been a devastating blow to the integrity of the Government's case, which

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 27 of 31

17-30610.1645

relied so heavily on the uncorroborated testimony of Stewart and Franklin. Defendants

contend that the non-production of this letter constitutes a violation of *Brady v.*

*Maryland*, 373 U.S. 83 (1963). And to the extent that the Court considers either the

issue of suppression or materiality as open questions that are resolvable in the

Government's favor, Defendants contend that an evidentiary hearing is necessary.

Under *Brady*, a defendant's due process rights are violated when the prosecution

suppresses evidence that is exculpatory. *United States v. Cessa*, No. 16-50328, -- F.3d

--, 2017 WL 2742277 (June 9, 2017). The principle also applies to evidence that could

be used to impeach prosecution witnesses. *Id.* (citing *Giglio v. United States*, 405 U.S.

150, 152-54 (1972)). To establish a *Brady* violation the defendant must show 1) that the

evidence at issue was favorable to the accused, either because it was exculpatory or

impeaching; 2) the evidence was suppressed by the prosecution; and 3) the evidence

was material. *Cessa*, 2017 WL 2742277, at *3 (quoting *United States v. Dvorin*, 817

F.3d 438, 450 (5th Cir. 2016)). Evidence is material if there is a reasonable probability

that, had the evidence been disclosed to the defense, the result of the proceeding would

have been different. *Id.*

The two issues with respect to the McCaskill letter are whether it was

suppressed,[3] and if it was, whether it was material under *Brady*. No one questions the

veracity of the Government's assertion that the federal prosecution team had not seen

McCaskill's letter until counsel for Evans Lewis provided it in April of this year. Lewis

---

[3] Defendants' suppression argument is grounded on their contention that ADA Calenda was part of the federal prosecution team and that the 39ers prosecution in this Court was a joint undertaking between the federal government and the State. Therefore, according to Defendants, any documents in Calenda's 39ers file should be considered as in the possession of the United States Attorney's Office for this district. Defendants contend that the Multi Agency Gang Unit coordinated the parallel state and federal prosecutions of the 39ers cases.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 28 of 31

17-30610.1646

explained to the Government that he had obtained it from defense counsel in the State's 3NG gang trial. As it turns out, the letter was actually referenced in the state court trial transcript of Kentrell Hickerson and entered into the public record as Exhibit 247 in that trial but both the Government and defense in this case assumed that the referenced letter was *another* McCaskill letter that they already possessed. Thus, neither the Government nor the defense obtained Exhibit 247 from the state court.[4]

The Court recognizes that McCaskill's letter is a direct admission to a prosecutor and therefore differentiates it from jailhouse phone calls to friends and letters to codefendants, but the Court is not persuaded that the letter satisfies *Brady*'s materiality standard. Franklin and Stewart were Government's two most crucial witnesses. But the letter would not have been impeachment material as to either of them directly because they did not author the letter. Rather, McCaskill would have been the one called upon to explain his statement to Calenda. But as to Franklin and Stewart, those witnesses were subject to nearly a week of cross examination during which they parried a multitude of impeachment evidence, including evidence that suggested that those witnesses were less than truthful at times. Thus, even if the McCaskill letter was suppressed, it would only serve to collaterally impeach two witnesses who were already inexorably impeached. The Court is not persuaded that any of the jury's conclusions would have been different if the defense had had the letter during trial. Therefore, it is not material under *Brady*. Defendants' request for an evidentiary hearing or other relief based on the McCaskill letter is DENIED.

---

[4] The Court rejects any suggestion that the letter was not suppressed simply because it was filed into the public record. Defense counsel were not required to troll through the criminal records of Orleans Parish in order for the Government to comply with its obligations under *Brady*.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 29 of 31

17-30610.1647

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the motion for judgment of acquittal and/or new trial filed by Leroy Price (Rec. Doc. 1034) is DENIED;

**IT IS FURTHER ORDERED** that the motion for new counsel (Rec. Doc. 1090) filed by Ashton Price is DENIED;

**IT IS FURTHER ORDERED** that the motions for new trial filed by Ashton Price (Rec. Docs. 1076 & 1078) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Alonzo Peters (Rec. Doc. 1033) is DENIED;

**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Jasmine Perry (Rec. Docs. 1035 & 1036) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by McCoy Walker (Rec. Doc. 1030) is DENIED;

'**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Terrioues Owney (Rec. Docs. 1028, 1029, 1085) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Evans Lewis (Rec. Doc. 1040) is DENIED;

**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Curtis Neville (Rec. Docs. 1037 1038 & 1039) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Solomon Doyle (Rec. Doc. 1032) is DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Damian Barnes (Rec. Doc. 1031) is DENIED;

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 30 of 31

17-30610.1648

**IT IS FURTHER ORDERED** that the joint motion for evidentiary hearing (Rec.

Doc. 1138) is DENIED.

