IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

**Case No. 17-30610**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASMINE PERRY, also known as J-Real Perry, also known as Rell
Perry; LEROY PRICE, also known as Lee Price, also known as
Lumps Price; ALONZO PETERS, also known as Woo-die Peters,
also known as Woo-dee Peters; CURTIS NEVILLE, also known as
Pooney Neville, also known as Poonie Neville; SOLOMON DOYLE,
also known as Black Doyle, also known as Sol Doyle; DAMIAN
BARNES, also known as AD Barnes; ASHTON PRICE, also known
as Pound Price, BMG Pound Price; MCCOY WALKER, also known
as Rat Walker, also known as Trap Walker; TERRIOUES OWNEY,
also known as T-Red Owney; EVANS LEWIS, also known as Easy
Lewis,

Defendants - Appellants

---

On Appeal from the
United States District Court for the Eastern District of Louisiana,
No. 15-154,
The Honorable Jay C. Zainey, Presiding

---

## DEFENDANT-APPELLANT DAMIAN BARNES' RECORD EXCERPTS

---

Amy L. McIntire (#35241)
CHAFFE McCALL, LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Phone: (504) 585-7030
*Attorney for Defendant-Appellant Damian Barnes*

# INDEX

## Mandatory Contents

1. District Court Docket Sheet, Case No. 2:15-cr-00154 (ROA.28877-28942)

2. Notice of Appeal filed July 27, 2017 (ROA.29286)

3. Original Indictment filed June 12, 2015 (ROA.51-123)

4. Superseding Indictment filed April 29, 2016 (ROA.327-387)

5. Jury Verdict (ROA.29213-29216)

6. Judgment (ROA.29287-29292)

7. Order (Motion to Dismiss Indictment for Violation of the Speedy Trial Act) (ROA.29108-29113)

8. Order (Motion for Judgement of Acquittal and/or New Trial) (ROA.1619-1649)

## Optional Contents

9. Damian Barnes' Supplemental Memorandum in Support of Motion for Judgement of Acquittal and/or New Trial with attached "McCaskill Letter" (ROA.29246-26264)

## CERTIFICATE OF SERVICE

Pursuant to 5th Cir. Rules 25.2.1 and .13, I certify that the required privacy redactions have been made; the electronic submission is an exact copy of the paper document; and the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that on the 4th day of October 2018 the foregoing Record Excerpts on behalf of defendant-appellant, Damian Barnes, was electronically transmitted to the Clerk of this Court using the ECF System for filing and that service was accomplished on all known Filing Users through the Notice of Electronic Filing, to the following ECF users:

### Attorneys for Co-Defendants – Co-Appellants:

Sarah L. Ottinger for Jasmine Perry
Stephen H. Shapiro for Leroy Price
Nisha Sandhu for Alonzo Peters
Michael G. Raspanti for Curtis Neville
Arthur A. Lemann, III & Arthur A. Lemann, IV for Solomon Doyle
Graham L. Bosworth for Ashton Price
Autumn A. Town for McCoy Walker
Mark D. Plaisance for Terrioues Owney
William Southern for Evans Lewis

### Attorneys for Plaintiff-Appellee United States of America:

Kevin G. Boitmann
Diane Copes
Myles Ranier
Assistant United States Attorneys
U.S. Attorney's Office

Eastern District of Louisiana

_/s/ Amy L. McIntire_
CHAFFE McCALL, L.L.P.
_Attorney for Defendant-Appellant, Damian Barnes_

# Tab 1

APPEAL,CLOSED,MULTI,PROTO,SUPERS

# U.S. District Court
# Eastern District of Louisiana (New Orleans)
# CRIMINAL DOCKET FOR CASE #: 2:15-cr-00154-JCZ-DEK-13

Case title: USA v. Price et al

Date Filed: 06/12/2015
Date Terminated: 07/26/2017

Assigned to: Judge Jay C. Zainey
Referred to: Magistrate Judge Daniel
E. Knowles, III

### Defendant (13)

**Damian Barnes**
*TERMINATED: 07/26/2017*
*also known as*
AD Barnes
*TERMINATED: 07/26/2017*

represented by **Amy L. McIntire**
Chaffe McCall LLP (New Orleans)
Energy Centre
1100 Poydras St.
Suite 2300
New Orleans, LA 70163-2300
504-585-7030
Email: mcintire@chaffe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Claude J. Kelly**
Federal Public Defender's Office
Hale Boggs Federal Building
500 Poydras Street
Room 318
New Orleans, LA 70130
504-589-7939
Email: claude_kelly@fd.org
*TERMINATED: 07/07/2015*
*Designation: Public Defender Appointment*

**Nandi F. Campbell**
NFCLAWLLC
3919 Baronne Street
New Orleans, LA 70115
504-598-5577
Email: nfc.attorney@gmail.com
*TERMINATED: 07/17/2015*
*Designation: CJA Appointment*

**Peter G. Strasser**
Chaffe McCall LLP (New Orleans)
Energy Centre

17-30610.28877

1100 Poydras St.
Suite 2300
New Orleans, LA 70163-2300
504-585-7231
Fax: 504-585-7075
Email: strasser@chaffe.com
*TERMINATED: 11/15/2017*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1962(d) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY (1s) | Sentenced 7/26/2017 |
| 21:846 - CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES (2s) | Sentenced 7/26/2017 |
| 18:924(o) - CONSPIRACY TO USE FIREARMS TO FURTHER DRUG TRAFFICKING CRIMES AND CRIMES OF VIOLENCE (3s) | Sentenced 7/26/2017 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1962(d) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY (1) | Dismissed 7/26/2017 |
| 21:846 - CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES (2) | Dismissed 7/26/2017 |
| 18:924(o) - CONSPIRACY TO USE FIREARMS TO FURTHER DRUG TRAFFICKING CRIMES AND CRIMES OF VIOLENCE (3) | Dismissed 7/26/2017 |
| 18:1959(a)(1) and 2 - MURDER IN AID OF RACKETEERING (29) | Dismissed 7/26/2017 |
| 18:924(j) and 2 - MURDER THROUGH THE USE OF A FIREARM | Dismissed 7/26/2017 |

(30)

18:1959(a)(1) and 2 - MURDER IN
AID OF RACKETEERING
(31s)

Found Not Guilty on 2/22/2017

18:924(j) and 2 - MURDER
THROUGH THE USE OF A
FIREARM
(32s)

Found Not Guilty on 2/22/2017

## Highest Offense Level (Terminated)

Felony

## Complaints

**Disposition**

None

---

## Movant

**Sara Johnson**

represented by **Sara A. Johnson**
Sara A. Johnson, Attorney at Law
700 Camp St.
New Orleans, LA 70130
504-528-9500
Email: sara@sarajohnsonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

## Plaintiff

**USA**

represented by **Myles Drew Ranier**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3087
Email: myles.ranier@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Brittany LaShaune Reed**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3031
Email: Brittany.Reed2@usdoj.gov

*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**David Earl Haller**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3000
Email: david.haller@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Jeffrey Keith Sandman**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3055
Email: jeff.sandman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Maurice Landrieu**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3015
Email: usalae.ecfcr@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/12/2015 | 1 | INDICTMENT as to Leroy Price (1) count(s) 1, 2, 3, 14, 15, 16, 17, 18, 19, 20, 21, 43, 44, 45, Ashton Price (2) count(s) 1, 2, 3, 4, 5, 6, 7, 12, 13, 25, 26, 43, 44, 45, Alonzo Peters (3) count(s) 1, 2, 3, 4, 5, 6, 7, Jasmine Perry (4) count(s) 1, 3, 4, 5, 6, 7, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, McCoy Walker (5) count(s) 1, 2, 3, 8-9, 10-11, 14, 15, 16, 17, 22, 23, 24, Terrioues Owney (6) count(s) 1, 3, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, Evans Lewis (7) count(s) 1, 14, 15, 16, 17, 27, 28, Curtis Neville (8) count(s) 1, 2, 3, 27, 28, 31, 32, 33, 34, 35, 36, 41, 42, Rico Jackson (9) count(s) 1, 2, 3, 22, 23, 24, Tyrone Knockum (10) count(s) 1, 2, 3, 22, 23, 24, Solomon Doyle (11) count(s) 1, 3, 27, 28, Washington McCaskill (12) count(s) 1, 2, 3, 29, 30, 31, 32, 33, 34, 35, 36, 43, 44, 45, Damian Barnes (13) count(s) 1, 2, 3, 29, 30. (Attachments: # 1 Criminal Defendant Information Sheet Leroy Price, # 2 Criminal Defendant Information Sheet Ashton Price, # 3 Criminal Defendant Information Sheet Alonzo Peters, # 4 Criminal Defendant |

| | | Information Sheet Jasmine Perry, # 5 Criminal Defendant Information Sheet McCoy Walker, # 6 Criminal Defendant Information Sheet Terrioues Owney, # 7 Criminal Defendant Information Sheet Evans Lewis, # 8 Criminal Defendant Information Sheet Curtis Neville, # 9 Criminal Defendant Information Sheet Rico Jackson, # 10 Criminal Defendant Information Sheet Tyrone Knockum, # 11 Criminal Defendant Information Sheet Solomon Doyle, # 12 Criminal Defendant Information Sheet Washington McCaskill, # 13 Criminal Defendant Information Sheet Damian Barnes, # 14 Criminal Magistrate Case Sheet) (bwn) (Entered: 06/15/2015) |
|---|---|---|
| 06/12/2015 | 2 | EXPARTE/CONSENT MOTION to Indictment and Attached Papers by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion(s) referred to Karen Wells Roby. (bwn) (Entered: 06/15/2015) |
| 06/12/2015 | 3 | ORDER granting 2 Motion to Indictment and Attached Papers as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13). Signed by Magistrate Judge Karen Wells Roby on 6/12/2015. (bwn) (Entered: 06/15/2015) |
| 06/17/2015 | 28 | EXPARTE/CONSENT MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Damian Barnes. Motion(s) referred to Duty Magistrate. (cc: USM, CrMg, AUSA) (mmm) Modified on 6/19/2015 (mmm). (Entered: 06/18/2015) |
| 06/17/2015 | 29 | ORDER granting 28 Motion for Writ of Habeas Corpus ad prosequendum as to Damian Barnes (13). Signed by Magistrate Judge Joseph C. Wilkinson, Jr on 6/17/2015. (cc: USM, CrMg, AUSA)(mmm) Modified on 6/19/2015 (mmm). (Entered: 06/18/2015) |
| 06/18/2015 | 33 | Writ of Habeas Corpus ad Prosequendum Issued as to Damian Barnes for June 23, 2015. (cc: USM, CrMg, AUSA) (mmm) Modified on 6/19/2015 (mmm). (Entered: 06/18/2015) |
| 06/18/2015 | 35 | EXPARTE/CONSENT MOTION to Unseal Case by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion(s) referred to Duty Magistrate. (mmm) (Entered: 06/18/2015) |
| 06/18/2015 | 36 | ORDER granting 35 Motion to Unseal Case as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13). Signed by Magistrate Judge Joseph C. Wilkinson, Jr |

| | | on 6/18/2015. (mmm) (Entered: 06/18/2015) |
|---|---|---|
| 06/19/2015 | 38 | EXPARTE/CONSENT MOTION to Enroll Maurice Landrieu as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 06/19/2015) |
| 06/19/2015 | 39 | NOTICE *OF INTENT NOT TO SEEK THE DEATH PENALTY* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Ranier, Myles) (Entered: 06/19/2015) |
| 06/22/2015 | 40 | ORDER granting 38 Motion to Enroll additional counsel Maurice Landrieu for USA. Signed by Judge Jay C. Zainey on 6/19/15. (jrc) (Entered: 06/22/2015) |
| 06/23/2015 | 51 (p.28943) | Minute Entry for proceedings held before Magistrate Judge Michael North:Initial Appearance as to Damian Barnes held on 6/23/2015. Defendant remanded. Arraignment set for 6/25/2015 02:00 PM before Duty Magistrate. Detention Hearing set for 6/25/2015 02:00 PM before Duty Magistrate. (Court Reporter Mag Clerical.) (mmm) (Entered: 06/23/2015) |
| 06/23/2015 | 52 (p.28945) | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Damian Barnes. Claude J. Kelly for Damian Barnes appointed. Signed by Magistrate Judge Michael North on 6/23/2015. (mmm) (Entered: 06/23/2015) |
| 06/23/2015 | 61 | CJA 23 Financial Affidavit by Damian Barnes (mmm) (Entered: 06/25/2015) |
| 06/25/2015 | 67 (p.28946) | Minute Entry for proceedings held before Magistrate Judge Michael North: IT IS ORDERED that the arraignment and detention hearing are CONTINUED to July 2, 2015 at 2:00 p.m. The defendant was remanded to the custody of the U.S. Marshal.(Court Reporter Magistrate Clerical.) (bwn) (Entered: 06/26/2015) |
| 07/01/2015 | 72 (p.28947) | EXPARTE/CONSENT MOTION to Enroll Nandi F Campbell as Counsel of Record by Damian Barnes. (Attachments: # 1 Proposed Order)Attorney Nandi F. Campbell added to party Damian Barnes(pty:dft).(Campbell, Nandi) (Entered: 07/01/2015) |
| 07/01/2015 | 76 (p.28950) | EXPARTE/CONSENT MOTION to Enroll Thomas W. Shlosman as Counsel of Record by Damian Barnes. (Attachments: # 1 Proposed Order)(Campbell, Nandi) (Entered: 07/01/2015) |
| 07/02/2015 | 83 (p.28953) | Minute Entry for proceedings held before Magistrate Judge Michael North: Detention Hearing as to Damian Barnes held on |

| | | |
|---|---|---|
| | | 7/2/2015. Defendant remanded. (Court Reporter Magistrate Clerical.) (bwn) (Entered: 07/07/2015) |
| 07/02/2015 | 84 (p.28955) | ORDER OF DETENTION as to Damian Barnes. Signed by Magistrate Judge Michael North on 7/2/2015. (bwn) (Entered: 07/07/2015) |
| 07/02/2015 | 85 (p.28957) | Minute Entry for proceedings held before Magistrate Judge Michael North: Arraignment as to Damian Barnes (13) Count 1,2,3,29,30 held on 7/2/2015. Defendant remanded. Pretrial Conference set for 7/30/2015 10:30 AM before Judge Jay C. Zainey. Jury Trial set for 8/24/2015 08:30 AM before Judge Jay C. Zainey. (Court Reporter Magistrate Clerical.) (bwn) (Entered: 07/07/2015) |
| 07/07/2015 | 95 (p.28958) | CJA 30: Appointment of Attorney Nandi Campbell in Death Penalty Proceedings as to Damian Barnes. Signed by Judge Jay C. Zainey on 6/23/15. (mmm) (Entered: 07/15/2015) |
| 07/16/2015 | 97 (p.28959) | EXPARTE/CONSENT MOTION to Substitute Attorney by Damian Barnes. (Attachments: # 1 Proposed Order)(Campbell, Nandi) (Entered: 07/16/2015) |
| 07/17/2015 | 98 (p.28962) | ORDER granting 97 (p.28959) Motion to Substitute Attorney Peter G. Strasser in place of Nandi F. Campbell as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/17/2015) |
| 07/21/2015 | 100 (p.28963) | CJA 30: Appointment of Attorney Peter Strasser in Death Penalty Proceedings as to Damian Barnes. Signed by Judge Jay C. Zainey on 7/17/2015. (mmm) (Entered: 07/22/2015) |
| 07/23/2015 | 101 | ORDER Pretrial Conference reset for 8/4/2015 9:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/23/2015) |
| 07/31/2015 | 114 | ORDER Pretrial Conference reset for 8/13/2015 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/31/2015) |
| 08/12/2015 | 142 (p.28964) | ORDER denying 76 (p.28950) Motion to Enroll additional counsel Damian Barnes (13). Signed by Judge Jay C. Zainey on 8/11/15. (jrc) (Entered: 08/12/2015) |
| 08/13/2015 | 144 | DEFICIENT: EXPARTE/CONSENT MOTION to Continue *Trial* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) Modified on 8/14/2015 (mmm). (Entered: 08/13/2015) |
| 08/14/2015 | 145 | MINUTE ENTRY. Pretrial Conference held 8/13/2015. ORDER to CONTINUE - Ends of Justice and to be reset at the Conference set for 10/1/2015 02:00 PM before Judge Jay C. Zainey, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine |

| | | |
|---|---|---|
| | | Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes.. Signed by Judge Jay C. Zainey on 8/13/2015. (mmm) (Entered: 08/14/2015) |
| 08/21/2015 | 158 | ORDER Status Conference set for 8/28/2015 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 8/19/15. (jrc) (Entered: 08/21/2015) |
| 08/28/2015 | 165 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Solomon Doyle, Damian Barnes held on 8/28/2015. Jury Trial set for 3/7/2016 08:30 AM before Judge Jay C. Zainey. Pretrial Conference set for 2/4/2016 10:00 AM before Judge Jay C. Zainey. Status Conference set for 10/20/15 2:00 PM. (jrc) (Entered: 08/31/2015) |
| 09/28/2015 | 170 | ORDER cancelling Status Conference of 10/1/15. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/28/2015) |
| 09/28/2015 | 171 | ORDER that the STATUS CONFERENCE set for Thursday, October 1, 2015 is CANCELLED. The next status conference shall be held on Tuesday, October 20, 2015 at 2:00 p.m. All counsel shall attend in person. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/28/2015) |
| 10/05/2015 | 172 | ORDER Status Conference RESET for 10/23/2015 8:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 10/2/15. (jrc) Modified on 10/20/2015 to reflect status conference not pretrial(jrc). (Entered: 10/05/2015) |
| 10/07/2015 | 173 | ORDER Status Conference RESET for 11/12/2015 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) Modified on 10/20/2015 to reflect status conference (jrc). (Entered: 10/07/2015) |
| 10/23/2015 | 179 | EXPARTE/CONSENT MOTION to Adopt 174 MOTION to Transfer to Judge Jolivette Brown by Terrioues Owney. (Attachments: # 1 Proposed Order, # 2 Local Rule Certificate)(Williams, Gaynell) Modified on 10/26/2015 to edit docket text (bwn). (Entered: 10/23/2015) |
| 11/02/2015 | 189 | EXPARTE/CONSENT Joint MOTION for Extension of Time to File *Motions* by Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle. (Attachments: # 1 Proposed Order)(Sothern, William) Modified on 11/3/2015 (my). (Entered: 11/02/2015) |
| 11/03/2015 | 190 | ORDER granting 189 Motion for Extension of Time to File as to Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle. Deadline for motions by the defendants is extended to 12/7/15, government responses due 1/4/16. Signed by Judge Jay C. Zainey. (jrc) (Entered: 11/03/2015) |

| 11/12/2015 | 195 | Minute Entry for proceedings held before Judge Jay C. Zainey on 11/12/15. Status Conference held. Follow-up Status Conference set for 12/16/2015 10:45 AM before Judge Jay C. Zainey. (jrc) (Entered: 11/12/2015) |
| --- | --- | --- |
| 12/07/2015 | 212 (p.28965) | MOTION in Limine *to Prohibit Use of Certain Documents and Tangible Objects and to Provide Exculpatory Evidence* by Damian Barnes. Motion(s) referred to Daniel E. Knowles, III. Motion set for 12/30/2015 11:00 AM before Magistrate Judge Daniel E. Knowles III. (Attachments: # 1 Exhibit, # 2 Memorandum in Support, # 3 Local Criminal Rule 12 Certificate, # 4 Notice of Hearing, # 5 Proposed Order)(Strasser, Peter) Modified on 12/8/2015 (bwn). (Entered: 12/07/2015) |
| 12/08/2015 | 225 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes Status Conference RESET for 12/15/2015 10:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 12/7/15. (jrc) Modified on 12/9/2015 (jrc). (Entered: 12/08/2015) |
| 12/08/2015 | 227 (p.28979) | ORDER Setting Oral Hearing on 212 (p.28965) MOTION in Limine *to Prohibit Use of Certain Documents and Tangible Objects and to Provide Exculpatory Evidence* : Motion with oral argument set for 12/30/2015 11:00 AM before Magistrate Judge Daniel E. Knowles III. Signed by Magistrate Judge Daniel E. Knowles, III on 12/8/2015. (cms) (Entered: 12/08/2015) |
| 12/15/2015 | 235 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 12/15/2015. Status Conference set for 1/5/2016 11:00 AM before Judge Jay C. Zainey. (jrc) (Entered: 12/21/2015) |
| 12/16/2015 | 233 | EXPARTE/CONSENT MOTION to Enroll Brittany Reed, Jeff Sandman as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 12/16/2015) |
| 12/18/2015 | 234 | ORDER granting 233 Motion to Enroll as Counsel of Record for Attorney Brittany LaShaune Reed, Jeffrey Keith Sandman for USA. Signed by Judge Jay C. Zainey on 12/17/2015. (lag) (Entered: 12/18/2015) |
| 12/18/2015 | 238 | EXPARTE/CONSENT MOTION to Unseal Plea Agreements and Factual Basis by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (bwn) (Entered: 12/23/2015) |

| | | | |
|---|---|---|---|
| 12/23/2015 | 239 | ORDER granting 238 Motion to Unseal Plea Agreements and Factual Basis as to (8), Rico Jackson (9), Tyrone Knockum (10), and Washington McCaskill (12). Signed by Judge Jay C. Zainey on 12/21/2015. (bwn) (Entered: 12/23/2015) |
| 12/23/2015 | 240 | MOTION to Suspend Discovery and Giglio Deadlines by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/13/2016 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing)(Landrieu, Maurice) (Entered: 12/23/2015) |
| 12/23/2015 | 242 | ORDER granting 240 Motion to Suspend Discovery and Giglio Deadlines pending the status conference of 1/5/16. Signed by Judge Jay C. Zainey. (jrc) (Entered: 12/23/2015) |
| 12/29/2015 | 247 (p.28980) | **DEFICIENT**Request for Subpoenas by Damian Barnes. 5 subpoenas issued (Strasser, Peter) Modified on 12/30/2015 (cms). (Entered: 12/29/2015) |
| 12/30/2015 | 248 | MOTION to Continue *Pretrial Conference and Trial* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Motion set for 1/13/2016 09:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Ranier, Myles) Modified on 12/31/2015 (my). (Entered: 12/30/2015) |
| 12/31/2015 | 249 (p.28981) | Request for Subpoenas by Damian Barnes. 5 subpoenas issued (Attachments: # 1 Subpoena)(Strasser, Peter) (Entered: 12/31/2015) |
| 12/31/2015 | 254 | MOTION in Limine *to Exclude the Use of the Factual Bases and Plea Agreements Filed in Case No. 11-CR-107* by Solomon Doyle. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Lemann, Arthur) (Entered: 12/31/2015) |
| 01/05/2016 | 255 (p.28984) | Response/Memorandum in Opposition by Damian Barnes re 248 MOTION to Continue *Pretrial Conference and Trial* (Strasser, Peter) (Additional attachment(s) added on 1/20/2016: # 1 Statement) (jrc). (Entered: 01/05/2016) |
| 01/05/2016 | 256 (p.28989) | Subpoenas(s) Issued as requested by Damian Barnes. (bwn) (Entered: 01/05/2016) |
| 01/06/2016 | 257 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes: Status Conference RESET for 2/4/2016 10:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 01/06/2016) |
| 01/07/2016 | 258 (p.28991) | |

| | | MOTION for Leave to File *Response to Defendant Damian Barnes' Opposition to Government's Motion to Continue Trial and Pretrial Conference* by USA as to Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading, # 3 Exhibit A)(Ranier, Myles) (Entered: 01/07/2016) |
|---|---|---|
| 01/11/2016 | 259 (p.29021) | ORDER granting 258 (p.28991) Motion for Leave to File Response to Defendant Damian Barnes' Opposition to Government's Motion to Continue Trial and Pretrial Conference as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 1/8/2016. (bwn) (Entered: 01/11/2016) |
| 01/11/2016 | 260 (p.29022) | REPLY TO RESPONSE to Motion by USA as to Damian Barnes re 248 MOTION to Continue *Pretrial Conference and Trial*. (Attachments: # 1 Exhibit A)(bwn) (Entered: 01/11/2016) |
| 01/14/2016 | 261 (p.29049) | EXPARTE/CONSENT MOTION for Leave to File */Attach Supplemental Exhibit to Barnes' Opposition to Government's Motion to Continue Trial* by Damian Barnes. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Strasser, Peter) (Entered: 01/14/2016) |
| 01/20/2016 | 266 (p.29053) | ORDER granting 261 (p.29049) Motion for Leave to File exhibit as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 1/15/16. (jrc) (Entered: 01/20/2016) |
| 02/02/2016 | 275 | ORDER that 248 MOTION to Continue *Pretrial Conference and Trial* will be heard on 2/4/2016 10:00 AM at the status conference before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 2/1/16. (jrc) (Entered: 02/02/2016) |
| 02/02/2016 | 276 | MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Motion set for 3/2/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Manual Attachment EXHIBIT A, # 3 Notice of Hearing)(Ranier, Myles) (Entered: 02/02/2016) |
| 02/02/2016 | 277 | Manual Attachment Received as to All Defendants re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. (bwn) (Entered: 02/03/2016) |
| 02/04/2016 | 280 | Minute Entry for proceedings held before Judge Jay C. Zainey: Pretrial Conference held on 2/4/2016. IT IS ORDERED that a follow status conference with the Court is set for Wednesday, March 23, 2016, at 11:00 a.m. (bwn) (Entered: 02/10/2016) |
| 02/10/2016 | 281 | ORDER granting 248 Motion to Continue as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Jury Trial reset for 9/6/2016 at 8:30 AM before Judge Jay C. Zainey. |

17-30610.28887

| | | Pretrial Conference set for 8/4/2016 at 10:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (bwn) (Entered: 02/10/2016) |
|---|---|---|
| 02/22/2016 | 286 | ***DEFICIENT*** REPLY TO RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 240 MOTION to Suspend Discovery and Giglio Deadlines ; *Reply to Oppositions (Doc Nos. 272 and 285* (Sandman, Jeffrey) Modified on 2/23/2016 (bwn). (Entered: 02/22/2016) |
| 02/23/2016 | 299 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Sandman, Jeffrey) (Entered: 02/23/2016) |
| 02/24/2016 | 300 | ORDER granting 299 Motion for Leave to File as to USA. Signed by Judge Jay C. Zainey. (jrc) (Entered: 02/24/2016) |
| 02/24/2016 | 301 | REPLY filed by USA re 240 MOTION to Suspend Discovery and Giglio Deadlines . (jrc) (Entered: 02/24/2016) |
| 03/04/2016 | 304 (p.29054) | Response/Memorandum in Opposition by Damian Barnes re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Strasser, Peter) (Entered: 03/04/2016) |
| 03/07/2016 | 308 | ORDER - IT IS ORDERED that the status conference set for March 23, 2016 is RESET for Monday, April 4, 2016, at 10:30 a.m. in chambers. Phone participation will not be allowed. Signed by Judge Jay C. Zainey on 3/4/2016. (bwn) (Entered: 03/07/2016) |
| 03/08/2016 | 310 (p.29065) | Request/Statement of Oral Argument by Damian Barnes regarding 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Strasser, Peter) (Entered: 03/08/2016) |
| 03/11/2016 | 311 | ORDER Resetting Hearing on 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants.* Motion with ORAL ARGUMENT set for 4/4/2016 10:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 3/10/16. (jrc) (Entered: 03/11/2016) |
| 03/17/2016 | 317 (p.29067) | MOTION to Dismiss *Indictment for Violation of the Speedy Trial Act* by Damian Barnes. Motion set for 4/19/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Strasser, Peter) (Entered: 03/17/2016) |
| 03/18/2016 | 318 | |

| | | |
|---|---|---|
| | | REPLY TO RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants 303 , 304 (p.29054) , 306 , 312 , 313 Oppositions to Motion* (Sandman, Jeffrey) (Entered: 03/18/2016) |
| 03/31/2016 | 325 | ORDER Resetting Hearing on 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants*. Motion reset for 4/7/2016 11:00 AM before Judge Jay C. Zainey. Status Conference reset for 4/7/2016 11:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 3/29/16. (jrc) (Entered: 03/31/2016) |
| 04/01/2016 | 326 | ORDER granting 240 MOTION to Suspend Discovery and Giglio Deadlines insofar as all statements by Gregory Stewart and Darry Franklin will not be deemed Brady material. Signed by Judge Jay C. Zainey. (jrc) (Entered: 04/01/2016) |
| 04/05/2016 | 330 | ORDER for Oral Argument proceedings re: 276 Motion in Limine Regarding the Admissibility of Music Videos and Lyrics Against All Defendants. Signed by Judge Jay C. Zainey. (jrc) (Entered: 04/05/2016) |
| 04/07/2016 | 335 | Minute Entry for proceedings held before Judge Jay C. Zainey on 4/7/2016. Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes, re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. Matter taken under advisement. (Court Reporter Jodi Simcox) (jrc) (Entered: 04/08/2016) |
| 04/07/2016 | 336 | MOTION HEARING EXHIBIT LIST from hearing 4/7/16. By Clerk. (jrc) (Entered: 04/08/2016) |
| 04/08/2016 | 337 | ORDER that the hearing of 4/7/16 be transcribed on an expedited basis for use by the Court, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey on 4/7/16. (jrc)(cc: Simcox, Gonzalez) (Entered: 04/08/2016) |
| 04/11/2016 | 339 | AMENDED ORDER the hearing of April 7, 2016 be transcribed on an expedited basis for use by the Court. The Court Reporter will be compensated by the Clerk of Court. Signed by Judge Jay C. Zainey on 4/8/16. (jrc)(cc: Gonzalez, Simcox) (Entered: 04/11/2016) |
| 04/18/2016 | 350 (p.29085) | Response/Memorandum in Opposition by USA as to Damian Barnes re 317 (p.29067) MOTION to Dismiss *Indictment for Violation of the Speedy Trial Act* (Sandman, Jeffrey) (Entered: 04/18/2016) |

| 04/20/2016 | 353 (p.29088) | ***DEFICIENT*** REPLY TO RESPONSE to Motion by Damian Barnes re 317 (p.29067) MOTION to Dismiss *Indictment for Violation of the Speedy Trial Act* (Strasser, Peter) Modified on 4/21/2016 (bwn). (Entered: 04/20/2016) |
|---|---|---|
| 04/21/2016 | 354 | RESPONSE by USA to court's oral order at 335 Hearing to provide a DESCRIPTION OF SONGS TO BE INTRODUCED (Ranier, Myles) Modified on 4/22/2016 to edit text (bbc). (Entered: 04/21/2016) |
| 04/21/2016 | 355 (p.29093) | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum to Government's Memorandum in Opposition to Defendant's Motion to Dismiss Indictment* by Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading)(Strasser, Peter) (Entered: 04/21/2016) |
| 04/22/2016 | 357 (p.29101) | ORDER granting 355 (p.29093) Motion for Leave to File Reply Memo as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 04/22/2016) |
| 04/22/2016 | 358 (p.29102) | REPLY TO RESPONSE to Motion by Damian Barnes re 317 (p.29067) MOTION to Dismiss *Indictment for Violation of the Speedy Trial Act* (jrc) (Entered: 04/22/2016) |
| 04/29/2016 | 361 | SUPERSEDING INDICTMENT as to Leroy Price (1) count(s) 1s, 2s, 3s, 14s, 15s, 16s, 17s, 18s, 19s, 22s, 23s, 45s, 46s, 47s, Ashton Price (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 12s, 13s, 20s, 21s, 27s, 28s, 45s, 46s, 47s, Alonzo Peters (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, Jasmine Perry (4) count(s) 1s, 3s, 4s, 5s, 6s, 7s, 20s, 21s, 27s, 28s, 29s, 30s, 33s, 34s, 35s, 36s, 37s, 38s, 39s, 40s, 41s, 42s, McCoy Walker (5) count(s) 1s, 2s, 3s, 8s-9s, 10s-11s, 14s, 15s, 16s, 17s, 24s, 25s, 26s, Terrioues Owney (6) count(s) 1s, 3s, 14s, 15s, 16s, 17s, 18s, 19s, 22s, 23s, 24s, 25s, 26s, Evans Lewis (7) count(s) 1s, 3s, 14s, 15s, 16s, 17s, 20s, 21s, 29s, 30s, Curtis Neville (8) count(s) 1s, 2s, 3s, 29s, 30s, 33s, 34s, 35s, 36s, 37s, 38s, 43s, 44s, Solomon Doyle (11) count(s) 1s, 3s, 29s, 30s, Damian Barnes (13) count(s) 1s, 2s, 3s, 31s, 32s. (Attachments: # 1 Criminal Magistrate Case Sheet) (bwn) (Entered: 04/29/2016) |
| 05/02/2016 | 364 | NOTICE OF HEARING as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Arraignment set for 5/6/2016 10:00 AM before Duty Magistrate. (jrc) (Entered: 05/02/2016) |
| 05/03/2016 | 367 | TRANSCRIPT of Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on April 7, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 |

| | | days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 8/1/2016. (rsg) (Entered: 05/03/2016) |
|---|---|---|
| 05/06/2016 | 377 (p.29107) | Minute Entry for proceedings held before Magistrate Judge Karen Wells Roby: Arraignment as to Damian Barnes (13) Count 1s,2s,3s,31s,32s held on 5/6/2016. Defendant remanded. (Court Reporter Magistrate Clerical.) (bwn) (Entered: 05/06/2016) |
| 05/06/2016 | 378 | Supplemental Memorandum by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* (Attachments: # 1 Exhibit "A")(Ranier, Myles) (Entered: 05/06/2016) |
| 05/06/2016 | 379 | ORDER dismissing 321 Motion in Limine as to Jasmine Perry (4). Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/06/2016) |
| 05/13/2016 | 385 (p.29108) | ORDER denying 317 (p.29067) Motion to Dismiss Indictment as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/13/2016) |
| 05/19/2016 | 388 | Request for Subpoenas by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. 100 subpoenas issued (Ranier, Myles) (Entered: 05/19/2016) |
| 05/20/2016 | 393 (p.29114) | EXPARTE/CONSENT MOTION for Leave to File *Response Memorandum in Opposition to Government's Supplemental Brief in Support of its Motion in Limine Regarding the Admissibility of Music Videos* by Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading)(Strasser, Peter) (Attachment 1 replaced on 5/23/2016) (bwn). (Entered: 05/20/2016) |
| 05/24/2016 | 405 (p.29123) | ORDER granting 393 (p.29114) Motion for Leave to File as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/24/2016) |
| 05/24/2016 | 406 (p.29124) | RESPONSE by Damian Barnes re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants*. (jrc) (Entered: 05/24/2016) |
| 05/25/2016 | 408 | EXPARTE/CONSENT MOTION for Leave to File Supplemental Memorandum by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Pleading)(Sandman, Jeffrey) (Main Document 408 replaced on 5/26/2016) (bwn). (Additional attachment(s) added on 5/26/2016: # 2 Proposed |

| | | |
|---|---|---|
| | | Order) (bwn). Modified on 5/26/2016 to edit docket text (bwn). (Entered: 05/25/2016) |
| 05/26/2016 | 409 | Correction of Docket Entry by Clerk re 408 Supplemental Memorandum - Filing attorney selected incorrect event. Correct event is "Motion for Leave to File Document." Clerk took corrective action by changing the event. Also, filing attorney failed to separate the proposed order from the Motion for Leave. In the future, please attach the proposed order to the filing as a separate document. (bwn) (Entered: 05/26/2016) |
| 05/27/2016 | 410 | ORDER granting 408 Motion for Leave to File. Signed by Judge Jay C. Zainey. (jrc) (Entered: 05/27/2016) |
| 05/27/2016 | 411 | REPLY by USA re 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants.* (jrc) (Entered: 05/27/2016) |
| 06/16/2016 | 412 (p.29130) | Request for Subpoenas by Damian Barnes. 5 subpoenas issued (Attachments: # 1 Subpoena)(Strasser, Peter) (Entered: 06/16/2016) |
| 06/17/2016 | 413 (p.29133) | Subpoenas(s) Issued as requested by Damian Barnes. (bwn) (Entered: 06/17/2016) |
| 07/01/2016 | 425 | ORDER GRANTING IN PART AND DENYING IN PART 276 MOTION in Limine *Regarding the Admissibility of Music Videos and Lyrics Against All Defendants* filed by USA. JAMES HEARING set for 7/13/2016 9:00 AM before Judge Jay C. Zainey. Government's witness list due 7/11/16. Signed by Judge Jay C. Zainey on 6/30/16. (jrc) (jrc). (Entered: 07/01/2016) |
| 07/01/2016 | | Correction of Docket Entry by Clerk re 425 ORDER ruling on motion and setting James Hearing. Image has now been attached. (jrc) (Entered: 07/01/2016) |
| 07/07/2016 | 427 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Status Conference set for 7/13/2016 8:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 7/6/16. (jrc) (Entered: 07/07/2016) |
| 07/08/2016 | 429 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes granting 428 MOTION to Continue. James Hearing and Status Conference RESET for 7/18/2016 1:30 PM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/08/2016) |
| 07/12/2016 | 430 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes cancelling James Hearing. The Status Conference will proceed as scheduled. Signed by Judge Jay C. Zainey on 7/11/16. (jrc) (Entered: 07/12/2016) |

| 07/14/2016 | 434 | MEMORANDUM by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes to 430 Order, Terminate Hearings,, *Regarding Necessity of James Hearing* (Ranier, Myles) (Entered: 07/14/2016) |
|---|---|---|
| 07/14/2016 | 437 | MOTION for Reconsideration re 425 Terminate Motions, Set Hearings,, by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 7/18/2016 02:00 PM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing)(Ranier, Myles) (Entered: 07/14/2016) |
| 07/18/2016 | 441 | Minute Entry for status conference held on 7/18/2016 before Judge Jay C. Zainey as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. 437 MOTION for Reconsideration will be submitted 7/26/2016. Deadlines set herein. (Court Reporter Donna Goree) (jrc)(NEF: Jury) (Entered: 07/20/2016) |
| 07/20/2016 | 442 | EXPARTE/CONSENT MOTION to Enroll David Haller as Counsel of Record by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 07/20/2016) |
| 07/21/2016 | 444 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; ORDERED that the Clerk of Court shall file into the record under seal the attached juror questionnaire which shall be used by the Jury Section when potential jurors are summoned in accordance with the Courts order (Rec. Doc. 441). Counsel of record will be provided a copy of the sealed document upon docketing. The Court will direct the Clerk to unseal the questionnaire once all potential jurors have appeared and completed the form. Signed by Judge Jay C. Zainey. (jrc) (Additional attachment(s) added on 7/21/2016: # 1 Sealed questionnaire) (jrc). (Entered: 07/21/2016) |
| 07/22/2016 | 447 | ORDER enrolling additional counsel David Haller for USA. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/22/2016) |
| 07/25/2016 | 448 | ORDER granting 446 MOTION to Continue Pretrial Conference filed by Evans Lewis. ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes resetting Pretrial Conference for 8/11/2016 10:45 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |

| 07/25/2016 | 449 | ORDER DENYING REQUEST for JAMES HEARING as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
|---|---|---|
| 07/25/2016 | 450 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. TRIAL COUNSEL must attend that August 11, 2016 pretrial conference in person. The prior orders granting permission for other attorneys to attend in place of trial counsel are now rescinded. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 07/25/2016 | 451 | ORDER REGARDING JUROR RESEARCH as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 07/25/2016) |
| 08/04/2016 | 455 | ORDER ruling on 437 Motion for Reconsideration as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Signed by Judge Jay C. Zainey on 8/3/16. (jrc) (Entered: 08/04/2016) |
| 08/11/2016 | 479 | Minute Entry for proceedings held before Judge Jay C. Zainey:Pretrial Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 8/11/2016 (cml) (Entered: 08/15/2016) |
| 08/12/2016 | 459 | MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q)(Haller, David) Modified on 8/15/2016 (cml). (Entered: 08/12/2016) |
| 08/15/2016 | 477 | ORDER: At the pretrial conference held on August 11, 2016, the Court stated that it would allow co-counsel to be enrolled for the defendants. However, counsel are reminded that only one counsel per defendant will be seated at counsel table, and under no circumstances will the CJA pay for more than one attorney per defendant. Signed by Judge Jay C. Zainey. (cml) (Entered: 08/15/2016) |