July 18, 2017


JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 31 of 31

17-30610.1649

# TAB EIGHT

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| SOLOMON DOYLE | Case Number:  15-154 A |
| a/k/a Black | |
| a/k/a Sol | USM Number:  32054-034 |
| | Arthur Lemann, IV |
| | Defendant's Attorney |

Social Security No.: xxx-xx-4229

## THE DEFENDANT:

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☑ was found guilty on February 22, 2017 as to count 1 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count** |
|---|---|---|
| 18 USC § 1962(d) | Conspiracy to violate the Racketeer Influence and Corrupt Organizations Act. | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)  3, 29 and 30 of the superseding indictment.

☐ Count(s) dismissed on the motion of the United States: .

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER:  Toni Tusa**

**ASST. U. S. ATTORNEY:  Myles Ranier**

**PROBATION OFFICER:  Svetlana Arlova**

July 26, 2017
Date of Imposition of Judgment

Signature of Judge

Jay C. Zainey, United States District Judge
Name and Title of Judge

7/31/17
Date

17-30610.28606

AO 245B    (Rev. 11/16) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page ___2___ of ____6____

DEFENDANT:         SOLOMON DOYLE
CASE NUMBER:       15-154 A

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 78 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
  HiSet Exam, vocational training in brick masonry, carpentry, culinary arts and welding,  drug treatment.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  at          a.m.   p.m.    on
  as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00  p.m. on
  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
                                UNITED STATES MARSHAL

By _____
                       DEPUTY UNITED STATES MARSHAL

17-30610.28607

AO 245B     (Rev. 11/16) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:     SOLOMON DOYLE
CASE NUMBER:   15-154 A

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

## MANDATORY CONDITIONS

1.     You must not commit another federal, state or local crime.

2.     You must not unlawfully possess a controlled substance.

3.     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

> The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check if applicable.)*

4.   ✔ You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

5.     You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or was convicted of a qualifying offense. *(Check if applicable.)*

6.     You must participate in an approved program for domestic violence. *(Check if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

17-30610.28608

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3A - Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        SOLOMON DOYLE
CASE NUMBER:      15-154 A

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date: _____

17-30610.28609

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3D - Supervised Release

Judgment—Page    5    of    6

DEFENDANT:       SOLOMON DOYLE
CASE NUMBER:     15-154 A

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall pursue his HiSET or vocational training that will equip him for suitable employment as approved by the United States Probation Officer.

2.  The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, the defendant shall participate in employment readiness programs, as approved by the probation officer.

3.  The defendant shall refrain from associating with any gang members, known or unknown to local, state or federal law enforcement. The defendant is not to be in possession of photographs, drawings, objects or other miscellaneous writings that contains gang membership, affiliations, activities, logos, monikers, or slogans.

4.  The defendant shall undergo random urinalyses, as directed by the U.S. Probation Officer. If the defendant tests positive for the use of illegal narcotics, he/she may, as determined by the probation officer, participate in an approved treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the U. S. Probation Officer.

5.  As directed by the probation officer the defendant shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer.

6.  The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___6___

DEFENDANT:          SOLOMON DOYLE
CASE NUMBER:        15-154 A

# CRIMINAL MONETARY PENALTIES

The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

| | Assessment | JTVA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | $ | $ waived | $ |

**The special assessment is due immediately.**

☐ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea          _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the          fine     restitution.

☐ the interest requirement for the          fine     restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

17-30610.28611

# TAB NINE



**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of Louisiana*

---

*Sharan E. Lieberman*
*Assistant United States Attorney*

*650 Poydras Street*
*New Orleans, LA  70130*

*Tele # :(504) 680-3129*
*Fax # : (504) 589-4390*

---

May 4, 2012

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED     OCT 2 5 2012

LORETTA G. WHYTE
CLERK

Honorable Nanette Jolivette Brown
United States District Judge
Eastern District of Louisiana
500 Poydras Street, C-317
New Orleans, Louisiana  70130

      Re:    United States v. **Solomon Doyle**, et al
             Criminal Docket No.11-107 "G"

Dear Judge Jolivette Brown:

      In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and **Solomon Doyle**, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, **Arthur A. Lemann, IV**, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant has agreed to plead guilty to Count 1 of the Superseding Bill of Information, in which the defendant is charged, in Count 1, with conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846. The defendant also agrees to waive indictment by grand jury.