17-30610.28894

| | | |
|---|---|---|
| 08/17/2016 | 484 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 481 MOTION to Dismiss *Overt Act 41 and to Exclude Related Evidence Used to Obtain Plea Agreement in Case 11-CR-107* (Haller, David) (Entered: 08/17/2016) |
| 08/17/2016 | 487 (p.29135) | EXPARTE/CONSENT MOTION to Adopt Pleading (Rec. Doc. 483) by Damian Barnes. (Attachments: # 1 Proposed Order)(Strasser, Peter) (Entered: 08/17/2016) |
| 08/18/2016 | 495 (p.29138) | ORDER granting 487 (p.29135) Motion to adopt pleadings as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/18/2016) |
| 08/19/2016 | 506 | RESPONSE to Motion by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes re 480 MOTION to Compel *(Motion To Compel Immediate Discovery Mandated By Brady v. Maryland Related To Contradictory And Inconsistent Statements By The Governments Star Witness)* (Attachments: # 1 Notice of Manual Attachment Exhibit 1, # 2 Notice of Manual Attachment Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Notice of Manual Attachment 4, # 6 Notice of Manual Attachment 5, # 7 Notice of Manual Attachment 6)(Ranier, Myles) (Entered: 08/19/2016) |
| 08/19/2016 | 507 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 483 MOTION in Limine *Regarding the Admissibility of Firearms Chart by Terrioues Owney, Solomon Doyle, Curtis Neville, McCoy Walker and* (Attachments: # 1 Exhibit A)(Haller, David) (Entered: 08/19/2016) |
| 08/19/2016 | 508 | NOTICE of Intent to Use Evidence by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/19/2016) |
| 08/19/2016 | 510 | ORDER as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. On the morning of August 31, 2016, defense counsel will use the courtroom to meet with their clients outside the Court's and the Government's presence. Defense counsel will coordinate the time of this meeting with the Marshals directly. Separate and Sealed Plea Agreement Hearings pursuant to Frye will begin 8/31/2016 1:00 PM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc)(cc:USM) (Entered: 08/19/2016) |

| 08/22/2016 | 514 (p.29139) | MOTION to Maintain Jencks Deadline re 479 Pretrial Conference, by Damian Barnes. Motion set for 8/23/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Strasser, Peter) (Entered: 08/22/2016) |
|---|---|---|
| 08/22/2016 | 515 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Further Support of Government's Motion in Limine to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading, # 3 Exhibit A)(Haller, David) (Entered: 08/22/2016) |
| 08/23/2016 | 520 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 8/23/2016. (Court Reporter Karen Ibos) (jrc) (Entered: 08/23/2016) |
| 08/23/2016 | 521 | Consent MOTION to Strike *Surplsage from Count 33 of the Superseding Indictment* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Haller, David) (Additional attachment(s) added on 8/23/2016: # 1 Proposed Order) (jrc). (Entered: 08/23/2016) |
| 08/23/2016 | 523 (p.29145) | Response/Memorandum in Opposition by Damian Barnes to 508 Notice of Intent to Use Evidence, (Strasser, Peter) Modified text on 8/24/2016 (cml). (Entered: 08/23/2016) |
| 08/24/2016 | 528 (p.29151) | INFORMATION TO ESTABLISH PRIOR CONVICTION as to Damian Barnes (Haller, David) (Entered: 08/24/2016) |
| 08/24/2016 | 533 | ORDER granting 515 Motion for Leave to File Reply Memo. Signed by Judge Jay C. Zainey on 8/23/16. (jrc) (Entered: 08/24/2016) |
| 08/24/2016 | 535 | ORDER granting 480 Motion to Compel as to Alonzo Peters (3), Evans Lewis (7); granting 514 (p.29139) Motion to Maintain Deadline as to Damian Barnes (13), granting 506 Motion to Suspend Jencks/Giglio Deadline. Signed by Judge Jay C. Zainey on 8/23/16. (jrc) (Entered: 08/24/2016) |
| 08/24/2016 | 536 | REPLY filed by USA re 459 MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)*. (Attachments: # 1 Exhibit)(jrc) (Entered: 08/24/2016) |
| 08/25/2016 | 545 | ORDER granting 521 Motion to Strike Surplusage from Count 33 of the Superseding Indictment. Signed by Judge Jay C. Zainey on 8/24/2016. (cml) (Entered: 08/25/2016) |
| 08/25/2016 | 548 | |

17-30610.28896

| | | EXHIBIT LIST by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Attachments: # 1 Attachment)(Ranier, Myles) (Entered: 08/25/2016) |
|------------|---------------|------------------------------------------------------------------|
| 08/26/2016 | 556 | ORDER clarifying Minute Entry 479 ; The statement that the parties shall exchange trial exhibits not later than August 25, 2016, was intended to mean not only that the parties must exchange (file into the CM/ECF system) exhibit lists but also that the Government would make its exhibits available to the defense for inspection. Signed by Judge Jay C. Zainey on 8/25/16. (jrc) (Entered: 08/26/2016) |
| 08/26/2016 | 562 (p.29154) | EXHIBIT LIST by Damian Barnes (Strasser, Peter) (Entered: 08/26/2016) |
| 08/29/2016 | 571 (p.29156) | Amended EXHIBIT LIST by Damian Barnes (Strasser, Peter) (Entered: 08/29/2016) |
| 08/29/2016 | 581 (p.29158) | MOTION in Limine *to Prohibit Use of Newly Listed Rap Videos* by Damian Barnes. Motion set for 8/31/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Proposed Order, # 4 Notice of Hearing)(Strasser, Peter) (Entered: 08/29/2016) |
| 08/29/2016 | 585 (p.29166) | Proposed Voir Dire by Damian Barnes (Strasser, Peter) (Entered: 08/29/2016) |
| 08/29/2016 | 586 (p.29167) | Proposed Jury Verdict Form by Damian Barnes (Strasser, Peter) (Entered: 08/29/2016) |
| 08/29/2016 | 589 | Proposed Voir Dire by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Reed, Brittany) (Entered: 08/29/2016) |
| 08/29/2016 | 590 | Proposed Jury Instructions by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/29/2016) |
| 08/29/2016 | 591 | Proposed Jury Verdict Form by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Haller, David) (Entered: 08/29/2016) |
| 08/30/2016 | 601 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Response to Alonzo Peters' Opposition to the Government's Motion to Admit Prior Guilty Pleas* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order, # |

| | | |
|---|---|---|
| | | 2 Proposed Pleading, # 3 Exhibit A, # 4 Exhibit B)(Haller, David) (Entered: 08/30/2016) |
| 08/30/2016 | 608 | ORDER granting 601 Government Motion for Leave to File Reply Memo. Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/30/2016) |
| 08/30/2016 | 609 | ORDER granting in part and denying in part 483 Motion in Limine Regarding Admissibility of Firearms Chart and the various objections to the Government's Notice of Intent. Signed by Judge Jay C. Zainey. (jrc) (Entered: 08/30/2016) |
| 08/30/2016 | 610 | REPLY by USA re 459 MOTION in Limine *to Admit Prior Guilty Pleas of Certain Defendants Pursuant to Federal Rules of Evidence 801(d)(2)(A) and 902(4)(A)*. (Attachments: # 1 Exhibit, # 2 Exhibit)(jrc) (Entered: 08/30/2016) |
| 08/31/2016 | 616 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 581 (p.29158) MOTION in Limine *to Prohibit Use of Newly Listed Rap Videos*, 595 MOTION in Limine *to Exclude Government Social Media Exhibits* (Attachments: # 1 Notice of Manual Attachment Exhibit A)(Ranier, Myles) (Entered: 08/31/2016) |
| 08/31/2016 | 617 | Minute Entry for proceedings held before Judge Jay C. Zainey. Frye Hearing held on 8/31/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 08/31/2016) |
| 08/31/2016 | 623 | Minute Entry for proceedings held before Judge Jay C. Zainey. Final Status Conference held on 8/31/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 09/01/2016) |
| 09/01/2016 | 624 | ORDER granting in part and denying in part 459 Motion in Limine as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/01/2016) |
| 09/01/2016 | 627 | Manual Attachment Received re 616 Response/Memorandum in Opposition, filed by USA. (1cd Received) (cml) (Entered: 09/02/2016) |
| 09/02/2016 | 635 (p.29169) | MOTION in Limine *to Compel FBI Agent Notes* by Damian Barnes. Motion set for 9/6/2016 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Strasser, Peter) (Entered: 09/02/2016) |

17-30610.28898

| | | |
|---|---|---|
| 09/04/2016 | 646 | ORDER as to Jasmine Perry, Damian Barnes re 635 (p.29169) MOTION in Limine *to Compel FBI Agent Notes* filed by Damian Barnes, 636 Emergency MOTION to Compel *Production* filed by Jasmine Perry. Government response due 9/4/16. Signed by Judge Jay C. Zainey on 9/3/16. (jrc) (Entered: 09/04/2016) |
| 09/04/2016 | 647 (p.29176) | ORDER granting in part and denying in part 581 (p.29158) Motion in Limine To Prohibit Newly Listed Rap Videos as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/04/2016) |
| 09/04/2016 | 649 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes re 635 (p.29169) MOTION in Limine *to Compel FBI Agent Notes*, 636 Emergency MOTION to Compel *Production* (Haller, David) (Entered: 09/04/2016) |
| 09/05/2016 | 653 | ORDER finding as moot 636 Motion to Compel as to Jasmine Perry (4); finding as moot 635 (p.29169) Motion in Limine as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 9/4/16. (jrc) (Entered: 09/05/2016) |
| 09/05/2016 | 654 (p.29180) | MOTION for Reconsideration re 647 (p.29176) Order on Motion in Limine, 624 Order on Motion in Limine, by USA as to Curtis Neville, Damian Barnes. Motion set for 9/6/2016 before Judge Jay C. Zainey. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support)(Sandman, Jeffrey) (Entered: 09/05/2016) |
| 09/06/2016 | 656 (p.29189) | Response/Memorandum in Opposition by Damian Barnes re 654 (p.29180) MOTION for Reconsideration re 647 (p.29176) Order on Motion in Limine, 624 Order on Motion in Limine, (Strasser, Peter) (Entered: 09/06/2016) |
| 09/06/2016 | 666 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Jury selection began 9/6/2016. (Court Reporter Karen Ibos) (jrc) (Additional attachment(s) added on 9/8/2016: # 1 Exhibit, # 2 Exhibit) (jrc). (Entered: 09/07/2016) |
| 09/07/2016 | 667 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Jury selection held and completed on 9/7/2016. Jury Trial to resume 9/12/16 8:00 AM. (Court Reporter Karen Ibos) (jrc) (Entered: 09/07/2016) |
| 09/08/2016 | 676 | MOTION for Exemption from Sequestration Order by movant Sara A. Johnson. Motion set for 9/12/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in |

| | | |
|---|---|---|
| | | Support, # 2 Proposed Order, # 3 Notice of Hearing)(Johnson, Sara) Modified on 9/9/2016 (jrc). (Entered: 09/08/2016) |
| 09/09/2016 | 681 | Emergency MOTION for Protective Order *and Incorporated Memorandum* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/9/2016 02:00 PM before Judge Jay C. Zainey. (Attachments: # 1 Proposed Order, # 2 Notice of Hearing)(Haller, David) (Entered: 09/09/2016) |
| 09/09/2016 | 683 | ORDER granting 681 Motion for Protective Order. Counsel for the defendants are not to provide any of the documents subpoenaed from the local jails to any of the defendants without first redacting the cooperating defendants' family members names, phones numbers, and addresses; their social security numbers; their dates of birth; and their medical treatment information. However, if Ms. Williams believes that any of the proposed redactions are inappropriate for any reason (such as "arguably Brady") then she shall provide the specific documents at issue to the Court for in camera inspection.. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/09/2016) |
| 09/09/2016 | 684 | MOTION for Brady Materials by Evans Lewis as to Leroy Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Solomon Doyle, Damian Barnes. Motion set for 9/12/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K)(Sothern, William) (Entered: 09/09/2016) |
| 09/09/2016 | 685 | ORDER re Proposed Redactions. Signed by Judge Jay C. Zainey. (Attachments: # 1 Doyle Redacted, # 2 Lewis Redacted, # 3 Owney Redacted, # 4 Perry Redacted) (bwn) (Entered: 09/09/2016) |
| 09/10/2016 | 686 | ORDER granting in part and denying in part 676 Motion for relief from sequestration order as to movant Sara Johnson. Signed by Judge Jay C. Zainey on 9/9/16. (jrc) (Entered: 09/10/2016) |
| 09/10/2016 | 695 | Minute Entry for proceedings held before Judge Jay C. Zainey. Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/10/2016, GRANTING 684 MOTION for Brady Materials filed by Evans Lewis. Status Conference set for 9/14/2016 2:30 PM in open court before Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/12/2016 | 688 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial on 9/12/2016 as to Leroy Price, Ashton Price, Alonzo |

17-30610.28900

| | | Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial postponed to resume 9/19/16 8:00 AM. (Court Reporter Lanie Smith) (jrc) (Entered: 09/12/2016) |
|---|---|---|
| 09/12/2016 | 689 | MOTION for Reconsideration re 686 Order on Motion for Miscellaneous Relief by Gregory Stewart Motion set for 9/19/2016 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Proposed Order, # 4 Notice of Hearing)(Johnson, Sara) Modified on 9/12/2016 (jrc). (Entered: 09/12/2016) |
| 09/12/2016 | 694 (p.29193) | Return of Service of Trial Subpoena served on Salvador Provanzo on August 16, 2016 (Strasser, Peter) (Entered: 09/12/2016) |
| 09/12/2016 | 696 | ORDER amending 695 Minute Entry from Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/12/2016 | 697 | ORDER granting 689 Motion for Reconsideration as Sara Johnson and Gregory Stewart. Any opposition by Defendants to Ms. Johnson's original motion for exemption from sequestration (Rec. Doc. 676) shall be filed into the record by Tuesday, September 13, 2016 so that Stewart and his attorney will be fully apprised of the basis for any objection. If objections are filed, then the Court will consider Stewart and his attorney's response to the objections so long as they are filed no later than Wednesday, September 14, 2016. If objections, and ultimately a reply, are filed then the Court will consider the matter de novo in determining whether its original order should be vacated. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/12/2016) |
| 09/13/2016 | 698 (p.29195) | EXPARTE/CONSENT MOTION for Authorization to Issue Rule 17(c) Subpoena by USA as to Damian Barnes. (Attachments: # 1 Proposed Order, # 2 Exhibit A)(Ranier, Myles) (Attachment 2 replaced on 9/13/2016) (cml). (Entered: 09/13/2016) |
| 09/13/2016 | 701 (p.29200) | ORDER granting 698 (p.29195) Motion for Authorization to Issue Rule 17(c) Subpoena as to Damian Barnes (13). Signed by Judge Jay C. Zainey. (Entered: 09/13/2016) |
| 09/13/2016 | 703 | EXPARTE/CONSENT MOTION to Appoint Counsel *for Trial Witness* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 09/13/2016) |
| 09/13/2016 | 704 | ORDER granting 703 USA Motion to Appoint Counsel to Trial Witness Jamal Smith. Signed by Judge Jay C. Zainey. (jrc)(cc: FPD) (Entered: 09/13/2016) |

| | | |
|---|---|---|
| 09/14/2016 | 707 | MOTION in Limine *and Incorporated Memorandum to Preclude Admission of Evidence* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/16/2016 before Judge Jay C. Zainey. (Attachments: # 1 Proposed Order)(Sandman, Jeffrey) (Entered: 09/14/2016) |
| 09/14/2016 | 712 | REPLY TO RESPONSE to Motion by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 676 MOTION for Exemption from Sequestration Order (Johnson, Sara) (Entered: 09/14/2016) |
| 09/14/2016 | 713 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/14/2016. (Court Reporter Lanie Smith) (Attachments: # 1 E-Mail) (jrc) (Entered: 09/15/2016) |
| 09/16/2016 | 715 (p.29201) | ORDER denying 654 (p.29180) USA Motion for Reconsideration as to Curtis Neville (8), Damian Barnes (13). Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/16/2016) |
| 09/16/2016 | 716 | ORDER granting in part and denying in part 707 USA Motion in Limine to preclude questioning and extrinsic evidence about cooperating witnesses' disciplinary and medical records. Signed by Judge Jay C. Zainey. (jrc) (Entered: 09/16/2016) |
| 09/18/2016 | 727 | MOTION to Continue *Trial* by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 9/19/2016 07:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Hearing)(Sothern, William) (Entered: 09/18/2016) |
| 09/19/2016 | 734 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 9/19/2016. 718 MOTION for Reconsideration is DENIED. 727 MOTION to Continue Trial filed by defendants is GRANTED. Jury Trial set for 11/28/2016 8:30 AM before Judge Jay C. Zainey. Plea Agreement Hearing and Status Conference set for 10/6/2016 08:30 AM before Judge Jay C. Zainey. (Court Reporter Lanie Smith) (jrc) (Entered: 09/20/2016) |
| 10/04/2016 | 748 | NOTICE as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes; Status |

| | | |
|---|---|---|
| | | Conference and Frye Hearing set 10/6/16 8:30 AM.. By Clerk. (jrc) (Entered: 10/04/2016) |
| 10/06/2016 | 750 | Minute Entry for proceedings held before Judge Jay C. Zainey. Frye Hearing held on 10/6/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 10/07/2016) |
| 10/06/2016 | 752 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 10/6/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Karen Ibos) (jrc) (Entered: 10/07/2016) |
| 10/07/2016 | 753 (p.29205) | RESPONSE to Motion by Damian Barnes re 727 MOTION to Continue *Trial regarding Document 749* (Strasser, Peter) (Entered: 10/07/2016) |
| 10/07/2016 | 754 | ORDER granting 749 Motion to Continue. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle and Damian Barnes is reset for 1/9/2017 8:30 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey. (jrc) (Entered: 10/07/2016) |
| 11/22/2016 | 767 | ORDER SETTING CONFERENCE - IT IS ORDERED that a status conference with trial counsel and the Court is SET for Monday, November 28, 2016, at 10:00 a.m. This status conference will take place in the courtroom. Signed by Judge Jay C. Zainey on 11/21/2016. (bwn) (Entered: 11/22/2016) |
| 11/22/2016 | 768 | TRANSCRIPT of Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on September 19, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 2/21/2017. (rsg) (Entered: 11/22/2016) |
| 11/28/2016 | 777 | Minute Entry for proceedings held before Judge Jay C. Zainey. Status Conference held on 11/28/2016 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Jury Trial will proceed 1/9/17. Deadlines set herein. (jrc) (Entered: 11/30/2016) |
| 11/30/2016 | 776 | Request for Subpoenas by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues |

| | | Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. 80 subpoenas issued (Ranier, Myles) (Entered: 11/30/2016) |
|---|---|---|
| 12/07/2016 | 798 (p.29207) | EXPARTE/CONSENT MOTION to Enroll Amy McIntire as Counsel of Record by Damian Barnes. (Attachments: # 1 Proposed Order)(Strasser, Peter) (Entered: 12/07/2016) |
| 12/07/2016 | 799 | Proposed Voir Dire by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Ranier, Myles) (Entered: 12/07/2016) |
| 12/08/2016 | 803 | MOTION to Quash *Subpoena to Office of Juvenile Justice* by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/9/2017 08:30 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Subpoena, # 3 Proposed Order, # 4 Notice of Hearing)(Johnson, Sara) (Entered: 12/08/2016) |
| 12/09/2016 | 805 (p.29210) | ORDER granting 798 (p.29207) Motion to Enroll as Additional Counsel of Record for Attorney Amy L. McIntire for Damian Barnes (13). Counsel are reminded that only one lawyer for this defendant is authorized for CJA payment.Signed by Magistrate Judge Karen Wells Roby. (cml) (Entered: 12/09/2016) |
| 12/16/2016 | 811 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by Sara Johnson . (Attachments: # 1 Proposed Order, # 2 Proposed Pleading)(Johnson, Sara) Modified on 12/19/2016 (cml). (Entered: 12/16/2016) |
| 12/19/2016 | 819 | ORDER granting 811 Motion for Leave to File Reply Memorandum. Signed by Judge Jay C. Zainey. (cml) (Entered: 12/19/2016) |
| 12/19/2016 | 820 | REPLY TO RESPONSE to Motion by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 803 MOTION to Quash *Subpoena to Office of Juvenile Justice* (cml) (Entered: 12/19/2016) |
| 12/19/2016 | 823 | ORDER granting 803 Movant Gregory Stewart's Motion to Quash Subpoena for Juvenile Medical Records. Signed by Judge Jay C. Zainey. (jrc) (Entered: 12/19/2016) |
| 01/05/2017 | 841 | MOTION in Limine *to Exclude Polygraph Evidence* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Motion set for 1/9/2017 08:30 AM before Judge Jay C. Zainey. (Haller, David) (Entered: 01/05/2017) |

| 01/06/2017 | 855 | Minute Entry for proceedings held before Judge Jay C. Zainey:Telephone Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/6/2017. (jrc) (Entered: 01/09/2017) |
|---|---|---|
| 01/09/2017 | 852 (p.29211) | Amended EXHIBIT LIST by Damian Barnes (Strasser, Peter) (Entered: 01/09/2017) |
| 01/09/2017 | 854 | ORDER Regarding Electronic Devices During Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. Signed by Judge Jay C. Zainey on 1/9/2017. (cms) (cms). (Entered: 01/09/2017) |
| 01/09/2017 | 856 | ORDER granting 841 Motion in Limine as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Rico Jackson (9), Tyrone Knockum (10), Solomon Doyle (11), Washington McCaskill (12), Damian Barnes (13); granting in part and denying in part 837 Motion in Limine as to Jasmine Perry (4); granting in part and denying in part 833 Motion in Limine as to Terrioues Owney (6), Evans Lewis (7). Signed by Judge Jay C. Zainey on 1/6/17. (jrc) (Entered: 01/09/2017) |
| 01/09/2017 | 865 | Minute Entry for proceedings held before Judge Jay C. Zainey:Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/9/2017. Court recessed 8:00 p.m. to resume Tuesday, January 10, 2017 at 9:00 a.m. (Court Reporter Cathy Pepper.) (cml) (Entered: 01/10/2017) |
| 01/10/2017 | 866 | Minute Entry for proceedings held before Judge Jay C. Zainey: Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on 1/10/2017. Court recessed 5:00 p.m. to resume Wednesday, January 11, 2017 at 8:00 a.m. (Court Reporter Cathy Pepper.) (gec) (Entered: 01/11/2017) |
| 01/11/2017 | 881 | AMENDED ORDER REGARDING ELECTRONIC DEVICES DURING TRIAL as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey on 1/10/2017. (gec) (Entered: 01/11/2017) |
| 01/11/2017 | 882 | Letter to Court dated 1/11/2017 (cml) (Entered: 01/11/2017) |
| 01/11/2017 | 883 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, |

| | | | |
|---|---|---|---|
| | | | Curtis Neville, Solomon Doyle, Damian Barnes held on 1/11/2017. Witnesses testified, exhibits admitted. Trial to resume 1/12/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/11/2017) |
| 01/12/2017 | | 888 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial held on 1/12/2017 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/13/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/12/2017) |
| 01/13/2017 | | 889 | Minute Entry for proceedings held before Judge Jay C. Zainey. Jury Trial held on 1/13/2017 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/17/17 8:00 AM. (Court Reporter Cathy Pepper.) (jrc) (Entered: 01/13/2017) |
| 01/17/2017 | | 890 | STIPULATION by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (Ranier, Myles) (Entered: 01/17/2017) |
| 01/17/2017 | | 892 | Minute Entry for proceedings held held on 1/17/2017 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Witnesses testified, exhibits admitted. Trial to resume 1/18/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/18/2017) |
| 01/18/2017 | | 903 | Minute Entry for proceedings held 1/18/2017 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/19/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/19/2017) |
| 01/19/2017 | | 902 | TRIAL BRIEF by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes (Sandman, Jeffrey) (Entered: 01/19/2017) |
| 01/19/2017 | | 905 | Minute Entry for proceedings held 1/19/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/20/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/20/2017) |
| 01/20/2017 | | 907 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of Excerpt from the Jury Trial of the Testimony of Darryl Franklin as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/20/2017. (rsg) (Entered: 01/20/2017) |
| 01/20/2017 | 911 | Minute Entry for proceedings held 1/20/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/23/17 8:00 AM (Court Reporter Karen Ibos.) (jrc) (Entered: 01/23/2017) |
| 01/23/2017 | 918 | Minute Entry for proceedings held 1/23/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/24/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/23/2017) |
| 01/24/2017 | 919 | ORDER that the Clerk of Court pay the jurors who have served eleven or more days $50.00 per day for each day after the tenth day. Signed by Judge Jay C. Zainey. (jrc)(cc: Jury) (Entered: 01/24/2017) |
| 01/24/2017 | 920 | Minute Entry for proceedings held 1/24/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Attorney John Herr Musser, V, enrolled for McCoy Walker. Trial to resume 1/25/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/24/2017) |
| 01/24/2017 | 921 | MEMORANDUM by Sara Johnson as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes *Concerning Standing to Assert Gregory Stewart's Privilege* (Johnson, Sara) (Entered: 01/24/2017) |
| 01/25/2017 | 922 | Jury Instructions as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes (cml) (Entered: 01/25/2017) |
| 01/25/2017 | 923 | Minute Entry for proceedings held 1/25/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo |

| | | |
|---|---|---|
| | | Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/26/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/26/2017) |
| 01/26/2017 | 928 | Minute Entry for proceedings held 1/26/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/30/17 8:00 AM. (Court Reporter Karen Ibos.) (jrc) (Entered: 01/30/2017) |
| 01/26/2017 | 935 | Minute Entry for Status Conference held 1/26/17 before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 01/30/2017) |
| 01/27/2017 | 924 | TRANSCRIPT of the Excerpt from the Jury Trial of the Testimony of Darryl Franklin-Volume 2 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 12, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/27/2017. (rsg) (Entered: 01/27/2017) |
| 01/27/2017 | 925 | TRANSCRIPT of Excerpt from the Jury Trial of the Testimony of Darryl Franklin-Volume 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 4/27/2017. (rsg) (Entered: 01/27/2017) |
| 01/27/2017 | 936 | Minute Entry for Status Conference held 1/27/17 before Judge Jay C. Zainey. Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 01/30/2017) |
| 01/30/2017 | 933 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Tyrone Knockum-Volume I, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 19, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/1/2017. (rsg) (Entered: 01/30/2017) |
| 01/30/2017 | 934 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Tyrone Knockum-Volume II, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 20, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/1/2017. (rsg) (Entered: 01/30/2017) |
| 01/30/2017 | 938 | Minute Entry for proceedings held 1/30/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 1/31/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 01/31/2017) |
| 01/31/2017 | 939 | Minute Entry for proceedings held 1/31/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/1/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/01/2017) |
| 02/01/2017 | 940 | Minute Entry for proceedings held 2/1/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/2/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Main Document 940 replaced on 2/2/2017) (jrc). (Entered: 02/02/2017) |
| 02/02/2017 | 941 | Minute Entry for proceedings held 2/2/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo |

| | | |
|---|---|---|
| | | Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/3/17 8:00 AM. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/03/2017) |
| 02/03/2017 | 942 | Minute Entry for proceedings held 2/3/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Jodi Simcox.) (jrc) (Entered: 02/03/2017) |
| 02/06/2017 | 951 | Minute Entry for proceedings held 2/6/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/7/17 8:00 AM. 944 MOTION in Limine to Exclude Expert Testimony filed by Terrioues Owney is denied. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/07/2017) |
| 02/07/2017 | 952 | TRANSCRIPT of Excerpt from the Jury Trial of the Opening Statements of Michael Raspanti as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/8/2017. (rsg) (Entered: 02/07/2017) |
| 02/07/2017 | 953 | TRANSCRIPT of Excerpt from the Jury Trial of the Opening Statements of Kerry Miller as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/8/2017. (rsg) (Entered: 02/07/2017) |
| 02/07/2017 | 957 | Minute Entry for proceedings held 2/7/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/8/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) |

| | | |
|---|---|---|
| | | (Entered: 02/08/2017) |
| 02/08/2017 | 962 | Minute Entry for proceedings held 2/8/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/9/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/09/2017) |
| 02/09/2017 | 964 | Minute Entry for proceedings held 2/9/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/10/17 12:30 PM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/10/2017) |
| 02/10/2017 | 965 | Minute Entry for proceedings held 2/10/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/13/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/13/2017) |
| 02/13/2017 | 966 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume III as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 6, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 967 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Evan Cox as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 968 | TRANSCRIPT of an Excerpt from the Jury Trial of the Opening Statements of Henry Julien as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues |

| | | |
|---|---|---|
| | | Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 969 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Gregory Stewart-Volume III as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 30, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 970 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Gregory Stewart-Volume IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 31, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 971 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Washington McCaskill-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 1, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with |

| | | |
|---|---|---|
| | | the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 972 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Washington McCaskill-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 973 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 974 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Rico Jackson-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 3, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/13/2017) |
| 02/13/2017 | 975 | ORDER to furnish jury meals. Signed by Judge Jay C. Zainey. (jrc) (Entered: 02/13/2017) |
| 02/13/2017 | 976 | Minute Entry for proceedings held 2/13/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans |

17-30610.28913

| | | |
|---|---|---|
| | | Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/14/17 8:30 AM. (Court Reporter Lanie Smith.) (Attachments: # 1 Attachment) (jrc) (Entered: 02/14/2017) |
| 02/14/2017 | 977 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Percy Baker Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 978 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Edgar Barabino-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 979 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Camry Moore-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/15/2017. (rsg) (Entered: 02/14/2017) |
| 02/14/2017 | 981 | Minute Entry for proceedings held 2/14/17 before Judge Jay C. Zainey. Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Trial to resume 2/15/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) |

| | | |
|---|---|---|
| | | (Entered: 02/15/2017) |
| 02/15/2017 | 980 | Order to Pay Commerce Restaurant for Jurors Meals. Signed by Judge Jay C. Zainey on 2/14/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/15/2017) |
| 02/15/2017 | 982 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Carrie Henry as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 983 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Daquinta Butler as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 984 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Decynda Barnes Chambers as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 985 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Kelvin Baham as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues |

| | | | |
|---|---|---|---|
| | | | Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 986 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Melanie Dillon as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 987 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Norman Bailey as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 988 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Richard Chambers as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a |

| | | |
|---|---|---|
| | | Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | <u>989</u> | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Salvador J. Provenzano as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | <u>990</u> | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Scott Rodrigue-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | <u>991</u> | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Scott Rodrigue-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | <u>992</u> | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Sean McElrath as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. |

| | | | |
|---|---|---|---|
| | | | Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 993 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Stephen Borecki as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 994 | Order to Pay Reginelli's Restaurant for Jurors' Meals. Signed by Judge Jay C. Zainey on 2/14/17. (Attachments: # 1 Receipt, # 2 Invoice) (jrc) (Entered: 02/15/2017) |
| 02/15/2017 | | 995 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Theodore Koelling-Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | | 996 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Theodore Koelling-Volume II as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 |

| | | days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
|---|---|---|
| 02/15/2017 | 997 | TRANSCRIPT of an Excerpt from the Jury Trial of the Testimony of Timothy Bender as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 5/16/2017. (rsg) (Entered: 02/15/2017) |
| 02/15/2017 | 998 | Minute Entry for proceedings held 2/15/17 before Judge Jay C. Zainey. Jury Trial (deliberations) as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Jury deliberations to resume 2/21/17 8:00 AM. (Court Reporter Lanie Smith.) (jrc) (Entered: 02/15/2017) |
| 02/16/2017 | 999 | Order to Pay Serio's Deli for Jurors' Meals. Signed by Judge Jay C. Zainey on 2/15/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/16/2017) |
| 02/21/2017 | 1000 | Order to Pay Serio's Deli for Jurors' Meals. Signed by Judge Jay C. Zainey. (Attachments: # 1 Receipt) (jrc) (Entered: 02/21/2017) |
| 02/21/2017 | 1001 | Minute Entry for proceedings held 2/21/17 before Judge Jay C. Zainey. Jury Deliberations as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Deliberations to resume 2/22/17 8:00 AM. (Court Reporter: N/A) (jrc) (Entered: 02/21/2017) |
| 02/22/2017 | 1012 (p.29213) | JURY VERDICT FORM as to Damian Barnes. (jrc) (Additional attachment(s) added on 2/23/2017: # 1 Sealed) (jrc). (Entered: 02/22/2017) |
| 02/22/2017 | 1013 | Minute Entry for proceedings held 2/22/17 before Judge Jay C. Zainey. Jury Trial COMPLETED as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Court Reporter Lanie Smith.) (Attachments: # 1 Juror Note, # 2 Question 1, # 3 Question 2) (jrc) (Entered: 02/23/2017) |
| 02/23/2017 | 1014 | Order to pay Serio's PoBoy Deli for jurors' meals. Signed by Judge Jay C. Zainey on 2/22/17. (Attachments: # 1 Receipt) (jrc) (Entered: 02/23/2017) |

| 02/27/2017 | 1016 | GOVERNMENT'S TRIAL EXHIBIT LIST. By Clerk. (jrc) (Entered: 02/27/2017) |
|---|---|---|
| 02/27/2017 | 1017 | DEFENDANTS' TRIAL EXHIBIT LIST. By Clerk. (jrc) (Entered: 02/27/2017) |
| 02/27/2017 | 1018 | PROFFERS SUBMITTED AT TRIAL. By Clerk. (jrc) (Entered: 02/27/2017) |
| 02/27/2017 | 1019 | ORDER appointing custodian for government trial exhibits. Signed by Judge Jay C. Zainey on 2/24/17. (Attachments: # 1 Government Exhibit List) (jrc) (Entered: 02/27/2017) |
| 03/02/2017 | 1021 | ORDERED that Presentence Investigation Reports be prepared for Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. Signed by Judge Jay C. Zainey. (NEF: Probation) (gec) (Entered: 03/02/2017) |
| 03/03/2017 | 1025 (p.29217) | ORDER as to Damian Barnes re 528 (p.29151) Information to Establish Prior Conviction filed by USA. Hearing set for 3/15/2017 10:00 AM before Judge Jay C. Zainey. Signed by Judge Jay C. Zainey on 3/2/17. (jrc) (Entered: 03/03/2017) |
| 03/06/2017 | 1026 | NOTICE OF HEARING as to Leroy Price, Alonzo Peters, McCoy Walker, Damian Barnes. Hearing to Establish Prior Convictions set 3/15/17 10:00 AM. (jrc) (Entered: 03/06/2017) |
| 03/08/2017 | 1031 (p.29218) | MOTION for Acquittal *and/or*, MOTION for New Trial by Damian Barnes. Motion set for 3/21/2017 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Notice of Hearing, # 4 Proposed Order)(Strasser, Peter) (Entered: 03/08/2017) |
| 03/09/2017 | 1041 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jamal Holmes, Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1042 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jonathan Wood Volume I as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 7, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder |

| | | |
|---|---|---|
| | | before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1043 | TRANSCRIPT of an Excerpt from the Jury Trial of closing arguments as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/09/2017 | 1044 | TRANSCRIPT of an Excerpt from the Jury Trial of the testimony of Jonathan Wood Volume II, as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 8, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/7/2017. (rsg) (Entered: 03/09/2017) |
| 03/10/2017 | 1045 | ORDER Setting submission date of 5/3/17 on motions for acquittal/new trial 1034 , 1033 , 1036 , 1035 , 1030 , 1029 , 1028 , 1040 , 1038 , 1039 , 1037 , 1032 , 1031 (p.29218) ; Submission for Doyle's motion to dismiss 1020 is set for 4/5/17. Signed by Judge Jay C. Zainey on 3/9/17. (jrc) (Entered: 03/10/2017) |
| 03/14/2017 | 1047 (p.29240) | MOTION to Strike re 528 (p.29151) Information to Establish Prior Conviction by Damian Barnes. Motion set for 3/15/2017 10:00 AM before Judge Jay C. Zainey. (Attachments: # 1 Memorandum in Support, # 2 Notice of Hearing, # 3 Proposed Order)(Strasser, Peter) (Entered: 03/14/2017) |
| 03/14/2017 | 1048 | Response/Memorandum in Opposition by USA as to Alonzo Peters, Damian Barnes re 1047 (p.29240) MOTION to Strike re 528 (p.29151) Information to Establish Prior Conviction , 1046 Second MOTION to Strike *Prior Convictions Included by Government Pursuant to Title 21 U.S.C. 851(a)(1)* (Haller, David) (Entered: 03/14/2017) |
| 03/15/2017 | 1049 | Minute Entry for proceedings held before Judge Jay C. Zainey. Hearing to Establish Prior Convictions held 3/15/17 as to Leroy |

| | | |
|---|---|---|
| | | Price, Alonzo Peters, McCoy Walker, Damian Barnes. (Court Reporter Cathy Pepper.) (jrc) (Entered: 03/15/2017) |
| 03/21/2017 | 1054 (p.29247) | NOTICE OF HEARING as to Curtis Neville, Solomon Doyle, Damian Barnes. Sentencing set for 7/26/2017 10:00 AM before Judge Jay C. Zainey. (jrc) (Entered: 03/21/2017) |
| 03/22/2017 | 1055 | TRANSCRIPT of an Excerpt from the Jury Trial of the Closing Argument of Arthur A. Lemann, IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/20/2017. (rsg) (Entered: 03/22/2017) |
| 03/24/2017 | 1059 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing arguments of Kerry Miller and Daniel Dysart as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/22/2017. (rsg) (Entered: 03/24/2017) |
| 03/27/2017 | 1060 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Myles Ranier as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/26/2017. (rsg) (Entered: 03/27/2017) |
| 03/27/2017 | 1061 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Gaynell Williams as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. |

| | | Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/26/2017. (rsg) (Entered: 03/27/2017) |
|---|---|---|
| 03/27/2017 | 1062 | COURT'S JURY INSTRUCTIONS as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (jrc) (Entered: 03/27/2017) |
| 03/29/2017 | 1063 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Henry P. Julien, Jr. as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/27/2017. (rsg) (Entered: 03/29/2017) |
| 03/30/2017 | 1064 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Eric E. Malveau as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1065 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of John Herr Musser, IV as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for |

17-30610.28923

| | | |
|---|---|---|
| | | 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1066 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Michael Raspanti as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1067 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of David Rozas as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1068 | TRANSCRIPT of an Excerpt from the Jury Trial of the closing argument of Peter G. Strasser as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 6/28/2017. (rsg) (Entered: 03/30/2017) |
| 03/30/2017 | 1069 | ORDER denying 652 Motion to Strike Prior Convictions as to Alonzo Peters and McCoy Walker; denying 1046 Motion to Strike Prior Convictions as to Alonzo Peters; denying 1047 (p.29240) Motion to Strike Prior Convictions as to Damian Barnes. Signed by Judge Jay C. Zainey. (jrc) (Entered: 03/30/2017) |
| 04/19/2017 | 1074 | EXPARTE/CONSENT MOTION to Continue *Deadline for Government's Response to Motions for New Trial and Acquittal* by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine |

| | | |
|---|---|---|
| | | Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes. (Attachments: # 1 Proposed Order)(Ranier, Myles) (Entered: 04/19/2017) |
| 04/19/2017 | 1079 | ORDER granting 1074 Motion to Continue the Deadline for its Responses to the Defendants' Motions for New Trial and Acquittal as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13). It is FURTHER ORDERED that the deadline for the government to respond to the defendants' motions for new trial and acquittal in this matter be continued from Friday, April 21, 2017, to the May 31, 2017. Signed by Judge Jay C. Zainey. (gec) (Entered: 04/19/2017) |
| 04/26/2017 | 1083 (p.29248) | *ERROR: ATTORNEY TO REFILE** Supplemental Memorandum by Damian Barnes re 1031 (p.29218) MOTION for Acquittal *and/or* MOTION for New Trial . (Strasser, Peter) Modified on 4/26/2017 (gec). (Entered: 04/26/2017) |
| 04/26/2017 | 1086 | Correction of Docket Entry by Clerk re 1083 (p.29248) Supplemental Memorandum. Document was filed in error. Filing attorney will refile. (gec) (Entered: 04/26/2017) |
| 04/26/2017 | 1087 (p.29255) | Supplemental Memorandum by Damian Barnes re 1031 (p.29218) MOTION for Acquittal *and/or* MOTION for New Trial (Attachments: # 1 Exhibit)(Strasser, Peter) (Entered: 04/26/2017) |
| 05/17/2017 | 1096 | GOVERNMENT'S Trial Exhibits from trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 2, # 2 Ex 4, # 3 Ex 5, # 4 Ex 6, # 5 Ex 9, # 6 Ex 10, # 7 Ex 11, # 8 Ex 12, # 9 Ex 13, # 10 Ex 22, # 11 Ex 23, # 12 Ex 25, # 13 Ex 26, # 14 Ex 28, # 15 Ex 29, # 16 Ex 31, # 17 Ex 32, # 18 Ex 33, # 19 Ex 34)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1097 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 34B part 2, # 2 Ex 34B part 3, # 3 Ex 34B part 4, # 4 Ex 34B part 5)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1098 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will only be accessible to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 39, # 2 Ex 40, # 3 Ex 41, # 4 Ex 45, # 5 Ex 46, # 6 Ex 47, # 7 Ex 51, # 8 Ex 53, # 9 Ex 57, # 10 Ex 59, # 11 Ex 65, # 12 Ex 66, # 13 Ex 67 part 1, # 14 Ex 67 part 2, # 15 Ex 68, # 16 Ex 69, # 17 Ex 70 part 1, # 18 Ex 70 part 2, # 19 Ex 71, # 20 Ex 72, # 21 Ex 73 part 1, # 22 Ex 73 part 2, # 23 Ex 74, # 24 Ex 75, # 25 Ex 76 part 1, # |

| | | |
|---|---|---|
| | | 26 Ex 76 part 2, # 27 Ex 77, # 28 Ex 78, # 29 Ex 79, # 30 Ex 80, # 31 Ex 81, # 32 Ex 82, # 33 Ex 83, # 34 Ex 84, # 35 Ex 85 part 1, # 36 Ex 85 part 2, # 37 Ex 86, # 38 Ex 87, # 39 Ex 88 part 1, # 40 Ex 88 part 2, # 41 Ex 89, # 42 Ex 90, # 43 Ex 91 part 1, # 44 Ex 91 part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1099 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 17 A, # 2 Ex 18 B, # 3 Ex 18 D, # 4 Ex 18 E)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1100 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 92, # 2 Ex 93, # 3 Ex 94 part 1, # 4 Ex 94 part 2, # 5 Ex 95 A, # 6 Ex 96 A, # 7 Ex 97 A, # 8 Ex 100, # 9 Ex 101, # 10 Ex 102, # 11 Ex 109, # 12 Ex 111 part 1, # 13 Ex 111 part 2, # 14 Ex 112 part 1, # 15 Ex 112 part 2, # 16 Ex 113, # 17 Ex 114, # 18 Ex 115, # 19 Ex 116 part 1, # 20 Ex 116 part 2, # 21 Ex 117, # 22 Ex 118 part 1, # 23 Ex 118 part 2, # 24 Ex 120, # 25 Ex 122 part 1, # 26 Ex 122 part 2, # 27 Ex 123 part 1, # 28 Ex 123 part 2, # 29 Ex 130, # 30 Ex 131 part 1, # 31 Ex 131 part 2, # 32 Ex 132 part 1, # 33 Ex 132 part 2, # 34 Ex 133, # 35 Ex 134 part 1, # 36 Ex 134 part 2, # 37 Ex 134 A part 1, # 38 Ex 134 A part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1101 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 136, # 2 Ex 137, # 3 Ex 139 part 1, # 4 Ex 139 part 2, # 5 Ex 141, # 6 Ex 144 part 1, # 7 Ex 144 part 2, # 8 Ex 145 part 1, # 9 Ex 145 part 2, # 10 Ex 146 part 1, # 11 Ex 146 part 2, # 12 Ex 148 part 1, # 13 Ex 148 part 2, # 14 Ex 149 part 1, # 15 Ex 149 part 2, # 16 Ex 154 part 1, # 17 Ex 154 part 2, # 18 Ex 155 part 1, # 19 Ex 155 part 2, # 20 Ex 155 part 3, # 21 Ex 156, # 22 Ex 157, # 23 Ex 158, # 24 Ex 159 part 1, # 25 Ex 159 part 2, # 26 Ex 160, # 27 Ex 161 part 1, # 28 Ex 161 part 2)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1102 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 162, # 2 Ex 163, # 3 Ex 164, # 4 Ex 165, # 5 Ex 167, # 6 Ex 168, # 7 Ex 169, # 8 Ex 169A, # 9 Ex 170, # 10 Ex 171, # 11 Ex 175, # 12 Ex 176, # 13 Ex 177, # 14 Ex 178, # 15 Ex 180, # 16 Ex 181)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1103 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 183, # 2 Ex |

17-30610.28926

| | | |
|---|---|---|
| | | 185, # 3 Ex 188, # 4 Ex 190, # 5 Ex 191, # 6 Ex 192, # 7 Ex 193, # 8 Ex 195, # 9 Ex 197, # 10 Ex 198, # 11 Ex 199, # 12 Ex 200, # 13 Ex 201, # 14 Ex 202, # 15 Ex 203, # 16 Ex 204, # 17 Ex 206, # 18 Ex 206A, # 19 Ex 207, # 20 Ex 207A, # 21 Ex 208, # 22 Ex 213, # 23 Ex 216, # 24 Ex 218, # 25 Ex 220, # 26 Ex 221, # 27 Ex 222, # 28 Ex 223, # 29 Ex 224, # 30 Ex 225, # 31 Ex 226, # 32 Ex 227, # 33 Ex 228, # 34 Ex 229, # 35 Ex 231, # 36 Ex 232, # 37 Ex 233, # 38 Ex 235, # 39 Ex 238, # 40 Ex 239, # 41 Ex 240, # 42 Ex 241)(jrc) (Entered: 05/17/2017) |
| 05/17/2017 | 1104 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 242 part 1, # 2 Ex 242 part 2, # 3 Ex 242 part 3, # 4 Ex 243, # 5 Ex 253, # 6 Ex 255, # 7 Ex 257, # 8 Ex 258, # 9 Ex 259, # 10 Ex 260, # 11 Ex 261, # 12 Ex 262, # 13 Ex 263, # 14 Ex 267, # 15 Ex 268, # 16 Ex 269, # 17 Ex 270, # 18 Ex 271, # 19 Ex 272, # 20 Ex 273)(jrc) (Entered: 05/17/2017) |
| 05/18/2017 | 1105 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 277 bates 048934-049240, # 2 Ex 278, # 3 Ex 279, # 4 Ex 281, # 5 Ex 288, # 6 Ex 289, # 7 Ex 293, # 8 Ex 295, # 9 Ex 297, # 10 Ex 303, # 11 Ex 304, # 12 Ex 309A, # 13 Ex 309B, # 14 Ex 310 A thru W, # 15 Ex 311A, # 16 Ex 311B, # 17 Ex 311C, # 18 Ex 312, # 19 Ex 313, # 20 Ex 314, # 21 Ex 315, # 22 Ex 316, # 23 Ex 317, # 24 Ex 317A, # 25 Ex 318, # 26 Ex 319, # 27 Ex 321, # 28 Ex 322, # 29 Ex 323)(jrc) (Entered: 05/18/2017) |
| 05/19/2017 | 1106 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 324A, # 2 Ex 324B part 1, # 3 Ex 324B part 2, # 4 Ex 324C, # 5 Ex 324D, # 6 Ex 324E, # 7 Ex 324F, # 8 Ex 324G, # 9 Ex 324H, # 10 Ex 324I part 1, # 11 Ex 324I part 2, # 12 Ex 324I part 3, # 13 Ex 324I part 4)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1107 | GOVERNMENT'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Ex 325, # 2 Ex 327A, # 3 Ex 327B, # 4 Ex 327C, # 5 Ex 327D, # 6 Ex 327E, # 7 Ex 327F, # 8 Ex 327G, # 9 Ex 327H, # 10 Ex 327I, # 11 Ex 327J, # 12 Ex 327K, # 13 Ex 327L, # 14 Ex 327M, # 15 Ex 327N, # 16 Ex 327O, # 17 Ex 327P, # 18 Ex 328, # 19 Ex 329, # 20 Ex 331, # 21 Ex 332, # 22 Ex 333, # 23 Ex 334, # 24 Ex 335, # 25 Ex 336, # 26 Ex 337, # 27 Ex 339, # 28 Ex 340, # 29 Ex 341, # 30 Ex 342)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1108 | |

| | | |
|---|---|---|
| | | JOINT DEFENDANT Trial Exhibit for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1109 | DEFENDANT ALONZO PETERS Trial Exhibit for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1110 | DEFENDANT JASMINE PERRY'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Perry 3, # 2 Perry 4, # 3 Perry 5, # 4 Perry 6, # 5 Perry 7, # 6 Perry 9, # 7 Perry 10, # 8 Perry 11, # 9 Perry 12, # 10 Perry 14, # 11 Perry 15)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1111 | DEFENDANT MCCOY WALKER'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in case. The general public will NOT be able to view this document. (Attachments: # 1 Walker 3)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1112 | DEFENDANT TERRIOUES OWNEY'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Owney 2, # 2 Owney 4)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1113 | DEFENDANT EVANS LEWIS' Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Lewis C, # 2 Lewis D, # 3 Lewis E, # 4 Lewis F, # 5 Lewis G, # 6 Lewis H, # 7 Lewis I, # 8 Lewis J, # 9 Lewis M, # 10 Lewis N, # 11 Lewis O, # 12 Lewis P, # 13 Lewis Q, # 14 Lewis S, # 15 Lewis S1, # 16 Lewis T, # 17 Lewis V, # 18 Lewis W, # 19 Lewis Y)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1114 | DEFENDANT CURTIS NEVILLE'S Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1115 | DEFENDANT DAMIAN BARNES' Trial Exhibits for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (Attachments: # 1 Barnes 2, # 2 Barnes 3, # 3 Barnes 4, # 4 Barnes 5, # 5 Barnes 6, # 6 Barnes 7 A-E, # 7 Barnes 8, # 8 Barnes 9, # 9 Barnes 10, # |

| | | |
|---|---|---|
| | | 10 Barnes 13, # 11 Barnes 14, # 12 Barnes 15)(jrc) (Entered: 05/19/2017) |
| 05/19/2017 | 1117 | DEFENDANT DAMIAN BARNES Trial proffer for trial held on 1/9/17 before Judge Jay C. Zainey. NOTE: This document will be accessible only to the attorneys in the case. The general public will NOT be able to view this document. (jrc) (Entered: 05/19/2017) |
| 05/31/2017 | 1120 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 1082 MOTION for New Trial , 1078 MOTION for New Trial, 1076 Amended MOTION for New Trial , 1036 MOTION for Acquittal , 1039 MOTION for New Trial , 1035 MOTION for New Trial , 1033 MOTION for Acquittal , 1038 MOTION for Acquittal , 1032 MOTION for Acquittal , 1085 Supplemental MOTION for New Trial , 1029 MOTION for New Trial MOTION to Sever Defendant , 1040 MOTION for Acquittal *and* MOTION for New Trial , 1073 MOTION for Leave to File *Motion for New Trial*, 1031 (p.29218) MOTION for Acquittal *and/or* MOTION for New Trial , 1028 MOTION for Acquittal , 1030 MOTION for Acquittal , 1037 MOTION for Acquittal , 1034 MOTION for Acquittal *and/or New Trial* (Attachments: # 1 Attachment A, # 2 Attachment B)(Ranier, Myles) (Entered: 05/31/2017) |
| 06/05/2017 | 1124 | EXPARTE/CONSENT MOTION for Leave to File *Reply to United States Global Memorandum In Opposition To Defendants Motions For Judgment Of Acquittal/New Trial (Rec. Doc. 1120)* by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Attachments: # 1 Proposed Order)(Sothern, William) (Entered: 06/05/2017) |
| 06/06/2017 | 1125 | ORDER granting 1124 Motion for Leave to File Reply. Evans Lewis, Curtis Neville, Ashton Price, Solomon Doyle, Leroy Price, McCoy Walker, Alonzo Peters, Damian Barnes, Jasmine Perry, and Terrioues Owney are granted leave to file their replies, on or before June 21, 2017. Signed by Judge Jay C. Zainey on 6/6/2017. (clc) (Entered: 06/07/2017) |
| 06/21/2017 | 1134 (p.29265) | REPLY TO RESPONSE to Motion by Damian Barnes re 1031 (p.29218) MOTION for Acquittal *and/or* MOTION for New Trial (Strasser, Peter) (Entered: 06/21/2017) |
| 06/21/2017 | 1135 (p.29334) | DRAFT PRESENTENCE INVESTIGATION REPORT as to Damian Barnes. NOTE: This document will only be accessible to the government attorney and the attorney for the applicable defendant. The judge in this case, other defendants and the general public will NOT be able to view this draft document. Parties should submit objections directly to the Probation Office not more than 14 days after the initial disclosure of the |

| | | |
|---|---|---|
| | | presentencing report. (Coleman, Tracy) (Entered: 06/21/2017) |
| 06/22/2017 | 1138 | EXPARTE/CONSENT MOTION for Hearing by Evans Lewis as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes. (Attachments: # 1 Proposed Order)(Sothern, William) (Entered: 06/22/2017) |
| 07/07/2017 | 1142 | Response/Memorandum in Opposition by USA as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes re 1138 MOTION for Hearing (Haller, David) (Entered: 07/07/2017) |
| 07/18/2017 | 1163 | ORDER AND REASONS: DENYING 1034 Motion for Acquittal as to Leroy Price (1); DENYING 1138 Motion for Hearing as to Leroy Price (1), Ashton Price (2), Alonzo Peters (3), Jasmine Perry (4), McCoy Walker (5), Terrioues Owney (6), Evans Lewis (7), Curtis Neville (8), Solomon Doyle (11), Damian Barnes (13); DENYING 1076 Motion for New Trial as to Ashton Price (2); DENYING 1078 Motion for New Trial as to Ashton Price (2); DENYING 1090 Motion for New Counsel as to Ashton Price (2); DENYING 1033 Motion for Acquittal as to Alonzo Peters (3); DENYING 1035 Motion for New Trial as to Jasmine Perry (4); DENYING 1036 Motion for Acquittal as to Jasmine Perry (4); DENYING 1030 Motion for Acquittal as to McCoy Walker (5); DENYING 1028 Motion for Acquittal as to Terrioues Owney (6); DENYING 1029 Motion for New Trial as to Terrioues Owney (6); DENYING 1029 Motion to Sever Defendant as to Terrioues Owney (6); DENYING 1085 Motion for New Trial as to Terrioues Owney (6); DENYING 1040 Motion for Acquittal as to Evans Lewis (7); DENYING 1040 Motion for New Trial as to Evans Lewis (7); DENYING 1037 Motion for Acquittal as to Curtis Neville (8); DENYING 1038 Motion for Acquittal as to Curtis Neville (8); DENYING 1039 Motion for New Trial as to Curtis Neville (8); DENYING 1032 Motion for Acquittal as to Solomon Doyle (11); DENYING 1031 (p.29218) Motion for Acquittal as to Damian Barnes (13); DENYING 1031 (p.29218) Motion for New Trial as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 7/18/2017. (ajn) (Entered: 07/19/2017) |
| 07/19/2017 | 1172 (p.29393) | FINAL PRESENTENCE INVESTIGATION REPORT as to Damian Barnes. NOTE: This document will only be accessible to the District Judge, the government attorney and the attorney for the applicable defendant. Other defendants in the case and the general public will NOT be able to view this document. (Coleman, Tracy) (Entered: 07/19/2017) |
| 07/20/2017 | 1177 (p.29591) | SENTENCING RECOMMENDATION as to Damian Barnes. NOTE: This document will only be accessible to the District Judge. (Coleman, Tracy) (Entered: 07/20/2017) |
| 07/21/2017 | 1179 (p.29271) | |

| | | SENTENCING MEMORANDUM by Damian Barnes (Strasser, Peter) Modified text on 7/24/2017 (ajn). (Entered: 07/21/2017) |
|---|---|---|
| 07/26/2017 | 1204 (p.29282) | Minute Entry for proceedings held before Judge Jay C. Zainey: Sentencing held on 7/26/2017 for Damian Barnes (13), Count(s) 1, 2, 29, 3, 30, 31s, 32s, Dismissed 7/26/2017; Count(s) 1s, 2s, 3s, Sentenced 7/26/2017. (Court Reporter Toni Tusa.) (ajn) (Entered: 07/26/2017) |
| 07/26/2017 | 1222 (p.29287) | JUDGMENT as to Damian Barnes (13), Count(s) 1, 2, 29, 3, 30, 31s, 32s, Dismissed 7/26/2017; Count(s) 1s, 2s, 3s, Sentenced 7/26/2017. Signed by Judge Jay C. Zainey on 7/31/2017. (ajn) (Entered: 07/31/2017) |
| 07/27/2017 | 1208 (p.29283) | EXPARTE/CONSENT MOTION to Withdraw as Attorney *and Substitute Counsel of Record* by Peter G. Strasser and Amy L. McIntire. by Damian Barnes. (Attachments: # 1 Proposed Order)(Strasser, Peter) (Entered: 07/27/2017) |
| 07/27/2017 | 1209 (p.29286) | NOTICE OF APPEAL re 1222 (p.29287) Judgment by Damian Barnes (CJA or FPD appointment - Filing Fee not required) (Strasser, Peter) Modified on 7/31/2017 (my). (Entered: 07/27/2017) |
| 07/31/2017 | 1223 (p.29293) | ORDER granting 1208 (p.29283) Motion to Withdraw as Attorney, Peter G. Strasser and Amy L. McIntire as to Damian Barnes (13). Signed by Judge Jay C. Zainey on 7/28/2017. (ajn) (NEF: FPD) (Entered: 07/31/2017) |
| 08/21/2017 | 1255 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Cathy Pepper noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1256 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Jodi Simcox noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |

| | | |
|---|---|---|
| 08/21/2017 | 1257 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1258 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on See Attachment re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Lanie Smith noticed) (Attachments: # 1 List of Requested Transcripts)(Raspanti, Joseph) (Entered: 08/21/2017) |
| 08/21/2017 | 1259 | APPEAL TRANSCRIPT REQUEST by Curtis Neville as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes by Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, Damian Barnes for proceedings held on 07/26/2017 re 1206 Notice of Appeal - Other. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Raspanti, Joseph) (Entered: 08/21/2017) |
| 09/08/2017 | 1307 (p.29294) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on 7/26/2017 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Toni Tusa noticed) (Strasser, Peter) (Entered: 09/08/2017) |
| 09/08/2017 | 1308 (p.29295) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on 10/6/2016 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Strasser, Peter) (Main Document 1308 replaced on 9/11/2017) (ajn). (Entered: 09/08/2017) |
| 09/08/2017 | 1309 (p.29296) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on January 9-13, 2017 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Cathy Pepper noticed) (Strasser, Peter) (Main |

| | | |
|---|---|---|
| | | Document 1309 replaced on 9/11/2017) (ajn). (Entered: 09/08/2017) |
| 09/08/2017 | 1310 (p.29298) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on January 17-20, 2017; January 23-26, 2017 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Karen Ibos noticed) (Strasser, Peter) (Main Document 1310 replaced on 9/11/2017) (ajn). (Entered: 09/08/2017) |
| 09/08/2017 | 1311 (p.29299) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on January 30, 2017 through February 2, 2017 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Jodi Simcox noticed) (Strasser, Peter) (Main Document 1311 replaced on 9/11/2017) (ajn). (Entered: 09/08/2017) |
| 09/08/2017 | 1312 (p.29300) | APPEAL TRANSCRIPT REQUEST by Damian Barnes for proceedings held on February 6-10, 2017; February 13, 2017; February 22, 2017 re 1209 (p.29286) Notice of Appeal - Final Judgment. (Transcript(s) ordered) (Court Reporter Lanie Smith noticed) (Strasser, Peter) (Main Document 1312 replaced on 9/11/2017) (ajn). (Entered: 09/08/2017) |
| 09/21/2017 | 1355 | APPEAL TRANSCRIPT of Jury Trial Day 19 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 6, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1356 | APPEAL TRANSCRIPT of Jury Trial-Day 20 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 7, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1358 | APPEAL TRANSCRIPT of Jury Trial-Day 21 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 8, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone |

| | | | |
|---|---|---|---|
| | | | number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1359 | | APPEAL TRANSCRIPT of Jury Trial-Day 22 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1360 | | APPEAL TRANSCRIPT of Jury Trial-Day 24 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1361 | | APPEAL TRANSCRIPT of Jury Trial-Day 26 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 15, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Main Document 1361 replaced on 9/21/2017) (rsg). (Entered: 09/21/2017) |
| 09/21/2017 | 1362 | | APPEAL TRANSCRIPT of Jury Trial-Day 23 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court |

| | | |
|---|---|---|
| | | public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/21/2017 | 1363 | APPEAL TRANSCRIPT of Jury Trial-Day 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 12, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/20/2017. (rsg) (Entered: 09/21/2017) |
| 09/22/2017 | 1365 | APPEAL TRANSCRIPT of Jury Trial/Motion Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 19, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/22/2017 | 1366 | APPEAL TRANSCRIPT of Jury Trial-Day 25 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 14, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/22/2017 | 1367 | APPEAL TRANSCRIPT of Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 14, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/21/2017. (rsg) (Entered: 09/22/2017) |
| 09/25/2017 | 1369 | APPEAL TRANSCRIPT of Jury Trial-Day 28 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 22, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Lanie Smith, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 12/26/2017. (rsg) (Entered: 09/25/2017) |
| 10/02/2017 | 1373 | APPEAL TRANSCRIPT of Jury Trial-Day 6 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 17, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1374 | APPEAL TRANSCRIPT of Jury Trial-Day 7 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 18, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1375 | APPEAL TRANSCRIPT of Jury Trial-Day 8 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 19, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a |

| | | |
|---|---|---|
| | | Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1376 | APPEAL TRANSCRIPT of Jury Trial-Day 9 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 20, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1377 | APPEAL TRANSCRIPT of Jury Trial-Day 10 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 23, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1378 | APPEAL TRANSCRIPT of Jury Trial-Day 11 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 24, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/02/2017 | 1379 | APPEAL TRANSCRIPT of Jury Trial-Day 12 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 25, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 5. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |

| | | |
|---|---|---|
| 10/02/2017 | 1380 | APPEAL TRANSCRIPT of Jury Trial-Day 13 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 26, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/02/2017) |
| 10/04/2017 | 1381 | APPEAL TRANSCRIPT of Jury Trial Day 1 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1382 | APPEAL TRANSCRIPT of Jury Trial Day 2 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 10, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1383 | APPEAL TRANSCRIPT of Jury Trial Day 3 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 11, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | 1384 | APPEAL TRANSCRIPT of Jury Trial Day 4 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, |

| | | |
|---|---|---|
| | | Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 12, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/04/2017 | [1385](#) | APPEAL TRANSCRIPT of Jury Trial Day 5 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 13, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7782. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/2/2018. (rsg) (Entered: 10/04/2017) |
| 10/05/2017 | [1386](#) | APPEAL TRANSCRIPT of Motion Hearing as to Leroy Price, Alonzo Peters, McCoy Walker, Damian Barnes held on March 15, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Cathy Pepper, Telephone number 504-589-7779. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/3/2018. (rsg) (Entered: 10/05/2017) |
| 10/18/2017 | [1394](#) | APPEAL TRANSCRIPT of an Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 6, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Entered: 10/18/2017) |
| 10/18/2017 | [1395](#) | APPEAL TRANSCRIPT of an Excerpt from the Jury Trial as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 6, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be |

| | | |
|---|---|---|
| | | viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Entered: 10/18/2017) |
| 10/18/2017 | 1396 | APPEAL TRANSCRIPT of Restitution Hearing as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on September 9, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Karen Ibos, Telephone number 504-589-7776. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/16/2018. (rsg) (Main Document 1396 replaced on 10/18/2017) (rsg). (Entered: 10/18/2017) |
| 10/31/2017 | 1403 | APPEAL TRANSCRIPT of Jury Trial Day 14 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 30, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1404 | APPEAL TRANSCRIPT of Jury Trial Day 15 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on January 31, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1405 | APPEAL TRANSCRIPT of Jury Trial Day 16 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 1, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court |

| | | |
|---|---|---|
| | | Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1406 | APPEAL TRANSCRIPT of Jury Trial Day 17 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 2, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 10/31/2017 | 1407 | APPEAL TRANSCRIPT of Jury Trial Day 18 as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on February 3, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Jodi Simcox, Telephone number 504-589-7780. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 1/29/2018. (rsg) (Entered: 10/31/2017) |
| 11/14/2017 | 1420 (p.29301) | EXPARTE/CONSENT MOTION to Substitute Attorney *on Appeal, and Incorporated Memorandum* by Damian Barnes. (Attachments: # 1 Proposed Order)(Strasser, Peter) (Entered: 11/14/2017) |
| 11/15/2017 | 1421 (p.29304) | ORDER granting 1420 (p.29301) Motion to Substitute Amy McIntire in place of Peter Strasser as to Damian Barnes (13) in the appeal of this matter. Signed by Judge Jay C. Zainey. (jrc) (Entered: 11/15/2017) |
| 11/28/2017 | 1423 (p.29305) | APPEAL TRANSCRIPT of Sentencing Hearing as to Damian Barnes held on July 26, 2017 before Judge Jay C. Zainey. Court Reporter/Recorder Toni Tusa, Telephone number 504-589-7778. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 2/26/2018. (rsg) (Entered: 11/28/2017) |
| 12/12/2017 | 1429 | APPEAL TRANSCRIPT of Status Conference as to Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, |

| | | Terrioues Owney, Evans Lewis, Curtis Neville, Solomon Doyle, Damian Barnes held on July 18, 2016 before Judge Jay C. Zainey. Court Reporter/Recorder Donna Goree. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Parties have 21 days from the filing of this transcript to file with the Court a Redaction Request. Release of Transcript Restriction set for 3/12/2018. (rsg) (Entered: 12/12/2017) |
| --- | --- | --- |

USA v. Price et al (2:15-cr-00154-JCZ-DEK)

# Tab 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
|---|---|---|
| VERSUS | * | NO. 15-154 |
| DAMIAN BARNES | * | SECTION: A |

*     *     *     *     *     *     *

## NOTICE OF APPEAL

Notice is hereby given that the defendant Damian Barnes appeals to the United States Court of Appeals for the Fifth Circuit from the judgment of conviction and sentence announced on July 26, 2017 in the above captioned case. The defendant respectfully moves this Honorable Court for an Order of Appeal, returnable on a date to be fixed by this Honorable Court.