      The Government has agreed that should the Court accept the defendant's plea of guilty to Count 1 of the Superseding Bill of Information, the Government will ask the Court to dismiss the

1

17-30610.242

Fourth Superseding Indictment, and all other indictments at the time of sentencing, as to this defendant only. The Government also agrees not to charge the defendant with any other drug trafficking crimes that he may have committed in the Eastern District of Louisiana prior to July 28, 2011, as long as the defendant has truthfully informed federal agents of the full details of those crimes. The defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed. The Government also agrees not to charge the defendant with having <u>one</u> prior felony drug conviction, pursuant to Title 21, United States Code, Section 851, which would mandate a mandatory minimum sentence of ten years up to life imprisonment, if convicted of Count 1 of the Superseding Bill of Information. The Government further agrees that the defendant has complied with the April 30, 2003 amendment to the United States Sentencing Guidelines found in Section 3E1.1 and, therefore, is entitled to the provided three (3) level reduction in his guideline offense level for his timely acceptance of responsibility.

**In an effort to resolve this matter in a timely fashion and show good faith, the defendant has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence. Therefore, if defendant chooses to rescind this plea agreement and not plead guilty, the United States Attorney's Office for the Eastern District of Louisiana has the right to use this document and the defendant's signed factual basis as an admission of his guilt to the charged offenses, in the government's case in chief, in connection with the federal trial in the above referenced matter. Defendant understands that Federal Rule of Evidence 410 provides him protection from the use of such admissions made during plea negotiations or as a result of plea agreements, but defendant knowingly and voluntarily waives that protection and those rights afforded by Rule 410 as stated above.**

The defendant further understands that the penalty defendant may receive should his plea of guilty to Count 1 of the Superseding Bill of Information be accepted is a mandatory minimum of five (5) years and a maximum of forty (40) years imprisonment and/or a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or five million ($5,000,000.00) dollars, pursuant to Title 21, United States Code, Sections 841(b)(1)(B).

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of at least four years as to Count 1 pursuant to Title 21, United States Code, Section 841(b)(1)(B). Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

17-30610.243

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.     Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.     Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.     Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d.     The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

3

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required, to make a motion requesting the Court to depart from the sentencing guideline range as determined the Court, in the event the defendant provides "substantial assistance. "It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The Government shall determine whether or not the defendant has rendered "substantial assistance" and that decision will not be made until the Government has been able to evaluate the entirety of the defendant's cooperation. The Government also shall determine whether such a motion will be filed prior to sentencing pursuant to Title 18, United States Code, Section 3553(e) and/or Section 5K1.1 of the sentencing guidelines or after sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give

4

17-30610.245

false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Superseding Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Superseding Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

5

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

10/12/12

Maurice E. Landrieu, Jr. (Date)
Assistant United States Attorney

10/12/12

Arthur A. Lemann, IV    (Date)
Attorney for the Defendant

Solomon Doyle    10/12/1Y    (Date)
Solomon Doyle
Defendant

6

17-30610.247

# TAB TEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CR. NO. 15-154 |
|---|---|---|
| | * | |
| VERSUS | * | SECTION: A |
| | * | |
| SOLOMON DOYLE, ET AL. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

**AFFIDAVIT**

---

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

ARTHUR A. LEMANN IV

who, after first being duly sworn, did depose and say:

1. That he is an attorney-at-law and a member of the bar of this Court and of the Supreme Court of Louisiana;

2. That for the past 20 years he has been engaged primarily as a criminal defense attorney in both state and federal court;

3. That he is a member of the law firm of Arthur A. Lemann III and Associates, Inc.;

4. That his law firm represented Solomon Doyle in the prior case and in the



DEFENDANT'S
EXHIBIT
C

17-3061 .28493

above-captioned case;

5.  That he negotiated the plea agreement which led to Solomon Doyle's guilty plea in the prior case;

6.  That it was his understanding that the "crimes of violence" exemption in the plea agreement included only such statutory offenses that were not predicated upon the drug trafficking activity of the Gregory Stewart organization and his client's involvement therein;

7.  That it is his belief that Solomon Doyle had the same understanding; and

8.  That he would never have advised Solomon Doyle to enter into the plea agreement and to plead guilty to drug activity that the government could later convert into a RICO case.

_____
Arthur A. Lemann IV

Sworn to and subscribed before me,

this _19th_ day of _November_ , 2015.

_____
NOTARY PUBLIC
  Jonathan P. Lemann
  Bar # 26380

-2-

**TAB ELEVEN**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the record excerpts has been served electronically upon government counsel.

New Orleans, Louisiana, this 4th day of September, 2018.

S/ Arthur A. Lemann III