Respectfully submitted,

 */s/ Peter G. Strasser*
Peter G. Strasser, #19169
Amy McIntire, #35241
CHAFFE McCALL, L.L.P.
1100 Poydras Street
2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  504.585.7231
Facsimile:   504.585.7075
E-mail:  strasser@chaffe.com
*Attorneys for Defendant Damian Barnes*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

 */s/ Peter G. Strasser*

# Tab 3

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2015 JUN 12  PH 3: 52

WILLIAM W. BLEVINS
CLERK

**FELONY**

**SEALED**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

## INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND FOR THE COMMISSION OF MURDER AND OTHER VIOLENT CRIMES IN AID OF RACKETEERING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 15 - 154** |
| | | |
| **v.** | * | **SECTION:** "" |
| | * | **VIOLATION:** **SECT. A   MAG. 3** |
| **LEROY PRICE** | | 18 U.S.C. § 1962(d) |
|    aka "Lee" | | 18 U.S.C. § 1959 |
| **ASHTON PRICE** | | 18 U.S.C. § 924(o) |
|    aka "Pound" | * | 18 U.S.C. § 924(j) |
| **ALONZO PETERS** | | 18 U.S.C. § 924(c)(1)(A) |
|    aka "Woo-die" | | 21 U.S.C. § 841 |
| **JASMINE PERRY** | | 21 U.S.C. § 846 |
|    aka "J-Real" | * | 18 U.S.C. § 1513(a)(1)(B) |
|    aka "Rell" | | 18 U.S.C. § 2 |
| **McCOY WALKER** | * | |
|    aka "Rat" | | |
| **TERRIOUES OWNEY** | | |
|    aka "T-Red" | | |
| **EVANS LEWIS** | | |
|    aka "Easy" | | |
| **CURTIS NEVILLE** | * | |
|    aka "Pooney" | | |
|    aka "Poonie" | | |
| **RICO JACKSON** | | |
|    aka "Freaky" | * | |
| **TYRONE KNOCKUM** | | |
|    aka "T-Bone" | | |
| | * | |

___Fee _USA_
___Process _____
_X_ Dktd _____
___CtRmDep_____
___Doc. No._____

17-30610.51

SOLOMON DOYLE
    aka "Black
    aka "Sol"               *
WASHINGTON McCASKILL
    aka "Big Wash"
DAMIAN BARNES
    aka "AD"        *     *     *

The Grand Jury charges that:

## COUNT 1
(Racketeer Influenced and Corrupt Organizations Conspiracy)

### General Allegations

1.    At all relevant times, defendants, **LEROY PRICE,** aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **EVANS LEWIS**, aka "Easy," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black," aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," **DAMIAN BARNES**, aka "AD," and others known and unknown to the Grand Jury, were members and associates of an organization engaged in, among other things, conspiracy to distribute controlled substances, distribution of controlled substances, murder, conspiracy to commit murder, attempted murder, and obstruction of justice. At all relevant times, this organization operated in the Eastern District of Louisiana.

2.    This organization, known as the "39ers," was formed through an alliance between the "G-Strip gang," which operated in the Ninth Ward on Gallier Street, and the "3NG" gang, which operated on or near the corner of Third Street and Galvez Street in the City of New Orleans.

2

The 39ers controlled the drug trade in these areas and committed acts of violence against rival drug gangs throughout the City.

## The Racketeering Enterprise

3.      The 39ers, including its leadership, membership, and associates, constitute an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise engaged in, and its activities affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

4.      The purposes of the enterprise include, but are not limited to, the following:

    a.      Enriching the members and associates of the enterprise through, among other things, the control of and participation in the illegal distribution of controlled substances in the territory controlled by the enterprise;

    b.      Enriching the members and preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, and threats of violence, including assault, murder, and attempted murder;

    c.      Promoting and enhancing the activities and authority of the enterprise and its members and associates;

    d.      Keeping victims, potential victims, and witnesses in fear of the enterprise and in fear of its members and associates through violence and threats of violence;

3

e.     Providing financial support and information to members and associates of the enterprise, including but not limited to those who were incarcerated, for committing acts of violence, illegal possession and distribution of controlled substances, and other offenses, and;

f.     Providing assistance to members and associates of the enterprise who committed crimes for and on behalf of the enterprise in order to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and prosecuting the offender or offenders.

### Means and Methods of the Enterprise

5.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise, included but were not limited to, the following:

a.     Members of the enterprise sold large amounts of heroin as well as cocaine base throughout the city of New Orleans, and especially in the Ninth Ward and Uptown neighborhoods of New Orleans.

b.     Members of the enterprise and their associates possessed and utilized firearms to prevent competition from other drug dealers in and around the geographic area utilized and controlled by the conspirators.

c.     Members of the enterprise and their associates possessed and utilized firearms in order to protect their illegal drug trafficking in and around the geographic area utilized and controlled by the conspirators.

d.     Members of the enterprise and their associates committed shootings, various firearms offenses, and violent acts, including but not limited to murder, attempted

4

murder, aggravated battery, illegal possession of a firearms, and aggravated assault, in order to maintain and advance the goals of the enterprise, the individual conspirator's role within the enterprise, and to control the specific geographic area utilized and controlled by the conspirators.

e.   Members of the enterprise and their associates promoted a climate of fear in local communities through violence and threats of violence.

f.   Members of the enterprise and their associates committed, attempted, and threatened to commit acts of violence, in an effort to obstruct justice and thwart police investigations.

g.   Members of the enterprise and their associates maintained and circulated a collection of numerous firearms for use in criminal activity by other co-conspirators.  They gave two of their favorite firearms nicknames. They also maintained at least one .223 caliber assault weapon, which they referred to as "Monkey Nuts," because of the double drum magazine which was attached to the weapon and which held approximately 100 hundred rounds of ammunition.

h.   Members of the enterprise and their associates used telephones to give directions and advice to each other in an effort to circumvent the criminal justice system, obstruct justice, illegally distribute controlled substances, illegally possess firearms, attempt to intimidate witnesses, and to impose discipline on members of the conspiracy who may have acted in a reckless manner by bringing unwanted attention by law enforcement officials to the members of the conspiracy.

i.   Members of the enterprise and their associates bragged about their illegal activity, such as their illegal possession and use of firearms, murder, and attempted murder

5

to each other in an effort to maintain or increase their position in the enterprise.

j.    Members of the enterprise and their associates used numerous vehicles, including rented vehicles and stolen vehicles, to distribute illegal drugs, to commit numerous drive-by shootings, and to commit murders.

k.    Members of the enterprise would travel from New Orleans, Louisiana, with large amounts of cash money to Houston, Texas, and purchase kilogram quantities of heroin. Members of the enterprise would transport the purchased heroin back to New Orleans, Louisiana, on a bus.

l.    Members of the enterprise rented a property in coastal Mississippi to use as a hideout and to store cash profits from the enterprise's heroin sales.

m.    Members of the enterprise and their associates targeted and retaliated against rival drug dealers and members of several rival drug gangs, included but not limited to a gang identified as "Ride or Die" from the Eighth Ward; a gang associated with the Desire Housing Development; and a gang associated with the Calliope Housing Development.

### Roles of the Defendants

6.    The members of the enterprise would and did occupy the following roles, among others, in the enterprise:

a.    Unindicted co-conspirators *Merle Offray* and *Darryl Franklin, aka "Brother,"* were leaders of this enterprise and acted as the main suppliers of heroin to the other members of the enterprise. They also provided advice to the members on how not to get arrested by the police and provided the members of the enterprise a safe haven to store the drugs and firearms that belonged to the members of the

6

enterprise. They also directed members of the enterprise to commit murders and shootings and participated in some of the murders themselves.

b.     Unindicted co-conspirator *Gregory Stewart, aka "Rabbit,"* was also a leader of the enterprise. He participated in the illegal distribution of heroin and in multiple murders and attempted murders that were committed with other members of the 39ers.

c.     Defendants **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **EVANS LEWIS**, aka "Easy," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black," aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," **DAMIAN BARNES**, aka "AD," acted as illegal drug distributors and gunmen for the enterprise.

### The RICO Conspiracy Charge

7.     Beginning on a date unknown, but prior to June 2009, and continuing to on or about the date of the return of this indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **EVANS LEWIS**, aka "Easy," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black," aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," **DAMIAN BARNES**, aka "AD," and others known and

17-30610.57

unknown to the Grand Jury, being persons employed by and associated with the criminal enterprise, which enterprise engaged in and the activities of which affected interstate and foreign commerce, unlawfully and knowingly combined, conspired and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving:

    a.    Murder, in violation of Title 14, Louisiana Revised Statutes, Sections 30.1, and Sections 24 (Principals), 26 (Criminal Conspiracy), and 27 (Attempt);

multiple acts indictable under:

    b.    Title 18, United States Code Section 1513 (retaliation against an informant); and,

    c.    multiple acts involving illegal distribution of controlled substances, including heroin and cocaine base ("crack"), in violation of Title 21, United States Code Sections 841 and 846;

8.    It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants **LEROY PRICE,** aka "Lee," **ASHTON PRICE,** aka "Pound," **ALONZO PETERS,** aka "Woo-dee," **JASMINE PERRY,** aka "J-Real," aka "Rell," **McCOY WALKER,** aka "Rat," **TERRIOUES OWNEY,** aka "T-Red," **EVANS LEWIS,** aka "Easy," **CURTIS NEVILLE,** aka "Pooney," aka "Poonie," **RICO JACKSON,** aka "Freaky," **TYRONE KNOCKUM,** aka "T-Bone," **SOLOMON DOYLE,** aka "Black," aka "Sol," **WASHINGTON McCASKILL,** aka

8

"Big Wash," **DAMIAN BARNES**, aka "AD," and others known and unknown to the Grand Jury, committed various overt acts, on or about the following times and dates, in the Eastern District of Louisiana and elsewhere, including but not limited to the following:

(1)     In late 2009 Gregory Stewart and Darryl Franklin, both members of the G-strip gang, started supplying members of the 3NG gang with heroin for retail sale.

(2)     In early 2010 members of the G-Strip and 3NG gangs combined and became known as the 39ers.

(3)     Beginning on a date unknown, but prior June 2009, and continuing to on or about the date of the return of this indictment, members of the 39ers would travel from New Orleans, Louisiana, to Houston, Texas, to purchase kilogram quantities of heroin.   A member of the 39ers would then travel from Houston, Texas, in possession of the newly-purchased kilogram quantities of heroin, back to New Orleans, Louisiana, on a bus.

(4)     On a date unknown, but after June 2009, **SOLOMON DOYLE**, aka "Black," aka "Sol," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(5)     On a date unknown, but after June 2009, **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(6)     On a date unknown, but after June 2009, **McCOY WALKER**, aka "Rat," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(7)     On a date unknown, but after June 2009, **JASMINE PERRY**, aka "J-Real," aka

17-30610.59

"Rell," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(8)     On a date unknown, but after June 2009, **ASHTON PRICE**, aka "Pound," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(9)     On a date unknown, but after June 2009, **EVANS LEWIS**, aka "Easy," made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

(10)   On or about January 6, 2010, **ALONZO PETERS**, aka "Woo-dee," illegally possessed a quantity of cocaine in New Orleans, Louisiana.

(11)   On or about February 22, 2010, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," and **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart shot and killed Kendall Faibvre, who was believed to be an associate of the Desire Housing Project gang.

(12)   On or about March 3, 2010, **McCOY WALKER**, aka "Rat" shot and wounded Elton Williams and Quiniece Noble as they rode in a vehicle that **WALKER** believed belonged to a rival drug dealer associated with the Desire Housing Project gang.

(13)   On or about April 5, 2010, **ASHTON PRICE**, aka "Pound," illegally possessed a firearm in New Orleans, Louisiana.

(14)   On or about April 7, 2010, **ALONZO PETERS**, aka "Woo-dee," illegally possessed a firearm in New Orleans, Louisiana.

(15)   On or about May 11, 2010, **ASHTON PRICE**, aka "Pound," and Gregory

10

17-30610.60

Stewart shot and killed Rayshon Jones, who was believed to be an associate of the Ride or Die gang.

(16) On or about May 19, 2010, **LEROY PRICE**, aka "Lee," **EVANS LEWIS**, aka "Easy," **TERRIOUES OWNEY**, aka "T-Red," and **McCOY WALKER**, aka "Rat," and Gregory Stewart shot and killed Lester Green and shot and wounded Jamal Smith, who were believed to be associated with the Calliope Housing Project gang.

(17) On or about May 27, 2010, **LEROY PRICE**, aka "Lee," conducted surveillance on Donald Daniels. **PRICE** provided information concerning the location of Donald Daniels to Gregory Stewart and **TERRIOUES OWNEY**, aka "T-Red." **TERRIOUES OWNEY**, aka "T-Red," shot and killed Donald Daniels, an associate of the Desire Housing Project gang.

(18) Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **TYRONE KNOCKUM**, aka "T-Bone," one ounce of heroin for $2,000.00 approximately one time per week.

(19) Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **DAMIAN BARNES**, aka "AD," seven grams of heroin for $500.00 approximately two times per week.

(20) Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **RICO JACKSON**, aka "Freaky," four ounces of heroin for $8,000.00 approximately two times per month.

(21) Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **McCOY WALKER**, aka "Rat," two ounces of heroin for $4,000.00

11

on approximately ten occasions.

(22)  Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart occasionally distributed heroin in one ounce quantities to **WASHINGTON McCASKILL**, aka "Big Wash."

(23)  Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart occasionally distributed four ounces of heroin to **LEROY PRICE**, aka "Lee."

(24)  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen gram quantities to **ASHTON PRICE**, aka "Pound," every week.  Gregory Stewart would pay **ASHTON PRICE**, aka "Pound," approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

(25)  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen gram quantities to **EVANS LEWIS**, aka "Easy," every week.   Gregory Stewart would pay **EVANS LEWIS**, aka "Easy," approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

(26)  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed one ounce of heroin to **JASMINE PERRY**, aka "J-Real," aka "Rell," every week.

(27)  Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed 14 grams of heroin to **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," multiple times per week.

12

(28)   Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **ALONZO PETERS**, aka "Woo-dee," on approximately five occasions.

(29)   During the course of the conspiracy, **ALONZO PETERS**, aka "Woo-dee," rented hotel rooms in Metairie, Louisiana, to facilitate members of the 39ers in distributing heroin.

(30)   Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **SOLOMON DOYLE**, aka "Black," aka "Sol," approximately two times per month.

(31)   On or about August 26, 2010, **ALONZO PETERS**, aka "Woo-dee," illegally possessed a stolen firearm in New Orleans, Louisiana.

(32)   On or about September 17, 2010, **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," shot and killed Hansel Picard in New Orleans, Louisiana.

(33)   On or about October 11, 2010, **LEROY PRICE**, aka "Lee," drove a vehicle that was occupied by Gregory Stewart and **TERRIOUES OWNEY**, aka "T-Red." They followed a vehicle being driven by Elton Fields with the intent to kill Fields, who was associated with the Desire Housing Project gang. They approached the vehicle that was driven by Fields. Stewart and **OWNEY** shot and killed Fields.

(34)   On or about December 20, 2010, **TYRONE KNOCKUM**, aka "T-Bone," **TERRIOUES OWNEY**, aka "T-Red," while armed with an AK-47 assault weapon, **RICO JACKSON**, aka "Freaky," while armed with a Norinco 7.62x39mm assault weapon bearing serial number 8072906P, **McCOY WALKER**, aka "Rat," while armed with Glock Model 19, 9mm semi-automatic

13

handgun, and Gregory Stewart while armed with a Glock model 27, .40 caliber semi-automatic handgun bearing serial number KKL549 shot and killed Jerome Hampton, aka "Man Man," an associate of the Calliope Housing Project gang, and Renetta Lowe, aka "Magnolia Shorty."

(35)     On or about February 19, 2011, Darryl Franklin, **ASHTON PRICE**, aka "Pound" and **JASMINE PERRY**, aka "J-Real, aka "Rell," were driving in a vehicle together when they spotted Terrance Dennis, who was an associate of the Ride or Die Gang, near the 2300 block of North Galvez Street. **ASHTON PRICE**, aka "Pound," directed **JASMINE PERRY,** aka "J-Real, aka "Rell," to get out of the vehicle and shoot Dennis.   **JASMINE PERRY** exited the vehicle with a Bushmaster .223 assault rifle bearing serial number BFI590140 and referred to by other 39er gang members as "Monkey Nuts," chased Dennis down the street, and shot and killed him.

(36)     On or about February 20, 2011, **JASMINE PERRY**, aka "J-Real, aka "Rell," while armed with a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," while armed with a Norinco 7.62x39mm assault rifle bearing serial number 8072906P, **EVANS LEWIS**, aka "Easy," while armed with a .410 gauge handgun, **SOLOMON DOYLE**, aka "Black," aka "Sol," while armed with Glock Model 23, .40 caliber semi-automatic handgun with bearing serial number MVN115, and Gregory Stewart, while armed with a Bushmaster .223 assault rifle bearing serial number BFI590140 ("Monkey Nuts") shot and killed Littlejohn Haynes in New Orleans, Louisiana.

14

(37)   On or about February 20, 2011, **ASHTON PRICE**, aka "Pound," illegally possessed a firearm in New Orleans, Louisiana.

(38)   On or about March 22, 2011, **SOLOMON DOYLE** and unindicted co-conspirator Parnell Watts were found by members of the Jefferson Parish Sheriff's Office to be in possession of mannitol, a chemical substance used to "cut" heroin.  Gregory Stewart had requested the "cut" to be delivered in order to prepare a quantity of heroin for distribution.

(39)   On or about March 22, 2011, **SOLOMON DOYLE** was found in possession of a room key to room 239 of the Days Inn hotel in Metairie, Louisiana, by members of the Jefferson Parish Sheriff's Office.  Calls intercepted on a Title III wiretap on March 21 and 22, 2011, revealed that **EVANS LEWIS** had been in the Days Inn hotel room and told Gregory Stewart that the "cut" was in the room so that he could arrange for someone to pick up the "cut" and bring it to Gregory Stewart, who was planning to use it to prepare the nine ounces of heroin for unindicted co-conspirator Montreal Delaney.

(40)   On or about March 24, 2011 at 12:30 p.m., Gregory Stewart called **JASMINE PERRY**, aka "J-Real, aka "Rell," and directed **PERRY, EVANS LEWIS**, aka "Easy," and **ASHTON PRICE**, aka "Pound," to find **RICO JACKSON**, aka "Freaky," in an effort to obtain a quantity of heroin from him.

(41)   On or about March 24, 2011 at approximately 1:00 p.m., Stewart told **JASMINE PERRY**, aka "J-Real, aka "Rell," that **RICO JACKSON**, aka "Freaky," wanted "5 racks" or $5,000 for the heroin.

17-30610.65

(42)   On a date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER,** aka "Rat."

(43)   On another date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER,** aka "Rat."

(44)   On or about April 28, 2011, Gregory Stewart, **WASHINGTON McCASKILL,** aka "Big Wash," and **DAMIEN BARNES,** aka "AD," shot and killed Floyd Moore, who was believed to be an associate of the Calliope Housing Project gang, with Bushmaster .223 caliber assault rifle bearing serial number BFI590140 and an AK-47 assault weapon.

(45)   On or about May 22, 2011, **WASHINGTON McCASKILL,** aka "Big Wash, " **JASMINE PERRY,** aka "J-Real, aka "Rell," **CURTIS NEVILLE,** aka "Pooney" aka "Poonie," shot and wounded Albert Hardy, Kelvin Baham, and Carrie Henry.

(46)   On or about May 24, 2011, at Gregory Stewart's direction, **JASMINE PERRY,** aka "J-Real, aka "Rell," while armed with a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and Evans Lewis, while armed with a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, shot and killed Gregory Keys and wounded Kendrick Smothers.

(47)   On or about May 27, 2011, **CURTIS NEVILLE,** aka "Poonie," possessed four digital scales, part of a "jack" used to compress heroin, plastic containers with heroin residue, several baggies of heroin packaged for retail sale, two firearms, a loaded magazine, a blender and sifter with heroin residue, and a bottle of mannitol, a known cutting agent, at his residence located at 1809 Desire Street in

17-30610.66

New Orleans.

(48)   On or about July 14, 2011, **RICO JACKSON**, aka "Freaky," illegally possessed a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, in New Orleans, Louisiana.

(49)   On or about August 11, 2011, **ALONZO PETERS**, aka "Woo-dee," illegally possessed with the intent to distribute a quantity of heroin in New Orleans, Louisiana.

(50)   On or about August 30, 2011, **LEROY PRICE**, aka "Lee," illegally possessed a firearm in New Orleans, Louisiana.

(51)   On or about September 10, 2011, **ASHTON PRICE**, aka "Pound," **LEROY PRICE**, aka "Lee," and **WASHINGTON McCASKILL**, aka "Big Wash," learned that Michael Marshall was cooperating with Drug Enforcement Agency (D.E.A.) agents and agreed to kill Michael Marshall for a sum of money.

(52)   On or about September 11, 2011, **LEROY PRICE**, aka "Lee," learned that Michael Marshall was living in New Orleans East and started conducting surveillance on him.

(53)   On or about September 14, 2011, **WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," and **ASHTON PRICE**, aka "Pound," were in a red Toyota Corolla that was driven by **LEROY PRICE**. They followed Michael Marshall to his place of employment, located at 1741 Poland Avenue in New Orleans, Louisiana. **WASHINGTON McCASKILL**, aka "Big Wash," while armed with a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and **ASHTON PRICE**, aka "Pound," while armed with a

17

Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, exited the red Toyota Corolla and shot and killed Michael Marshall as Marshall attempted to exit his vehicle. **WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," and **ASHTON PRICE**, aka "Pound," fled the scene of the murder in the red Toyota Corolla.

(54)    On or about December 2, 2011, **WASHINGTON McCASKILL**, aka "Big Wash," stored a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115 and a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447 at his residence, both of which were used in several shootings and murders committed by members and associates of the 39ers.

(55)    On or about March 8, 2012, **ASHTON PRICE**, aka "Pound," illegally possessed a Glock Model 27 .40 caliber semi-automatic handgun bearing serial number RUD679 in New Orleans, Louisiana.

All in violation of Title 18, United States Code, Section 1962(d).

## SPECIAL SENTENCING ALLEGATIONS REGARDING COUNT ONE

**The Grand Jury further alleges with regard to certain offenses described in Count One that:**

1.    On or about February 22, 2010, in the Eastern District of Louisiana, the defendants, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," and **JASMINE PERRY**, aka "J-Real," aka "Rell," with the specific intent to kill and to inflict great bodily harm, did murder Kendall Faibvre, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

2.    On or about May 11, 2010, in the Eastern District of Louisiana, the defendant, **ASHTON**

18

**PRICE**, aka "Pound," with the specific intent to kill and to inflict great bodily harm, did murder Rayshon Jones, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

3.      On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE**, aka "Lee," **EVANS LEWIS**, aka "Easy," **TERRIOUES OWNEY**, aka "T-Red," and **McCOY WALKER**, aka "Rat," with the specific intent to kill and to inflict great bodily harm, did murder Lester Green, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

4.      On or about May 27, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE**, aka "Lee," and  **TERRIOUES OWNEY**, aka "T-Red," with the specific intent to kill and to inflict great bodily harm, did murder Donald Daniels, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

5.      On or about September 17, 2010, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," with the specific intent to kill and to inflict great bodily harm, did murder Hansel Picard, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

6.      On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE**, aka "Lee," and **TERRIOUES OWNEY**, aka "T-Red," with the specific intent to kill and to inflict great bodily harm, did murder Elton Fields, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

7.      On or about December 20, 2010, in the Eastern District of Louisiana, the defendants, **TERRIOUES OWNEY**, aka "T-Red," **RICO JACKSON**, aka "Freaky," **McCOY WALKER**, aka "Rat," and **TYRONE KNOCKUM**, aka "T-Bone," with the specific intent to kill and to

17-30610.69

inflict great bodily harm, did murder Jerome Hampton and Renetta Lowe, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

8.      On or about February 19, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY**, aka "J-Real, aka "Rell," with the specific intent to kill and to inflict great bodily harm, did murder Terrance Dennis, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

9.      On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **EVANS LEWIS**, aka "Easy," and **SOLOMON DOYLE**, aka "Black," aka "Sol," with the specific intent to kill and to inflict great bodily harm, did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

10.     On or about April 28, 2011 in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," and **DAMIEN BARNES** aka "AD," with the specific intent to kill and to inflict great bodily harm, did murder Floyd Moore, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

11.     On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY**, aka "J-Real, aka "Rell," with the specific intent to kill and to inflict great bodily harm, did murder Gregory Keys, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

12.     On or about September 14, 2011 in the Eastern District of Louisiana, the defendants,

20

**WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," and **ASHTON PRICE**, aka "Pound," with the specific intent to kill and to inflict great bodily harm, did murder Michael Marshall, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

## COUNT 2
(Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **McCOY WALKER**, aka "Rat," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **WASHINGTON McCASKILL**, aka "Big Wash," and **DAMIAN BARNES**, aka "AD," did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, Schedule I and II drug controlled substances, respectively, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT 3
(Conspiracy to Use Firearms to Further Drug Trafficking Crimes and Crimes of Violence)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie,"

17-30610.71

**RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black, aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," and **DAMIAN BARNES**, aka "AD," did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to use, carry, brandish, and discharge firearms during and in relation to and possessed firearms in furtherance of a federal crime of violence, to wit: a conspiracy to violate the Racketeering Influenced Corrupt Organization Act in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(o).

<u>**COUNT 4**</u>
(Murder of Kendall Faibvre in Aid of Racketeering)

1.     At all times relevant to this Indictment, the enterprise as more fully described in Paragraphs 1 through 6 of Count 1 of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.     At all times relevant to this Indictment, the above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States

22

Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in violation of Title 14, Louisiana Revised Statutes, Section 30.1; attempted murder, in violation of Title 14, Louisiana Revised Statutes, Sections (27)30.1; and the distribution and possession with the intent to distribute controlled substances, in violation of Federal Criminal Law (Title 21, United States Code, Sections 841 and 846).

3.     On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart did murder Kendall Faibvre, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1).

**COUNT 5**
(Murder of Kendall Faibvre through the Use of a Firearm)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this

17-30610.73

Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Kendall Faibvre, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 6
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart did commit an assault with a dangerous weapon, to wit; a firearm, upon Jasmine Jones, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statute, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(2)(3) and (5).

## COUNT 7
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart, did knowingly use, carry, brandish, and

24

discharge several firearms during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 8
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **McCOY WALKER**, aka "Rat," and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Elton Williams, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 9
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose of

25

gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **McCOY WALKER**, aka "Rat," and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Quiniece Noble, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 10
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY WALKER**, aka "Rat," and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 11
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY WALKER**, aka "Rat," and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms during and in relation to a federal crime of violence, to wit:

26

17-30610.76

conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 12
(Murder of Rayshon Jones in Aid of Racketeering)

1.   Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.   On or about May 11, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE**, aka "Pound" and Gregory Stewart, did murder Rayshon Jones, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 13
(Murder of Rayshon Jones through the Use of a Firearm)

On or about May 11, 2010 in the Eastern District of Louisiana, the defendant, **ASHTON PRICE**, aka "Pound" and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count

27

1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Rayshon Jones, by shooting him with several firearms willfully, deliberately, maliciously, and with premeditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 14
(Murder of Lester Green in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 19, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE**, aka "Lee," **EVANS LEWIS**, aka "Easy," **TERRIOUES OWNEY**, aka "T-Red," **McCOY WALKER**, aka "Rat," and Gregory Stewart, did murder Lester Green, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 15
(Murder of Lester Green through the Use of a Firearm)

17-30610.78

On or about May 19, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE**, aka "Lee," **EVANS LEWIS**, aka "Easy," **TERRIOUES OWNEY**, aka "T-Red," **McCOY WALKER**, aka "Rat," and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Lester Green, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 16
(Assault of Jamal Smith with a Dangerous Weapon in Aid of Racketeering)

1.	Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.	On or about May 19, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE**, aka "Lee," **EVANS LEWIS**,

29

aka "Easy," **TERRIOUES OWNEY**, aka "T-Red," **McCOY WALKER**, aka "Rat," and

Gregory Stewart, did commit an assault with a dangerous weapon, to wit; a firearm, upon Jamal

Smith, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised

Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections

1959(a)(3) and 2.

### COUNT 17
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY**

**PRICE**, aka "Lee," **EVANS LEWIS**, aka "Easy," **TERRIOUES OWNEY**, aka "T-Red,"

**McCOY WALKER**, aka "Rat," and Gregory Stewart, did knowingly use, carry, brandish, and

discharge  several firearms, during and in relation to a federal crime of violence, to wit:

conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title

18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug

trafficking crime for which they may be prosecuted in a court of the United States, to wit: a

conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A)

and 2.

### COUNT 18
(Murder of Donald Daniels in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though

fully set forth herein.

17-30610.80

2.     On or about May 27, 2010 in the Eastern District of Louisiana, for the purpose of gaining

entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in

racketeering activity, the defendant, **LEROY PRICE**, aka "Lee," **TERRIOUES OWNEY**, aka

"T-Red," and Gregory Stewart, did murder Donald Daniels, in violation of the laws of the State

of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of

Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 19
(Murder of Donald Daniels through the Use of a Firearm)

On or about May 27, 2010 in the Eastern District of Louisiana, the defendant, **LEROY**

**PRICE**, aka "Lee," **TERRIOUES OWNEY**, aka "T-Red," and Gregory Stewart did knowingly

use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in

furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the

Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code,

Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which

they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and

possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21,

United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in

violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation

caused the death of a person through the use of a firearm, which killing is a murder as defined in

Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did

unlawfully kill Donald Daniels, by shooting him with several firearms willfully, deliberately,

maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections

924(j) and 2.

17-30610.81

## COUNT 20
(Murder of Elton Fields in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about October 11, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE**, aka "Lee," **TERRIOUES OWNEY**, aka "T-Red," and Gregory Stewart did murder Elton Fields, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 21
(Murder of Elton Fields through the Use of a Firearm)

On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE**, aka "Lee," **TERRIOUES OWNEY**, aka "T-Red," and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with

32

17-30610.82

malice aforethought, did unlawfully kill Elton Fields, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 22
(Murder of Jerome Hampton, aka "Man Man," in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY,** aka "T-Red," **RICO JACKSON,** aka "Freaky," **McCOY WALKER,** aka "Rat," **TYRONE KNOCKUM,** aka "T-Bone," and Gregory Stewart did murder Jerome Hampton, aka "Man Man," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 23
(Murders of Jerome Hampton, aka "Man Man," and Renetta Lowe, aka "Magnolia Shorty,"
through the Use of a Firearm)

On or about December 20, 2010 in the Eastern District of Louisiana, the defendants, **TERRIOUES OWNEY,** aka "T-Red," **RICO JACKSON,** aka "Freaky," **McCOY WALKER,** aka "Rat," **TYRONE KNOCKUM,** aka "T-Bone," and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which

17-30610.83

they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of two persons through the use of a firearm, which killings are murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Jerome Hampton, aka "Man Man," and Renetta Lowe, aka "Magnolia Shorty," by shooting both victims with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 24
(Murder of Renetta Lowe, aka "Magnolia Shorty," in Aid of Racketeering)

1.  Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY**, aka "T-Red," **RICO JACKSON**, aka "Freaky," **McCOY WALKER**, aka "Rat," **TYRONE KNOCKUM**, aka "T-Bone," and Gregory Stewart did murder Renetta Lowe, aka "Magnolia Shorty," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 25
(Murder of Terrance Dennis in Aid of Racketeering)

1.  Paragraphs 1 and 2 of Count 4 are realleged and incorporated by reference as though

34

fully set forth herein.

2.       On or about February 19, 2011 in the Eastern District of Louisiana, for the purpose of

gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

engaged in racketeering activity, the defendants, **JASMINE PERRY**, aka "J-Real, aka "Rell,"

**ASHTON PRICE**, aka "Pound," and others known to the Grand Jury,  did murder Terrance

Dennis, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised

Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections

1959(a)(1) and 2.

### COUNT 26
(Murder of Terrance Dennis through the Use of a Firearm)

On or about February 19, 2011 in the Eastern District of Louisiana, the defendants,

**JASMINE PERRY**, aka "J-Real, aka "Rell," **ASHTON PRICE**, aka "Pound" and others

known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and

in relation to and possessed firearms in furtherance of the commission of a federal crime of

violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in

violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment,

and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to

wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1),

and in the course of this violation caused the death of a person through the use of a firearm,

which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the

defendants, with malice aforethought, did unlawfully kill Terrance Dennis, by shooting him with

17-30610.85

several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 27
(Murder of Littlejohn Haynes in Aid of Racketeering)

1.  Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about February 20, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **EVANS LEWIS**, aka "Easy," **SOLOMON DOYLE**, aka "Black," aka "Sol," and Gregory Stewart did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 28
(Murder of Littlejohn Haynes through the Use of a Firearm)

On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **EVANS LEWIS**, aka "Easy," **SOLOMON DOYLE**, aka "Black," aka "Sol," and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

36

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Littlejohn Haynes, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 29
(Murder of Floyd Moore in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about April 28, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **DAMIEN BARNES** aka "AD," and Gregory Stewart did murder Floyd Moore, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 30
(Murder of Floyd Moore through the Use of a Firearm)

On or about April 28, 2011, in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **DAMIEN BARNES** aka "AD," and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit:

17-30610.87

conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Floyd Moore, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 31
(Assault of Albert Hardy with a Dangerous Weapon in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney" aka "Poonie," and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Albert Hardy, Kelvin Baham, and Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

17-30610.88

## COUNT 32
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants,
**WASHINGTON McCASKILL**, aka "Big Wash," **JASMINE PERRY**, aka "J-Real, aka
"Rell," **CURTIS NEVILLE**, aka "Pooney" aka "Poonie," and others known to the Grand Jury,
did knowingly use, carry, brandish, and discharge  several firearms, during and in relation to a
federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt
Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count
1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of
the United States, to wit: a conspiracy to distribute and possess with the intent to distribute
heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections
841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United
States Code, Sections 924(c)(1)(A) and 2.

## COUNT 33
(Assault of Kelvin Baham with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though
fully set forth herein.

2.      On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of
gaining entrance to and maintaining and increasing position in the enterprise, an enterprise
engaged in racketeering activity, the defendants, **WASHINGTON McCASKILL**, aka "Big
Wash," **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney" aka
"Poonie," and others known to the Grand Jury, did commit an assault with a dangerous weapon,
to wit; a firearm, upon Kelvin Baham, in violation of the laws of the State of Louisiana, that is

39

Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 34
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney" aka "Poonie," and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 35
(Assault of Carrie Henry with a Dangerous Weapon in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney" aka

40

"Poonie," and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 36
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **JASMINE PERRY**, aka "J-Real, aka "Rell," **CURTIS NEVILLE**, aka "Pooney" aka "Poonie," and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 37
(Murder of Gregory Keys in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 24, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in

41

racketeering activity, **JASMINE PERRY**, aka "J-Real, aka "Rell," and Gregory Stewart and other known to the Grand Jury, did murder Gregory Keys, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 38
(Murder of Gregory Keys through the Use of a Firearm)

On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY**, aka "J-Real, aka "Rell" ," and Gregory Stewart and other known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Gregory Keys, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 39
(Assault of Kendrick Smothers with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are realleged and incorporated by reference as though

42

fully set forth herein.

2.      On or about May 24, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **JASMINE PERRY**, aka "J-Real," aka "Rell," and Gregory Stewart and other known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Kendrick Smothers, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 40
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 24, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY**, aka "J-Real, aka "Rell," and," and Gregory Stewart and other known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

43

## COUNT 41
(Possession with the Intent to Distribute Heroin)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE**, a/k/a "Poonie," did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 42
(Possession of a Firearm in furtherance of a
Drug Trafficking Crime)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE**, a/k/a "Poonie," and others known and unknown to the Grand Jury possessed two firearms to wit: Smith and Wesson Model SW40VE, .40 caliber semi-automatic handgun bearing serial number PBK6606 and a Taurus Model PT92AF, nine-millimeter semi-automatic handgun bearing serial number TNF84336, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: a conspiracy to possess with the intent to distribute heroin, as set forth in Count 2 of this Indictment and the possession with the intent to distribute heroin, as set forth in Count 41 of this Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A).

## COUNT 43
(Murder of Michael Marshall in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about September 14, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

44

engaged in racketeering activity, the defendant, **WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," and others known to the Grand Jury, did murder Michael Marshall, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 44
(Murder of Michael Marshall through the Use of a Firearm)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a federal crime of violence, to wit: conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Michael Marshall, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

17-30610.95

## COUNT 45
(Murder of Federal Informant Michael Marshall)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, **WASHINGTON McCASKILL**, aka "Big Wash," **LEROY PRICE**, aka "Lee," **ASHTON PRICE**, aka "Pound," and others known to the Grand Jury, did knowingly kill Michael Marshall with the intent to retaliate against Michael Marshall for providing to law enforcement officers information relating to the commission or possible commission of a federal offense, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Michael Marshall by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2.

## NOTICE OF DRUG FORFEITURE

1.      The allegations of Counts 2 and 41 of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.      As a result of the offenses alleged in Counts 2 and 41, the defendants, **LEROY PRICE,** aka "Lee," **ASHTON PRICE,** aka "Pound," **ALONZO PETERS,** aka "Woo-dee," **McCOY WALKER,** aka "Rat," **CURTIS NEVILLE,** aka "Pooney," aka "Poonie," **RICO JACKSON,** aka "Freaky," **TYRONE KNOCKUM,** aka "T-Bone," **WASHINGTON McCASKILL,** aka "Big Wash," and **DAMIAN BARNES,** aka "AD," shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said

46

violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in 2 and 41 of this Indictment.

3.     If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF GUN FORFEITURE

1.     The allegations of Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44 of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2.     As a result of the offenses alleged in Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44, the defendants, **LEROY PRICE,** aka "Lee," **ASHTON PRICE,** aka "Pound," **ALONZO PETERS,** aka "Woo-dee," **JASMINE PERRY,**

47

17-30610.97

aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **EVANS LEWIS**, aka "Easy," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black," aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," and **DAMIAN BARNES**, aka "AD," shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1)(A), Title 18, United States Code, Section 924(j), or Title 18, United States Code, Section 1959.

3.    If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(d)(1).

## NOTICE OF RICO FORFEITURE

1.    The allegations of Count One of this Indictment are hereby repeated, re-alleged

17-30610.98

and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 28, United States Code, Section 2461(c). Pursuant to Federal Rule of Criminal Procedure Rule 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Indictment.

2.     The defendants, **LEROY PRICE,** aka "Lee," **ASHTON PRICE**, aka "Pound," **ALONZO PETERS**, aka "Woo-dee," **JASMINE PERRY**, aka "J-Real," aka "Rell," **McCOY WALKER**, aka "Rat," **TERRIOUES OWNEY**, aka "T-Red," **EVANS LEWIS**, aka "Easy," **CURTIS NEVILLE**, aka "Pooney," aka "Poonie," **RICO JACKSON**, aka "Freaky," **TYRONE KNOCKUM**, aka "T-Bone," **SOLOMON DOYLE**, aka "Black," aka "Sol," **WASHINGTON McCASKILL**, aka "Big Wash," and **DAMIAN BARNES**, aka "AD,"

a) have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b) have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963 (a)(2);

c) have property constituting and derived from proceeds obtained, directly and

49

17-30610.99

indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.    If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant --

1.   cannot be located upon the exercise of due diligence;

2.   has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court;

3.   has been substantially diminished in value; or

4.   has been commingled with other property which cannot be divided without difficulty;

5.   the court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 2 and 3 above.

4.    The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

50

All pursuant to Title 18, United States Code, Section 1963.

FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

MYLES RANIER
Assistant United States Attorney
Louisiana Bar Roll No. 30029

New Orleans, Louisiana
June 12, 2015

17-30610.101

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

_____ Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

LEROY PRICE a/k/a "Lee"
ASHTON PRICE a/k/a "Pound"
ALONZO PETERS a/k/a "Woo-die"
JASMINE PERRY a/k/a "J-Real"
   a/k/a "Rell"
McCOY WALKER a/k/a "Rat"
TERRIOUES OWNEY "T-Red"
EVANS LEWIS a/k/a "Easy"
CURTIS NEVILLE a/k/a "Pooney"
   a/k/a "Poonie"

RICO JACKSON a/k/a "Freaky"
TYRONE KNOCKUM a/k/a "T-Bone"
SOLOMON DOYLE a/k/a "Black"
   a/k/a "Sol"
WASHINGTON McCASKILL
   a/k/a "Big Wash"
DAMIAN BARNES a/k/a "AD"

## INDICTMENT

INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN
CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES
ACT, AND FOR THE COMMISSION OF MURDER AND OTHER
VIOLENT CRIMES INAID OF RACKETEERING

VIOLATIONS:   18 U.S.C. § 1962(d)  18 U.S.C. § 924(c)(1)(A)
              18 U.S.C. § 1959    18 U.S.C. § 846
              18 U.S.C. § 924(o)  18 U.S.C. § 1513(a)(1)(B)
              18 U.S.C. § 924(j)   18 U.S.C. § 2

A true bill.

_____
FOREPERSON'S SIGNATURE
HAS BEEN REDACTED

Foreperso____

Filed in o___ _____
                          Clerk

Bail, $ _____

MYLES DREW RANIER
Assistant United States Attorney

17-30610.102

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION   ☑ INDICTMENT

Matter Sealed:  ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
        ☑ Indictment  ☐ Charges/Counts Added
        ☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   **EASTERN**
DISTRICT OF LOUISIANA   Divisional Office

Name and Office of Person
Furnishing Information on   R. Jeanjacques
THIS FORM   ☒ U.S. Atty  ☐ Other U.S. Agency
    Phone No. (504) 680-3000
Name of Asst.
U.S. Attorney   Myles D. Ranier
(if assigned)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court
   (give name of court)

☐ this person/proceeding transferred from another district
   per (circle one) FRCrP  20, 21 or 40. Show District

☐ this is a reprosecution of charges
   previously dismissed which were
   dismissed on motion of:
   ☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a
   pending case involving this same   SHOW
   defendant. (Notice of Related   DOCKET NO.
   Case must still be filed with the
   Clerk.)

☐ prior proceedings or appearance(s)   MAG. JUDGE
   before U.S. Magistrate Judge   CASE NO.
   regarding this defendant were
   recorded under

Place of offense | Orleans Parish   County   Orleans

CASE NO.

# 15-154

USA vs.

Defendant: Leroy Price a/k/a "Lee"

## SECT. A MAG 3

Address: Orleans Parish Prison

☐ Interpreter Required   Dialect: _____

Birth Date  1985   ☑ Male  ☐ Alien
        ☐ Female  (if applicable)

Social Security Number   xxx-xx-0252

| DEFENDANT |
|---|

Issue:  ☑ Warrant  ☐ Summons

Location Status:
Arrest Date 5/2/2014  or Date Transferred to Federal Custody ____

☐ Currently in Federal Custody
☑ Currently in State Custody
   ☑ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD  ☐ CJA  ☐ RET'D
   ☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Total # of Counts ___ 14

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 14, 18, 20, 43 |
| 4 | 18 USC § 924(j)(1) and 2 | Murder of through Use of a Firearm | 15, 19, 21, 44 |

17-30610.103

(Leroy Price) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|-----|------------------------------------|-------------------------------|----------|
| 4 | 18 USC § 1959(a)(3) and 2 | Assault of Jamal Smith with a Dangerous Weapon in Aid of Racketeering | 16, |
| 4 | 18 USC § 924(c)(1)(A) | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 17 |
| 4 | 18 USC § 1513(a)(1)(B), (a)(2)(A) and 2 | Murder of Informant | 45 |
| | | | |
| | | | |
| | | | |

17-30610.104

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION   ☑ INDICTMENT

CASE NO. _____ **15-154**

Matter Sealed: ☐ Juvenile   ☐ Other than Juvenile
☐ Pre-Indictment Plea   ☐ Superseding   ☐ Defendant Added
☑ Indictment   ☐ Charges/Counts Added
☐ Information

USA vs.

Defendant: Ashton Price a/k/a "Pound" **SECT. A MAG. 3**

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   **EASTERN**
DISTRICT OF LOUISIANA   Divisional Office

Address: Concordia Parish Correctional Facility

Name and Office of Person
Furnishing Information on   ☒ U.S. Atty   ☐ Other U.S. Agency
THIS FORM
R. Jeanjacques
Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney   Myles D. Ranier
(if assigned)

☐ Interpreter Required   Dialect: _____

Birth
Date   1991
☑ Male   ☐ Female
☐ Alien
(if applicable)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

Social Security Number   xxx-xx-2490

☐ person is awaiting trial in another Federal or State Court
(give name of court)

| DEFENDANT |
|---|

Issue: ☑ Warrant   ☐ Summons

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40.  Show District

Location Status:

Arrest Date_____ or Date Transferred to Federal Custody_____

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ Currently in Federal Custody
☑ Currently in State Custody
☑ Writ Required

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ Currently on bond
☐ Fugitive

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

MAG. JUDGE
CASE  NO.

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D

☐ Appointed on Target Letter

Place of
offense   Orleans Parish   County   Orleans

☐ This report amends AO 257 previously submitted

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Total # of Counts _____13_____

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC  § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 4, 12, 25, 43 |
| 4 | 18 USC  § 924(j) and 2 | Murder of  through Use of a Firearm | 5, 13, 26 |

17-30610.105

(Ashton Price) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1959(a)(2)(3) and 5 | Assault with a Dangerous Weapon in Aid of Racketeering | 6 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 7 |
| 4 | 18 USC § 1513(a)(1)(B), (a)(2)(A) and 2 | Murder of Informant | 45 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

17-30610.106

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION   ☑ INDICTMENT

**CASE NO.** _____

Matter Sealed: ☐ Juvenile   ☐ Other than Juvenile
☐ Pre-Indictment Plea   ☐ Superseding   ☐ Defendant Added
☑ Indictment   ☐ Charges/Counts Added
☐ Information

USA vs.

Defendant: Alonzo Peters a/k/a "Woo-die"

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   **EASTERN**
DISTRICT OF LOUISIANA   Divisional Office

Address: Avoyelles Correctional Center

Name and Office of Person Furnishing Information on THIS FORM
R. Jeanjacques
☒ U.S. Atty   ☐ Other U.S. Agency
Phone No. (504) 680-3000

Name of Asst. U.S. Attorney (if assigned)
Myles D. Ranier

☐ Interpreter Required   Dialect: _____

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

Birth Date 1990
☑ Male   ☐ Female   ☐ Alien (if applicable)

Social Security Number xxx-xx-6489

☐ person is awaiting trial in another Federal or State Court (give name of court)

**DEFENDANT**

Issue: ☑ Warrant   ☐ Summons

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty   ☐ Defense

☐ Currently in Federal Custody
☑ Currently in State Custody
☑ Writ Required

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ Currently on bond
☐ Fugitive

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D

Place of offense: Orleans Parish   County   Orleans

☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ___7___

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|-----|------------------------------------|--------------------------------|----------|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 4 |
| 4 | 18 USC § 924(j) and 2 | Murder of through Use of a Firearm | 5 |

17-30610.107

(Alonzo Peters) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|-----|---|---|---|
| 4 | 18 USC § 1959(a)(2)(3) and 5 | Assault with a Dangerous Weapon in Aid of Racketeering | 6 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 7 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed: ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
          ☑ Indictment  ☐ Charges/Counts Added
          ☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT **EASTERN**
DISTRICT OF LOUISIANA  Divisional Office

Name and Office of Person  R. Jeanjacques
Furnishing Information on  ☒ U.S. Atty ☐ Other U.S. Agency
THIS FORM  Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney  Myles D. Ranier
(if assigned)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP  20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense: Orleans Parish  County  Orleans

---

CASE NO.

USA vs. **15-154**

Defendant: Jasmine Perry a/k/a "J-Real" a/k/a "Rell"

Address: **SECT. A  MAG. 3**

☐ Interpreter Required  Dialect: _____

Birth Date 1990  ☑ Male  ☐ Alien
        ☐ Female  (if applicable)

Social Security Number xxx-xx-9273

### DEFENDANT

Issue: ☑ Warrant  ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
    ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD  ☐ CJA  ☐ RET'D

☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts **22**

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 4, 25, 27, 37 |
| 4 | 18 USC § 924(j) and 2 | Murder of through Use of a Firearm | 5, 26, 28, 38 |
| 4 | 18 USC § 1959(a)(2)(3) and 5 | Assault with a Dangerous Weapon in Aid of Racketeering | 6, 26, 30, 33, 35,39 |

17-30610.109

(Jasmine Perry) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 7, 31, 32, 34, 36, 40 |
| | | | |
| | | | |
| | | | |
| | | | |

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION ☑ INDICTMENT

CASE NO.

USA vs.

**15-154**

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
         ☑ Indictment ☐ Charges/Counts Added
         ☐ Information

Defendant: McCoy Walker a/k/a "Rat"

**SECT. A MAG 3**

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT    **EASTERN**
DISTRICT OF LOUISIANA      Divisional Office

Address: Orleans Parish Prison

Name and Office of Person
Furnishing Information on
THIS FORM    R. Jeanjacques
☒ U.S. Atty ☐ Other U.S. Agency
Phone No. (504) 680-3000

☐ Interpreter Required    Dialect: _____

Name of Asst.
U.S. Attorney    Myles D. Ranier
(if assigned)

Birth
Date   1991    ☑ Male   ☐ Alien
         ☐ Female   (if applicable)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

Social Security Number   xxx-xx- 9377

☐ person is awaiting trial in another Federal or State Court
(give name of court)

| DEFENDANT |
|---|

Issue: ☑ Warrant ☐ Summons

☐ this person/proceeding transferred from another district
per (circle one) FRCrP 20, 21 or 40. Show District

_____

Location Status:

Arrest Date 6/5/2013 or Date Transferred to Federal Custody_____

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ Currently in Federal Custody
☑ Currently in State Custody
    ☑ Writ Required

SHOW
DOCKET NO.

☐ Currently on bond
☐ Fugitive

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

MAG. JUDGE
CASE NO.

Defense Counsel (if any): _____

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

Place of
offense   Orleans Parish     County   Orleans

☐ This report amends AO 257 previously submitted

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Total # of Counts ____ 15 ____

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(3) and 2 | Assault with a Dangerous Weapon in Aid of Racketeering | 8, 9, 16 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence | 10, 11, 17 |

17-30610.111

(McCoy Walker) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 14, 18, 22, 24 |
| 4 | 18 USC § 924 (j) and 2 | Murder through the Use of a Firearm | 15, 23 |
| | | | |
| | | | |
| | | | |

17-30610.112

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION   ☑ INDICTMENT

| | |
|---|---|
| Matter Sealed: ☐ Juvenile ☐ Other than Juvenile | |
| ☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added | |
| ☑ Indictment ☐ Charges/Counts Added | |
| ☐ Information | |

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   EASTERN
DISTRICT OF LOUISIANA   Divisional Office

Name and Office of Person
Furnishing Information on   ☒ U.S. Atty ☐ Other U.S. Agency
THIS FORM   R. Jeanjacques
Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney   Myles D. Ranier
(if assigned)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40.  Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE NO.

Place of | Orleans Parish       County       Orleans
offense |

---

CASE NO. _____

USA vs.

Defendant: Terrioues Owney a/k/a "T-Red"

Address:   Pollock, FCI

_____

☐ Interpreter Required   Dialect: _____

| | |
|---|---|
| Birth | ☑ Male ☐ Alien |
| Date  1987 | ☐ Female (if applicable) |

Social Security Number   xxx-xx-7451

### DEFENDANT

Issue: ☑ Warrant   ☐ Summons

Location Status:

Arrest Date_____ or Date Transferred to Federal Custody_____

☑ Currently in Federal Custody
☐ Currently in State Custody
☑ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD ☐ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ____13____

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 14, 18, 20, 22, 24 |
| 4 | 18 USC § 1959(a)(3) and 2 | Assault with a Dangerous Weapon in Aid of Racketeering | 16 |
| 4 | 18 USC § 924(j) and 2 | Murder through the Use of a Firearm | 15, 19, 21, 23 |

17-30610.113

(Terrioues Owney) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 17 |
| | | | |
| | | | |
| | | | |
| | | | |

17-30610.114

PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION  ☑ INDICTMENT

CASE NO. **15-154**

Matter Sealed: ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
  ☑ Indictment  ☐ Charges/Counts Added
  ☐ Information

USA vs.

Defendant: Evans Lewis a/k/a "Easy"

**SECT. A MAG 3**

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT  **EASTERN**
DISTRICT OF LOUISIANA  Divisional Office

Address: Beckley, FCI

Name and Office of Person
Furnishing Information on
THIS FORM
R. Jeanjacques
☒ U.S. Atty  ☐ Other U.S. Agency
Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney
(if assigned)   Myles D. Ranier

☐ Interpreter Required   Dialect: _____

Birth Date   1991

☑ Male   ☐ Alien
☐ Female   (if applicable)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

Social Security Number   xxx-xx-8567

☐ person is awaiting trial in another Federal or State Court
(give name of court)

**DEFENDANT**

Issue:   ☑ Warrant   ☐ Summons

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40.  Show District

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☑ Currently in Federal Custody

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
  ☐ U.S. Atty  ☐ Defense

☐ Currently in State Custody
  ☑ Writ Required

SHOW
DOCKET NO.

☐ Currently on bond

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ Fugitive

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

MAG. JUDGE
CASE NO.

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D

☐ Appointed on Target Letter

Place of offense   Orleans Parish   County   Orleans

☐ This report amends AO 257 previously submitted

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts ___7___

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 14, 27 |
| 4 | 18 USC § 924(j) and 2 | Murder of through Use of a Firearm | 15, 28 |
| 4 | 18 USC § 1959(a)(2)(3) and 5 | Assault with a Dangerous Weapon in Aid of Racketeering | 16 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence | 17 |

17-30610.115

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
☑ Indictment ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   EASTERN
DISTRICT OF LOUISIANA          Divisional Office

Name and Office of Person
Furnishing Information on    ☒ U.S. Atty ☐ Other U.S. Agency
THIS FORM                    Phone No. (504) 680-3000
R. Jeanjacques

Name of Asst.
U.S. Attorney    Myles D. Ranier
(if assigned)

PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40.  Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE  NO.

Place of  Orleans Parish        County   Orleans
offense

---

CASE NO.    15-154

USA  vs.

Defendant:  Curtis Neville a/k/a "Pooney" a/k/a "Poonie"

SECT. A  MAG. 3

Address:   St. Bernard Parish Jail

☐ Interpreter Required   Dialect: _____

Birth                      ☑ Male      ☐ Alien
Date  1992                 ☐ Female    (if applicable)

Social Security Number   xxx-xx- 1555

| DEFENDANT |
|---|

Issue:  ☑ Warrant   ☐ Summons

Location Status:

Arrest Date_____ or Date Transferred to Federal Custody_____

☐ Currently in Federal Custody
☑ Currently in State Custody
☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Total # of Counts ____13____

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crime | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 27 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 28 |

17-30610.116

(Curtis Neville) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1959(a)(3) and 2 | Assault with a Dangerous Weapon in Aid of Racketeering | 31, 33, 35 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 32, 34, 36 |
| 4 | 21 USC § 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Heroin | 41 |
| 4 | 18 USC § 924(c)(1) | Possession of a Firearm in furtherance of a Drug Trafficking Crime | 42 |
| | | | |
| | | | |

17-30610.117

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

| | |
|---|---|
| Matter Sealed: ☐ Juvenile ☐ Other than Juvenile | |
| ☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added | |
| ☑ Indictment  ☐ Charges/Counts Added | |
| ☐ Information | |

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF LOUISIANA   **EASTERN**
Divisional Office

Name and Office of Person
Furnishing Information on
THIS FORM    ☒ U.S. Atty  ☐ Other U.S. Agency
R. Jeanjacques
Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney    Myles D. Ranier
(if assigned)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP  20,  21  or  40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

SHOW DOCKET NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

MAG. JUDGE CASE NO.

Place of offense | Orleans Parish   County   Orleans

---

CASE NO.

USA vs.

Defendant: Rico Jackson a/k/a "Freak~~"~~

**15-154 SECT. A MAG. 3**

Address:  Louisiana State Penitentiary

☐ Interpreter Required   Dialect: _____

Birth Date  1982    ☑ Male  ☐ Female    ☐ Alien (if applicable)

Social Security Number  xxx-xx-2624

### DEFENDANT

Issue: ☑ Warrant  ☐ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☑ Currently in State Custody
  ☑ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ___6___

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crime | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 22, 24 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 23 |

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION ☑ INDICTMENT

CASE NO. 15-154

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile

☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
    ☑ Indictment ☐ Charges/Counts Added
    ☐ Information

USA vs.

Defendant: Tyrone Knockum a/k/a "T-Bone"

SECT. A  MAG. 3

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT    **EASTERN**
DISTRICT OF LOUISIANA    Divisional Office

Address: Orleans Parish Prison

Name and Office of Person
Furnishing Information on
THIS FORM

R. Jeanjacques
☒ U.S. Atty ☐ Other U.S. Agency
Phone No. (504) 680-3000

☐ Interpreter Required    Dialect: _____

Name of Asst.
U.S. Attorney
(if assigned)

Myles D. Ranier

Birth
Date   1990

☑ Male    ☐ Alien
☐ Female   (if applicable)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI, Special Agent James Ollinger

Social Security Number   xxx-xx-6826

☐ person is awaiting trial in another Federal or State Court
(give name of court)

### DEFENDANT

Issue: ☑ Warrant ☐ Summons

☐ this person/proceeding transferred from another district
per (circle one) FRCrP 20, 21 or 40. Show District

Location Status:

Arrest Date 12/20/2011   or Date Transferred to Federal Custody _____

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
   ☐ U.S. Atty ☐ Defense

☐ Currently in Federal Custody

☑ Currently in State Custody
  ☑ Writ Required

SHOW
DOCKET NO.

☐ Currently on bond

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ Fugitive

MAG. JUDGE
CASE NO.

Defense Counsel (if any): _____

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

☐ FPD ☐ CJA ☐ RET'D

☐ Appointed on Target Letter

Place of
offense

Orleans Parish    County    Orleans

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ___ 6

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crime | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 22, 24 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 23 |

17-30610.119

PER 18 U.S.C. 3170

**DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT**

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile
☐ Pre-Indictment Plea ☐ Superseding ☐ Defendant Added
          ☑ Indictment ☐ Charges/Counts Added
          ☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT    **EASTERN**
DISTRICT OF LOUISIANA    Divisional Office

Name and Office of Person
Furnishing information on   R. Jeanjacques
THIS FORM    ☒ U.S. Atty ☐ Other U.S. Agency
     Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney   Myles D. Ranier
(if assigned)

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
     ☐ U.S. Atty ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE NO.

Place of
offense   Orleans Parish    County   Orleans

---

CASE NO.   **15-154**

USA vs.

Defendant:   Solomon Doyle a/k/a "Black" a/k/a "Sol"

**SECT. A MAG. 3**

Address:   Dallas RRM

☐ Interpreter Required   Dialect: _____

Birth   1986      ☑ Male     ☐ Alien
Date           ☐ Female   (if applicable)

Social Security Number   xxx-xx-4229

**DEFENDANT**

Issue: ☑ Warrant ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☑ Currently in Federal Custody
☐ Currently in State Custody
    ☑ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D
    ☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

**OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS**

Total # of Counts ___ 4 ___

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crime | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 27 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 28 |

17-30610.120

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

| CASE NO. | 15-154 |

Matter Sealed: ☐ Juvenile  ☐ Other than Juvenile

USA vs.

☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☑ Indictment  ☐ Charges/Counts Added
☐ Information

Defendant: Washington McCaskill a/k/a "Big Wash"

**SECT. A MAG. 3**

Name of District Court, and/or Judge/Magistrate Location (City)

Address: St. Tammany Parish Jail

UNITED STATES DISTRICT COURT   **EASTERN**
DISTRICT OF LOUISIANA   Divisional Office

Name and Office of Person    R. Jeanjacques
Furnishing Information on   ☒ U.S. Atty  ☐ Other U.S. Agency
THIS FORM   Phone No. (504) 680-3000

☐ Interpreter Required   Dialect: _____

Name of Asst.
U.S. Attorney   Myles D. Ranier
(if assigned)

Birth Date  1979   ☑ Male   ☐ Alien
☐ Female   (if applicable)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI, Special Agent James Ollinger

Social Security Number   xxx-xx-3161

☐ person is awaiting trial in another Federal or State Court (give name of court)

### DEFENDANT

Issue: ☑ Warrant   ☐ Summons

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Atty  ☐ Defense

☐ Currently in Federal Custody

☑ Currently in State Custody
  ☑ Writ Required

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ Currently on bond

☐ Fugitive

MAG. JUDGE CASE NO.

Defense Counsel (if any): _____

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

☐ FPD  ☐ CJA  ☐ RET'D

☐ Appointed on Target Letter

Place of offense   Orleans Parish   County   Orleans

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ___14___

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 29, 43 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 30, 44 |

(Washington McCaskill) Defendant Info. Sheet Cont.

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1959(a)(3) and 2 | Assault with a Dangerous Weapon in Aid of Racketeering | 31,33, 35 |
| 4 | 18 USC § 924(c)(1)(A) and 2 | Using and Carrying a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | 32,34,36 |
| 4 | 18 USC § 1513(a)(1)(B), (a)(2)(A) and 2 | Murder of a Federal Informant | 45 |
| | | | |
| | | | |
| | | | |

17-30610.122

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed:  ☐ Juvenile  ☐ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☑ Indictment  ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT     **EASTERN**
DISTRICT OF  LOUISIANA          Divisional Office

Name and Office of Person
Furnishing Information on       R. Jeanjacques
THIS FORM      ☒ U.S. Atty  ☐ Other U.S. Agency
Phone No. (504) 680-3000

Name of Asst.
U.S. Attorney     Myles D. Ranier
(if assigned)

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
FBI, Special Agent James Ollinger

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40. Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE NO.

Place of  Orleans Parish      County    Orleans
offense

---

CASE NO.     **15-154**

USA  vs.

Defendant:  Damian Barnes a/k/a "AD"  **SECT. A  MAG. 3**

Address:  Orleans Parish Prison

☐ Interpreter Required  Dialect: _____

Birth
Date   1986          ☑ Male  ☐ Alien
☐ Female  (if applicable)

Social Security Number   xxx-xx- 7455

### DEFENDANT

Issue:  ☑ Warrant  ☐ Summons

Location Status:

Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☑ Currently in State Custody
☑ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts ____5____

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| 4 | 18 USC § 1962(d) | Racketeer Influenced & Corrupt Organizations Conspiracy | 1 |
| 4 | 21 USC § 846 | Conspiracy to Distribute Controlled Substances | 2 |
| 4 | 18 USC § 924(o) | Conspiracy to Use Firearms to Further Drug Trafficking Crimes | 3 |
| 4 | 18 USC § 1959(a)(1) and 2 | Murder in Aid of Racketeering | 29 |
| 4 | 18 USC § 924(j) and 2 | Murder through Use of a Firearm | 30 |

17-30610.123

**Tab 4**



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA,

2016 APR 29  A 11: 55

WILLIAM W. BLEVINS
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED SUBSTANCES ACT, AND FOR THE COMMISSION OF MURDER AND OTHER VIOLENT CRIMES IN AID OF RACKETEERING**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | **CRIMINAL NO. 15-154** |
| | | |
| v. | * | **SECTION: "A"** |
| | | |
| LEROY PRICE | * | **VIOLATIONS:** |
| aka "Lee" | | |
| aka "Lumps" | * | 18 U.S.C. § 1962(d) |
| ASHTON PRICE | | 18 U.S.C. § 1959 |
| aka "Pound" | | 18 U.S.C. § 924(o) |
| aka "BMG Pound" | * | 18 U.S.C. § 924(j) |
| ALONZO PETERS | | 18 U.S.C. § 924(c)(1)(A) |
| aka "Woo-dee" | * | 21 U.S.C. § 841 |
| JASMINE PERRY | | 21 U.S.C. § 846 |
| aka "J-Real" | * | 18 U.S.C. § 1513(a)(1)(B) |
| aka "Rell" | | 18 U.S.C. § 2 |
| McCOY WALKER | * | |
| aka "Rat" | | |
| aka "Trap" | * | |
| TERRIOUES OWNEY | | |
| aka "T-Red" | * | |
| EVANS LEWIS | | |
| aka "Easy" | * | |
| CURTIS NEVILLE | | |
| aka "Poonie" | * | |
| SOLOMON DOYLE | | |
| aka "Black" | * | |
| aka "Sol" | | |
| DAMIAN BARNES | * | |
| aka "AD" | | |

\*     \*     \*

**The Grand Jury charges that:**

✓ Fee _USA_
___ Process_____
X_ Dktd _____
___ CtRmDep_____
___ Doc. No._____

## COUNT 1
(Racketeer Influenced and Corrupt Organizations Conspiracy)

### General Allegations

1.     At all relevant times, defendants,  **LEROY PRICE, aka "Lee," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the Grand Jury, were members and associates of an organization engaged in, among other things, conspiracy to distribute controlled substances, distribution of controlled substances, murder, conspiracy to commit murder, attempted murder, and obstruction of justice.  At all relevant times, this organization operated in the Eastern District of Louisiana.

2.     This organization was an alliance of multiple street gangs, including: the G-Strip, which operated on Gallier Street in the Upper Ninth Ward of New Orleans; a gang associated with the Florida Housing Projects in the Upper Ninth Ward; another gang associated with the Florida Housing Projects, known as the Black Mafia Gang, or "BMG;" and the "3NG" gang, which historically operated on or near the corner of Third Street and Galvez Street in the City of New Orleans.  This enterprise for a period was known as the 39ers, but was also associated with Dusty Money Entertainment, LLC, aka "Dusty Money," aka "Dust Gang."  The common and consistent feature of this enterprise was the leadership of Darryl Franklin, aka "Brother," aka "Breezy," and/or Merle Offray, aka "Black."  This enterprise controlled the drug trade in these areas and committed acts of violence against rival drug gangs throughout the New Orleans area.

-2-

### The Racketeering Enterprise

3.     The 39ers, including its leadership, membership, and associates, constitute an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise engaged in, and its activities affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

4.     The purposes of the enterprise include, but are not limited to, the following:

a.     Enriching the members and associates of the enterprise through, among other things, the control of and participation in the illegal distribution of controlled substances in the territory controlled by the enterprise;

b.     Enriching the members and preserving and protecting the power, territory and profits of the enterprise through the use of intimidation, violence, and threats of violence, including assault, murder, and attempted murder;

c.     Promoting and enhancing the activities and authority of the enterprise and its members and associates;

d.     Keeping victims, potential victims, and witnesses in fear of the enterprise and in fear of its members and associates through violence and threats of violence;

e.     Providing financial support and information to members and associates of the enterprise, including but not limited to those who were incarcerated,

17-30610.329

for committing acts of violence, illegal possession and distribution of controlled substances, and other offenses, and;

f.     Providing assistance to members and associates of the enterprise who committed crimes for and on behalf of the enterprise in order to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and prosecuting the offender or offenders.

### Means and Methods of the Enterprise

5.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise, included but were not limited to, the following:

a.     Members of the enterprise sold large amounts of heroin as well as cocaine base throughout the city of New Orleans, and especially in the Ninth Ward and Uptown neighborhoods of New Orleans.

b.     Members of the enterprise and their associates possessed and utilized firearms to prevent competition from other drug dealers in and around the geographic area utilized and controlled by the conspirators.

c.     Members of the enterprise and their associates possessed and utilized firearms in order to protect their illegal drug trafficking in and around the geographic area utilized and controlled by the conspirators.

d.     Members of the enterprise and their associates committed shootings, various firearms offenses, and violent acts, including but not limited to murder, attempted murder, aggravated battery, illegal possession of firearms, and aggravated assault, in order to maintain and advance the

-4-

goals of the enterprise, the individual conspirator's role within the enterprise, and to control the specific geographic area utilized and controlled by the conspirators.

e.   Members of the enterprise and their associates promoted a climate of fear in local communities through violence and threats of violence.

f.   Members of the enterprise and their associates committed, attempted, and threatened to commit acts of violence, in an effort to obstruct justice and thwart police investigations.

g.   Members of the enterprise and their associates maintained and circulated a collection of numerous firearms for use in criminal activity by other co-conspirators.  They gave two of their favorite firearms nicknames.  They also maintained at least three .223 caliber assault weapons, which they referred to as "Carbon 15," "Kel-Tec," and, "Monkey Nuts," because of the double drum magazine which was attached to the weapon and which held approximately 100 hundred rounds of ammunition, among other names.  The enterprise also maintained multiple 7.62 x 39mm rifles, that they referred to as "AK's," "K's," "yoppers," and "choppers," among other names.  The enterprise referred to extended ammunition magazines as "dicks," among other names.

h.   Members of the enterprise and their associates used telephones to give directions and advice to each other in an effort to circumvent the criminal justice system, obstruct justice, illegally distribute controlled substances, illegally possess firearms, attempt to intimidate witnesses, and to impose

-5-

discipline on members of the conspiracy who may have acted in a reckless manner by bringing unwanted attention by law enforcement officials to the members of the conspiracy.

i.    Members of the enterprise and their associates bragged about their illegal activity, such as their illegal possession and use of firearms, murder, and attempted murder to each other in an effort to maintain    or    increase their position in the enterprise.

j.    Members of the enterprise and their associates used numerous vehicles, including rented vehicles and stolen vehicles, to distribute illegal drugs, to commit numerous drive-by shootings, and to commit murders.

k.    Members of the enterprise would travel from New Orleans, Louisiana, with large amounts of cash money to Houston, Texas, and purchase kilogram quantities of heroin.  Members of the enterprise would transport the purchased heroin back to New Orleans, Louisiana, on a bus.

l.    Members of the enterprise rented a property in coastal Mississippi to use as a hideout and to store cash profits from the enterprise's heroin sales.

m.    Members of the enterprise and their associates targeted and retaliated against rival drug dealers and members of several rival drug gangs, included but not limited to a gang identified as "Ride or Die" from the Eighth Ward; a gang associated with the Desire Housing Development; a gang associated with Press Park neighborhood; and a gang associated with the Calliope Housing Development.

17-30610.332

n.   Members of the enterprise and their associates promoted the wealth, power and influence of the gang by throwing parties, utilizing social media, and publishing videos to the internet.

o.   Members of the enterprise and their associates used two music production organizations, GTO, aka "Gangsters, Thugs, Outlaws," and Dusty Money Entertainment, LLC, aka "Dusty Money," aka "Dust Gang," to produce and circulate music that made the enterprise a symbol of success and power within the community. The lyrics of this music celebrated drug dealing and crimes of violence against rivals.

### Roles of the Defendants

6.   The members of the enterprise would and did occupy the following roles, among others, in the enterprise:

a.   Unindicted co-conspirators Merle Offray, aka "Black," and Darryl Franklin, aka "Brother," aka "Breezy" were leaders of this enterprise and acted as the main suppliers of heroin to the other members of the enterprise. They also provided advice to the members on how not to get arrested by the police and provided the members of the enterprise a safe haven to store the drugs and firearms that belonged to the members of the enterprise. They also directed members of the enterprise to commit murders and shootings and participated in some of the murders themselves.

b.   Unindicted co-conspirator Gregory Stewart, aka "Rabbit," was also a leader of the enterprise. He participated in the illegal distribution of

17-30610.333

heroin and in multiple murders and attempted murders that were committed with other members of the 39ers.

c.      Defendants **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the grand jury acted as illegal drug distributors and gunmen for the enterprise.

### The RICO Conspiracy Charge

7.      Beginning on a date unknown, but prior to June 2009, and continuing to on or about the date of the return of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and unknown to the Grand Jury, being persons employed by and associated with the criminal enterprise, which enterprise engaged in and the activities of which affected interstate and foreign commerce, unlawfully and knowingly combined, conspired and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the

-8-

enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving:

    a.    Murder, in violation of Title 14, Louisiana Revised Statutes, Section 30.1, and Sections 24 (Principals), 26 (Criminal Conspiracy), and 27 (Attempt); multiple acts indictable under:

    b.    Title 18, United States Code, Section 1513 (retaliation against an informant); and

    c.    multiple acts involving illegal distribution of controlled substances, including heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841 and 846;

    8.    It was a further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, defendants **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," aka "Trap," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," DAMIAN BARNES, aka "AD,"** and others known and

17-30610.335

unknown to the Grand Jury, committed various overt acts, on or about the following times and dates, in the Eastern District of Louisiana and elsewhere, including but not limited to the following:

1.  In late 2009 Gregory Stewart, aka "Rabbit," and Darryl Franklin, aka "Brother," aka "Breezy," both members of the G-strip gang, started supplying members of the 3NG gang with heroin for retail sale.

2.  In early 2010 members of the G-Strip and 3NG gangs combined and became known as the 39ers.

3.  Beginning on a date unknown, but prior June 2009, and continuing to on or about the date of the return of this Superseding Indictment, members of the 39ers would travel from New Orleans, Louisiana, to Houston, Texas, to purchase kilogram quantities of heroin.   A member of the 39ers would then travel from Houston, Texas, in possession of the newly-purchased kilogram quantities of heroin, back to New Orleans, Louisiana, on a bus.

4.  On a date unknown, but after June 2009, **SOLOMON DOYLE, aka "Black," aka "Sol,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

5.  On a date unknown, but after June 2009, **CURTIS NEVILLE, aka "Poonie,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

6.  On a date unknown, but after June 2009, **McCOY WALKER, aka "Rat,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

-10-

7.   On a date unknown, but after June 2009, **JASMINE PERRY, aka "J-Real," aka "Rell,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

8.   On a date unknown, but after June 2009, **ASHTON PRICE, aka "Pound,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

9.   On a date unknown, but after June 2009, **EVANS LEWIS, aka "Easy,"** made a trip to Houston, Texas, from New Orleans, Louisiana, to assist in the purchase of heroin.

10.  On or about January 6, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a quantity of cocaine in New Orleans, Louisiana.

11.  On or about January 12, 2010, Darryl Franklin, aka "Brother," aka "Breezy," and Gregory Stewart, aka "Rabbit," shot B.C. with an assault rifle.

12.  On or about January 14, 2010, Darryl Franklin, aka "Brother," aka "Breezy," was in possession of a Taurus 9mm handgun and ammunition and magazines for a .223 caliber firearm. These items were recovered by members of the New Orleans Police Department executing a search warrant at Franklin's residence.

13.  On or about February 22, 2010, **ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart shot and killed Kendall Faibvre, who was believed to be an associate of the Press Park gang.

-11-

14.  On or about March 3, 2010, **McCOY WALKER, aka "Rat"** shot and wounded Elton Williams and Quiniece Noble as they rode in a vehicle that **WALKER** believed belonged to a rival drug dealer associated with the Desire Housing Project gang.

15.  On or about April 5, 2010, **JASMINE PERRY, aka "J-Real, aka "Rell,"** discharged a 7.62 x 39mm rifle near the corner of Magazine and St. Joseph Streets in New Orleans, Louisiana.

16.  On or about April 5, 2010, **ASHTON PRICE, aka "Pound,"** illegally possessed a firearm in New Orleans, Louisiana.

17.  On or about April 7, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a firearm in New Orleans, Louisiana.

18.  On Monday, April 12, 2010, members of the 39ers organization participated in a three-part gun battle in the Upper Ninth Ward of New Orleans with a rival gang from the Desire Projects, led by Lloyd Curry, aka "Slugger."

19.  On April 12, 2010, members of a gang associated with the Desire Projects, including Quelton Broussard, aka "Gutter," Corey Lewis, aka "Co," and Elton Fields, aka "Bo," killed Terrance Butler, aka "Cheddar Black," and Derrick Jones, aka "Gucci Man," associates of the G-Strip and Florida Project side of the 39er gang, in the 2500 block of Desire Street. In retaliation, Darryl Franklin, aka "Brother," aka "Breezy," Gregory Stewart, aka "Rabbit," and Merle Offray, aka "Black," shot and killed Quelton Broussard, aka "Gutter," in the 2800 block of Clouet Street.

-12-

20.    On April 12, 2010, Lloyd Curry, aka "Slugger," and members of his gang began firing weapons from Curry's vehicle into a vehicle occupied by members of the 39ers, including **Curtis NEVILLE, aka "Poonie,"** Jessie Terry, aka "G-Strip Baby," unindicted co-conspirator D.W., and **McCoy WALKER, aka "Rat," aka "Trap."** Members of the 39ers enterprise fired bullets at Curry's vehicle, including shots from a 7.62 x 39mm rifle that had been purchased by and was registered to Gregory Stewart, aka "Rabbit." Ultimately, enterprise member Jessie Terry, aka "G-Strip Baby," was murdered.

21.    On or about May 11, 2010, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and Gregory Stewart, aka "Rabbit" shot and killed Rayshon Jones, who was believed to be an associate of the Ride or Die gang.

22.    On or about May 19, 2010, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red,"** and **McCOY WALKER, aka "Rat," aka "Trap,"** and Gregory Stewart, aka "Rabbit" shot and killed Lester Green and shot and wounded Jamal Smith, who were believed to be associated with the Calliope Housing Project gang.

23.    On or about May 27, 2010, **LEROY PRICE, aka "Lee," aka "Lumps"** conducted surveillance on Donald Daniels. **PRICE** provided information concerning the location of Donald Daniels to Gregory Stewart, aka "Rabbit," and **TERRIOUES OWNEY, aka "T-Red." TERRIOUES**

17-30610.339

OWNEY, aka "T-Red," shot and killed Donald Daniels, an associate of the Desire Housing Project gang.

24. On or about June 24, 2010, **EVANS LEWIS, aka "Easy," JASMINE PERRY, aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** shot and killed Anthony Charles Brown, Jr., on Alvar Street in the Ninth Ward of New Orleans.

25. Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **DAMIAN BARNES, aka "AD,"** seven grams of heroin for $500.00 approximately two times per week.

26. Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart sold **McCOY WALKER, aka "Rat," aka "Trap,"** two ounces of heroin for $4,000.00 on approximately ten occasions.

27. Beginning in 2010 and continuing until approximately May of 2011, Gregory Stewart occasionally distributed four ounces of heroin to **LEROY PRICE, aka "Lee," aka "Lumps."**

28. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen gram quantities to **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** every week.   Gregory Stewart would pay **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

29. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed heroin in seven gram and/or fourteen

17-30610.340

gram quantities to **EVANS LEWIS, aka "Easy,"** every week. Gregory Stewart would pay **EVANS LEWIS, aka "Easy,"** approximately $3,000.00 per week to distribute heroin and keep the balance of the proceeds for himself.

30. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed one ounce of heroin to **JASMINE PERRY, aka "J-Real," aka "Rell,"** every week.

31. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed 14 grams of heroin to **CURTIS NEVILLE, aka "Poonie,"** multiple times per week.

32. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **ALONZO PETERS, aka "Woo-dee,"** on approximately five occasions.

33. During the course of the conspiracy, **ALONZO PETERS, aka "Woo-dee,"** rented hotel rooms in Metairie, Louisiana, to facilitate members of the 39ers in distributing heroin.

34. Beginning in 2009 or 2010 and continuing until approximately May of 2011, Gregory Stewart distributed seven grams of heroin to **SOLOMON DOYLE, aka "Black," aka "Sol,"** approximately two times per month.

35. On or about August 26, 2010, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed a stolen firearm in New Orleans, Louisiana.

36. On or about September 17, 2010, **CURTIS NEVILLE, aka "Poonie,"** shot and killed Hansel Picard in New Orleans, Louisiana.

17-30610.341

37.     On or about October 11, 2010, **LEROY PRICE, aka "Lee," aka "Lumps"** drove a vehicle that was occupied by Gregory Stewart and **TERRIOUES OWNEY, aka "T-Red."** They followed a vehicle being driven by Elton Fields with the intent to kill Fields, who was associated with the Desire Housing Project gang. They approached the vehicle that was driven by Fields. Stewart and **OWNEY** shot and killed Fields.

38.     On or about December 20, 2010, Tyrone Knockum, aka "T-Bone," **TERRIOUES OWNEY, aka "T-Red,"** while armed with an AK-47 assault weapon, Rico Jackson, aka "Freaky," while armed with a Norinco 7.62x39mm assault weapon bearing serial number 8072906P, **McCOY WALKER, aka "Rat,"** while armed with Glock Model 19, 9mm semi-automatic handgun, and Gregory Stewart while armed with a Glock model 27, .40 caliber semi-automatic handgun bearing serial number KKL549 shot and killed Jerome Hampton, aka "Man Man," an associate of the Calliope Housing Project gang, and Renetta Lowe, aka "Magnolia Shorty."

39.     On or about the beginning of 2011, Merle Offray, aka "Black," and/or Darryl Franklin, aka "Brother," aka "Breezy," paid for a rapper associated with the Ninth Ward part of the gang, C.S., aka "K.K.," to record a song with a rapper associated with the Uptown part of the gang, Q.B., in a New Orleans recording studio. Rapper Q.B., aka "Q.P.," paid to have a music video produced for this song. Members of the enterprise directed the producer to include graphics celebrating the 39ers in the video. Multiple members of the

-16-

39ers organization appeared in the video, including **DAMIAN BARNES, aka "AD," TERRIOUES OWNEY, aka "T-Red,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit." The video was published on the internet.

40. On or about February 6, 2011, Gregory Stewart, aka "Rabbit," and an unindicted co-conspirator shot and killed Calvin Celstine, aka "Plucky," in New Orleans East.

41. On or about February 13, 2011, **JASMINE PERRY, aka "J-Real," aka "Rell,"** and **EVANS LEWIS, aka "Easy,"** while in possession of a firearm, followed Desire Project gang member Corey Lewis, aka "Co," through the Lakeside Mall in Metairie, Louisiana, and placed a telephone call to Gregory Stewart, aka "Rabbit," to coordinate a plan to murder Corey Lewis, aka "Co."

42. On or about February 19, 2011, Darryl Franklin, aka "Brother," aka "Breezy," **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and **JASMINE PERRY, aka "J-Real, aka "Rell,"** were driving in a vehicle together when they spotted Terrance Dennis, who was an associate of the Ride or Die Gang, near the 2300 block of North Galvez Street. **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** directed **JASMINE PERRY, aka "J-Real," aka "Rell,"** to get out of the vehicle and shoot Dennis. **JASMINE PERRY** exited the vehicle with a Bushmaster .223 assault rifle bearing serial number BFI590140 and referred to by other 39er gang members as "Monkey Nuts," chased Dennis down the street,

-17-

and shot and killed him.  **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** then drove the vehicle to pick up **PERRY**, and then they fled the scene.

43.    On or about February 20, 2011, **JASMINE PERRY, aka "J-Real, aka "Rell,"** while armed with a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, **CURTIS NEVILLE, aka "Poonie,"** while armed with a Norinco 7.62x39mm assault rifle bearing serial number 8072906P, **EVANS LEWIS, aka "Easy,"** while armed with a .410 gauge handgun, **SOLOMON DOYLE, aka "Black," aka "Sol,"** while armed with Glock Model 23, .40 caliber semi-automatic handgun with bearing serial number MVN115,  and Gregory Stewart, while armed with a Bushmaster .223 assault rifle bearing serial number BFI590140 ("Monkey Nuts") shot and killed Littlejohn Haynes in New Orleans, Louisiana.

44.    On or about February 20, 2011, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** illegally possessed a firearm in New Orleans, Louisiana.

45.    On or about March 22, 2011, **SOLOMON DOYLE** and unindicted co-conspirator P. W. were found by members of the Jefferson Parish Sheriff's Office to be in possession of mannitol, a chemical substance used to "cut" heroin.  Gregory Stewart, aka "Rabbit," had requested the "cut" to be delivered in order to prepare a quantity of heroin for distribution.

46.    On or about March 22, 2011, **SOLOMON DOYLE** was found in possession of a room key to room 239 of the Days Inn hotel in Metairie,

-18-

Louisiana, by members of the Jefferson Parish Sheriff's Office.  Calls intercepted on a Title III wiretap on March 21 and 22, 2011, revealed that **EVANS LEWIS** had been in the Days Inn hotel room and told Gregory Stewart, aka "Rabbit," that the "cut" was in the room so that he could arrange for someone to pick up the "cut" and bring it to Gregory Stewart, aka "Rabbit," who was planning to use it to prepare the nine ounces of heroin for unindicted co-conspirator M.D.

47.   On a date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER, aka "Rat," aka "Trap."**

48.   On another date unknown in 2011, Gregory Stewart distributed 4.5 ounces of heroin to **MCCOY WALKER, aka "Rat," aka "Trap."**

49.   On or about April 28, 2011, Gregory Stewart, Washington McCaskill, aka "Big Wash," **DAMIAN BARNES, aka "AD,"** and another party known to the Grand Jury shot and killed Floyd Moore, who was believed to be an associate of the Calliope Housing Project gang, with Bushmaster .223 caliber assault rifle, aka "Monkey Nuts," bearing serial number BFI590140 and an AK-47 assault weapon.

50.   On or about May 22, 2011, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real," aka "Rell," CURTIS NEVILLE, aka "Poonie,"** shot and wounded Albert Hardy, Kelvin Baham, and Carrie Henry.

51.   On or about May 24, 2011, at Gregory Stewart's direction, **JASMINE PERRY, aka "J-Real," aka "Rell,"** while armed with a Romarm GP

-19-

WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and Evans Lewis, while armed with a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, shot and killed Gregory Keys and wounded Kendrick Smothers.

52. On or about May 27, 2011, **CURTIS NEVILLE, aka "Poonie,"** possessed four digital scales, part of a "jack" used to compress heroin, plastic containers with heroin residue, several baggies of heroin packaged for retail sale, two firearms, a loaded magazine, a blender and sifter with heroin residue, and a bottle of mannitol, a known cutting agent, at his residence located at 1809 Desire Street in New Orleans.

53. On or about July 14, 2011, Rico Jackson, aka "Freaky," illegally possessed a Glock Model 27, .40 caliber semi-automatic handgun bearing serial number KKL549, in New Orleans, Louisiana.

54. On or about August 11, 2011, **ALONZO PETERS, aka "Woo-dee,"** illegally possessed with the intent to distribute a quantity of heroin in New Orleans, Louisiana.

55. On or about August 30, 2011, **LEROY PRICE, aka "Lee," aka "Lumps,"** illegally possessed a firearm in New Orleans, Louisiana.

56. On or about September 10, 2011, **ASHTON PRICE, aka "Pound," aka "BMG Pound," LEROY PRICE, aka "Lee,"** and Washington McCaskill, aka "Big Wash," learned that Michael Marshall was cooperating with Drug Enforcement Agency (D.E.A.) agents and agreed to kill Michael Marshall for a sum of money.

-20-

57.     On or about September 11, 2011, **LEROY PRICE, aka "Lee," aka "Lumps,"** learned that Michael Marshall was living in New Orleans East and started conducting surveillance on him.

58.     On or about September 14, 2011, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** were in a red Toyota Corolla that was driven by **LEROY PRICE**. They followed Michael Marshall to his place of employment, located at 1741 Poland Avenue in New Orleans, Louisiana. Washington McCaskill,, aka "Big Wash," while armed with a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447, and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** while armed with a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115, exited the red Toyota Corolla and shot and killed Michael Marshall as Marshall attempted to exit his vehicle. Washington McCaskill,, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** fled the scene of the murder in the red Toyota Corolla.

59.     On or about December 2, 2011, Washington McCaskill, aka "Big Wash," stored a Glock Model 23, .40 caliber semi-automatic handgun bearing serial number MVN115 and a Romarm GP WASR 7.62x39 assault rifle bearing serial number 1983AH-3447 at his residence, both of which were used in several shootings and murders committed by members and associates of the 39ers.

-21-

60. On or about March 8, 2012, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** illegally possessed a Glock Model 27 .40 caliber semi-automatic handgun bearing serial number RUD679 in New Orleans, Louisiana.

61. In 2012, Darryl Franklin, aka "Brother," aka "Breezy," and Merle Offray, aka "Black," formed Dusty Money Entertainment, LLC, a music production company, using the proceeds of the illegal distribution of narcotics. The music produced by Dusty Money Entertainment, LLC, celebrated selling narcotics and violence against potential rivals, and was used to increase the perceived strength of the enterprise.

62. Beginning in 2012, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** began recording songs for Dusty Money Entertainment, LLC, that glorified drug dealing, violence against rivals, and the supremacy of the members of the enterprise, for the purpose of maintaining and increasing his position in the enterprise, and promoting the enterprise itself. Members of the organization, including **CURTIS NEVILLE, aka "Poonie,"** appeared in music videos produced by Dusty Money Entertainment, LLC, for songs performed by **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** for the purpose of maintaining and increasing their position in the enterprise, and promoting the enterprise itself.

All in violation of Title 18, United States Code, Section 1962(d).

17-30610.348

## SPECIAL SENTENCING ALLEGATIONS REGARDING COUNT 1

**The Grand Jury further alleges with regard to certain offenses described in Count 1 that:**

1.     On or about February 22, 2010, in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," and JASMINE PERRY, aka "J-Real," aka "Rell,"** with the specific intent to kill and to inflict great bodily harm, did murder Kendall Faibvre, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

2.     On or about May 11, 2010, in the Eastern District of Louisiana, the defendant, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Rayshon Jones, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

3.     On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," and McCOY WALKER, aka "Rat,"** with the specific intent to kill and to inflict great bodily harm, did murder Lester Green, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

4.     On or about May 27, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," and  TERRIOUES OWNEY, aka "T-Red,"** with the specific intent to kill and to inflict great bodily harm, did murder Donald Daniels, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

17-30610.349

5.      On or about June 24, 2010, **EVANS LEWIS, aka "Easy," JASMINE PERRY, aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Anthony Charles Brown, Jr., in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

6.      On or about September 17, 2010, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, aka "Poonie,"** with the specific intent to kill and to inflict great bodily harm, did murder Hansel Picard, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

7.      On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee,"** and **TERRIOUES OWNEY, aka "T-Red,"** with the specific intent to kill and to inflict great bodily harm, did murder Elton Fields, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

8.      On or about December 20, 2010, in the Eastern District of Louisiana, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** and **McCOY WALKER, aka "Rat,"** with the specific intent to kill and to inflict great bodily harm, did murder Jerome Hampton and Renetta Lowe, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

9.      On or about February 19, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Terrance Dennis, in violation of the laws of the State of Louisiana (Title 14,

-24-

17-30610.350

Louisiana Revised Statutes, Section 30.1-- second degree murder).

10. On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy,"** and **SOLOMON DOYLE, aka "Black," aka "Sol,"** with the specific intent to kill and to inflict great bodily harm, did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

11. On or about April 28, 2011 in the Eastern District of Louisiana, the defendant, **DAMIEN BARNES, aka "AD,"** with the specific intent to kill and to inflict great bodily harm, did murder Floyd Moore, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

12. On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** with the specific intent to kill and to inflict great bodily harm, did murder Gregory Keys, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

13. On or about September 14, 2011 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps,"** and **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** with the specific intent to kill and to inflict great bodily harm, did murder Michael Marshall, in violation of the laws of the State of Louisiana (Title 14, Louisiana Revised Statutes, Section 30.1-- second degree murder).

17-30610.351

## COUNT 2
(Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," McCOY WALKER, aka "Rat," CURTIS NEVILLE, aka "Poonie,"** and **DAMIAN BARNES, aka "AD,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, Schedule I and II drug controlled substances, respectively, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT 3
(Conspiracy to Use Firearms to Further Drug Trafficking Crimes and Crimes of Violence)

Beginning on a date unknown, but prior to January 2009, and continuing to on or about the date of this Superseding Indictment, in the Eastern District of Louisiana and elsewhere, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," EVANS LEWIS, aka "Easy," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black, aka "Sol,"** and **DAMIAN BARNES, aka "AD,"** did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to use, carry, brandish, and discharge firearms during and in relation to and possessed firearms in furtherance of a federal crime of violence, to wit: a

-26-

conspiracy to violate the Racketeering Influenced Corrupt Organization Act in violation of Title

18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and

a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit:

a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section

924(o).

**COUNT 4**
(Murder of Kendall Faibvre in Aid of Racketeering)

1.　　At all times relevant to this Superseding Indictment, the enterprise as more fully

described in Paragraphs 1 through 6 of Count 1 of this Superseding Indictment, which are re-

alleged and incorporated by reference as though set forth fully herein, constituted an enterprise

as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals

associated in fact, which was engaged in, and the activities of which affected, interstate and

foreign commerce.   The enterprise constituted an ongoing organization whose members

functioned as a continuing unit for a common purpose of achieving the objectives of the

enterprise.

2.　　At all times relevant to this Superseding Indictment, the above described

enterprise, through its members and associates, engaged in racketeering activity as defined in

Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, in

violation of Title 14, Louisiana Revised Statutes, Section 30.1, and Sections 24 (Principals), 26

(Criminal Conspiracy), and 27 (Attempt); and the distribution and possession with the intent to

-27-

distribute controlled substances, in violation of federal criminal law (Title 21, United States Code, Sections 841 and 846).

3.      On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart did murder Kendall Faibvre, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Section 1959(a)(1).

**COUNT 5**
(Murder of Kendall Faibvre through the Use of a Firearm)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 4 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section

-28-

924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Kendall Faibvre, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 6
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 22, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart did commit an assault with a dangerous weapon, to wit; a firearm, upon Jasmine Jones, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statute, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(2)(3) and (5).

## COUNT 7
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about February 22, 2010 in the Eastern District of Louisiana, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge several firearms during and in relation to a crime of violence for which

17-30610.355

they may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(2)(3) and (5) as charged in Count 6 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 8
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.       Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.       On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **McCOY WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Elton Williams, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 9
(Assault with a Dangerous Weapon in Aid of Racketeering)

1.       Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

-30-

2.    On or about March 3, 2010, in the Eastern District of Louisiana, for the purpose

of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

engaged in racketeering activity, the defendant, **McCOY WALKER, aka "Rat," aka "Trap,"**

and others unknown to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a

firearm, upon Quiniece Noble, in violation of the laws of the State of Louisiana, that is Title 14,

Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code,

Sections 1959(a)(3) and 2.

**COUNT 10**
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY**

**WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did knowingly use,

carry, brandish, and discharge several firearms during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, to wit: assault in violation of Title

18, United States Code, Section 1959(a)(1) as charged in Count 8 of this Superseding Indictment

and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of

Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment,

and a drug trafficking crime for which they may be prosecuted in a court of the United States, to

wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections

924(c)(1)(A) and 2.

-31-

## COUNT 11
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about March 3, 2010 in the Eastern District of Louisiana, the defendant, **McCOY**

**WALKER, aka "Rat," aka "Trap,"** and others unknown to the Grand Jury, did knowingly use,

carry, brandish, and discharge several firearms during and in relation to a crime of violence for

which he may be prosecuted in a court of the United States, to wit: assault in violation of Title

18, United States Code, Section 1959(a)(1) as charged in Count 9 of this Superseding Indictment

and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of

Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment,

and a drug trafficking crime for which they may be prosecuted in a court of the United States, to

wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections

924(c)(1)(A) and 2.

## COUNT 12
(Murder of Rayshon Jones in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as

though fully set forth herein.

2.      On or about May 11, 2010, in the Eastern District of Louisiana, for the purpose of

gaining entrance to and maintaining and increasing position in the enterprise, an enterprise

engaged in racketeering activity, the defendants, **ASHTON PRICE, aka "Pound," aka "BMG**

**Pound,"** and Gregory Stewart, aka "Rabbit," did murder Rayshon Jones, in violation of the laws

-32-

of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 13
(Murder of Rayshon Jones through the Use of a Firearm)

On or about May 11, 2010 in the Eastern District of Louisiana, the defendant, **ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and Gregory Stewart, aka "Rabbit," did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 12 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Rayshon Jones, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

17-30610.359

### COUNT 14
(Murder of Lester Green in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 19, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did murder Lester Green, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 15
(Murder of Lester Green through the Use of a Firearm)

On or about May 19, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 14 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21,

17-30610.360

United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Lester Green, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 16
(Assault of Jamal Smith with a Dangerous Weapon in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about May 19, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY, aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did commit an assault with a dangerous weapon, to wit; a firearm, upon Jamal Smith, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 17
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 19, 2010, in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," EVANS LEWIS, aka "Easy," TERRIOUES OWNEY,**

17-30610.361

**aka "T-Red," McCOY WALKER, aka "Rat,"** and Gregory Stewart, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 16 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 18
(Murder of Donald Daniels in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 27, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart, did murder Donald Daniels, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

-36-

### COUNT 19
(Murder of Donald Daniels through the Use of a Firearm)

On or about May 27, 2010 in the Eastern District of Louisiana, the defendant, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 18 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Donald Daniels, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 20
(Murder of Anthony Charles Brown, Jr., in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

-37-

2.     On or about June 24, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **EVANS LEWIS, aka "Easy," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and **JASMINE PERRY, aka "J-Real," aka "Rell,"** did murder Anthony Charles Brown, Jr., in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 21
(Murder of Anthony Charles Brown, Jr., through the Use of a Firearm)

On or about June 24, 2010 in the Eastern District of Louisiana, the defendants, **EVANS LEWIS, aka "Easy," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and **JASMINE PERRY, aka "J-Real," aka "Rell,"** did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18,

17-30610.364

United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Anthony Charles Brown, Jr., by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 22
(Murder of Elton Fields, aka "Bo," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about October 11, 2010, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did murder Elton Fields, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 23
(Murder of Elton Fields, aka "Bo," through the Use of a Firearm)

On or about October 11, 2010 in the Eastern District of Louisiana, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," TERRIOUES OWNEY, aka "T-Red,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 22 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in

17-30610.365

violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment;  all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Elton Fields, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 24
(Murder of Jerome Hampton, aka "Man Man," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka "Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit," did murder Jerome Hampton, aka "Man Man," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

-40-

**COUNT 25**
(Murders of Jerome Hampton, aka "Man Man," and Renetta Lowe, aka "Magnolia Shorty,"
through the Use of a Firearm)

On or about December 20, 2010 in the Eastern District of Louisiana, the defendants,

**TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka**

**"Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart, aka "Rabbit," did knowingly use,

carry, brandish, and discharge firearms, during and in relation to and possessed firearms in

furtherance of the commission of a crime of violence for which they may be prosecuted in a

court of the United States, to wit: murder in violation of Title 18, United States Code, Section

1959(a)(1) as charged in Counts 24 and 26 of this Superseding Indictment and conspiracy to

violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United

States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug

trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a

conspiracy to distribute and possess with the intent to distribute heroin and cocaine base

("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in

Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section

924(c)(1), and in the course of this violation caused the death of two persons through the use of a

firearm, which killings are murder as defined in Title 18, United States Code, Section 1111, in

that the defendants, with malice aforethought, did unlawfully kill Jerome Hampton, aka "Man

Man," and Renetta Lowe, aka "Magnolia Shorty," by shooting both victims with several firearms

willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United

States Code, Sections 924(j) and 2.

17-30610.367

## COUNT 26
(Murder of Renetta Lowe, aka "Magnolia Shorty," in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about December 20, 2010 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **TERRIOUES OWNEY, aka "T-Red,"** Rico Jackson, aka "Freaky," **McCOY WALKER, aka "Rat,"** Tyrone Knockum, aka "T-Bone," and Gregory Stewart did murder Renetta Lowe, aka "Magnolia Shorty," in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 27
(Murder of Terrance Dennis in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about February 19, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury,  did murder Terrance Dennis, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

-42-

## COUNT 28
(Murder of Terrance Dennis through the Use of a Firearm)

On or about February 19, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 27 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Terrance Dennis, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 29
(Murder of Littlejohn Haynes in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

17-30610.369

2.     On or about February 20, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy," SOLOMON DOYLE, aka "Black," aka "Sol,"** and Gregory Stewart did murder Littlejohn Haynes, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 30
(Murder of Littlejohn Haynes through the Use of a Firearm)

On or about February 20, 2011 in the Eastern District of Louisiana, the defendants, **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie," EVANS LEWIS, aka "Easy," SOLOMON DOYLE, aka "Black," aka "Sol,"** and Gregory Stewart did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 29, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a

17-30610.370

firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Littlejohn Haynes, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 31
(Murder of Floyd Moore in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about April 28, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **DAMIEN BARNES, aka "AD,"** Gregory Stewart, aka "Rabbit," and another known to the Grand Jury did murder Floyd Moore, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 32
(Murder of Floyd Moore through the Use of a Firearm)

On or about April 28, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **DAMIEN BARNES, aka "AD,"** Gregory Stewart, aka "Rabbit," and another known to the Grand Jury did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 20 of this Superseding Indictment and conspiracy to violate the Racketeering

-45-

Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Floyd Moore, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 33
(Assault of Albert Hardy with a Dangerous Weapon in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Albert Hardy, Kelvin Baham, and Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

17-30610.372

### COUNT 34
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants,
Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell,"**
**CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use,
carry, brandish, and discharge several firearms, during and in relation to a crime of violence for
which he may be prosecuted in a court of the United States, to wit: assault in violation of Title
18, United States Code, Section 1959(a)(1) as charged in Count 33 of this Superseding
Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in
violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding
Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the
United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin
and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and
846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United
States Code, Sections 924(c)(1)(A) and 2.

### COUNT 35
(Assault of Kelvin Baham with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as
though fully set forth herein.

2.      On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of
gaining entrance to and maintaining and increasing position in the enterprise, an enterprise
engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash,"
**JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others

-47-

known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Kelvin Baham, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 36
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell,"** **CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 35 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT 37
(Assault of Carrie Henry with a Dangerous Weapon in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

-48-

2.      On or about May 22, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Carrie Henry, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

### COUNT 38
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 22, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **JASMINE PERRY, aka "J-Real, aka "Rell," CURTIS NEVILLE, aka "Poonie,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge several firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 37 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

17-30610.375

### COUNT 39
(Murder of Gregory Keys in Aid of Racketeering)

1.      Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about May 24, 2011 in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and Gregory Stewart and other known to the Grand Jury, did murder Gregory Keys, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 40
(Murder of Gregory Keys through the Use of a Firearm)

On or about May 24, 2011 in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell"** and Gregory Stewart and another known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 39 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section

-50-

924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Gregory Keys, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT 41
(Assault of Kendrick Smothers with a Dangerous Weapon in Aid of Racketeering)

1.    Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.    On or about May 24, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, **JASMINE PERRY, aka "J-Real," aka "Rell,"** and Gregory Stewart and another known to the Grand Jury, did commit an assault with a dangerous weapon, to wit; a firearm, upon Kendrick Smothers, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 37.4 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT 42
(Using and Carrying a Firearm During and in Relation to a
Crime of Violence and a Drug Trafficking Crime)

On or about May 24, 2011, in the Eastern District of Louisiana, the defendant, **JASMINE PERRY, aka "J-Real, aka "Rell,"** and Gregory Stewart and other known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 41 of this

-51-

Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 43
(Possession with the Intent to Distribute Heroin)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, a/k/a "Poonie,"** did knowingly and intentionally possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 44
(Possession of a Firearm in furtherance of a
Drug Trafficking Crime)

On or about May 27, 2011, in the Eastern District of Louisiana, the defendant, **CURTIS NEVILLE, a/k/a "Poonie,"** and others known and unknown to the Grand Jury possessed two firearms to wit: Smith and Wesson Model SW40VE, .40 caliber semi-automatic handgun bearing serial number PBK6606 and a Taurus Model PT92AF, nine-millimeter semi-automatic handgun bearing serial number TNF84336, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: a conspiracy to possess with the intent to distribute heroin, as set forth in Count 2 of this Superseding Indictment and the possession with

17-30610.378

the intent to distribute heroin, as set forth in Count 41 of this Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A).

### COUNT 45
(Murder of Michael Marshall in Aid of Racketeering)

1.     Paragraphs 1 and 2 of Count 4 are re-alleged and incorporated by reference as though fully set forth herein.

2.     On or about September 14, 2011, in the Eastern District of Louisiana, for the purpose of gaining entrance to and maintaining and increasing position in the enterprise, an enterprise engaged in racketeering activity, the defendant, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did murder Michael Marshall, in violation of the laws of the State of Louisiana, that is Title 14, Louisiana Revised Statutes, Sections 30.1 and 24; all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

### COUNT 46
(Murder of Michael Marshall through the Use of a Firearm)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly use, carry, brandish, and discharge firearms, during and in relation to and possessed firearms in furtherance of the commission of a crime of violence for which they may be prosecuted in a court of the United States, to wit: murder in violation of Title 18, United States Code, Section 1959(a)(1) as charged in Count 45 of this Superseding Indictment and conspiracy to violate the Racketeering Influenced Corrupt Organization Act, in violation of Title 18, United States Code, Section 1962 as charged in Count 1 of this Superseding Indictment, and

17-30610.379

a drug trafficking crime, for which they may be prosecuted in a court of the United States, to wit: a conspiracy to distribute and possess with the intent to distribute heroin and cocaine base ("crack"), in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as charged in Count 2 of this Superseding Indictment; all in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did unlawfully kill Michael Marshall, by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 924(j) and 2.

### COUNT 47
(Murder of Federal Informant Michael Marshall)

On or about September 14, 2011, in the Eastern District of Louisiana, the defendants, Washington McCaskill, aka "Big Wash," **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," aka "BMG Pound,"** and others known to the Grand Jury, did knowingly kill Michael Marshall with the intent to retaliate against Michael Marshall for providing to law enforcement officers information relating to the commission or possible commission of a federal offense, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Michael Marshall by shooting him with several firearms willfully, deliberately, maliciously, and with pre-meditation; all in violation of Title 18, United States Code, Sections 1513(a)(1)(B), 1513(a)(2)(A), and 2.

17-30610.380

## NOTICE OF DRUG FORFEITURE

1.      The allegations of Counts 2 and 41 of this Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853.

2.      As a result of the offenses alleged in Counts 2 and 41, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," McCOY WALKER, aka "Rat," CURTIS NEVILLE, aka "Poonie,"** and **DAMIAN BARNES, aka "AD,"** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in 2 and 41 of this Superseding Indictment.

3.      If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

-55-

seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

## NOTICE OF GUN FORFEITURE

1.   The allegations of Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44 of this Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

2.   As a result of the offenses alleged in Counts 3, 5, 7, 10, 11, 13, 15, 17, 19, 21, 23, 26, 28, 30, 32, 34, 36, 38, 40, 42, and 44, the defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red," EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE, aka "Black," aka "Sol," and DAMIAN BARNES, aka "AD,"** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 924(c)(1)(A), Title 18, United States Code, Section 924(j), or Title 18, United States Code, Section 1959.

3.   If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendants:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

17-30610.382

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be subdivided
without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to
seek forfeiture of any other property of said defendants up to the value of the above forfeitable
property.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(d)(1).

## NOTICE OF RICO FORFEITURE

1.     The allegations of Count 1 of this Superseding Indictment are hereby repeated, re-
alleged and incorporated by reference as though set forth fully herein for the purpose of alleging
forfeiture to the United States of America pursuant to the provisions of Title 18, United States
Code, Section 1963 and Title 28, United States Code, Section 2461(c). Pursuant to Federal Rule
of Criminal Procedure Rule 32.2, notice is hereby given to the defendants that the United States
will seek forfeiture as part of any sentence in accordance with Title 18, United States Code,
Section 1963 in the event of any defendant's conviction under Count 1 of this Superseding
Indictment.

2.     The defendants, **LEROY PRICE, aka "Lee," aka "Lumps," ASHTON
PRICE, aka "Pound," ALONZO PETERS, aka "Woo-dee," JASMINE PERRY, aka "J-
Real," aka "Rell," McCOY WALKER, aka "Rat," TERRIOUES OWNEY, aka "T-Red,"
EVANS LEWIS, aka "Easy," CURTIS NEVILLE, aka "Poonie," SOLOMON DOYLE,
aka "Black," aka "Sol," and DAMIAN BARNES, aka "AD,"**

17-30610.383

a.    have acquired and maintained interests in violation of Title 18, United

States Code, Section 1962, which interests are subject to forfeiture to the

United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.    have an interest in, security of, claims against, and property and

contractual rights which afford a source of influence over, the enterprise

named and described herein which the defendants established, operated,

controlled, conducted, and participated in the conduct of, in violation of

Title 18, United States Code, Section 1962, which interests, securities,

claims, and rights are subject to forfeiture to the United States pursuant to

Title 18, United States Code, Section 1963 (a)(2);

c.    have property constituting and derived from proceeds obtained, directly

and indirectly, from racketeering activity, in violation of Title 18, United

States Code, Section 1962, which property is subject to forfeiture to the

United States pursuant to Title 18, United States Code, Section 1963(a)(3).

3.    If any of the property described in paragraphs 2 and 3 above, as a result of any act or
omission of a defendant --

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party; (3)
   has been placed beyond the jurisdiction of the court;

3. has been substantially diminished in value;  or

4. has been commingled with other property which cannot be divided
   without difficulty;

-58-

> 5. the Court shall order the forfeiture of any other property of the defendants up to the value of any property set forth in paragraphs 2 and 3 above.

4.  The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.



KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

MYLES RANIER
Assistant United States Attorney
Louisiana Bar Roll No. 30029

BRITTANY L. REED
Assistant United States Attorney
Louisiana Bar Roll No. 31299

JEFFREY K. SANDMAN
Assistant United States Attorney

New Orleans, Louisiana
April 29, 2016

17-30610.385

FORM OBD-34

No. 15-154

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

_____ Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

LEROY PRICE aka "Lee" ASHTON PRICE aka "Pound"
aka "BMG Pound" ALONZO PETERS aka "Woo-dee"
JASMINE PERRY aka "J-Real" aka "Rell" McCOY
WALKER aka "Rat" aka "Trap" TERRIOUES OWNEY
aka "T-Red" EVANS LEWIS aka "Easy" CURTIS
NEVILLE aka "Poonie" SOLOMON DOYLE aka "Black"
aka "Sol" DAMIAN BARNES aka "AD"

SUPERSEDING INDICTMENT FOR VIOLATIONS OF THE
FEDERAL GUN CONTROL ACT, THE FEDERAL CONTROLLED
SUBSTANCES ACT, AND FOR THE COMMISSION OF MURDER
AND OTHER VIOLENT CRIMES IN AID OF RACKETEERING

VIOLATIONS:

18 U.S.C. § 1962(d)
18 U.S.C. § 1959
18 U.S.C. § 924(c)
18 U.S.C. § 924(j)
18 U.S.C. § 924(c)(1)(A)
21 U.S.C. § 841
21 U.S.C. § 846
18 U.S.C. § 1513(a)(1)(B)

A true bill.

_____

Filed in open court this _____ day of _____ A.D. 2016

_____
Clerk

Bail, $ _____

_____
Myles Ranier
Assistant United States Attorney

17-30610.386

## TO:  DOCKET CLERK

## X NO MAGISTRATE PAPERS WERE FOUND

### for

*NAME:  LEROY PRICE aka "Lee", aka "Lumps",*
*ASHTON PRICE aka "Pound", aka "BMG Pound",*
*ALONZO PETERS aka "Woo-dee", JASMINE PERRY*
*aka "J_Real", aka "Rell". MCCOY WALKER aka "Rat",*
*aka "Trap". TERRIOUES OWNEY aka "T-Red", EVANS*
*LEWIS aka "Easy", CURTIS NEVILLE, aka "Poonie",*
*SOLOMON DOYLE aka "Black", aka "Sol", DAMIAN*
*BARNES aka "AD"*

*Initials:  DAS*

If you receive this note without any initials,
please return the entire packet to criminal desk .
Thank you

**Tab 5**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-154 |
| v. | * | SECTION: "A" |
| DAMIAN BARNES | * | |

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   **FEB 22 2017**

WILLIAM W. BLEVINS
CLERK

\* \* \*

**VERDICT FORM & JURY INTERROGATORIES**

### COUNT ONE
### Conspiracy to Violate the Racketeer Influence and Corrupt Organizations Act

As to the charges set forth in COUNT 1 of the Indictment in this matter, we the Jury unanimously find the defendant, **DAMIAN BARNES** is:

_____✓_____ Guilty, beyond a reasonable doubt, or

_____ Not Guilty.

If you find the defendant guilty of COUNT 1, as charged in the Indictment, you must then answer the following questions (titled "Jury Interrogatories for COUNT 1"). If you find the defendant not guilty of COUNT 1, there is no need to continue to the Jury Interrogatory for COUNT 1 for the defendant.

### Jury Interrogatories for COUNT 1 for DAMIEN BARNES

If you found that **DAMIEN BARNES was guilty** of COUNT 1, please make the additional findings below:

(1) Do you unanimously find beyond a reasonable doubt that the Defendant, **DAMIEN BARNES**, committed, or was a principal to, the April 28, 2011, murder of Floyd Moore in violation of Louisiana law as instructed earlier by the court?

YES _____        NO __✓____

## COUNT TWO
## Conspiracy to Distribute Controlled Substances

As to the charges set forth in COUNT 2 of the Indictment in this matter, we the Jury unanimously find the defendant, **DAMIAN BARNES** is:

_____✓___ Guilty, beyond a reasonable doubt, or

_____ Not Guilty.

If you find the defendant guilty of COUNT 2, as charged in the Indictment, you must then answer the following questions (titled "Jury Interrogatories for COUNT 2"). If you find the defendant not guilty of COUNT 2, there is no need to continue to the Jury Interrogatory for COUNT 2 for the defendant.

### Jury Interrogatories for COUNT 2 for DAMIAN BARNES

If you found that **DAMIAN BARNES was guilty** of COUNT 2, please indicate whether the jury unanimously finds beyond a reasonable doubt the quantity of HEROIN that was as a result of his own direct conduct and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy (**choose only the highest amount unanimously found**):

_____✓_____ 1 kilogram or more of heroin;

_____ 100 or more grams of heroin;

_____ Less than 100 grams of heroin; or

_____ No heroin.

If you found that **DAMIAN BARNES was guilty** of COUNT 2, please indicate whether the jury unanimously finds beyond a reasonable doubt the quantity of COCAINE BASE that was as a result of his own direct conduct and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy (**choose only the highest amount unanimously found**):

_____✓_____ 280 grams or more of cocaine base;

17-30610.29214

_____28 or more grams of cocaine base;

_____Less than 28 grams of cocaine base; or

_____No cocaine base.

## COUNT THREE
### Conspiracy to Use and Carry and to Possess Firearms

As to the charges set forth in COUNT 3 of the Indictment in this matter, we the Jury unanimously find the defendant, **DAMIAN BARNES** is:

____✓____ Guilty, beyond a reasonable doubt, or

_____ Not Guilty.

## COUNT THIRTY-ONE
### Murder in aid of Racketeering – Floyd Moore

As to the charges set forth in COUNT 31 of the Indictment in this matter, we the Jury unanimously find the defendant, **DAMIEN BARNES** is:

_____ Guilty, beyond a reasonable doubt, or

____✓____ Not Guilty.

17-30610.29215

## COUNT THIRTY-TWO
### Causing Death Through the Use of a Firearm – Floyd Moore

As to the charges set forth in COUNT 32 of the Indictment in this matter, we the Jury unanimously find the defendant, **DAMIEN BARNES** is:

_____ Guilty, beyond a reasonable doubt, or

_____ Not Guilty.

2/21/17
DATE



17-30610.29216

# Tab 6

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
V.
DAMIAN BARNES
a/k/a AD

### JUDGMENT IN A CRIMINAL CASE

Case Number:   15-154 A

USM Number:   34351-034

Peter Strasser
Defendant's Attorney

Social Security No.: xxx-xx-1366

**THE DEFENDANT:**

☐ pleaded guilty to count(s) on

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☑ was found guilty on February 22, 2017 as to count(s) 1, 2 and 3 of the superseding indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 18 USC § 1962(d) | Conspiracy to violate the Racketeer Influence and Corrupt Organizations Act. | 1 |
| 21 USC § 841(a)(1), (b)(1)(A), 846 | Conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin and 280 grams or more of cocaine base | 2 |
| 18 U.S.C. § 924(o) | Conspiracy to use, carry, brandish, and discharge firearms during and in relation to a crime of violence and a drug trafficking crime. | 3 |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   31 and 32 of the superseding indictment.

☐ Count(s) dismissed on the motion of the United States: .

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

COURT REPORTER: Toni Tusa

ASST. U. S. ATTORNEY: Myles Ranier

PROBATION OFFICER: Catherine Hollinrake

July 26, 2017
Date of Imposition of Judgment

Signature of Judge

Jay C. Zainey, United States District Judge

Name and Title of Judge

7/3(/17

Date

AO 245B    (Rev. 11/16) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:        DAMIAN BARNES
CASE NUMBER:      15-154 A

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 252 months.  This consists of terms of 240 months as to each of counts 1 and 3, and 252 months as to count 2, all to be served concurrently.

[✔]  The court makes the following recommendations to the Bureau of Prisons:
    HiSet Exam, vocational training in auto repair, horticulture and wood working.  Drug treatment.  Placement close to New Orleans, Louisiana.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
    at          a.m.  p.m.   on
    as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2:00  p.m. on
    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:        DAMIAN BARNES
CASE NUMBER:      15-154 A

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 10 years. This consists of terms of 3 years as to each of counts 1 and 3, and 10 years as to count 2, all to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

     The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check if applicable.)*

4. ✔ You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

5. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or was convicted of a qualifying offense. *(Check if applicable.)*

6. You must participate in an approved program for domestic violence. *(Check if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
          Sheet 3A - Supervised Release

DEFENDANT:       DAMIAN BARNES
CASE NUMBER:     15-154 A

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date: _____

17-30610.29290

AO 245B    (Rev. 11/16) Judgment in a Criminal Case
           Sheet 3D - Supervised Release

Judgment—Page ___5___ of ___6___

DEFENDANT:     DAMIAN BARNES
CASE NUMBER:   15-154 A

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall pursue his HiSET or vocational training that will equip him for suitable employment as approved by the United States Probation Officer.

2.  The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training, or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earning Statements, and other documentation requested by the United States Probation Officer. If unemployed, the defendant shall participate in employment readiness programs, as approved by the probation officer.

3.  The defendant shall refrain from associating with any gang members, known or unknown to local, state or federal law enforcement. The defendant is not to be in possession of photographs, drawings, objects or other miscellaneous writings that contains gang membership, affiliations, activities, logos, monikers, or slogans.

4.  The defendant shall undergo random urinalyses, as directed by the U.S. Probation Officer. If the defendant tests positive for the use of illegal narcotics, he/she may, as determined by the probation officer, participate in an approved treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the U. S. Probation Officer.

5.  As directed by the probation officer the defendant shall participate in an approved cognitive behavioral therapeutic treatment program and abide by all supplemental conditions of treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the United States Probation Officer.

6.  The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of supervision may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident(s) that the premises may be subject to searches pursuant to this condition.

17-30610.29291

AO 245B   (Rev. 11/16) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___6___

DEFENDANT:          DAMIAN BARNES
CASE NUMBER:        15-154 A

## CRIMINAL MONETARY PENALTIES

The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

| | Assessment | JTVA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $300.00 | $ | $ waived | $ |

The special assessment is due immediately.

☐ The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ___ fine ___ restitution.

☐ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Tab 7**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 15-154

DAMIAN BARNES                                SECTION A(3)

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Rec. Doc. 317)** filed by defendant Damian Barnes. The Government has filed its opposition (Rec. Doc. 350), and Barnes has filed a reply (Rec. Doc. 358).

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 55 "overt acts" by the various defendants in furtherance of the RICO conspiracy. The other 44 counts charged in the Indictment pertain to various drug and firearm offenses, and a dozen murders.

The case was originally set for trial on August 24, 2015 (Rec. Doc. 85, Arraignment Minute Entry 7/2/15). On August 13, 2015, the Court continued the trial, and on August 28, 2015, reset it for March 7, 2016, with the consent of all defendants. (Rec. Docs. 145 & 165, Minute Entries 8/13/15 & 8/28/15). The Court's 8/28/15 Minute

17-30610.29108

Entry states: "The Court finds that this case is complex due to the number of defendants, the nature of the prosecution and the existence of novel questions of fact and law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the limits established by Title 18 USC 3161 (h)(7)."

On December 30, 2015, the Government filed a Motion to Continue Trial (Rec. Doc. 248). In support of the request for a continuance the Government cited recent discovery production, the potential for plea negotiations, and the Court's prior finding of complexity. The Government advised the Court that it had spoken to defense counsel and that the attorneys for all defendants except Evans Lewis and Damian Barnes, consented to the continuance and agreed that they would benefit from more time to review discovery and discuss possible pleas with their clients. (*Id.* ¶ 6).

Defendant Damian Barnes filed a formal objection and opposition to the continuance arguing that the real party with the most to benefit from a continuance would be the prosecution. (Rec. Doc. 255). Barnes submitted a signed statement demanding his right to a speedy trial and explaining that he had instructed his attorney to object to the continuance. (Rec. Doc. 255-1 Exhibit A). Barnes acknowledged that his attorney would be out of the country for a month commencing on January 15th but he did not object to counsel's absence because it would not affect his attorney's preparedness. [1] (*Id.*).

---

[1] The Court notes that on his signed statement Barnes hand-wrote his first name as "Damien." (Rec. Doc. 255-1 Exhibit A). Meanwhile throughout the record he is referred to as "Damian."

17-30610.29109

At a status conference held on February 4, 2016, the parties were heard on the Government's contested motion to continue.[2] (Rec. Doc. 280, Minute Entry 2/4/16). The Court granted the continuance finding that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendants in a speedy trial. (Rec. Doc. 281). In articulating its supporting reasons, the Court cited *inter alia* the number of defendants remaining for trial (10), the number of charged homicides (12), and the number of counts charged in the indictment. (*Id.*). As to Barnes, the Court specifically noted that his lack of concern regarding his lawyer's absence until mid-February was ill-conceived. (Rec. Doc. 280, Minute Entry 2/4/16 at 2).

Barnes now moves the Court to exclude the time computed in the second continuance and order that the indictment against him be dismissed with prejudice for violations of the Speedy Trial Act.[3] Barnes argues that there were no compelling reasons to continue the trial a second time based on complexity. Rather, according to Barnes, the Government requested the second continuance in order to delay having to produce *Jencks* and *Giglio* materials pertaining to Gregory Stewart and Darryl Franklin. Barnes argues that the Government needed more time to shore up the expected testimonies of Stewart and Franklin because the Government's entire case is riding on these cooperating witnesses. Barnes contends that the Government made a tactical decision to delay producing the obligatory Rule 16 discovery documents, even though all of this evidence was or should have been in the Government's possession since the

---

[2] The status conference took place during the time period when Barnes' counsel was out of the country. Another attorney from his firm attended in his place.

[3] Barnes does not challenge the first continuance to March 7, 2016, because he recognizes that the case was complex enough to justify that continuance.

17-30610.29110

time of indictment, and then moved to continue the trial by disingenuously suggesting that the defendants would need time to review everything. Barnes characterizes the Government strategy as a "self-sustaining situation," again crafted to delay having to present its case until it could bolster the testimony of Stewart and Franklin. Meanwhile, Barnes argues that he and his counsel were ready to proceed to trial on March 7th and that the only meaningful discovery that they lacked—in fact the only meaningful discovery in this case—was the *Jencks* and *Giglio* materials on Stewart and Franklin.

Under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, the trial of a defendant must commence within seventy non-excludable days from the time an indictment has been filed or from the date of the defendant's initial appearance, whichever is later. *United States v. Franklin*, 148 F.3d 451, 454-55 (5th Cir. 1998) (citing 18 U.S.C. §§ 3161-3174 (1994)). Excludable periods of delay are outlined in § 3161(h). *Id.* The Act identifies one such excludable delay allowing the district court to grant a motion to continue "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Hale*, 685 F.3d 522, 535 (5th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(A)). But no ends-of-justice continuance can be granted because of "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* (quoting 18 U.S.C. § 3161(h)(7)(C)).

In multi-defendant cases, § 3161(h)(6) provides for the exclusion from the 70 day speedy trial period of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance

17-30610.29111

has been granted." Also, the excludable delay of one codefendant may be attributable to all codefendants. *Franklin*, 148 F.3d at 455.

Barnes' assertions regarding dilatory tactics by the Government notwithstanding, the Court remains persuaded that a short continuance of the trial from its March 7, 2016 setting was proper under 18 U.S.C. § 3161(h)(7)(A). This case has 10 defendants remaining for trial in a criminal case with a 45 count indictment that charges multiple murders and a sprawling RICO conspiracy that spans several years and that itself includes 55 overt acts. The case is expected to take a full three weeks to try. The stakes for the remaining defendants could not be higher in light of the potential sentences that the crimes charged will carry. When the continuance was granted, all parties envisioned that the motion practice associated with this case would be significant, and that the case would present novel issues related to the application of double jeopardy, due process, and *Bruton* in light of the prior criminal proceedings that many of the defendants were involved in. Counsel for the defendants did not disappoint and the Court has already addressed numerous motions and more are expected to follow. To be sure, all of these "complexity" factors were known to the Court and counsel when the March 7th date was selected. But as the date started to approach and it became clear that the indictment would not be dismissed as to any defendant, all parties with the exception of two defendants believed that their interests would be better served by allowing for some additional time to prepare for trial rather than proceeding on March 7th.

That said, it is not inconceivable that a much shorter continuance of the March 7th trial date would have been sufficient. But once the decision to continue the trial date was made, the Court had to coordinate a minimum three week block of time on the trial

17-30610.29112

calendars of every attorney in the case. September 6, 2016, was the first date that accommodated the additional time needed to prepare for trial and the calendars of counsel and the Court. Thus, the Court is persuaded that continuing the trial to a date six months out was reasonable under the circumstances and that the time is excludable under § 3161(h)(7)(A) ("ends-of-justice").

The Court appreciates that Barnes and his counsel were apparently ready to go to trial on March 7, 2016, and that Barnes did not want the continuance. But a joint trial in this case is appropriate in light of the nature of the charges at issue in this case. Because a joint trial is appropriate and severance is not an option, the time that has elapsed and will elapse between the March 7th trial setting and the September 6th trial setting is excludable under the Act as to all defendants, including those who objected to the continuance.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Indictment for Violation of the Speedy Trial Act (Rec. Doc. 317)** filed by defendant Damian Barnes is **DENIED.**

May 13, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

17-30610.29113

# Tab 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NO. 15-154

PRICE, ET AL.                                   SECTION A(3)

**ORDER AND REASONS**

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count Indictment against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a Superseding Indictment against Defendants. Jackson, Knockum, and McCaskill testified as cooperating witnesses.

Trial commenced on January 9, 2017, and the presentation of evidence lasted about six weeks. The jury began its deliberations on February 14, 2017. On February 21, 2017, the jury returned its verdict finding each of the defendants guilty as to certain counts; many were acquitted as to other counts. Defendants each have filed motions for acquittal and/or new trial.

After the defendants had filed their motions for acquittal and/or new trial, a letter surfaced that Washington McCaskill had written to Orleans Parish ADA Alex Calenda, in which McCaskill characterizes "our Federal Case" as "all made up lies." Given that all defendants seek relief based on the post-trial discovery of this letter, the supplemental

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 1 of 31

17-30610.1619

motions and the accompanying joint defense motion for an evidentiary hearing, are addressed collectively in the McCaskill Letter to ADA Calenda section of this document.

Rule 29 of the Federal Rules of Criminal Procedure governs motions for judgment of acquittal. A motion for judgment of acquittal challenges the "sufficiency of the evidence to convict." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)). The court's role is to assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged were proved beyond a reasonable doubt. *Id.*

Motions for new trial are governed by Rule 33 and they are subject to a different standard than the more-difficult-to-obtain judgment of acquittal. Rule 33 gives the court discretion to grant the defendant a new trial when justice so requires. Fed. R. Crim. Pro. 33(a). In evaluating a Rule 33 motion, the court may weigh the evidence and consider the credibility of the witnesses. *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006) (citing *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997)). Consequently, a motion for new trial is evaluated under a more lenient standard than a motion for judgment of acquittal. *Robertson*, 110 F.3d at 1117 (citing *Tibbs v. Florida*, 457 U.S. 31, 44 (1982)).

### Leroy Price

Leroy Price was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Donald Daniels, Elton Fields, and Michael Marshall. (Rec. Doc. 1003, L. Price Verdict Form). Price moves for judgment of acquittal and/or new trial (Rec. Doc. 1034).

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 2 of 31

17-30610.1620

The core theme of Price's arguments in support of acquittal on the various counts is that the Government's entire case against him was based on the self-serving testimony of the cooperating witnesses, all of whom had an incentive to lie. Price points to numerous ways in which the cooperators' suspect testimony was uncorroborated: lack of physical/scientific evidence, inconsistencies in reports, lack of surveillance, absent witnesses, and conflicting testimony.

Price cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. A conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. *United States v. Acosta*, 763 F.2d 671, 689 (5th Cir. 1985) (quoting *United States v. Silva*, 748 F.2d 262, 266 (5th Cir. 1984)). All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

And as the Government points out in its opposition, the cooperators' testimony was not the sole evidence presented in this case; that is particularly true with respect to the murder of federal informant Michael Marshall. Counsel for Price attempted to impress upon the jury the vulnerabilities in the Government's case where corroboration was lacking, and he did this with respect to each of the charges, but the jury

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 3 of 31

nevertheless was persuaded that the evidence supported a finding of guilt beyond a reasonable doubt. The evidence as to any of the counts for which Price was convicted was not insufficient as a matter of law.

Price was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith but the jury acquitted him of the firearms charge pertaining to that same incident. Price contends that these verdicts are inconsistent with each other necessitating an acquittal as to the Count 16 assault. Price also points out that the jury checked "Not Guilty" at some point for Count 16 and then changed its verdict to "Guilty."

As to the Count 16 interrogatory, the Court specifically confirmed with the jury twice during the reading of Price's verdict form that the unanimous verdict for Count 16 was in fact Guilty. The Court then polled the jurors individually to confirm their vote as to Count 16. There is no plausible suggestion that the jury committed a scrivener's error and inadvertently convicted Price as to Count 16 when it meant to acquit him.

Assuming arguendo that the Count 16 and Count 17 verdicts are inconsistent with each other, it does not follow that Count 16 suffers from an insufficiency of evidence, the sole issue with which Rule 29 is concerned. See United States v. Thomas, 690 F.2d 358, 374 (5th Cir. 2012). Moreover, as the Government points out in its opposition, the jury would have had sufficient evidence to convict on Count 17 if it had chosen to do so.

Price also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the Washington McCaskill letter that surfaced after the trial in this matter. This motion,

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 4 of 31

filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Leroy Price (Rec. Doc. 1034) is DENIED.

### *Ashton Price*

Initially, the Court notes that Ashton Price had filed pro se a motion for new counsel (Rec. Doc. 1090) to represent him in conjunction with his post-trial proceedings. Price has expressed concern on the timeliness of the post-trial motions that were filed by his attorney. The Court has considered the post-trial motions filed by Price's attorney without regard to when they were filed. The motion for new counsel is therefore DENIED.

Ashton Price moves for a new trial (Rec. Docs. 1076 & 1078) based on the Washington McCaskill letter that surfaced after the trial in this matter. In that letter McCaskill characterizes "our Federal Case" as "all made up lies."

Price also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motions for new trial filed by Ashton Price (Rec. Docs. 1076 & 1078), which are premised on the McCaskill letter, are DENIED for the reasons explained below in the McCaskill Letter to ADA Calenda section of this document.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 5 of 31

17-30610.1623

### *Alonzo Peters*

Alonzo Peters was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy. (Rec. Doc. 1005, Peters Verdict Form). Peters moves for judgment of acquittal and/or new trial (Rec. Doc. 1033).

In support of his motion for acquittal, Peters points out that Gregory "Rabbit" Stewart was the only cooperator to implicate him for any of the crimes for which he was convicted. Yet the jury rejected Stewart's testimony that implicated Peters in the Kendall Faibvre murder, suggesting that the jury did not find Stewart to be believable.

That the jury did not find Stewart's testimony sufficient to convict Peters of the Faibvre murder does not mean that Stewart's testimony as to the facts supporting the conspiracy counts is incredible, or insufficient to convict on those counts.

Even crediting the cooperators' testimony, Peters contends that it is insufficient to establish that he was part of the specific, larger conspiracies charged in the indictment, and responsible for the drug quantities attributed to him, particularly when considering that Peters and Stewart had both been incarcerated since 2011.

Stewart's testimony was not the sole evidence offered at trial to support the conspiracy convictions. The evidence as a whole, which included Title III calls, testimony from law enforcement, and prior drug convictions was sufficient to support the inference that Peters willingly joined the conspiracies.

As to the drug quantities attributed to Peters, there was sufficient evidence from which the jury could infer that Peters knew or should have known of the massive drug quantities underlying the Count 2 drug conspiracy.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 6 of 31

17-30610.1624

In support of his motion for a new trial, Peters argues that he was prejudiced by the Court's denial of his request for a severance. Peters points to prejudice in light of the jury obviously attributing his co-defendants' more serious conduct to him, given the undisputed testimony that established that he was at most a minor player. Peters also points to prejudice in having to prepare his case for trial when so large of a part of the evidence necessary to his preparation pertained to other defendants in the case.

Peters along with all of the defendants were charged in the Count 1 RICO conspiracy, and most of the defendants were charged in the Count 2 and Count 3 conspiracies. The Court remains persuaded that it was not necessary to hold 10 separate trials in order to provide any of the defendants with a fair trial. The jury acquitted Peters of the most serious of the charges against him which suggests that the jury was able to discern that Peters was in fact a minor player. The Court's use of individual verdict forms surely helped in this vein. It does not follow, given the sufficiency of the evidence as to the conspiracies, that Peters was convicted on Counts 1-3 unfairly and simply because he went to trial with his codefendants.

Peters also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Alonzo Peters (Rec. Doc. 1033) is DENIED.

### *Jasmine Perry*

Jasmine Perry was found guilty of the Count 1 RICO conspiracy, the Count 3 firearms conspiracy, and the murders of Kendall Faibvre and Gregory keys (Rec. Doc.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 7 of 31

1006, Perry Verdict Form). Perry was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jasmine Jones, Albert Hardy, Kelvin Baham, Carrie Henry, and Kendrick Smothers. Perry moves for judgment of acquittal and/or new trial (Rec. Docs. 1035 & 1036).

Perry moves for a new trial contending that he was denied the right to a fair trial because the Government made a prejudicial and inappropriate comment during the cross examination of Jamal Holmes. Specifically, even though the Court had excluded a letter written by Holmes that implicated Perry, and upheld Perry's objection at trial when the prosecution started to question Holmes about the assertions in the letter, the prosecutor made the following comment to the witness in front of the jury: "So, Mr. Holmes, I can't ask you questions about Jasmine Perry so I'm going to move on." Perry complains that the Court did not give a cautionary instruction when this occurred, and Perry was convicted of the Faibvre/Jones murder/shooting. Meanwhile, Alonzo Peters, whose counsel had been questioning Holmes on direct before this occurred, was acquitted of the crime.

The Government correctly asserts in its opposition that the excluded letter was not at issue in the line of questioning. Perry suffered no prejudice from the comment because the jury had already heard Perry's name when the objection was made. Nothing plausibly establishes that Perry's conviction for the Faibvre/Jones incident had anything to do with the prosecutor's comment which reiterated the name that he had already used.

Perry moves for a new trial based on the omission of evidence pertaining to Overt Act 41, which Perry had unsuccessfully moved to strike. The evidence at issue

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 8 of 31

17-30610.1626

was admitted in accordance with the Court's rulings pertaining to Overt Act 41, which the Court declined to strike. Perry can properly raise this issue on appeal.

Perry moves for new trial based on the Court's refusal to grant a severance. Perry along with all of the defendants were charged in the Count 1 RICO conspiracy, and most of the defendants were charged in the Count 2 and Count 3 conspiracies; Perry was not charged in Count 2. The Court remains persuaded that it was not necessary to hold 10 separate trials in order to provide any of the defendants with a fair trial.

Perry raises several challenges based on sufficiency of the evidence. The core theme of Perry's arguments in support of acquittal on the various counts is that the Government's entire case against him was based on the self-serving testimony of the cooperating witnesses, all of whom had an incentive to lie. Perry points to numerous ways in which the cooperators' suspect testimony was uncorroborated such as lack of physical/scientific evidence.

Perry cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 9 of 31

17-30610.1627

credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

Perry also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motions for judgment of acquittal and new trial filed by Jasmine Perry (Rec. Docs. 1035 & 1036) are DENIED.

### *McCoy Walker*

McCoy Walker was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Jerome Hampton, Renetta Lowe, the latter two with a firearm (Rec. Doc. 1007, Walker Verdict Form). Walker was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith. Walker moves for judgment of acquittal and/or new trial (Rec. Doc. 1030).

Much of Walker's Rule 29 argument as to sufficiency of the evidence is based on his characterization of the cooperators' testimony as being incredible and self-serving given that all of the cooperators were hoping to reduce their own sentences. Walker points to the lack of corroborating evidence in the Government's case against him.

As explained above, all of the cooperators were subject to extensive cross-examination by defense counsel and the jury was fully aware of the many credibility issues surrounding their testimony. It was the sole province of the jury to judge the witnesses' credibility and  to determine what portions, if any, of their testimony to credit. Moreover, the case against Walker was bolstered by the Title III calls and Detective

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 10 of 31

Cox's surveillance. The evidence as to any of the counts for which Walker was convicted was not insufficient as a matter of law.

Walker contends that the jury's verdict is contradictory and inconsistent because the jury found him guilty of the murder of Lester Green in Count 14 and guilty of assault with a dangerous weapon in aid of racketeering (Jamal Smith) in Count 16 but acquitted him of the firearm charge related to both incidents as charged in Counts 15 and 17.

Assuming arguendo that the verdicts are inconsistent with each other, it does not follow that the counts that the jury did convict on suffer from an insufficiency of evidence for purposes of Rule 29.

Walker also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by McCoy Walker (Rec. Doc. 1030) is DENIED.

### Terrioues Owney

Terrioues Owney was found guilty of the Count 1 RICO conspiracy, the Count 3 firearms conspiracy, and the murders of Lester Green, Jerome Hampton, Renetta Lowe, Donald Daniels, and Elton Fields. (Rec. Doc. 1008, Owney Verdict Form). Owney was also found guilty of assault with a dangerous weapon in aid of racketeering as to Jamal Smith. Owney moves for judgment of acquittal and/or new trial (Rec. Docs. 1028, 1029, 1085).

Owney moves for a Rule 29 judgment of acquittal on all counts contending that the Government's entire against him consisted of the testimony of the cooperators, who

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 11 of 31

were implicitly unreliable and were motivated to lie for their own benefit. Owney points out that there was no independent corroborating evidence presented to support the cooperators' testimony. Owney points out that there was no independent evidence that he ever possessed a firearm, and that he did not meet the description contained in the police reports of the Hampton/Lowe perpetrator.

Owney cannot obtain any relief based on his Rule 29 challenges to the sufficiency of the evidence. As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.[1]

Moreover, the cooperators' testimony was not the only evidence offered against Owney. The wiretaps supported the cooperators' allegations as to Owney. And with respect to the Hampton/Lowe murders, the testimony of Owney's former girlfriend who lived in the apartment complex was credible, circumstantial evidence that Owney had been the one to gain entry into the gated apartment complex. Regarding the gun

---

[1] Codefendant Jasmine Perry has adopted Owney's arguments in support of acquittal on the Count 1 RICO conspiracy.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 12 of 31

17-30610.1630

conspiracy, there was ample testimony that Owney used firearms in support of the
39ers organization.

Owney moves for a new trial arguing that he was denied a fair trial for several
reasons. First, Owney argues that his repeated requests for a severance should have
been granted because his codefendants' cross examination of witnesses prejudiced him
in a manner that would not have occurred if he had been tried alone. In particular,
Owney points to Evans Lewis's cross examination of Tyrone Knockum, which raised the
specter of Owney being involved in the 2008 murders of Kendrick Sherman and Durell
Pooler. Owney cites *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012), as support
for his contention that he should have been granted a severance once the trial
progressed and it became obvious that his codefendants could not adequately pursue
their own defenses without comprising his defense.

The Court remains persuaded that Owney was not deprived of a fair trial based
on the denial of a severance. The Court gave the jury a thorough limiting instruction
before Lewis's counsel cross examined Knockum and mentioned Owney with respect to
the uncharged murders. The inference suggested by the line of cross was that Knockum
had lied about Owney committing the murders. The Court is not persuaded that the jury
convicted Owney of the five charged murders in this case based on what occurred
during Lewis's cross. And this case is distinguishable from *McRae* because Owney was
charged in the Count 1 and Count 3 conspiracies with his codefendants.

Second, Owney moves for a new trial contending that the Government misled the
jury when it introduced Darryl Franklin's factual basis which accused Owney of

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 13 of 31

17-30610.1631

participating in the Calvin Celestine murder even though the Government knew that Franklin was mistaken.

The discrepancies between Franklin's and Stewart's contentions as to the Celestine murder were explored in depth during trial, including by Owney's cross examination of FBI Special Agent Jon Wood. Owney has not established that he suffered any prejudice from the admission of Franklin's factual basis.

Next, Owney contends that the Government violated *Giglio v. United States*, 405 U.S. 150 (1972), when it failed to produce the Amanda Franklin target letter and FBI 302 related to the investigation into Amanda Franklin's criminal activity.

The Court is persuaded that no defendant suffered prejudice from the late production of the Amanda Franklin materials. The defense received any materials regarding Amanda Franklin before the Government concluded its case-in-chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

Finally, Owney contends that the Government committed a prejudicial discovery violation when it produced approximately 169 additional ballistics photographs on the morning that its expert, Meredith Acosta, was called to testify. Because of the untimely production, counsel had less than one business day to review the production, consult with the defense's ballistics expert, and prepare an appropriate cross examination. Owney contends that the Court should have excluded Meredith Acosta from trial under the circumstances.

The Court does not take issue with the contention that the ballistics evidence should have been produced much earlier even though the Court found no bad faith on

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 14 of 31

17-30610.1632

the part of the Government. Owney's complaints pertaining to the late production are justified but there has been no suggestion that the new photographs undermined Acosta's findings in any specific manner. The Court therefore discerns no prejudice from the late production.[2]

Owney contends that even if none of the foregoing violations individually is sufficient for the Court to grant him a new trial, the cumulative effect of the prejudicial errors and the Government's violations is sufficient to require a new trial. The Court agrees with the Government's observation that non-violations cannot be aggregated into a violation sufficient to trigger a new trial.

Via a supplement, Owney also seeks relief based on the McCaskill letter. Owney joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motions for judgment of acquittal and new trial filed by Terrioues Owney (Rec. Docs. 1028, 1029, 1085) are DENIED.

### Evans Lewis

Evans Lewis was found guilty of the Count 1 RICO conspiracy and the murder of Littlejohn Haynes. (Rec. Doc. 1009). Lewis moves for a judgment of acquittal and a new trial (Rec. Doc. 1040).

Lewis contends that the evidence was insufficient to support his conviction on the Littlejohn Haynes murder as part of the Count 1 RICO conspiracy and as a murder in

---

[2] Codefendant Curtis Neville has adopted Owney's arguments pertaining to the ballistics evidence.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 15 of 31

aid of racketeering as charged in Count 29. Lewis argues that the Government failed to prove an essential element of the RICO murder—that Lewis committed the murder for the purpose of gaining entrance to or maintaining or increasing his position in the 39ers enterprise. Lewis points out that Darryl Franklin's testimony makes clear that he, as a leader in the organization, opposed the murder of Haynes, and even tried to persuade him to leave the area to avoid being hit. Further, Washington McCaskill testified that he was upset when he heard about the killing and had considered avenging the murder himself. Although Lewis maintains that he is altogether innocent of the Littlejohn Haynes murder, he points out that the evidence actually presented at trial, if credited, would support the conclusion that Lewis acted outside of the 39ers in committing the murder. Thus, according to Lewis, the Government failed to prove the motive necessary to charge the murder in Counts 1 and 29.

As the Government points out, the evidence presented at trial, which the jury obviously credited, was that Lewis committed the murder with Gregory Stewart, who was a leader in the 39ers organization. Stewart indicated that he wanted to kill Haynes because he had robbed one of his customers of the drugs that had been fronted to him by Stewart. Even if Lewis harbored some personal reason for wanting to kill Haynes (retaliation for Gizz) the jury could have inferred from the evidence presented the self-promotional motive required by 18 U.S.C. § 1959. Lewis is not entitled to a Rule 29 judgment of acquittal as to Counts 1 and 29.

Like his codefendants, Lewis contends that the testimony from the cooperating witnesses was unreliable, and that the jury's findings based on the testimony of these

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 16 of 31

violent sociopaths is inconsistent and irrational, particularly when considering that Lewis actually had an alibi witness for the Littlejohn Haynes murder.

As explained above, a conviction may be based solely upon the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise insubstantial on its face. All of the cooperators were subject to extensive cross-examination by defense counsel. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial. Likewise, it was within the jury's province to credit or reject the testimony of Lewis's alibi witness.

Lewis moves for a new trial based on several grounds. First, Lewis argues that he was prejudiced by the Court's refusal to give the jury his proposed partial verdict instruction. Lewis contends that the circumstantial evidence suggests that the Littlejohn Haynes murder was the murder that the jury was deadlocked on from the very first day of deliberations when the jury sent out its first note. On the very last day of deliberations the jury sent out another note advising that it was deadlocked on this same murder. Lewis points out that the Court allowed two hours to elapse before addressing the note and in the interim the jury reached a verdict, likely the result of interpreting the Court's silence as an indication that the answer to this note would be the same as the answer to the last one—that the jury must deliberate until reaching a verdict. According to Lewis, if the jury had been given the partial verdict instruction, he likely would not have been convicted of the Littlejohn Haynes murder.

As a matter of law, Lewis was not entitled to the partial verdict instruction at the start of deliberations and the Court acted well within its discretion in denying his

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 17 of 31

request. The Court anticipated that Lewis was going to re-urge his request for the instruction when the jury indicated once again on the last day of deliberations that it remained deadlocked on one of the murders but before the Court could reconvene with counsel the jury reached a verdict. The delay in reconvening with counsel was due solely to the logistics of the lunch hour, during which the jury had continued its deliberations, and the tracking down of all counsel in the case. It is rank speculation to posit that the jurors interpreted the lunchtime delay in answering their question as an indication that the Court was going to dismiss their concerns and force them into a verdict. Moreover, the jury may not have been struggling over the Littlejohn Haynes murder; it could just as easily have been Alonzo Peters' participation in the murder of Kendall Faibvre. The jury acquitted Peters of that murder.

Second, Lewis argues that he should receive a new trial because his case should have been severed from that of the other defendants. Lewis contends that trying the case with all 10 defendants variously charged with 14 murders in an indictment with 47 counts lasting more than six weeks was too unwieldly to fairly assess the guilt of each defendant individually—particularly when considering that nearly all of them had multiple nicknames. Given the number of charges, witnesses, and defendants, juror confusion was inevitable. Lewis contends that *United States v. McRae*, 702 F.3d 806, 824-26 (5th Cir. 2012), demonstrates that limiting instructions could not cure the prejudice.

The Court remains persuaded that no defendant was deprived of a fair trial based on the denial of a severance. Because all defendants were charged in the Count 1 RICO conspiracy, and because most, if not all, of the evidence presented at trial

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 18 of 31

17-30610.1636

related to an overt act of that conspiracy even when it pertained to conduct as to a single defendant, it is folly to suggest that in a severed trial none of the other defendants' allegedly inflammatory evidence would have been admitted. And this case is distinguishable from *McRae* because Lewis was charged in the Count 1 RICO conspiracy with all of the other defendants.

Third, Lewis contends that he should receive a new trial because it was error to admit his prior guilty plea and factual basis relating to the murder of Gregory Keys. Lewis contends that the jury surely considered the prior murder as propensity evidence when considering his guilt in this case.

The admissibility of the pleas from the 11-107 case was litigated extensively in pretrial motions. The Court declines to revisit those rulings.

Next, Lewis argues that he should receive a new trial because the Court refused to admit the FBI notes of Stewart's July 31, 2014 interview for the purpose of impeaching Stewart. Lewis contends that the notes of the FBI interview directly impeached Stewart's testimony as to the Littlejohn Haynes murder but the Court sustained the Government's objection and excluded the notes. Lewis contends that this was admissible impeachment evidence that the Court improperly excluded.

The Court continues to be persuaded that the agent's notes were not impeachment material as to Stewart because the notes give no indicia that they were a former inconsistent statement *by Stewart*. The notes were the agent's own rendering of what occurred in the interview. Lewis thoroughly cross examined both Agent Wood and Stewart regarding the discrepancies in Stewart's rendition of the facts surrounding the Littlejohn Haynes murder. The notes themselves were not necessary.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 19 of 31

Lewis contends that he should receive a new trial because of the multiple instances of the Government's late disclosure of *Giglio* materials. Lewis contends that the Government failed to produce significant impeachment evidence relating to its witnesses prior to the commencement of trial. As to the Amanda Franklin situation, Lewis contends that he was deprived of the full force of this impeachment evidence because he did not receive it while Franklin was lying to the jury on the witness stand. Lewis contends that he did not learn of Franklin's obstruction of justice scheme as to Bernard Causey until his testimony on direct, at which time it was too late for Lewis to investigate the matter or to otherwise prepare to use it to maximum effect in cross examining Franklin.

Lewis also points to the Rule 35 letter that had been sent to Gregory Stewart's attorney and that was not disclosed until Stewart's own attorney brought it to the parties' attention. Until then, Stewart continued to lie about the promises that the Government had made to him in return for his cooperation.

The Court is persuaded that no defendant suffered prejudice from either the Amanda Franklin situation or the Rule 35 issue, whether considered in isolation or cumulatively. The Court does not take issue with the contention that the Rule 35 letter on behalf of Stewart should have been produced much earlier. But when the oversight was discovered the Court recessed trial for two days in order to allow defense counsel to regroup. When trial resumed Stewart was questioned about the letter at length.

As to Amanda Franklin, Darryl Franklin's candor aside, the defense received any materials regarding Amanda Franklin before the Government concluded its case-in-

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 20 of 31

17-30610.1638

chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

As to the Bernard Causey scheme, the Court is persuaded that further testimony on this uncharged matter would not have made a difference in the jury's evaluation of Darryl Franklin's credibility, in light of the far more damning evidence that was used to impeach his credibility. And as the Government points out, given that Causey himself contradicted Franklin at trial, the defense garnered the benefit from the obstruction matter of branding Franklin as either an obstructionist or a liar.

Finally, Lewis contends that he should receive a new trial because the Government failed to produce all of the discovery pertaining to Meredith Acosta's ballistics report until one month after the trial had started. Lewis points out that he had raised this issue even before trial in a motion in limine but the Government had only produced some of the relevant materials. By producing the rest of the materials (those that were not irretrievable) they were of no use to Lewis in cross examining Acosta who was scheduled to testify that same day. Lewis contends that his re-urged motion to exclude the expert should have been granted.

The Court does not take issue with the contention that the ballistics evidence should have been produced much earlier even though the Court found no bad faith on the part of the Government. Lewis's complaints pertaining to the late production are justified but there has been no suggestion that the new photographs undermined Acosta's findings in any specific manner, including any matter relating to Lewis's guilt in the Littlejohn Haynes murder. The Court therefore discerns no prejudice from the late production.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 21 of 31

17-30610.1639

Via a supplement, Lewis also seeks relief based on the McCaskill letter. Lewis, joined by all codefendants, has filed a motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Evans Lewis (Rec. Doc. 1040) is DENIED.

### Curtis Neville

Curtis Neville was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy, and the murder of Littlejohn Haynes with a firearm (Rec. Doc. 1010, Neville Verdict Form). Neville was also found guilty of assault with a dangerous weapon in aid of racketeering as to Albert Hardy, Kelvin Baham, and Carrie Henry, as well as other drug and gun charges. Neville moves for judgment of acquittal and new trial (Rec. Docs. 1037 1038 & 1039).

Neville moves for acquittal as to all charges related to the Littlejohn Haynes murder contending that the jury's verdict as to him was irrational and inconsistent with the jury's acquittal of other codefendants who the cooperators also implicated in the murder.

To the contrary, the jury's determination that Neville was guilty does not suffer from insufficient evidence for the reasons identified by Neville. Moreover, the Government presented wiretap evidence that Neville had the weapon allegedly used in that murder in his possession shortly after the crime was committed.

Neville moves for acquittal on the Count 2 and Count 3 conspiracies contending that the evidence presented at trial was insufficient to establish that Neville was part of a

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 22 of 31

17-30610.1640

drug or gun conspiracy. Even if he was proven to be part of the Count 2 drug conspiracy, Neville contends that the evidence was insufficient to prove the quantities attributed to him.

The tools of the heroin drug trade as well as guns and documents belonging to Darryl Franklin and Evans Lewis were found when Neville's house was searched. The evidence at trial, which also included the cooperators' testimony, was sufficient to convict Neville on the Count 2 and Count 3 conspiracies as well as the gun charges.

As to the Count 2 and Count 3 conspiracies, the assault charges, and the other gun charges, Neville contends that the evidence against him was insufficient because it consisted mostly of the testimony of the unreliable cooperating witnesses. Neville points out that there was no evidence that the gun confiscated at his residence was actually used in furtherance of drug activity.

The evidence was sufficient to allow the jury to infer that the guns that were found at Neville's residence were weapons that he possessed, and that they were used in furtherance of drug activity. The guns recovered during the search were found in close proximity to the drug tools. Further, the wiretap calls implicated Neville as to the gun conspiracy.

All of the cooperators were subject to extensive and lengthy cross-examination by defense counsel. All parties knew from the beginning that the cooperators' credibility was central to the Government's case, and each defendant benefited from every other defendant's attack on the cooperators. The Court allowed extensive discovery as to the cooperators' jailhouse calls. The jury was fully aware of the many credibility issues

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 23 of 31

17-30610.1641

surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not incredible or facially insubstantial.

Neville moves for a new trial arguing that the Court erred in not severing his case for trial. Neville points to several instances during the course of the multi week trial where he believes that he was prejudiced by a codefendant's defense. Neville contends that he and Evans Lewis had antagonistic defenses as to the Littlejohn Haynes murder. Neville also argues that the admission of his codefendants' plea agreements in the 11-107 criminal case deprived him of his rights under the Confrontation Clause.

The Court finds no merit to the contention that any of Neville's convictions were influenced by the actions of co-counsel identified in the motion, whether considered in isolation or cumulatively. Mutually antagonistic defenses occur when the acceptance of one party's defense precludes acquittal of the other defendant. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Mere conflicts in the defenses do not mean that they are antagonistic so as to rise to the level of a due process violation. Neville and Lewis did not have antagonistic defenses. In fact, they were both found guilty as to the Littlejohn Haynes murder.

At the Court's direction the Government redacted the plea agreements from the 11-107 case even beyond what was necessary to cure any *Bruton* problems. Neville was not entitled to a severance based on the admission of his codefendants' plea agreements.

Neville also joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the McCaskill letter. This motion, filed on behalf of all defendants, is addressed below in the McCaskill Letter to ADA Calenda section of this document.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 24 of 31

17-30610.1642

The motions for judgment of acquittal and new trial filed by Curtis Neville (Rec. Docs. 1037 1038 & 1039) are DENIED.

### Solomon Doyle

Solomon Doyle was found guilty only of the Count 1 RICO conspiracy. (Rec. Doc. 1011, Doyle Verdict Form). Doyle moves for judgment of acquittal and/or new trial as to that conviction. (Rec. Doc. 1032).

Doyle contends that the only evidence that purported to convict him of something other than the 11-107 drug conspiracy that he already pleaded guilty to came from Stewart and Franklin, whose testimony was incredible in light of the other evidence offered that tended to exonerate Doyle.

The jury weighed the evidence in light of the contradictions that defense counsel highlighted and the jury concluded that Doyle was guilty beyond a reasonable doubt of the Count 1 conspiracy. Counsel for Doyle attempted to impress upon the jury the vulnerabilities in the Government's case where corroboration for the cooperators' testimony was lacking, and he did this with respect to each of the charges, but the jury nevertheless was persuaded that the evidence supported a finding of guilt beyond a reasonable doubt as to Count 1. The evidence was not insufficient as a matter of law.

Via a supplement, Doyle also seeks relief based on the McCaskill letter. Doyle joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Solomon Doyle (Rec. Doc. 1032) is DENIED.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 25 of 31

17-30610.1643

### *Damian Barnes*

Damian Barnes was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, the Count 3 firearms conspiracy. (Rec. Doc. 1012, Barnes Verdict Form). Barnes moves for judgment of acquittal and/or new trial (Rec. Doc. 1031).

In support of his motion, Barnes points out that the sole evidence to convict him on the conspiracies was testimony from the cooperators, and in particular Gregory "Rabbit" Stewart, who was the only cooperator to implicate Barnes in selling heroin. According to Barnes, that the cooperators were lying and fabricating in order to help themselves is underscored by the fact that the jury rejected the allegation that Barnes participated in the Floyd Moore murder.

Even though the jury did not find the evidence sufficient to convict Barnes of the Moore murder does not mean that the cooperators' testimony as to the facts supporting the conspiracy counts is incredible. The jury was fully aware of the many credibility issues surrounding the cooperators but the jury nevertheless credited portions of their testimony. Their testimony was not wholly incredible or facially insubstantial.

Barnes moves for relief based on the cumulative effect of *Brady* violations pertaining to Stewart's Rule 35 motion and the Amanda Franklin target letter. Barnes also contends that the Government committed a violation of *Napue v. Illinois,* 360 U.S. 264 (1959), when it allowed Darryl Franklin's false testimony regarding his sister Amanda's criminal exposure go uncorrected.

The Court is persuaded that no defendant suffered prejudice from the either the Amanda Franklin situation or the Rule 35 issue whether considered in isolation or cumulatively. The Court does not take issue with the contention that the Rule 35 letter

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 26 of 31

17-30610.1644

on behalf of Stewart should have been produced much earlier. But when the oversight was discovered the Court recessed the trial for two days in order to allow defense counsel to regroup. When trial resumed Stewart was questioned about the letter at length.

As to Amanda Franklin, Darryl Franklin's candor aside, the defense received any materials regarding Amanda Franklin before the Government concluded its case-in-chief, and the Court told the defense that Darryl Franklin could be recalled to the stand if any defendant wanted to purse the Amanda Franklin matter further.

Barnes reurges his Speedy Trial Act challenge, which the Court has previously rejected twice. The Court declines to revisit those rulings.

Via a reply (Rec. Doc. 1131), Barnes also seeks relief based on the McCaskill letter. Barnes joins in the motion for evidentiary hearing (Rec. Doc. 1138) based on the letter. This basis for relief is addressed below in the McCaskill Letter to ADA Calenda section of this document.

The motion for judgment of acquittal and/or new trial filed by Damian Barnes (Rec. Doc. 1031) is DENIED.

### *The McCaskill Letter to ADA Calenda*

All defendants raise a claim related to a letter from cooperator Washington McCaskill to Orleans Parish ADA Alex Calenda that surfaced post-trial. McCaskill was cooperating in the State's prosecution of the 3NG trial and was in communication with Calenda. In that letter, McCaskill characterizes "our Federal Case" as "all made up lies." Defendants herein contend that this letter, had it been available to them during trial, would have been a devastating blow to the integrity of the Government's case, which

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 27 of 31

relied so heavily on the uncorroborated testimony of Stewart and Franklin. Defendants contend that the non-production of this letter constitutes a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). And to the extent that the Court considers either the issue of suppression or materiality as open questions that are resolvable in the Government's favor, Defendants contend that an evidentiary hearing is necessary.

Under *Brady*, a defendant's due process rights are violated when the prosecution suppresses evidence that is exculpatory. *United States v. Cessa*, No. 16-50328, -- F.3d --, 2017 WL 2742277 (June 9, 2017). The principle also applies to evidence that could be used to impeach prosecution witnesses. *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 152-54 (1972)). To establish a *Brady* violation the defendant must show 1) that the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; 2) the evidence was suppressed by the prosecution; and 3) the evidence was material. *Cessa*, 2017 WL 2742277, at *3 (quoting *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016)). Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

The two issues with respect to the McCaskill letter are whether it was suppressed,[3] and if it was, whether it was material under *Brady*. No one questions the veracity of the Government's assertion that the federal prosecution team had not seen McCaskill's letter until counsel for Evans Lewis provided it in April of this year. Lewis

---

[3] Defendants' suppression argument is grounded on their contention that ADA Calenda was part of the federal prosecution team and that the 39ers prosecution in this Court was a joint undertaking between the federal government and the State. Therefore, according to Defendants, any documents in Calenda's 39ers file should be considered as in the possession of the United States Attorney's Office for this district. Defendants contend that the Multi Agency Gang Unit coordinated the parallel state and federal prosecutions of the 39ers cases.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 28 of 31

17-30610.1646

explained to the Government that he had obtained it from defense counsel in the State's
3NG gang trial. As it turns out, the letter was actually referenced in the state court trial
transcript of Kentrell Hickerson and entered into the public record as Exhibit 247 in that
trial but both the Government and defense in this case assumed that the referenced
letter was *another* McCaskill letter that they already possessed. Thus, neither the
Government nor the defense obtained Exhibit 247 from the state court.[4]

The Court recognizes that McCaskill's letter is a direct admission to a prosecutor
and therefore differentiates it from jailhouse phone calls to friends and letters to
codefendants, but the Court is not persuaded that the letter satisfies *Brady*'s materiality
standard. Franklin and Stewart were Government's two most crucial witnesses. But the
letter would not have been impeachment material as to either of them directly because
they did not author the letter. Rather, McCaskill would have been the one called upon to
explain his statement to Calenda. But as to Franklin and Stewart, those witnesses were
subject to nearly a week of cross examination during which they parried a multitude of
impeachment evidence, including evidence that suggested that those witnesses were
less than truthful at times. Thus, even if the McCaskill letter was suppressed, it would
only serve to collaterally impeach two witnesses who were already inexorably
impeached. The Court is not persuaded that any of the jury's conclusions would have
been different if the defense had had the letter during trial. Therefore, it is not material
under *Brady*. Defendants' request for an evidentiary hearing or other relief based on the
McCaskill letter is DENIED.

---

[4] The Court rejects any suggestion that the letter was not suppressed simply because it was filed into the
public record. Defense counsel were not required to troll through the criminal records of Orleans Parish in order
for the Government to comply with its obligations under *Brady*.

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 29 of 31

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the motion for judgment of acquittal and/or new trial filed by Leroy Price (Rec. Doc. 1034) is DENIED;

**IT IS FURTHER ORDERED** that the motion for new counsel (Rec. Doc. 1090) filed by Ashton Price is DENIED;

**IT IS FURTHER ORDERED** that the motions for new trial filed by Ashton Price (Rec. Docs. 1076 & 1078) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Alonzo Peters (Rec. Doc. 1033) is DENIED;

**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Jasmine Perry (Rec. Docs. 1035 & 1036) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by McCoy Walker (Rec. Doc. 1030) is DENIED;

'**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Terrioues Owney (Rec. Docs. 1028, 1029, 1085) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Evans Lewis (Rec. Doc. 1040) is DENIED;

**IT IS FURTHER ORDERED** that the motions for judgment of acquittal and new trial filed by Curtis Neville (Rec. Docs. 1037 1038 & 1039) are DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Solomon Doyle (Rec. Doc. 1032) is DENIED;

**IT IS FURTHER ORDERED** that the motion for judgment of acquittal and/or new trial filed by Damian Barnes (Rec. Doc. 1031) is DENIED;

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 30 of 31

17-30610.1648

**IT IS FURTHER ORDERED** that the joint motion for evidentiary hearing (Rec.

Doc. 1138) is DENIED.

July 18, 2017

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

15-CR-154 *United States of America v. Leroy Price, et al.*
Defendants' Post-trial motions
Page 31 of 31

17-30610.1649

**Tab 9**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
|---|---|---|
| VERSUS | * | NO. 15-154 |
| DAMIAN BARNES | * | SECTION: A |

\*      \*      \*      \*      \*      \*      \*

### DEFENDANT BARNES' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION FOR JUDGMENT OF ACQUITTAL AND/OR A NEW TRIAL

**NOW INTO COURT** comes the defendant Damian Barnes, appearing herein through

undersigned counsel, and hereby provides this supplemental memorandum in support of his

previously filed Motion for Judgment of Acquittal and New Trial currently pending before the

Court. (R. Doc 1031). In Barnes' underlying motion, it was noted, "the combined and cumulative

effect of government error and oversight in its preparation and prosecution of the trial, along with

[the] lack of sufficient evidence, should compel the Court to grant the present alternative motions."

Today, this governmental error and oversight brings us to the belated discovery of highly material

exculpatory evidence.[1]

### Background

On April 18th, all defense counsel received copies of a letter that directly undermines the

government's case and impeaches its main cooperating witnesses. In an undated letter, Washington

McCaskill, a star witness in the Kentrell Hickerson 39ers state trial and one of the government's

main witnesses in this case, expressed in a moment of candor to Orleans Parish Assistant District

Attorney Alex Calenda: "Our Federal case is *all* made up lies[.] Darryl Franklin and Rabbit lied

---

[1] Claims arising from newly discovered evidence are not subject to the normal 14-day time limitation in motions for acquittal or new trial. Fed. R. Crim. Pro. 33.

about a lot of things[.] You think anyone care[.] No because their [sic.] prejudice toward us." (Emphasis added) (*See* Exhibit A).

In finding Damian Barnes and the other defendants guilty of Count 1 (RICO), the jury found that all ten defendants herein had engaged in a conspiracy to sell drugs, illegally possess and use guns, and/or commit murders and shootings as members of the 39ers gang. With respect to Damian Barnes, the proof for Count 1, as well as for Count 2 (the drug conspiracy) and Count 3 (the gun conspiracy), was identical, namely the testimony of the five cooperators and the testimony of Detective Cox, who had conducted surveillance of Barnes' hand-to hand cocaine transactions during Jan/Feb 2011.

As was argued in Barnes' underlying motion and memorandum for a new trial, there was, as such, simply zero *credible* evidence implicating Barnes in any conspiracy to distribute *over* one kilo of heroin and/or *over* 280 grams of cocaine base. Likewise, there was simply zero credible evidence presented implicating Barnes in any conspiracy to use a gun in connection with drug trafficking. Now, with the revelation of this letter, the argument of zero credible evidence moves out of the realm of argument and into the realm of fact. We now know that the testimony in "[o]ur Federal case is *all* made up lies."

With respect to Barnes, inasmuch as McCaskill's testimony parroted that of Franklin and Stewart, it follows *a fortiori* that McCaskill's testimony, as well as that of Rico Jackson and Tyrone Knockum, who both parroted McCaskill's testimony, likewise was a continuation of those lies. As Stewart made very clear in his phone conversations with the U.S. Attorney's Office:

- I just want you to put certain ones over here by me and certain ones [Rico Jackson and Tyrone Knockum] over there by Wash. And the case gonna be, you know, over with fast. I know I can get mines to plea out and cooperate. And Wash gonna do the same thing. They gonna follow our lead.

2

17-30610.29256

- Ain't no limit to what I am doing. I'm just working. . . I work my mojo. I won't tell you my strategy.

(Barnes Exhibit 12D – Jailhouse call, May 6, 2015, at the 6-7 minute mark).

With the revelation of McCaskill's letter, we now know that Stewart's "strategy" was simply, purely, and nothing but the concoction of lies.[2] The jury obviously was uncomfortable with the testimonies of the coconspirators, inasmuch as their verdicts were a mixed bag that defies a logical and determinable pattern of understanding or explanation. The very same evidence (Stewart's testimony) inexplicably convicted some defendants yet exonerated others, all within the same count (Lewis' sole murder conviction being a prime example). Surely it cannot be said that undersigned and other defense counsel could not have made extraordinary hay with this highly material exculpatory evidence and obtained further "not guilty" verdicts on more, if not all counts.[3]

### Evidence re Counts 1, 2, and 3

Despite numerous indications and clues to the contrary (*e.g.,* the government blindly closed its eyes to the eyewitness account of disinterested police officer Salvador Provanzano, whose testimony *flatly contradicted* that of the five cooperators regarding who shot Floyd Moore), the government tenaciously clung to whatever tales Gregory Stewart and the other four proffered as the gospel truth. With the Floyd Moore murder now off the table (thanks to the honest account of a courageous police officer who put his own life on the line in the service of his sworn duty to

---

[2] *See also* Barnes Exhibit 12A, Darryl Franklin, Jailhouse phone conversation (March 08, 2014 at the 10:15 minute mark) ("This is why Rabbit is so mad . . . He is just mad I jumped on board first; and now he can't jump in and can't do nothing. That's why he is trying to find a new way to *frame* somebody else for what he's planning."). (Emphasis added).

[3] *See Kyles v. Whitley,* 514 U.S. 419, 434 (1995) (the determination of whether the suppression of the evidence is material - thus requiring reversal - only requires a "reasonable probability" of a different result). *See also Smith v. Cain,* 565 U.S. 73, 76 (2012) (evidence is material requiring reversal even if the Government could have countered the evidence at trial, so long as it is possible that the jury could have credited and acquitted the defendant on the basis of the suppressed evidence).

3

defend and protect), all that is left regarding the evidence against Barnes is the testimony about drugs and guns.

Of the five cooperators, *only* Gregory Stewart testified that Barnes ever sold heroin. Thanks to McCaskill, we now know that this is a lie. Meanwhile, the other four cooperators (Darryl Franklin, Tyrone Knockum, Washington McCaskill, and Rico Jackson) uniformly testified that Barnes only sold crack cocaine. Barnes has never disputed that he was a street dealer who sold small amounts of crack cocaine. Detective Cox's surveillance of the South Prieur and Second Street neighborhood in Jan/Feb 2011 confirms this. He photographed Barnes making single transactions (of .1 or .2 grams) of crack cocaine on fifteen occasions. Although Detective Cox observed other individuals making heroin sales throughout his surveillance, he never observed Barnes selling any amount of heroin. Thus, once we discount the testimonies of the cooperators, as it is "all lies," we are left with the *only* credible evidence in this trial: Cox's testimony that he observed Barnes making 15 hand-to-hand cocaine transactions. Detective Cox testified that he never observed Barnes go down the alleyway in the South Prieur and Second Street neighborhood where the drugs and guns were stashed. During the two-month period over which Detective Cox conducted surveillance, he observed other individuals go down this alleyway towards the stash of drugs and guns, but never Barnes.

Though Barnes sold these small amounts of cocaine in his neighborhood, around the corner from his and his father's house, he made these cocaine transactions on his own, never as part of any conspiracy with Stewart and Franklin. Barnes did not use the same stash as others did. He had his own stash, and thus should only be held responsible for what he sold, an amount well under 28 grams of cocaine base. Likewise, the only evidence linking Barnes to the conspiracy of potential use of guns in drug transactions or in violent crimes is the testimony of the five cooperators. As

4

17-30610.29258

we now know from McCaskill – whose veracity was vouched for by the government – such testimony was a lie.

Beyond what was already argued in Barnes' underlying motion, further proof that the cooperators were indeed lying also comes from the Kentrell Hickerson 39ers state trial. In a recently filed motion for a new trial, the defense attorney noted that Tyrone Knockum had offered two different versions of the Omar Breaux murder, one version in state court and another version in federal court. As reported in *The Advocate:*[4]

> Knockum testified at both trials, and his account of Hickerson killing Omar Breaux in 2009 changed dramatically from one trial to the next. At the first trial, he testified that Hickerson called him, saying he'd spotted Breaux at a Popeyes restaurant on St. Charles Avenue. Knockum said he jumped in a car and headed that way, but that he was in contact with Hickerson only by phone before Breaux's killing. At the 39'ers trial, however, Knockum testified that he handed Hickerson a .223-caliber assault rifle, then drove to the scene in a separate car before the murder.

The takeaway is that Knockum lies. And from McCaskill's letter we know that the entire federal case is a lie. Even if credibility choices could be made in favor of any these five cooperators (and they cannot), their testimonies have been irreparably tainted by the *Brady* violations that have been exposed in this case.

In defense of the government, this belated discovery of McCaskill's letter is not the fault of the prosecutors. They are as much a victim of this as is the defense. The Orleans Parish District Attorney's Office, for whatever reason, did not give this letter to the USAO, even though it had given the USAO several other letters by McCaskill. But that failure is of no legal consequence to the issue at bar. This case arose out of the Multi Agency Gang Unit, which coordinated the parallel

---

[4] John Simmerman, *Convicted Central City gang killer seeks new trial, claiming evidence of prosecutors' deal with lying witness*, The Advocate (Apr 15, 2017),
http://www.theadvocate.com/new_orleans/news/courts/article_79ed3f54-2155-11e7-b530-57e5af9225df.html

17-30610.29259

state and federal prosecutions of the alleged 3NG/39'ers cases.[5] Per Supreme Court law, the

government is charged with a disclosure obligation even if the exculpatory evidence is not known

to the prosecutor or even in his/her possession. Herein, the letter was known to the state prosecutor

working in concert with the federal government. As seemingly impossible as the *Brady* task may

appear to be, the prosecution proceeds at its own risk in these types of joint prosecutions. Simply

put,

> [T]he individual prosecutor has a duty to learn of any favorable evidence known to
> the others acting on the government's behalf in the case, including the police... the
> prosecutor has the means to discharge the government's *Brady* responsibility if he
> will, any argument for excusing a prosecutor from disclosing what he does not
> happen to know about boils down to a plea to substitute the police for the
> prosecutor, and even for the courts themselves, as the final arbiters of the
> government's obligation to ensure fair trials.

*Kyles v. Whitley*, 514 U.S. 419, 437-438, 115 S. Ct. 1555, 1567-1568, 131 L. Ed. 2d 490, 508

(1995).

## Conclusion

The government's theory of guilt against Barnes rests upon the self-serving and

uncorroborated testimony of five cooperators who are admitted murderers and liars. But

McCaskill's letter is the proverbial nail in their coffins. Had the defense had this material nail at

trial, there can be little doubt but that there could have been different outcomes for Barnes on

Counts 1, 2, and/or 3. Even viewing the evidence in the light most favorable to the verdicts, no

---

[5] *See, e.g.,* FBI Press Release of June 14, 2013 for the state case:   https://www.fbi.gov/neworleans/press-releases/2013/multi-agency-gang-unit-investigation-nets-sweeping-indictment-of-20-defendants ("Following another intensive and long term investigation by the Multi-Agency Gang (MAG) Unit, the Orleans Parish District Attorney's office obtained a 30-count racketeering indictment against 20 defendants on Wednesday. The DA's office indicted members of the 3-N-G gang who are responsible for at least 10 murders from October 2008 to February of this year . . . **Damien Barnes**, aka "A.D." . . . were each indicted with a single count of racketeering. Additionally, each defendant was charged with various other crimes ranging from the distribution of narcotics to murder.").

2914236-1

17-30610.29260

credibility choices can be made in favor of these five cooperators. This is especially so now with the revelation of McCaskill's exculpatory letter.

Counsel further adopts by reference the memorandum in this matter filed by codefendant Evans Lewis (R. Doc. 1075), and any memorandum filed by other defense counsel in this matter, inasmuch as said facts, law, and arguments pertain to Damian Barnes.

**WHEREFORE,** defendant Damian Barnes, pursuant to the provisions of Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure, reurges his previous motion for a judgment of acquittal and/or for a new trial on Count 1 (racketeering conspiracy), Count 2 (drug conspiracy), and Count 3 (gun conspiracy).

Respectfully submitted,

_/s/ Peter G. Strasser_
Peter G. Strasser, #19169
Amy McIntire, #35241
CHAFFE McCALL, L.L.P.
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: 504.585.7231
Facsimile: 504.585.7075
E-mail: strasser@chaffe.com
**_Attorneys for Defendant Damian Barnes_**

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2017, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

_/s/ Peter G. Strasser_

2914236-1

17-30610.29261

You know there's nothing wrong with me mentally. But it's like I'm being played here I am giving up all the information But not Receiving anything in Return. So here I am again at Square one. You try to play like You're green and ain't know Anything. Miles keep just keep trying to Mind screw me obviously he don't care about some of Us because he just Wants to recieve but ain't show know gratitude. I'm Not stupid just like Darryl Franklin) they House Us on the tier here with Rivals and then when the outcome is me on top I subject to being confined.

Our Federal Case is all Made Up lies Darryl Franklin, & Rabbit Lied about alot of things you think anyone care No because their prejudice towards Us.

Jazoo, Beaumont, Pollock, Angola, I took a H.I.V. test even in Angola the lady Made me sign a Paper stating I was clear Negetive. I took one in P.P. But Never was giving the Results or Place on A medical Tier, I was told you have High cholestoral & bloodpreasure. All I want is for someone to tell me the truth about my Case not lie to me. Honestly I feel Bad inside days that's why I asked for a Test in Tulane im it's like I'm a Monster of Some Sort

EXHIBIT "A"

17-30610.29263

I'll except my old die, but don't use me 2/p for info just to Paint a Picture and Make themselves look like Hero's. Honestly I know my old Attorneys were conflicts of intrere stole my Motions, Oveday I want to see them and Jeremiah Jackson was coming out the Room with them. His Travis Scott/what F.D.

I'm a lie to all these Cowards who pose as my Associates Here, Tonys, V.P.P. Angola etc I'm not stupid No Alex, I play stupid because Polotics is wikked, at the end of the DAY you love little Vivian & your wife and other kid's you, who Am I to you. Be Real with me I'm a be Real with you Mann straight VP. I never was with Holding's info I'm not slow I saw what was goin on from Angola, O.P.P. St. Tammany, and

is soon As I was to Angola come etc they cut out my Beard strip me Naked Put me on suicide watch etc 10-17-14 on 10-22-14 he brungs me to C.C.R. Camp D "Donald "Tinker" mitchell was out for his hour with a Swat sticker on his forhead, two days later he Got disbeliever tatooed on his skin in Arabic, I don't care about none of that, why he home to live with himself (Phillip Schanne) all those clown in Angola, All the letters to Merle offray brother was pacticly lies. I'm Not slow I Just Play the Game like they Play the Game since you Claim to be inosent.

Respect          A-4 in TAU51

TRAVIS Bradley — Ivan BRYANT MY eX probably his Sons Mother

Earl Jones — Andrea is his ex wife Katharine Keeler Related to Ronnie Morgan

Issac Skinner — Ivan BRYANT probably his Daughter mom

Rico Jackson — Wow, when ever you Ready to talk Alex Come see me/or miles either Dr